UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                        )<br>)<br>WALTER A. FORBES and                     )<br>E. KIRK SHELTON.                                )<br>) | No. 3:02CR264 (AWT)<br><br>September 27, 2004 |

## MOTION OF WALTER A. FORBES TO SEAL PLEADINGS
### (Forbes Trial Motion No. 37) (Filed Under Seal)

Walter A. Forbes, through undersigned counsel, respectfully moves to seal all pleadings relating to the issue of Stuart Bell's testimony until the conclusion of this trial. The subject of Mr. Bell's testimony raises a number of sensitive issues. Mr. Forbes would be severely prejudiced if pleadings concerning Mr. Bell's testimony were available to the public, because it could result in the disclosure of highly prejudicial and inadmissible information to members of the unsequestered jury. It could be particularly prejudicial because of the danger that the actual positions of the parties could be easily misinterpreted or distorted, as has occurred in prior press coverage of this case. In particular, the general public often fails to understand the fundamental proposition that even totally innocent individuals can properly invoke their rights under the Fifth Amendment, Ohio v. Reiner, 532 U.S. 17, 21 (1991), and because there is a serious danger that media reports could focus solely on Mr. Bell's invocation of his rights, and not on the fact that he denies fraudulent conduct and that Mr. Forbes in fact wants that exculpatory

testimony to be presented to the jury (matters which are also inadmissible, and which the government should agree also should not be potentially available to jurors). Because Mr. Forbes is requesting only a brief, temporary seal of the pleadings concerning Mr. Bell, and because Mr. Forbes would be significantly prejudiced if the information contained in those pleadings were released to the public, the Court should exercise its discretion by granting a temporary motion to seal. See Nixon v. Warner Communications, 435 U.S. 589, 599 (1978) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"); In re Application of National Broadcasting Co., 653 F.2d 609, 613 (D.C. Cir. 1981) ("The public has in the past been excluded, temporarily or permanently, from court proceedings or the records of court proceedings to protect private as well as public interests . . . [such as] to minimize the danger of an unfair trial by adverse publicity").

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *Barry S. Simon/RMC*
Brendan V. Sullivan, Jr. (ct17115)
Barry S. Simon (ct24159)

725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

- and -

James T. Cowdery (ct05103)
Thomas J. Murphy (ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

Attorneys for Walter A. Forbes

Dated: September 27, 2004

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion of Walter A. Forbes to Seal Pleadings Relating to Stuart Bell (Forbes Trial Motion No. 37) to be served on September 27, 2004 to the following:

<u>Via Hand Delivery</u>

John J. Carney, Esq.
Special Attorney
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103

Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
Day Berry & Howard LLP
CityPlace I
Hartford, CT 06103

<u>Via Federal Express</u>

Thomas P. Puccio, Esq.
230 Park Ave.
Suite 301
New York, NY 10169

Scott A. Edelman, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

_Barry S. Simon/RME_
Barry S. Simon