```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA      :   No. 3:02CR00264 (AWT)
                              :
                              :
                              :
       v.                     :   October 29, 2004
                              :
                              :
                              :
WALTER A. FORBES and          :
E. KIRK SHELTON               :
```

GOVERNMENT'S OPPOSITION TO FORBES'
<u>OCTOBER 28, 2004 MOTION FOR A MISTRIAL</u>

(Forbes' Trial Motion No. 51)


                                      **CHRISTOPHER J. CHRISTIE**
                                      **JOHN J. CARNEY**
                                      **NORMAN GROSS**
                                      **JAMES MCMAHON**
                                      **RICHARD J. SCHECHTER**
                                      Special Attorneys
                                      U.S. Department of Justice
                                      450 Main Street, Room 617
                                      Hartford, CT 06103
                                      Tel:  (860) 240-2675
                                      Fax:  (860) 240-3021

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | October 29, 2004 |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |

**GOVERNMENT'S OPPOSITION TO FORBES'**
**OCTOBER 28, 2004 MOTION FOR A MISTRIAL**

**(Forbes' Trial Motion No. 51)**

Mr. Forbes' attorneys have filed another motion for a mistrial. The bases for this latest motion are very familiar because they have mostly been considered and rejected by this Court already. Even though Forbes fails to label it as such, his motion really is yet another motion for reconsideration of this Court's prior rulings.

Forbes does little more in his current motion than dig up the graves of his rejected arguments and dress them up in new shrouds with the apparent hope that the approaching Halloween holiday will somehow breathe new life into them. Given that Forbes has failed to meet, or even attempt to meet, the strict requirements to obtain reconsideration, his arguments should be left to rest in peace.

Forbes first argues that he is entitled to a mistrial because the Government referred to Corigliano's testimony in its closing argument, which it supposedly knew, or should have known, was "false and misleading in numerous respects." Forbes' Brief at 3. Although Forbes' brief states that this motion was denied, Forbes' Brief at 2, the Government has been unable to find a reference to a denial of this motion in the transcripts or in the docket. If this motion has not been denied, the Government respectfully argues that it should be, and incorporates its response to Forbes' Trial Motion No. 28, which was filed on September 8, 2004, with docket number 1147.

Forbes then repeats this argument with respect to the Government's references to Kevin Kearney's testimony in its closing arguments. The Court rejected this argument when it denied Forbes' Trial Motion No. 30 on October 5, 2004 (Tr. at 14550) -- which motion Forbes cites as support for his argument here.

Forbes' third contention is that the Government improperly referred to events occurring prior to 1995, which, he argues, caused a prejudicial variance or a constructive amendment of the indictment. The Court rejected this argument when it denied Forbes' Trial Motion No. 20 on October 5, 2004

2

(Tr. at 14550) -- which motion Forbes cites as support for his argument here.

Forbes' fourth allegation is that the Government improperly referred to the complicity of another individual, whose name appears in the motion papers Forbes filed under seal. The Court rejected these arguments when it denied Forbes' Trial Motion No. 36 on September 29, 2004 (Tr. at 14004) and Forbes Trial Motion No. 44 on October 5, 2004 (Tr. at 14550) -- which motions Forbes cites as support for his argument here.

Forbes' fifth claim is that the Government improperly referred to the testimony of John Oller in its closing because Oller's testimony was inadmissible under Federal Rule of Evidence 803(5). The Court rejected this argument when it effectively denied Forbes' Trial Motion No. 45 on October 4, 2004 (Tr. at 14508) -- which motion Forbes cites as support for his argument here.

Forbes' final argument is that the Government improperly referred to his asset transfers in its closing argument, apparently because the evidence relating to the asset transfers was inadmissible. The Court rejected this argument when it denied Forbes' In Limine Motion No. 3 on September 28, 2004 (Tr. at 13798) -- which motion Forbes cites

3

as support for his argument here.

Forbes is re-packaging the same arguments in his Trial Motion No. 51 that he presented both in the unsuccessful motions cited above and, at least in large part, in his omnibus Trial Motion No. 48 to preclude supposedly improper closing arguments, which the Court denied on October 14, 2004 (Tr. at 14585). As such, his Trial Motion No. 51, even though not denominated as such, is nothing but a motion for reconsideration of those prior unsuccessful motions. See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Nebara, 264 F.Supp.2d 484, 487 (S.D.Tex. 2002) (defendant's motion for stay of preliminary injunction, which "raises the same arguments that the Court considered and rejected in deciding to grant a Preliminary Injunction in favor of [the plaintiff] . . . is in effect an untimely motion for reconsideration"); see also State v. Peters, 861 F.2d 164, 165 (7th Cir. 1988) (a motion to vacate the court's order appointing a receiver, "is, in effect, a motion for reconsideration").

By failing to call his motion what it really is, Forbes has once again (as he did in his Trial Motion No. 44) tried to duck the heavy burden he must meet in a motion for reconsideration. "[I]n all circumstances, motions for

4

reconsideration are assessed under a very strict standard." United States v. Gross, 2002 WL 32096592 at *3 (E.D.N.Y. 2002), citing Virgin Atlantic Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)(party seeking reconsideration faces a very high burden, which is analyzed under the "law of the case" doctrine); Gold v. Dalkon Shield Claimants Trust, 1998 WL 422900 at *2 (D.Conn. 1998)("A motion for reconsideration . . . must adhere to stringent standards . . . . [and] faces a heavy burden").  The heavy burden is appropriately designed to "dissuade repetitive arguments on issues that have already been considered fully by the Court," such as those Forbes has foisted on this Court with his present motion.  Woodard v. Hardenfelder, 845 F.Supp. 960, 966 (E.D.N.Y. 1994).

To obtain relief on a motion for reconsideration, a party must demonstrate either:  1) an intervening change of controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error or prevent manifest injustice.  Gold v. Dalkon Shield Claimants Trust, supra at *2; Doyle v. Town of Litchfield, 2003 WL 22992290 at *1 (D.Conn. 2003)(motions for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . . [T]he function of a motion for

5

reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.")(quoting Channer v. Brooks, 2001 WL 1094964 at *1 (D.Conn. 2001)); ACEquip Ltd. v. Am. Eng'g Corp., 218 F.R.D. 364, 365 (D.Conn. 2003); see also Bath Petroleum Storage, Inc. v. Sovas, 309 F.Supp.2d 357, 361 (N.D.N.Y. 2004); Gross, 2002 WL 32096592 at *3, citing Brown v. J.F.H. Mak Trucking, 1999 WL 1057274 at *1 (E.D.N.Y. 1999); see also Eisemann v. Greene, 204 F.3d 393, at 395 n. 2 (2d Cir. 2000) (describing the similar requirement for obtaining relief from the Court of Appeals on a petition for reargument, in which the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion").

Insofar as Forbes has merely reiterated the same or similar grounds that he previously advanced in various other unsuccessful motions in this case, those grounds were previously considered and rejected by the Court following briefing by the parties and cannot serve as the proper basis for reconsideration. Gross, 2002 WL 32096592 at *3 ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."); PAB Aviation, Inc. v. United States, 2000 WL 1240196 at *1 (E.D.N.Y. 2000)

("Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal.").

Forbes points to no intervening law or new evidence that would justify reconsideration by this Court. Nor can Forbes satisfy the third requirement for obtaining relief on reconsideration: that the refusal to grant a mistrial would result in "clear error" or is necessary to "prevent manifest injustice." Accordingly, Forbes' Trial Motion No. 51, like his predecessor motions which raised the same claims presented here, should be denied.

**CONCLUSION**

_____ The Government respectfully requests that the Court deny Forbes' Trial Motion No. 51.

                                      Respectfully submitted,

                                      CHRISTOPHER J. CHRISTIE
                                      Special Attorney
                                      U.S. Department of Justice

                                      By:  JOHN J. CARNEY
                                      Special Attorney
                                      U.S. Department of Justice
                                      Federal Bar No. 24063

                                      By:  NORMAN GROSS
                                      Special Attorney
                                      U.S. Department of Justice
                                      Federal Bar No. 24933

                                      By:  JAMES MCMAHON
                                      Special Attorney
                                      U.S. Department of Justice
                                      Federal Bar No. 24062

                                      By:  RICHARD J. SCHECHTER
                                      Special Attorney
                                      U.S. Department of Justice
                                      Federal Bar No. 24238

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax delivery:

Barry S. Simon, Esq.

Thomas P. Puccio, Esq.

Scott Edelman, Esq.
Thomas Arena, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

                                                                                              _____
JAMES MCMAHON
U.S. Department of Justice

Dated:  October 29, 2004
        Hartford, Connecticut