## OBJECTIONS TO CHARGE II.C.2.b
(Second Element – Membership in the Conspiracy)

1.      Mr. Forbes objects to this instruction as confusing and unbalanced.  The instruction confusingly moves back and forth among different concepts, giving varying and conflicting statements as to what must be found and minimizing critical intent elements.  Mr. Forbes objects to the failure to give Forbes Instr. Nos. 36-40 and 42-43 in lieu of this instruction.

2.      Mr. Forbes objects to the omission of the word "alleged" before the words "conspiracy," "unlawful purpose," "unlawful agreement," "objective" and "objects"  in the heading and throughout the instruction.

3.      Mr. Forbes objects to the first paragraph because the phrase "requisite unlawful intent" should be replaced with the phrase "intent to defraud." A conspiracy to commit an offense requires at least the same mens rea as the underlying substantive offense.  See Ingram v. United States, 360 U.S. 672, 678 (1959).

4.      Mr. Forbes objects to the failure to separate the second paragraph from the rest of the instruction by the sub-heading "Alleged Coconspirators."  See Forbes Instr. No. 33.1.

5.      Mr. Forbes objects to the identification of Stuart Bell as an alleged co-conspirator for reasons that the Court has previously rejected.

6.      Mr. Forbes objects to including the concepts "knowingly" and "willfully" under the same sub-heading because they are different concepts.  This is particularly problematic given the separate instruction on conscious avoidance,

- 43 -

which is a proxy for some components of knowledge, but is not a proxy for willfulness.

       7.     Mr. Forbes objects to the placement of the definitions of "knowingly" and "willfully" in paragraphs four through five immediately preceding the confusing and unbalanced paragraphs six through fourteen. The paragraphs should be separated by some type of break such as asterisks. Mr. Forbes objects to the placement of the conscious avoidance instruction after paragraphs six through fourteen. The conscious avoidance charge should be placed in a manner that makes clear that it applies only to some components of knowledge.

       8.     Mr. Forbes objects to the language in the sixth paragraph beginning "In deciding." Both sentences omit a reference to the government's burden of proof and a reference to the requisite intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, to the requisite unlawful intent). The second sentence also omits the words "knowingly and willfully." Mr. Forbes also objects to the second sentence because the wording of the sentence as a question dilutes the government's burden of proof beyond a reasonable doubt.

       9.     Mr. Forbes objects to the seventh paragraph beginning "In that regard." This paragraph addresses the issue of motive, which is not an element of the offense, and improperly comments on the evidence. This language improperly focuses on one type of proof, which is the proper subject of argument, not instructions. In addition, use of the word "stake" suggests that this element would

be satisfied by proof that a defendant earned a salary.  In addition, the paragraph improperly eliminates all references to the required intent, without which membership in the alleged conspiracy cannot be established beyond a reasonable doubt.  Also, it dilutes the Court's prior instruction regarding wealth and compensation, see Charge I.I, expressly telling jurors they should consider these issues.

10.    Mr. Forbes objects to the eighth paragraph beginning "As I mentioned a moment ago."  The paragraph refers to only some of the intent requirements.  Again, language such as "the key question" singles out only part of what must be shown to satisfy the membership element.

11.    Mr. Forbes objects to the tenth paragraph beginning "A defendant's knowledge."  It is a comment on the inferences that may be drawn from the evidence and is unbalanced, focusing on what does not have to be proven.  It also addresses only one intent issue—knowledge—and does not properly explain what must be shown with respect to that issue.

12.    Mr. Forbes objects to the eleventh paragraph beginning "The extent of a defendant's participation."  It presumes that the defendant is a participant in the alleged conspiracy, is unbalanced, and improperly comments on the evidence.  Mr. Forbes also objects to this instruction because evidence of the extent of a defendant's alleged participation is relevant to whether the government has proven the elements of conspiracy beyond a reasonable doubt.  This portion of the instruction impermissibly suggests that the burden of proof is lower than proof

beyond a reasonable doubt. The final sentence also erroneously states that a single act may be sufficient to render a defendant a co-conspirator, without any reference to the intent requirements of the offense. In addition, Mr. Forbes objects to this instruction because it is confusing and inconsistent with the allegations in the indictment and the government's theory that the defendants directed the alleged conspiracy. A discussion of minor roles is simply divorced from the allegations in the indictment and the government's theory (as well as the way in which the government has attempted to characterize the evidence) in this case.

13.    Mr. Forbes objects to paragraphs twelve and thirteen beginning "I want to caution you" and "I also want to caution you" because they are confusing and they dilute the intent element, which requires the government to prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with a specific intent to defraud (or, if the Court determines that intent to defraud is not required as to each object offense, with the requisite unlawful intent). Both paragraphs omit the requirements of willfulness and intent; the first also omits the requirement of knowledge.

14.    Mr. Forbes objects to the fourteenth paragraph beginning "The government is not required to prove." The issue of success of the alleged conspiracy does not belong in an instruction on membership in a conspiracy; it should be addressed in the instruction on overt acts. It was already improperly addressed, out of context, in the introduction to the conspiracy charge.

15.    Mr. Forbes objects to the instruction on conscious avoidance for the reasons set forth in his Objection to Repeated Charge on Conscious Avoidance.

16.    Mr. Forbes objects to the instruction on conscious avoidance because that concept cannot be considered with respect to whether the defendant knowingly intended to participate in the alleged conspiracy. See United States v. Ferrarini, 219 F.3d 145, 154-55 (2d Cir. 2000). Nowhere does the instruction clarify that there "are two aspects of knowledge involved in a conspiracy: 1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme," and that "[c]onscious avoidance may not be used to support a finding as to the former." Id. (quotation omitted).

17.    Mr. Forbes further objects to the conscious avoidance instruction because it talks about a "fact in dispute," but conscious avoidance is not relevant to any "fact in dispute," it must be tied to the defendant's awareness of a high probability that specific statements at issue in the count under consideration were false. The phrasing of the charge permits the jury to speculate about the "fact[s] in dispute" to which the doctrine can be applied. Particularly when combined with the unconstitutional vagueness of the indictment, the government's improper closing argument, the improper introduction of evidence, and the Court's failure to give curative instructions, it invites a conviction based on facts and theories not found by the grand jury.

18.    Mr. Forbes objects to the caption "Requisite Intent" as opposed to "Requisite Unlawful Intent to Commit Alleged Object Offenses."

- 47 -

19.     Mr. Forbes objects to any reference to the mail and wire fraud objects of the conspiracy on the ground that they are legally insufficient.

20.     Mr. Forbes objects to the instructions on the mail and wire fraud intent elements for the reasons set forth in the objections to the charge on those elements.  See Charge II.D.2.b.

21.     Mr. Forbes objects to the instructions on the false statement intent elements for the reasons set forth in the objections to the charge on those elements.  See Charge II.E.2.d.

22.     Mr. Forbes objects to the omission of the following language at the end of the third paragraph under "good faith": "This is true even if his belief that he is complying with the law is irrational or unreasonable.  Similarly, a person who lacks knowledge regarding the law, or who misunderstands the law, and who believes, as a result of his lack of knowledge or his misunderstanding, that he is complying with the law, does not act willfully."  Mr. Forbes objects to the language in the fourth paragraph because the parties agreed that the Court should give Forbes Instr. No. 53 on good faith, which does not include this language.  See Tr. (10/15/04) at 14735.[9]  This language is confusing and is an incorrect statement of the law.  It is unclear how a person could honestly hold an opinion and at the same time knowingly make a false statement.  In addition, good faith negates willfulness

_____

[9]     The government initially agreed that Forbes Instr. No. 53 should be given in its entirety, with the exception of the sentences beginning "This is true" and "Similarly, a person" (which the Court has not included in its charge).  See id.  After the Court sua sponte added the vague and confusing language in paragraph four, the government agreed to that addition.

- 49 -

and intent to defraud, not just knowledge.  Moreover, the general reference to false

statements negating good faith is particularly misleading because it is not tied to

the alleged false statements at issue in the count under consideration and thus

improperly undermines and dilutes the good faith instruction (for example, based

on the government's improper examination of Mr. Forbes concerning his alleged

failure to disclose his intention to sell stock during the 1998 road show and the

Court's failure to give a requested curative instruction, this instruction as worded

could permit the jury to conclude that Mr. Forbes did not act in good faith).

## OBJECTIONS TO CHARGE II.C.2.c
(Third Element – Commission of Overt Act)

1.    Mr. Forbes objects to the omission of the word "alleged" before the word "conspiracy" throughout the instruction, and before the words "members" and "member" in the first and third paragraphs of the instruction.

2.    Mr. Forbes objects to the fourth and fifth paragraphs because they are unbalanced and focus on what need not be proven without adequate balancing language.

3.    Mr. Forbes further objects to the fourth paragraph because it is unnecessary and repeats information in the third paragraph.  It also dilutes the beyond a reasonable doubt requirement in the sentence beginning with the words "To satisfy this element."

4.    Mr. Forbes further objects to the fifth paragraph because the concept of "on or about" is addressed in a separate instruction.

## OBJECTIONS TO CHARGE II.C.2.d
(Fourth Element – Commission of Overt Act in Furtherance of the Conspiracy)

1.      Mr. Forbes objects to the omission of the word "alleged" before the words "unlawful agreement" in the first paragraph and before the words "conspirator," "conspiracy," and "conspiratorial" in the second paragraph.

2.      Mr. Forbes objects to the portion of the second paragraph beginning with and following the sentence: "In this regard, you should be aware that the overt act standing alone may be an innocent, lawful act." This general instruction is confusing and misleading in the context of this case because the overt acts charged in the indictment are not alleged to be harmless acts. Rather, they are alleged to involve the transmission of allegedly false accounting information.

## OBJECTIONS TO CHARGE II.D.1
### (The Indictment and the Statutes)

1.      Mr. Forbes objects to the reading of the indictment because it addresses many evidentiary matters and includes numerous unnecessary allegations.  See also Renewed Objection of Walter A. Forbes to Reading Superseding Indictment During Jury Charge (filed Nov. 3, 2004).  The relevant portions actually defining the alleged offenses should be integrated into the Court's instructions.  Moreover, the language of the indictment is unconstitutionally vague. This is particularly problematic given the government's improper closing argument, which urged the jury to convict based on matters not charged in the indictment. See Objections to Defining the Alleged Fraud More Broadly Than the Indictment. There is a serious danger that the jury will convict the defendants on facts or theories not found by the grand jury.  See, e.g., Russell v. United States, 369 U.S. 749 (1962).

2.      Mr. Forbes objects to the reading of the statute because doing so may be confusing and may invite jurors to give their own interpretations of the statutory language.  The instructions should focus only on the elements that the government must prove beyond a reasonable doubt, as instructed by the Court.

3.    Mr. Forbes objects to this instruction and <u>all</u> instructions on Counts 2-4 because these counts of the indictment fail to state an offense and are unconstitutionally vague. <u>See</u> Forbes Pretrial Mot. Nos. 27, 29. Therefore, they should not be submitted to the jury, and certainly should not be submitted in a form that compounds the vagueness problems.

## OBJECTIONS TO CHARGE II.D.2
### (Elements of the Offenses)

1.      Mr. Forbes objects to the caption "Elements of the Offenses" as opposed to "Elements of Mail and Wire Fraud."

2.      Mr. Forbes objects to the instruction on the first element because it does not refer to a scheme to defraud and to obtain money, which is what is charged in the indictment.  See Indict., Count 2 ¶ 2.  Mr. Forbes also objects to the instruction on the first element because it does not identify the alleged victims of the fraud.  The indictment alleges that there were specific victims of the alleged fraud:  the holders of CUC, HFS and Cendant securities.  See Indict., Counts 2 ¶ 2. Inclusion of this instruction as worded constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.  See, e.g., Stirone v. United States, 361 U.S. 212 (1960); United States v. Wozniak, 126 F.3d 105, 109 (2d Cir. 1997) ("A constructive amendment of an indictment is a per se violation of the Grand Jury Clause of the Fifth Amendment that requires reversal even without a showing of prejudice to the defendant." (quotation & brackets omitted)); United States v. Mollica, 849 F.2d 723, 729 (2d Cir. 1988) ("In light of the current broad range of conduct covered by the federal fraud statutes, it is critical that courts vigilantly enforce the Fifth Amendment requirement that a person be tried only on the charges contained in the indictment returned by the grand jury." (quotation omitted)).

3.    Mr. Forbes objects to the omission of the word "alleged" before the word "scheme" in the instructions on the second and third elements.

**OBJECTIONS TO CHARGE II.D.2.a**
(First Element – Existence of a Scheme or Artifice to Defraud)

1.      Mr. Forbes objects to this instruction because it does not identify the alleged victims of the alleged fraud. The indictment alleges that there were specific victims of the alleged fraud, the holders of CUC, HFS and Cendant securities. See Indict., Counts 2 ¶ 2. Inclusion of this instruction as worded constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.

2.      Mr. Forbes objects to this instruction because it is confusing and unbalanced. It omits key elements by trying to break up and give special meaning to a series of words that are part of a single concept of a scheme to defraud and to obtain money by false and fraudulent pretenses. The multiple separate definitions exacerbate the vagueness problems and heighten the possibility of conviction based on theories not charged and facts not found by the grand jury.

3.      Mr. Forbes objects to the definition of "scheme or artifice" as a plan to accomplish an unidentified object. The indictment alleges that there was a single object of the alleged fraud, to defraud and to obtain money from holders of CUC, HFS and Cendant securities. See Indict., Counts 2 ¶ 2. Inclusion of this instruction as worded constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.

4.      Mr. Forbes objects to the first paragraph and the definition of the terms "scheme to defraud" and "fraud," because, inter alia, they omit necessary components such as willfulness and knowledge. The definition of "fraud" also omits

- 56 -

the requirement of intent to obtain money from the alleged victim.  Moreover, the definitions are too broad because they are not tied to the specific alleged fraud charged in this case, and because the term "fraud" as used in the mail fraud statute incorporates the common-law meaning of fraud and is limited to material misrepresentations or omissions.  See Neder v. United States, 527 U.S. 1, 23-24 (1999).

5.      Mr. Forbes objects to the third paragraph because it refers to a plan to "deprive" a victim of money as opposed to a plan to obtain money from the victim.  The government must prove beyond a reasonable doubt that the defendant intended to obtain money from the alleged victim.  See, e.g., United States v. Miller, 997 F.2d 1010, 1016 (2d Cir. 1993); United States v. Starr, 816 F.2d 94, 100 (2d Cir. 1987).  This paragraph also omits the intent components of an alleged scheme to defraud.

6.      Mr. Forbes objects to the instructions that "[d]eceitful statements of half truths or the concealment of material facts" may constitute false or fraudulent statements under the statute.  The indictment charges only false statements, not omissions.  See Indict., Count 2 ¶ 5 ("falsely stated that CUC had earned $ .24 per share"); id., Count 3 ¶ 3 ("the proxy statement set forth falsified earnings figures").  Inclusion of these instructions constitutes an unconstitutional amendment of the indictment and/or a prejudicial variance.  This is particularly problematic given the government's improper closing argument (which urged the jury to convict based on matters not charged in the indictment, see Objections to

Defining the Alleged Fraud More Broadly Than the Indictment), the improper

introduction of evidence (for example, the alleged manipulation of board minutes,

the alleged failure to disclose an intention to sell stock during the March 1998 road

show, and the alleged failure to disclose appropriate use of merger reserves in the

MD&A), and the Court's failure to give curative instructions. In addition, Mr.

Forbes objects to the statement that "the expression of an opinion not honestly

entertained" may constitute a false or fraudulent statement. The indictment

alleges false statements of fact, not opinion. Inclusion of this instruction constitutes

an unconstitutional amendment of the indictment and/or a prejudicial variance.

       7.     In the paragraph beginning "This means," Mr. Forbes objects to

the references to fraudulent half truths and omissions. The indictment charges only

false statements, not omissions.  Inclusion of these instructions constitutes an

unconstitutional amendment of the indictment and/or a prejudicial variance.

       8.     Mr. Forbes objects to the abbreviated and incomplete unanimity

instruction contained in the paragraph beginning "The alleged scheme to defraud."

Mr. Forbes objects to the failure to give the unanimity instruction as a separate

instruction. In addition, the unanimity instruction should require the jury to find

the same scheme charged in the indictment. Mr. Forbes objects to the Court's

failure to give Forbes Instr. No. 49 in lieu of this inadequate unanimity instruction.

       9.     Mr. Forbes objects to the paragraph beginning "The alleged

scheme to defraud" because it does not identify the alleged false statements at

issue. Mr. Forbes also objects to the reference to the alleged scheme "described" in

paragraphs 18-63 of count 1.  Counts 2-4 reference only an alleged scheme set forth "in substance" in Count 1.  These counts are unconstitutionally vague.  See Forbes Pretrial Mot. No. 29.  Mr. Forbes further objects to the "sufficient to satisfy this element language" because it omits key issues such as intent and is unbalanced.

10.    In the paragraph beginning "In addition to proving that a statement was false," Mr. Forbes objects to the words "depriving another of money." The scheme must be to obtain money from the alleged victim.  The government must prove beyond a reasonable doubt that the defendant intended to obtain money from the victim.  This paragraph also omits key intent requirements.  The instructions should be worded in terms of the defendant's intent, not what the "scheme" contemplates.

11.    Mr. Forbes objects to the paragraph beginning "The government is not required to prove."  It is unbalanced and discusses what does not need to be proven rather than what must be proven.  Moreover, intended gain to the defendant is required, because the goal of the alleged scheme must be to obtain money from the alleged victim.

12.    Mr. Forbes objects to the last paragraph because the charge already contains a specific instruction on direct and circumstantial evidence.  In addition, it suggests that the "circumstances and facts in the case" establish a scheme to defraud, reducing the government's burden of proof beyond a reasonable doubt.

13.     Mr. Forbes objects to the omission of the word "alleged" before "scheme to defraud" throughout this instruction and the mail and wire fraud instructions generally.