**OBJECTIONS TO CHARGE II.H.2.d**
(Fourth Element – Knowingly, Willfully, and With Intent to Defraud)

1.      Mr. Forbes objects to this instruction because the definitions of "knowingly," "willfully" and "intent to defraud" should be separated by headings because they are separate concepts, and should be distinctly and clearly explained to the jury.

2.      Mr. Forbes objects to the definition of intent to defraud because it fails to state that the government must prove that Mr. Forbes acted with the purpose of deceiving or defrauding <u>purchasers of Cendant stock</u>. See Charge II.H.2 (defining this element). Mr. Forbes objects to the failure to provide Forbes Instr. No. 101.

3.      Mr. Forbes objects to the fifth and sixth paragraphs of this instruction for the reasons stated in the objections to Charge II.D.2.b. Mr. Forbes also objects to incorporating the instructions which deal with issues of proof and evidence rather than with the elements of securities fraud. The government agreed that the charge could be given once and need not be repeated or incorporated by reference each time instructions on mental states are given. See, e.g., Tr. (10/15/04) at 14728, 14745.

4.      Mr. Forbes objects to an incorporated instruction on good faith. The instruction on good faith should be repeated in full. If the Court does incorporate the good faith instruction, it should use the incorporating language from Charge II.D.2.b. ("As I previously instructed you, the good faith of a defendant is a

- 103 -

complete defense. The defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I refer you to the instruction on 'good faith' set forth in Section II.C.2.b.(iv). That instruction is equally applicable here.").

        5.     Mr. Forbes objects to the instruction on conscious avoidance for the reasons set forth in his Objection to Repeated Charge on Conscious Avoidance. Mr. Forbes also objects to the pairing of conscious avoidance and good faith.

## OBJECTIONS TO CHARGE II.H.3
(Possible Special Interrogatories)

1.  Mr. Forbes objects to the giving of a special interrogatory because special interrogatories are generally disfavored in criminal cases.  See, e.g., United States v. Adcock, 447 F.2d 1337, 1339 (2d Cir. 1971) (per curiam) ("Special verdicts as to a single count are improper and in and of themselves erroneous.").

2.  Mr. Forbes objects to this instruction because, as set forth above, use is an element of the offense.  Mr. Forbes is entitled to a general verdict that encompasses all elements of the offense.

3.  Mr. Forbes objects to the interrogatory as confusing because the charge does not expressly require that he knew that the earnings of CUC and Cendant had been fraudulently inflated.  The jury may confuse this interrogatory on use with the issue of knowledge, which may create confusion as to whether Mr. Forbes did not have to know of the scheme to inflate earnings in order to be convicted of insider trading.

4.  Mr. Forbes objects to the interrogatory because it fails to identify the alleged material non-public information charged in the indictment.

## OBJECTIONS TO CHARGE II.J
(Use of Conjunctive in the Indictment)

       1.     Mr. Forbes objects to this instruction because it is confusing and unnecessary.

## OBJECTIONS TO CHARGE III.A
(Mr. Forbes' Theory of Defense)

1.  Mr. Forbes objects to the Court's refusal to give his theory of the defense instruction in the form submitted to the Court by Mr. Forbes (except that Mr. Forbes does not object to striking the word "vigorously" in the first sentence).[12] The instruction is necessary to counterbalance in at least some respect the prejudicial effect of the Court's reading of the indictment to the jury during deliberations (over Mr. Forbes' objection) and the Court's decision (over Mr. Forbes' objection) to allow the jury to have a copy of the indictment during deliberations. The indictment is a "speaking indictment" that sets forth, in detail, the government's theory of the case and marshals the evidence for the government. <u>The government did not object to the length or nature of Mr. Forbes' theory of the defense instruction (it objected to two words that are in fact a correct statement of the law and Mr. Forbes' theory of the defense)</u>.

2.  Mr. Forbes objects to the Court's refusal to give Mr. Forbes' theory of the defense instruction because the instruction is necessary in light of the <u>inadequate instructions on the intent elements of the offenses charged (to which Mr. Forbes has objected)</u> and the refusal to repeat the good faith instruction in the charge (to which Mr. Forbes has objected). Mr. Forbes' theory of the defense

---

[12]   Mr. Forbes has also requested that the words "or deceit" be added after the word "fraud" in the second sentence of the first paragraph and that an additional sentence be added to the end of that paragraph. The Court granted this request.

- 107 -

instruction is a correct statement of the law and sets forth matters not covered by the Court's other instructions.

       3.      Mr. Forbes objects to the omission of the critical language stating that: "If the government fails to prove beyond a reasonable doubt that Mr. Forbes knowingly and willfully participated in a scheme to fraudulently inflate CUC's earnings, and that Mr. Forbes did not act in good faith reliance on the internal accounting personnel at CUC and Cendant and on the professional independent auditors at Ernst & Young and Deloitte & Touche, you must return a verdict of not guilty as to Mr. Forbes." In the absence of this language, the jury has no instruction that if Mr. Forbes relied in good faith on accounting professionals, the jury must return a verdict of not guilty.

       4.      Mr. Forbes objects to the omission of reliance as a defense.

## OBJECTIONS TO CHARGE IV.A
(Evidence in this Case)

     1.    In the paragraph beginning "Second, the questions to the witness are not evidence," Mr. Forbes objects to the sentence beginning "Also, at times," as well as the subsequent sentence. These sentences only address a small sample of the numerous situations in which the witness's answer has to be considered in light of the lawyer's question. They also focus on cross-examination to the exclusion of similar issues on direct examination.

     2.    In the paragraph beginning "Fifth, anything you may have seen or heard," Mr. Forbes objects to the sentence beginning "You should consider."

## OBJECTIONS TO CHARGE IV.C
(Evidence Admitted as to One Defendant Only)

1. Mr. Forbes objects to the words "a true and just verdict" in the second paragraph.

## OBJECTIONS TO CHARGE IV.D
(Acts and Declarations of Alleged Co-Conspirators)

1. Mr. Forbes objects to this instruction in its entirety. It is a comment on selected evidence, and is unnecessary and prejudicial.

2. Mr. Forbes objects to the omission of the words "allegedly" and "alleged" before the words "did" and "existence" in the fourth line of the instruction.

## OBJECTIONS TO CHARGE IV.F
(Evidence Concerning the Cendant Restatement)

1.    Mr. Forbes objects to this instruction because he objects to the jury being allowed to consider the Restatement with respect to any issue because it is not relevant and is unduly prejudicial. Also, there is no record evidence of what the Restatement said, so it is not probative of the falsity or materiality of any particular alleged statement previously made.

## OBJECTIONS TO CHARGE IV.G
(Mr. Corigliano's Testimony Regarding a Certain Statement by Mr. Silverman)

1. Mr. Forbes objects to the omission of the word "allegedly" before "attributed."

2. Mr. Forbes objects to the failure to include a similar limiting instruction regarding similar statements made by Messrs. Monaco, Shelton and Scott Forbes.

## OBJECTIONS TO CHARGE IV.K
(Mr. Sarkie Not Called as a Witness)

1. Mr. Forbes objects to this instruction because it improperly shifts the burden of proof to the defense and is inconsistent with the instruction that the verdict be based on the evidence and the lack of evidence.

2. Mr. Forbes further objects to this instruction because the government did not request it; the Court stated that it would give the instruction if Mr. Forbes made certain arguments; Mr. Forbes did not make the arguments based on that statement; the Court nevertheless gave the instruction, to which the government then agreed. This exacerbates the problem associated with the Court's refusal to give Mr. Forbes' proposed missing witness instruction, because it lets the jury speculate that the same is true with respect to other witnesses who were not mentioned by the defense during closing argument. Mr. Puccio's summation did not invite this instruction. He simply argued the government's failure to call all corroborating witnesses. This was a proper argument regarding the lack of corroboration; Mr. Puccio did not ask the jury to draw any adverse inferences from such failure. Even as modified to be limited to Mr. Sarkie, the instruction improperly undermines the proper argument of defense counsel.

3. Mr. Forbes objects to the failure to include, in the second paragraph, a statement that the burden always remains with the government to prove its case beyond a reasonable doubt.

## OBJECTIONS TO CHARGE IV.L
(Use of Particular Investigative Techniques or Witnesses)

1.  Mr. Forbes objects to this instruction in its entirety because it suggests that the jury may not consider the government's failure to present evidence within its control, including the testimony of witnesses the government elected not to call. This is an incorrect statement of the law, given the government's burden of proof and the instruction that the jury should consider the evidence <u>or lack of evidence</u>. The jury should be instructed that it may base its verdict on the lack of evidence, as well as the evidence presented.

2.  Mr. Forbes also objects to the first paragraph of the instruction because the terms "specific investigative technique" and "[l]aw enforcement techniques" are vague and confusing, and inject extraneous issues into the Court's instructions. This is not a case, for example, where undercover operations or wiretaps were used, where an instruction on investigative techniques might be appropriate. To the extent that "investigative techniques" includes such things as plea agreements or proffer agreements, they <u>are</u> relevant to this case and are dealt with in specific instructions. Similarly, to the extent "investigative techniques" include things such as 75 meetings between the government and a key witness, they are relevant to issues such as bias and credibility.

3.  Mr. Forbes objects to the second paragraph because it is unbalanced and inconsistent with the government's burden of proof and the fact that the defendant had no obligation to do anything. The government is obligated

to establish its burden of proof beyond a reasonable doubt, and it is fair argument to note the government's failures to call witnesses or present evidence.

    4.    Mr. Forbes objects to the second paragraph of the instruction for the additional reason that it is inconsistent with the missing witness instruction requested by Mr. Forbes with respect to Mr. Bell.

    5.    Mr. Forbes objects to the failure to give the missing witness instruction proposed by Mr. Forbes.  See Forbes Instr. No. 11.1.

## OBJECTIONS TO CHARGE IV.M
(Credibility of the Witnesses)

1. Mr. Forbes objects to the second paragraph concerning inconsistencies. The jury should rely on its own experience in deciding how to evaluate inconsistent testimony. In addition, this instruction is unbalanced because it suggests that inconsistencies are likely due to innocent misrecollections when it is equally possible that inconsistencies could be due to the fact that a witness is not telling the truth.

2. In the paragraph beginning "In evaluating the credibility of witnesses," Mr. Forbes objects to the last two sentences.

## OBJECTIONS TO CHARGE IV.O
(Uncontradicted Testimony)

1. Mr. Forbes objects to this instruction on the ground that the factors to consider in evaluating evidence and witness credibility are already addressed in other instructions.

2. Mr. Forbes objects to this instruction on the ground that it is inconsistent with other instructions that allow the jury to consider the lack of evidence presented by the government in its deliberations. If testimony was presented by a defendant, and the government did not present any contrary evidence, the jury should be permitted to consider that fact in determining whether the government has satisfied its burden of proof. This instruction invites the jury to reject the defendants' testimony even where there was no contrary evidence presented by the government, and dilutes the instructions that the jury may consider the lack of evidence presented by the government.

3. Mr. Forbes objects to the second sentence because it focuses only on certain considerations in deciding how to evaluate uncontradicted testimony.

## OBJECTIONS TO CHARGE IV.Q
(Testimony of Expert Witnesses)

1. Mr. Forbes objects to the language concerning Mr. Heckler. Mr. Forbes objected to any testimony from Mr. Heckler.

## OBJECTIONS TO CHARGE IV.S
(Not Proper to Consider Guilty Plea of Government Witness)

1. Mr. Forbes objects to the omission of the following language after the first sentence of the instruction, and before the sentence beginning "You are instructed":

The testimony of a witness may be discredited by evidence showing that the witness has pled guilty to a felony, a crime for which a person may receive a prison sentence of more than one year. A guilty plea to a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior guilty plea as impeachment and the weight, if any, to be given to the testimony of anyone who has pled guilty to a felony.

You may consider evidence that Cosmo Corigliano, Anne Pember, and Casper Sabatino pled guilty to felony charges only in evaluating the credibility of Cosmo Corigliano, Anne Pember, and Casper Sabatino as witnesses in this case. You may not consider this evidence for any other purpose.

See Forbes Proposed Instruction No. 19.