UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | November 4, 2004 |
| | : | |
| WALTER A. FORBES and<br>E. KIRK SHELTON | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT
FORBES' ORAL MOTION FOR A MISTRIAL AT THE
CONCLUSION OF THE GOVERNMENT'S REBUTTAL ARGUMENT

CHRISTOPHER J. CHRISTIE
JOHN J. CARNEY
NORMAN GROSS
JAMES MCMAHON
RICHARD J. SCHECHTER
Special Attorneys
U.S. Department of Justice
450 Main Street, Room 617
Hartford, CT 06103
Tel:  (860) 240-2675
Fax:  (860) 240-3021

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| v. | : | November 4, 2004 |
| **WALTER A. FORBES and E. KIRK SHELTON** | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT
FORBES' ORAL MOTION FOR A MISTRIAL AT THE
CONCLUSION OF THE GOVERNMENT'S REBUTTAL ARGUMENT

At the conclusion of the Government's rebuttal, the defendants orally moved for a mistrial. Counsel for Shelton argued that the Government had improperly urged the jury to consider the charges against Shelton first, then turn to the charges against Forbes. Counsel for Forbes claimed that the Government had improperly suggested that the jury could base a guilty verdict against Forbes based on a guilty verdict against Shelton. Neither contention is supported by the record. Moreover, neither contention justifies the extreme remedy of mistrial, particularly after the Court gave most of the defendants' proposed curative instruction in response to the challenged portion of the Government's rebuttal.

Contrary to Forbes' argument, the Government never suggested that the jury could first convict Shelton and then convict Forbes based on the conviction of Shelton. Rather, the Government made two proper arguments during its rebuttal. First, the Government properly argued that the jury, if it so chose, could first decide whether Cosmo Corigliano had testified truthfully with respect to the alleged criminal conduct of Shelton. The Government then suggested that if the jury did find that Corigliano's testimony against Shelton was credible, it could turn to the question of whether or not Corigliano had a motive to implicate Forbes.[1]

---

[1] This challenged portion of the Government's rebuttal stated the following:

> It's obviously up to you how you decide, how you go about in your deliberations. I throw this out as a suggestion for you, you're free, obviously as with all suggestions, to accept it or not. The suggestion is when you look at the evidence, turn first to Kirk Shelton, go through the elements of the various charges; ask yourself if those elements have been satisfied with respect to Kirk Shelton, you'll make a decision either way.
>
> But when you do that, ask yourself with respect to Kirk Shelton, did Cosmo Corigliano provide you information that was supported by other information? The same analysis we did with respect to Ms. Pember. Ask yourself, did Cosmo Corigliano provide information in the investigation or prosecution of another person, meaning Kirk Shelton?
>
> And then ask yourself, if he did, what motive does he have to implicate Walter Forbes in a crime if Walter Forbes had no knowledge? Do that analysis as you did with Ms. Pember and see where it comes all out.

(continued...)

Second, the Government permissibly argued that if the jury concluded that Shelton knew about the charged fraud, it should consider whether Shelton had hidden the fraud from his immediate boss, Forbes, or had shared his knowledge of the fraud with Forbes.[2]

Contrary to Forbes' claim, the Government did not countermand the Court's instruction that the jury must separately decide the charges against each defendant on each count. Although the jury may not convict or acquit or defendant on a particular count merely because it reached a particular verdict on another count, the Government may properly urge the jury to apply its factual determinations regarding a particular factual dispute in deciding how to resolve a related factual dispute. The defendants did this themselves. Both argued at length that

---

[1](...continued)
Tr. 11/1/04 at 16106.

[2] This challenged portion of the Government's summation was as follows:

> But I ask you this. If at the end of your process, if you find that Kirk Shelton knowingly participated and if you find all of the elements of the crimes in which Mr. Shelton is charged, if you find all those elements beyond a reasonable doubt, and if you find beyond a reasonable doubt that Kirk Shelton participated, knowingly participated in a fraud, ask yourself this question: Was Kirk Shelton a master criminal who hid the fraud from his boss, Walter Forbes? Or was he just an ordinary conspirator?

Tr. 11/1/04 at 16106-07.

3

the evidence failed to prove that either of them had any knowledge of the fraudulent accounting at CUC, and, because such knowledge is an element of every count in the indictment, the jury should acquit them of all charges. If, for instance, in reaching a verdict on the conspiracy count, the jury were to determine based on a painstaking review of all of the relevant evidence on the subject, that Shelton had no knowledge of the accounting fraud, they could permissibly apply that finding with respect to the other counts in the indictment. They would not be required to start from scratch in deciding that particular factual issue in reaching a verdict with respect to the other counts of the indictment.

With respect to Shelton's mistrial motion, the Government's research has disclosed no authority for Shelton's contention that the prosecutor may not **suggest** that the jury consider the charges against one co-defendant first, then consider the charges against the other co-defendant after resolving the charges against the former. Although Shelton's counsel told the Court that he would attempt to locate authority in support of his claimed prohibition, Tr. 11/1/04 at 16110, he has not done so to date.

In any event, the Court gave most of the defendants' proposed cautionary instruction as an alternative to the obviously unwarranted windfall of a mistrial for a few lines in

the Government's rebuttal. The Court properly declined to instruct the jury that the Government's rebuttal was improper because it violated the requirement that the jury consider the charges against each defendant and each count separately.[3] The giving of a cautionary instruction rather than granting a mistrial based on an event that occurred at the very end of a six

---

[3] The Court's cautionary instruction addressed the claims set forth in both defendants' mistrial motions as follows:

> First, at the conclusion of Mr. Schechter's argument, he suggested that the jury -- let me just get that -- should begin its deliberations by focusing on Mr. Shelton. I think he said it's obviously up to you to decide how you go about your deliberations, he threw it out as a suggestion, saying you're free to accept it or not.
>
> I want to make it absolutely clear to you that it is up to you and you alone to decide how you go about your deliberations, in what order you look at evidence or discuss anything in your deliberations. I just wanted to make sure that that point was absolutely clear.
>
> Mr. Schechter then suggested that after the jury finished its deliberations regarding Mr. Shelton, it should consider whether Mr. Shelton was a master criminal who kept the fraud from Walter Forbes. Or I think he said who hid the fraud from his boss Walter Forbes or was he just an ordinary conspirator?
>
> I want to make it very clear to you, and I want to be certain that you understand that the jury must not allow its verdict with respect to any defendant or either defendant to effect its deliberations with respect to any other defendant. And I instruct you that guilt or innocence is individual and personal. Your verdict as to each defendant must be determined separately with respect to him solely on the evidence or lack of evidence presented with respect to him without any regard to the guilt or innocence of anyone else.

Tr. 11/1/04 at 16140-42.

month trial was well within the Court's broad discretion.  <u>See</u> <u>United States v. Pitre</u>, 960 F.2d 1112, 1124 (2d Cir. 1992).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny the oral motion for a mistrial.

```
                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice



                         By:  JOHN J. CARNEY
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24063



                         By:  NORMAN GROSS
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24933



                         By:  JAMES MCMAHON
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24062



                         By:  RICHARD J. SCHECHTER
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24238
```

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax delivery:

    Barry S. Simon, Esq.

    Thomas P. Puccio, Esq.

    Scott Edelman, Esq.
    Thomas Arena, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

                                              DEBRA ELLIOTT
                                              U.S. Department of Justice

Dated: November 4, 2004
       Hartford, Connecticut