UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | No. 3:02CR00264 (AWT) | |
| : | | |
| : | | |
| v. : | November 10, 2004 | |
| : | | |
| : | | |
| WALTER A. FORBES and : | | |
| E. KIRK SHELTON : | | |

**NOTICE OF THE UNITED STATES OF ITS INTENTION TO SEEK
JURY DETERMINATIONS REGARDING SENTENCING FACTS**

In <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004), which was handed down after this trial began, the Supreme Court held that the Sixth Amendment prohibited a sentencing court from imposing a sentence under the Washington State sentencing guidelines above the standard range unless the jury found beyond a reasonable doubt additional facts which would support an increase in the sentence.  The Supreme Court in <u>Blakely</u> did not decide whether its holding applied to the United States Sentencing Guidelines.

Thereafter, the Supreme Court granted certiorari in <u>United States v. Booker</u>, No. 04-104, and <u>United States v. Fanfan</u>, No. 04-105 to answer two questions.  The first question is whether the Sixth Amendment permits the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing court's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by

the defendant.  The second question, which assumes the answer to the first question is in the negative, is whether the Sentencing Guidelines as a whole would be inapplicable so that the sentencing court would have to exercise its discretion to sentence the defendant within the maximum set by statute for the offense of conviction.

The Booker and Fanfan appeals were argued before the Supreme Court on October 4, 2004.  The Court has yet to render a decision in those cases.  Should the Supreme Court decide that juries must find facts to support Guidelines enhancements beyond a reasonable doubt, the defendants here may argue that this Court would be required to impose a sentence within the 0-6 month Guidelines range determined by the base offense level for any crimes of conviction if no such findings are made.[1]

In order to preserve the Court's authority to impose a sentence above the 0-6 month range in the event that the Supreme Court decides that jury findings are required to support any Guidelines enhancements, the Government requests that, in the event of one or more guilty verdicts in any of the counts, it be permitted to present additional evidence and argument in order to prove to the presently empaneled jury beyond a reasonable doubt any facts required to sustain various enhancements under the

---

[1] See U.S.S.G. 2F1.1(a)(1997)(base offense level for crimes of fraud and deceit is level "6").

Sentencing Guidelines. In that event, the Government would seek to prove the following sentencing factors:

   <u>As to defendants Walter Forbes and E. Kirk Shelton:</u>

  1. The loss caused by the offense exceeded $80,0000,000, or alternatively, the loss caused by the offense exceeded at least one of the incremental amounts set forth in U.S.S.G. § 2F1.1(b)(1)(A)-(R);[2]

  2. The offense involved more than minimal planning or, alternatively, a scheme to defraud more than one victim. U.S.S.G. § 2F1.1(b)(2).

  3. The defendant was an organizer or leader of the criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a).

  4. If the defendant is not found to be an organizer or leader of the criminal activity that involved five or more participants or was otherwise extensive, he was a manager or supervisor of the criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(b).

  5. That if the defendant is not found to be an organizer or leader, or a manager or supervisor, as set forth in Paragraphs 3 and 4 above, he was an organizer, leader, manager, or supervisor in any criminal activity. U.S.S.G. § 3B1.1(c).

---

  [2] All references herein to the United States Sentencing Guidelines ("U.S.S.G.") are to the United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1997).

6. The defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense.  U.S.S.G. § 3B1.3.

As to defendant Forbes:

1. Defendant Walter Forbes received a gain, or avoided a loss, from the offense of insider trading of more than $5,000,000, or alternatively, a gain from the offense of insider trading of an amount that exceeded at least one of the incremental amounts set forth in U.S.S.G. § 2F1.1(b)(1)(A)-(O).  U.S.S.G. § 2F1.2(b).

Pending the Supreme Court's decision in Booker and Fanfan, the Court of Appeals for the Second Circuit has stated that district courts should continue to apply the Sentencing Guidelines as written.  United States v. Mincey, 380 F.3d 102 (2d Cir. 2004).  If the jury returns guilty verdicts on any of the counts in the indictment before the Supreme Court decides Booker and Fanfan, this Court is not required by Second Circuit law to direct the jury to make the factual findings that would be required to support the previously identified Guidelines enhancements.  Nevertheless, to guard against the possibility that the Supreme Court will require such jury findings in order to support any Guidelines enhancements, the Government requests that the presently empaneled jury make such findings, after additional evidence and argument is presented on those issues,

and the jury is instructed on the relevant law.  The Government would not object to a reasonable continuance of such a proceeding to permit the defense to prepare to meet the Government's evidence.

Alternatively, if the Court is not inclined to require the presently empaneled jury to make factual findings regarding the enhancements before Booker and Fanfan are decided, the Government respectfully requests that the Court, following the issuance of the verdicts, instruct all of the jurors, including the alternates, that their service in this case may not have been concluded and that they are to continue to follow the Court's standard admonitions until the Court has notified them that their service is concluded.  This Court would then be able to summon the presently empaneled jurors, if necessary, to make the relevant factual findings in this case.  Such a procedure would not only protect any possible double jeopardy rights to have the presently empaneled jury decide all aspects of this case, but would eliminate the duplication of evidence and argument that would be required if the Court had to empanel a second jury to decide the sentencing facts.

Finally, the Government requests that the Court not discharge the presently empaneled jury from service in this case unless both defendants expressly waive, on the record, all possible objections to having a subsequently empaneled jury, as

opposed to the presently empaneled jury, make the factual findings that may become necessary to support the applicable Guidelines enhancements if <u>Booker</u> and <u>Fanfan</u> so require.  The defendants should not be permitted to allow the presently empaneled jury to be discharged without objection, then claim after the jury can no long be re-summoned that they desired to have this jury make factual findings that pertain to the sentence.  <u>See</u> <u>United States v. Gotti</u>, 2004 WL 2389755 (S.D.N.Y. October 26, 2004)(rejecting the defendants' proposed "Catch-22" position of asking the court to strike the allegations in the indictment which pertained to sentencing facts, on the ground that such allegations are not required under <u>Mincey</u>, while insisting on the right to raise a <u>Blakely</u>-type objection to the absence of such allegations depending on the outcome of <u>Booker</u> and <u>Fanfan</u>).  If the Court discharges the presently empaneled jury from service, and if the Supreme Court thereafter holds in <u>Booker</u> and <u>Fanfan</u> that jury findings are required to support any enhancements under the Sentencing Guidelines, the Government will ask this Court to empanel a second jury to make those factual findings.

                                          Respectfully submitted,

                                          CHRISTOPHER J. CHRISTIE
                                          Special Attorney
                                          U.S. Department of Justice

```
                              By:  JOHN J. CARNEY
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24063




                              By:  NORMAN GROSS
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24933




                              By:  JAMES MCMAHON
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24062




                              By:  RICHARD J. SCHECHTER
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24238
```

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax delivery:

    Barry S. Simon, Esq.

    Thomas P. Puccio, Esq.

    Scott Edelman, Esq.
    Thomas Arena, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

_____
DEBRA ELLIOTT
U.S. Department of Justice

Dated:   November 10, 2004
        Hartford, Connecticut