UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES, and | : | December 31, 2004 |
| E. KIRK SHELTON. | : | |
| | : | |
| | : | |

**MEMORANDUM OF DEFENDANT E. KIRK SHELTON
IN RESPONSE TO JURY NOTE OF DECEMBER 29, 2004,
MARKED AS COURT EXHIBIT 58**

Defendant E. Kirk Shelton, through undersigned counsel, respectfully submits this memorandum in response to the jury note of December 29, 2004 (the "Jury Note"), marked as Court Exhibit 58.  Mr. Shelton also hereby adopts and joins in the memorandum submitted by Defendant Walter A. Forbes in response to the Jury Note.

The Jury Note sets forth two questions:  (i) may the jury "use aiding and abetting" as an "alternative standard in reaching a verdict" with respect to counts two through twelve?; and (ii) can the Court provide the jury with a "general example or examples of how to apply the concept of aiding and abetting"?

Mr. Shelton previously made an objection to the inclusion of an aiding and abetting charge in the jury instructions as well as to the aiding and abetting charge as given, both of which objections the Court overruled.  We respectfully submit that the Jury Note's focus on the aiding and abetting charge highlights the significance of the Court's decision to overrule Mr.

Shelton's objections and give the jury a charge on "aiding and abetting." To preserve Mr. Shelton's prior objection, we respectfully submit, in the first instance, that the Court should advise the jury that it may not consider "aiding and abetting" with respect to counts two through twelve and that the Court should decline to provide the jury with any general examples of how to apply aiding and abetting.

In the event the Court overrules Mr. Shelton's objections to the aiding and abetting charge, we request that the Court answer the Jury Note by giving the instruction proposed by Mr. Forbes in his memorandum.

With respect to the jury's second inquiry, we submit that it would be inappropriate to provide the jury with "general examples" of how to apply the elements of aiding and abetting. It is the role of the jury to make an independent factual determination about whether the government has satisfied the elements of each charged offense beyond a reasonable doubt. Giving the jury a general example of how to apply aiding and abetting would impinge on the jury's independent fact-finding responsibility. The jury essentially would be invited to assess how closely the evidence in this case aligns with the facts in the general examples provided by the Court. We submit that the jury should not perform its fact-finding function in this manner, and we note that the Court's instructions thus far have not contained any general examples of how to apply any of the government's theories of liability to the elements of the charged offenses.

Moreover, giving one or more general examples would run the risk of misleading and confusing the jury and causing substantial prejudice to the defendants. Given the length and complexity of this case, any "general" example provided by the Court would not capture all of the facts and issues in dispute in this case. Any general example, therefore, would improperly

suggest to the jury that only the types of factual issues in the general example were relevant to the jury's fact-finding responsibilities in this case.

We do not understand the jury, by its second inquiry, to be requesting the read-back of the Court's aiding and abetting instruction. In the event, however, the Court believes that it would be appropriate to read-back the aiding and abetting charge to the jury, we request that the Court also advise the jury that the same mental elements of knowledge, willfulness and

the requisite unlawful intent applicable to the count the jury was considering would also apply to the alternative theory of aiding and abetting liability with respect to that particular count.

DATED: December 31, 2004

        Respectfully submitted,

        MILBANK, TWEED, HADLEY & McCLOY, LLP


By: _____
    Scott A. Edelman (CT 25268)
    Thomas A. Arena (CT 25269)
    1 Chase Manhattan Plaza
    New York, NY  10005-1413
    Tel.: (212) 530-5000
    Fax: (212) 530-5219

    LAW OFFICES OF THOMAS P. PUCCIO
    Thomas P. Puccio (CT 22983)
    230 Park Avenue, Suite 301
    New York, NY  10172
    Tel.: (212) 883-6383
    Fax: (212) 883-6388

    DAY, BERRY & HOWARD LLP
    Stanley A. Twardy, Jr. (CT 05096)
    Gary H. Collins (CT 22119)
    City Place 1, 185 Asylum Street
    Hartford, CT  06103
    Tel.: (860) 275-0314
    Fax: (860) 275-0343


    Attorneys for Defendant E. Kirk Shelton

**CERTIFICATION**

     I hereby certify that on December 31, 2004, a copy of the foregoing was served on the following parties via email and/or facsimile:

>Norman Gross, Esq.
>Special Attorney
>U.S. Department of Justice
>450 Main Street, Room 617
>Hartford, CT 06103
>
>Barry S. Simon, Esq.
>Williams & Connolly LLP
>c/o Marriott Residence Hotel
>942 Main Street
>Hartford, CT 06103

                                                                                          _____