UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | July 7, 2005 |
| | : | |
| E. KIRK SHELTON | : | |

## MOTION BY UNITED STATES TO PROVIDE NOTICE TO VICTIMS BY PUBLICATION

The United States of America, through undersigned counsel, seeks an order from the Court authorizing the Government to provide notice by publication to the large number of potential victims in the instant case.

The Justice for All Act of 2004 ("the Act"), codified at 18 U.S.C. § 3771, was signed into law on October 30, 2004.  The Act provides certain rights to victims in federal criminal proceedings.  Among these rights are the right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencings.  18 U.S.C. § 3771(a).  The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ."  18 U.S.C. § 3771(e).  Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings.  Thus, 18 U.S.C. §3771(d)(2) provides:

[i]n a case where the court finds that the number of

> crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The United States submits that this case falls within the "multiple crime victims" provision. The "direct and proximate" victims of the charged securities fraud scheme are investors who purchased the stock of CUC International, Inc. and of the Cendant Corporation during the conspiracy period, which occurred from as early as the late 1980's to in or about April, 1998. The United States believes that there are many thousands of individual investors who purchased CUC International and Cendant stock during that time period. Thus, it will not be practical for the Government to identify and locate all investors and provide them with reasonable, accurate, and timely notice by mail in advance of defendant Shelton's sentencing on July 19, 2005.

However, rather than seek a complete waiver of the notice provision of the Act, the United States proposes that the Court authorize it to provide notice by publication. Additionally, the Government has provided notice of the date of the sentencing hearing to private counsel for the class of investors that brought a civil action for damages in the United States District Court for the District of New Jersey for damages against Cendant and other defendants. The Government has also placed information about the sentencing hearing on the website for the United States

Attorney's Office for the District of New Jersey, as well as on the Yahoo.com website. In this case, the number of crime victims is large, and as noted above, it is impracticable to provide reasonable, accurate, timely, and individualized notice to all of them. Notice by publication is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the proceedings.

The United States intends to submit a notice in the legal notices section of The Wall Street Journal to read:

> **Advisory: Victims' Right to Be Heard in Sentencing of Cendant Defendant E. Kirk Shelton**
>
> Shelton, the former Vice Chairman of Cendant and former President of CUC International will be sentenced before U.S. District Judge Alvin W. Thompson. Pursuant to the "Justice for All Act of 2004" (18 U.S.C. Sec. 3771), any victim of a criminal defendant's fraudulent acts is entitled to notice of any public proceedings.
>
> Victims are also entitled to be reasonably heard in any public proceeding, including a sentencing hearing. If you believe that you or your organization was a victim of the fraud that was announced on April 15, 1998, you have the right to be heard at defendant Shelton's sentencing either by letter, email or in person by appearing at 9:30 a.m. on Tuesday, July 19, 2005 at the Federal Courthouse at 450 Main Street in Hartford, CT. Please contact U.S. Postal Inspector Patricia Mathews at pmathews@uspis.gov or Senior Paralegal Specialist Debra Elliott at Debra.Elliott@usdoj.gov for further information.
>
> In January 2005, a federal jury convicted Shelton of conspiracy, securities fraud, mail fraud and wire fraud in connection with the fraudulent manipulation of the earnings of CUC, later known as the Cendant Corporation, for the years beginning as early as the late 1980's to in or about April 1998.

      For more information on the Justice for All Act, go to the website of the U.S. Attorney's Office for the District of New Jersey at:

      http://www.uddoj.gov/usao/nj/victimwitness.html

The United States intends to place this notice for one day, during the week of July 11, 2005. The Wall Street Journal business office needs two days' notice for publication. The United States will contact the Journal immediately upon receiving the Court's order authorizing this procedure. As the Act limits assertion of the rights enumerated in the Act to the crime victims, their counsel, and government counsel, defendant Shelton's position on this notice is not required for the Court to make a determination of whether this procedure is reasonable. See 18 U.S.C. § 3771 (d)(1). As part of defendant Shelton's sentence, the Court may require him to bear the cost of a notice to victims. See 18 U.S.C. § 3555.

WHEREFORE, the United States respectfully requests that the Court: (a) authorize the Government to publish the above-described notice to serve as an additional notice of defendant Shelton's upcoming sentencing, to the large number of victims in the above-captioned case; and (b) that the Court determine that this, along with the other means of notification described herein, is a reasonable procedure to satisfy the Government's obligations under 18 U.S.C. § 3771.  A proposed order is attached.

        Respectfully submitted,

        CHRISTOPHER J. CHRISTIE
        Special Attorney
        U.S. Department of Justice

        Norman Gross/s

By:  NORMAN GROSS
     Special Attorney
     U.S. Department of Justice
     Federal Bar No. 24933

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | July    , 2005 |
| | : | |
| **E. KIRK SHELTON** | : | |

## ORDER

Pursuant to 18 U.S.C. § 3771, the United States seeks an order authorizing the Government to provide notice by, among other methods, publication to the large number of crime victims in this case.  Under Section 3771(a)(2), crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings, including sentencings.  In this case, the victims of the charged securities fraud scheme are individual investors who purchased the stock of CUC International, Inc. or Cendant, Inc.  The United States estimates that there are thousands of individual investors who purchased CUC and Cendant stock during the relevant time period.  It will thus be impracticable for the Government to identify and locate all investors and provide them with reasonable, accurate, and timely notice by mail in advance of defendant Shelton's sentencing, which is scheduled for July 19, 2005.

Under such circumstances, Section 3771(d)(2) of the Justice for All Act gives the Court the authority to "fashion a reasonable procedure to give effect to this chapter that does not

unduly complicate or prolong the proceedings." The Government seeks authorization to provide additional notice to the investors by publication of a notice in <u>The Wall Street Journal</u> advising potential victims of defendant Shelton's sentencing on July 19, 2005. The text of the proposed notice is contained in the United States' motion.

   The Court finds (1) that the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above-captioned case; (2) that it is impractical for the Government to identify all of the direct and proximate victims of the charged offenses on an individual basis at this time without unduly delaying the sentencing process; and (3) notice by publication, in addition to the other methods of notification identified in the Government's motion, is a "reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771. Accordingly, it is ordered that the United States is authorized to comply with 18 U.S.C. § 3771 (a)(2) by providing notice of upcoming court proceedings by publication for one day in <u>The Wall Street Journal</u> of the notice included in the United States' motion.

                                                            _____
                                                            ALVIN W. THOMPSON
                                                            U.S. District Court Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email, fax and United States Mail:

   Thomas Puccio, Esq.
   Hope C. Seeley, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

                                    Norman Gross/s
                                    Norman Gross
                                    U.S. Department of Justice

Dated: July 7, 2005
       Camden, New Jersey