UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | |
| | : | August 4, 2005 |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |

MEMORANDUM OF THE UNITED STATES IN OPPOSITION
TO SHELTON'S MOTION FOR BAIL PENDING APPEAL

CHRISTOPHER J. CHRISTIE
NORMAN GROSS
JAMES MCMAHON
RICHARD J. SCHECHTER
Special Attorneys
U.S. Department of Justice
970 Broad Street, Room 700
Newark, NJ 07102
Tel: (973) 645-2700
Fax: (973) 645-2702

<u>Preliminary Statement</u>

The United States submits this brief in response to defendant Shelton's July 25, 2005 motion for bail pending appeal. For the reasons set forth herein, the motion should be denied.[1]

On July 22, 2005, the Court noted that with respect to each issue raised in Shelton's motion for a new trial and judgment of acquittal, there was no basis for bail pending appeal. Tr. 458 ("as we have gone through all the post-trial motions, I have on each issue been thinking about the provisions of [18 U.S.C. §] 3143(b). And as a matter of fairness, I should tell you that I don't see a grounds for me granting a motion for release pending appeal"). Shelton then filed the current motion seeking bail pending appeal. On August 3, 2005, the Court imposed a sentence of incarceration of ten years (120 months), and ordered Shelton to surrender on September 2, 2005.

Each of the arguments in Shelton's memorandum of law ("Shelton Mem.") that purports to demonstrate that he has "substantial questions of law and fact" to raise on appeal is merely a rehash of arguments this Court previously rejected in denying Shelton's motion for a new trial. No new issues are cited in the moving papers. This Court should not disturb its earlier conclusion that none of the issues raised in Shelton's

---

[1] The United States incorporates herein the arguments it made in its May 19, 2005 opposition to Shelton's motion for a new trial ("Opp. Mem.") and its June 23 Surreply Memorandum ("Sur. Mem.").

post-trial motions and his bail motion establish a substantial question that would warrant bail pending appeal.

Shelton mistakenly suggests that he has satisfied his burden of demonstrating a substantial question because the trial and jury deliberations lasted a long time, and the parties filed lengthy briefs. The trial was long because the fraud lasted many years, involved numerous persons, and involved complicated accounting issues, not because the Court made close calls on evidentiary, instructional, or other matters against the defense that is likely to result in reversal of the convictions on appeal. Nor is there any support for Shelton's suggestion that the "jurors were divided" (Shelton Mem. 14), as the jury convicted Shelton on each of the 12 counts of the indictment in which he was named. As the following analysis demonstrates, none of the issues identified by Shelton in his bail motion justify bail pending appeal under the applicable standard.

**A. Shelton Can Not Satisfy His Burden Under The Bail Reform Act.**

The Bail Reform Act (the "Act") defines the circumstances under which a convicted and sentenced defendant can be released pending an appeal. 18 U.S.C. § 3143(b). Because Shelton was not convicted of any of the crimes listed in 18 U.S.C. § 3142(f)(1)(A) through (C), subsection (1) of the Act governs Shelton's bail request. That subsection reads in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds--
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process . . . .

18 U.S.C. § 3143(b)(1)(B)(i)-(iv).

> As the Second Circuit has recently explained:
>
> [The Act] creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance. Only if a defendant clears these high procedural hurdles is he entitled to release pending sentencing.

United States v. Abuhamra, 389 F.3d 309, 320 (2d Cir. 2004).[2]

---

[2] The Act reversed the presumption in favor of bail pending appeal embodied in the Bail Reform Act of 1966. Robin C. Larner, Annotation, What is "A Substantial Question of Law or Fact Likely to Result In Reversal or an Order for a New Trial" Pursuant to 18 U.S.C. § 3143(b)(2) Respecting Bail Pending Appeal, 79 A.L.R.Fed. 673, 677 (1986). The presumption in favor of bail was based on
(continued...)

>The Court of Appeals also explained in that case that:
>
>The Government has a strong and obvious . . . interest in detaining defendants who have been found guilty beyond a reasonable doubt of serious crimes: such detention promotes public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or delay imposition and service of the sentence prescribed by law.

Id. at 320; see also S.Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3209 ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal."); United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986) ("Congress' desire to reverse what it

---

[2](...continued)
"the theory that a person accused of a crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment." Hudson v. Parker, 156 U.S. 277, 284 (1895). This presumption survived through the Bail Reform Act of 1966, which generally allowed release pending appeal, unless the appeal was adjudged frivolous or intended for delay only, or the defendant was considered a flight risk or a danger to the community. Larner, 79 A.L.R.Fed. at 677.

  The Act reversed this presumption, putting the burden on the defendant to demonstrate that she is entitled to release pending appeal. S.Rep. No. 2, 98th Cong., 2d Sess. 26, reprinted in 1984 U.S.C.A.A.N. 3182, 3209; United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985). The Senate Judiciary Committee cited two reasons for the change: (1) a conviction in a court of law is presumably correct in law, and (2) the often lengthy appeals process might result in a decrease in the deterrent effect of the criminal law, as persons convicted at trial could be free on bail for months or even years. See 1984 U.S.C.A.A.N. at 3209.

perceived as a presumption in favor of bail even after conviction under prior bail law demonstrates its recognition that harm results not only when someone is imprisoned erroneously, but also when execution of sentence is delayed because of arguments that in the end prove to be without merit.") (internal citation omitted).

The Second Circuit has established a four-step analysis for granting bail pending appeal under the Act, requiring the district court to find:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for the purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

As demonstrated herein, and in the Government's previous submissions, Shelton has failed to meet this burden. His latest attempt to postpone service of his sentence should therefore be denied. See, e.g., United States v. Viana, 2003 WL 22480046, *1-2 (S.D.N.Y., Nov. 3, 2003) (denying bail pending appeal in prosecution for conspiracy to commit wire fraud, where the defendants failed to show that their evidentiary claim was

likely to be found erroneous on appeal, and even it was, that the Court of Appeals would reverse the conviction based on that error); United States v. Fitzsimmons, 2003 WL 21088520, *2-3 (S.D.N.Y., May 13, 2003) (denying motion for bail pending appeal where defendant failed to demonstrate a substantial issue that the Government failed to demonstrate that the defendants were engaged in the business of gambling, rather than merely making bets for their own personal accounts; United States v. Radafar, 2003 WL 1908087, *1 (S.D.N.Y., April 18, 2003)(denying bail pending appeal where defendant's challenge to the sufficiency of the evidence was unlikely to prevail given the "heavy burden that defendant seeking to reverse a conviction on sufficiency grounds bears").

Shelton has failed to demonstrate that his motion for bail pending appeal is (1) not for purposes of delay or that (2) he has substantial questions of law and fact that will result in a new trial or a sentence that does not include any jail time. Thus, his motion for bail pending appeal should be denied.

**B. Shelton's Motion For Bail Pending Appeal is A Dilatory Tactic.**

Shelton has failed to demonstrate that his appeal is not for the purpose of delay. Shelton has already tried to adjourn the Court's imposition of sentence on three separate occasions (including as recently as August 2, 2005). He has been represented by no fewer than 17 different lawyers during the

6

course of this case.  Notwithstanding the plethora of defense lawyers who are thoroughly familiar with the substantial record in this case, Shelton announced on August 3, 2005 that he has already retained an 18th lawyer to prosecute the appeal, who is presumably unfamiliar with the record.  If granted bail pending appeal, Shelton may seek to delay the disposition of his appeal by claiming that newly retained counsel will need a protracted period of time to review the voluminous record.

As shown herein, Shelton has raised no substantial issues in his bail motion.  Accordingly, his request for bail for bail pending appeal is merely a dilatory tactic designed to forestall the service of his prison sentence.[3]

**C.   Shelton Has Not Raised Substantial Questions Likely to Result in Reversal or a New Trial.**

Nor has Shelton raised a "substantial question" likely to result in reversal or a new trial on all counts to negate completely the ten year sentence imposed by the Court.  A substantial question "is one of more substance than would be necessary to a finding that it was not frivolous.  It is a

---

[3]  In addition, Shelton has failed to sustain his burden of demonstrating by clear and convincing evidence that he is not a flight risk, in light of the changed circumstances resulting from the imposition of sentence.  The Court has now directed Shelton to pay $15 million to the Clerk of the Court by October 24, 2005.  Shelton will likely have to liquidate assets that are currently securing his bail in order to satisfy that order.  Therefore, the value of the bail presently securing his appearance will be substantially reduced during the pendency of this appeal.

'close' question or one that very well could be decided the other way." Randell, 761 F.2d at 125 (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

### 1. The Conscious Avoidance Jury Instruction Does Not Raise a "Substantial Question."

Shelton rehashes his argument from his post trial motions that the Court erred in giving the jury a conscious avoidance instruction. Shelton Mem. 4-7. No new arguments are raised in his current submission. Thus, so as not to burden the Court with duplicative arguments, the United States refers the Court to its earlier submissions which addressed Shelton's challenge to the conscious avoidance instruction. See Opp. Mem. 123 - 145; Sur. Mem. 12 - 17. In addition, the United States explained at pages 145 to 149 of the Opposition Brief that Shelton had failed to demonstrate reversible error with respect to the Court's instruction. The United States incorporates herein those sections of its earlier submissions.

Suffice to say that even assuming arguendo that the Court erred in giving a conscious avoidance instruction, which it did not, Shelton would not receive a new trial on the conspiracy count. As the Court has noted, "the jury's guilty verdict on the conspiracy count, [] could not have been based on a finding of conscious avoidance with respect to any element other than knowledge of the unlawful objectives of the conspiracy." Tr. 487, July 26, 2005. Hence, the jury necessarily concluded that

Shelton knowingly joined a conspiracy to violate the law, and thus, found actual knowledge.  Given that Shelton received a 60 month sentence on the conspiracy count, his arguments regarding the conscious avoidance instruction, even if meritorious, would not result in a new trial on this count or in a sentence less than the anticipated length of the appeal.  See Radafar, *1 (denying bail pending appeal where the defendant's sentencing claims "appear to have greater merit" than his challenges to the conviction, but "even if successful . . . will not reduce the sentence to a term less than the expected duration of the appeal").[4]

---

[4]  Accord United States v. Sabbeth, 125 F.Supp.2d 33, 42-44 (E.D.N.Y. 2000) (denying a motion for bail pending appeal in a prosecution for bankruptcy fraud, where the defendant's instructional claim regarding two of the counts of conviction, although arguably substantial, would not result in a reversal of three other counts of conviction, and "the probable sentence [for the valid counts] standing alone, would far exceed the likely time required to decide [the] appeal"); United States v. Delanoy, 867 F.Supp. 114, 117 (N.D.N.Y. 1994) (denying bail pending appeal, even though the defendant raised two "substantial questions" for appellate resolution regarding the jury instructions and the admission of evidence, where neither question "is so integral to the merits of the conviction on which defendant is imprisoned that a contrary appellate holding is likely to require reversal on appeal")(quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)); United States v. Foley, 851 F.Supp. 507, 509-10 (D.Conn. 1994) (denying bail pending appeal, where the defendant failed to demonstrate that his challenges to the convictions presented "substantial questions;" additionally, those claims were not directed against all of the counts of conviction, so reversal on appeal based on those claims would not likely result in a substantial reduction of the sentence); United States v. Gaind, 832 F.Supp. 740 (S.D.N.Y. 1993)(denying bail pending appeal in a prosecution of a white
                                                    (continued...)

### 2. Shelton's Arguments Regarding Corigliano's Testimony Do Not Raise a "Substantial Question."

Shelton combines numerous arguments he raised in his motion for a new trial concerning the testimony of Cosmo Corigliano. Shelton Mem. 7-11. What Shelton fails to demonstrate however, is how these issues taken individually or in combination demonstrate that a substantial question exists that would lead to a reversal or a new trial on all counts. Significantly, Shelton's analysis fails to address the arguments raised by the Government in its opposition brief that the jury could have convicted Shelton without reliance on any of Corigliano's testimony by relying on the credible evidence provided by Ms. Pember and others. See, e.g., Opp. Mem. 93-100.

As to Shelton's arguments regarding the so called "expert testimony" offered by Corigliano, the United States addressed this argument in its prior submissions. See Opp. Mem. 186 - 196, Sur. Mem. 26. As to Shelton's arguments regarding Walter Forbes plane expenses, the United States addressed these

---

[4](...continued)
collar defendant, a "hands-on chief executive officer who [was] kept informed of everything of significance which was going on in his organization," for making false statements to the EPA regarding test reports for sample of potentially polluted materials, where the prosecution case was dependent largely on the testimony of the defendant's subordinates, the defendant testified and contradicted much of their testimony).

arguments as well. See Opp. Mem. 149 - 156, Sur. Mem. 17-20.[5] The United States also addressed Shelton's arguments regarding the admission of pre-1995 accounting. See Opp. Mem. 167 - 185; Sur. Mem. 25-26.[6] Since none of these purported issues even raises a debatable question, let alone a substantial question, the cumulative effect of the Court's rulings, all of which were proper, does not provide Shelton any basis for appellate relief.

### 3. Arguments Regarding the Testimony Offered by Mr. Oller Does Not Rise to a "Substantial Question."

Shelton also reiterates his challenges to the testimony of John Oller. Shelton Mem. 12-14. The United States addressed these arguments in its opposition papers to Shelton's request for a new trial. See Opp. Mem. 156 - 167; Sur. Mem. 20-25. Finally, any suggestion that Oller's description of Shelton's statements was inaccurate was belied by the fact that Shelton chose not to call as a witness, or submit an affidavit from his previous counsel that attended the Oller meetings as a witness at either the trial or thereafter.

---

[5] Shelton continues to rely on the testimony of Professor Roman Weil despite the fact that the Court has concluded that the testimony "helped the Government." Tr. 141, July 20, 2005.

[6] To the extent that Shelton raises the Bell immunity issue, the United States thoroughly addressed the propriety of the Court's decision not to immunize Bell. See Opp. Mem. 197 - 206; Sur. Mem. 27-29.

## CONCLUSION

For the reasons set forth above, and those set forth in the Government's submissions in opposition to Shelton's post-trial motions, the Government respectfully requests that the Court deny Shelton's Motion for Bail Pending Appeal. The time has come for Shelton to serve the ten year sentence imposed by the Court.

```
                              Respectfully submitted,

                              CHRISTOPHER J. CHRISTIE
                              Special Attorney
                              U.S. Department of Justice

                              s/Norman Gross

                              By:  NORMAN GROSS
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24933

                              s/James McMahon

                              By:  JAMES MCMAHON
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24062

                              s/Richard J. Schechter


                              By:  RICHARD J. SCHECHTER
                              Special Attorney
                              U.S. Department of Justice
                              Federal Bar No. 24238
```

Dated: August 4, 2005
Newark, New Jersey