## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA       )
                               )
v.                             )        Criminal No. 3:02CR00264(AWT)
                               )
E. KIRK SHELTON                )
-------------------------------
```

### RULING ON MOTION OF DEFENDANT E. KIRK SHELTON FOR A JUDGMENT OF ACQUITTAL PURSUANT TO FED. R. CRIM. P. 29 OR FOR A NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33

For the reasons set forth below, the Motion of Defendant E. Kirk Shelton for a Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 or For a New Trial Pursuant to Fed. R. Crim. P. 33 (Doc. No. 1480) was denied on July 20, 2005. (See Tr. 7/20/05 at 4.)

Defendant Shelton makes ten points in support of his motion. As a preliminary to those ten points, defendant Shelton purports to give a statement of facts. However, insofar as that statement of facts addresses matters that are material to the adjudication of the instant motion, defendant Shelton either ignores evidence relied upon by the government at trial or insists that his own interpretation of the evidence is the only reasonable one. He makes in substance the same arguments he made at length to the jury during closing arguments; those arguments were, in the court's view, properly rejected by the jury, which appeared to be not only perceptive and not easily fooled, but also extremely

conscientious and orderly in its processes.  Far from being
"convinced that the jury has reached a seriously erroneous result
or that the verdict is a miscarriage of justice," United States
v. Autuori, 212 F.3d 105, 120 (2d Cir. 2000), the court believes
the jury's verdict is a true and just one, and that verdict is
consistent with the court's own conclusion that defendant Shelton
committed perjury, rising to the level of obstruction of justice,
when he testified at trial.[1]

While there are certain minor respects where the court would
cite to additional or different page numbers in the trial
record,[2] or would refer to an inference that could be drawn from

_____

[1]The court notes that defendant Shelton argues that
"Corigliano admitted on direct examination that Shelton had
already mentioned at the March 6 meeting that the $165 million
included $80 to 90 million of deferred revenue and gain from the
Interval transaction," relying on the transcript at page 7527
line 23. (Deft.'s Mem. (Doc. No. 1506) at 38.)  As the court has
informed the parties, the court's notes as to that portion of
Corigliano's testimony show that Corigliano testified that the
first time the $80 to 90 million figure was mentioned was in the
first few days of April, after Corigliano and defendant Shelton
learned that they had been fired.  Also, it should be noted that
the same ground was covered with Corigliano by the government on
redirect, and when Corigliano was asked whether defendant Shelton
said anything at the March 6th meeting to the effect that the
$165 million included $85 to 90 million from Interval, Mr.
Corigliano responded, "No, he didn't."  (Tr. At 9565, lines 8-
10.)

[2]For example, with respect to the government's Opposition,
at page 17, 2nd paragraph under subsection 2, the citation to
transcript page 6502 should be to page 6505; at page 21, 1st
paragraph under subsection 5, 6888 should be 6887-88; at page 25,
2nd paragraph, 7381 should be 7381-82; at page 27, 2nd full
paragraph, the 2nd "Id." should be 2607-08; at page 28, 2nd
paragraph, last line, "Id." should be 2611-12; at page 29, top

a witness' testimony or based on that testimony and other evidence, as opposed to a statement having been made by a witness,[3] the court finds the government's description of the evidence in this case to be accurate in all respects material to the adjudication of the instant motion.

**Point I.** Defendant Shelton argues that the court should grant him a new trial in the interests of justice because Cosmo Corigliano and Anne Pember gave false testimony and there was an absence of any credible evidence that Shelton knowingly and willfully participated in a conspiracy to misstate CUC's financial results or to commit any of the substantive offenses with which he was charged.

In opposition to defendant Shelton's motion the government filed a Memorandum of the United States in Opposition to

---

carry-over paragraph, "Id." should be 2614; at page 31, 1st full paragraph, 2603 should be 2602; at page 35, 1st paragraph under subsection 6, 2739 should be 2738; at page 37, top carry-over paragraph, 2755 should be 2754-55; at page 44, 1st full paragraph, "Id." should be 2906; at page 54, 1st paragraph under subsection 5, 9743 should be 9744; at page 55, 1st full paragraph, 9829 should be 9829-33; and at page 56, top carry-over paragraph, 2895-96 should be 2895-97.

[3]For example, with respect to the government's Opposition, at page 20, the 1st full paragraph cites Tr. 11055-58 for the proposition that McLeod testified that Shelton received "cheat sheets", while McLeod actually testified that GX 58 was the type of document given to defendant Shelton; and at page 45, the end of the last sentence in subsection 11 says that Shelton never asked any questions about either practice in this conversation, while Pember testified that Shelton may have asked questions but she didn't remember.

Shelton's Motion for a Judgment of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (Doc. No. 1543) (the "Opposition") and a Surreply Memorandum of the United States in Opposition to Shelton's Motion for a Judgment of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (Doc. No. 1584) (the "Surreply").  The court finds defendant Shelton's argument on this point unpersuasive for substantially the reasons set forth by the government in its Opposition and its Surreply.

**Point II.**  Defendant Shelton argues that the court should vacate his conviction because the government knew or should have known that its two principal cooperating witnesses, i.e. Pember and Corigliano, gave false and misleading testimony on numerous material matters.  The court finds Shelton's arguments on this point unpersuasive for the reasons set forth by the government in its Opposition and its Surreply.

**Point III.**  Defendant Shelton argues that the conscious avoidance charge was improper.  The court finds defendant Shelton's arguments on this point unpersuasive for the reasons set forth by the government in its Opposition and its Surreply.

**Point IV.**  Defendant Shelton argues that evidence relating to codefendant Walter Forbes' plane expense charge was improperly admitted.  The court finds defendant Shelton's arguments on this point unpersuasive for substantially the reasons set forth by the government in its Opposition.

-4-

**Point V.**  Defendant Shelton argues that the testimony of John Oller was improperly admitted.  The court notes that it rejected defendant Shelton's arguments on this point in its written ruling during the trial (see Ruling on Government Trial Motion No. 3 (Doc. No. 1137)) and concludes that defendant Shelton's arguments are unpersuasive for substantially the reasons set forth by the government in its Opposition and its Surreply.

**Point VI.**  Defendant Shelton argues that the introduction of evidence concerning misconduct prior to 1995 constituted a constructive amendment of, and a prejudicial variance to, the indictment.  The court finds defendant Shelton's arguments on this point unpersuasive for the reasons set forth by the government in its Opposition and its Surreply.

**Point VII.**  Defendant Shelton argues that Corigliano and Pember were improperly allowed to offer expert testimony on technical accounting issues.  The court finds defendant Shelton's arguments on this point unpersuasive for substantially the reasons set forth by the government in its Opposition and its Surreply.

**Point VIII.**  Defendant Shelton argues that this case presented extraordinary circumstances requiring the government to confer immunity on Stuart Bell and that it was error for the court to decline to require the government to immunize him.  As

-5-

an initial matter, the court notes that the motion was denied because it was untimely. See *United States v. Turkish*, 623 F.2d 769, 777-78 (2d Cir. 1980). Additionally, the court finds defendant Shelton's arguments unpersuasive for the reasons set forth by the government in its Opposition and its Surreply.

**Point IX.** Defendant Shelton argues that the court improperly declined to give the jury a missing witness instruction. The court finds this argument unpersuasive for the reasons set forth by the government in its Opposition and its Surreply.

**Point X.** Defendant Shelton argues that the government failed to present sufficient evidence from which a reasonable juror could conclude beyond a reasonable doubt that he is guilty of any of the counts charged in the Superseding Indictment.

> A defendant who challenges the sufficiency of the case against him bears a heavy burden. *United States v. LaBarbara*, 129 F.3d 81, 84 (2d Cir. 1997); *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir. 1984). The Court must construe the evidence, whether direct or circumstantial, in the light most favorable to the government, drawing all reasonable inferences in the government's favor. *United States v. Olbres*, 61 F.3d 967, 970 (2d Cir.), *cert. denied*, 516 U.S. 991 (1995). *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994). Similarly, all determinations of credibility are resolved in favor of the jury's verdict. *United States v. Wallace*, 59 F.3d 333, 338 (2d Cir. 1995). The government's evidence need not negate all theories consistent with innocence and the evidence must be considered in conjunction, not in isolation. *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993).
>
> If the evidence, thus interpreted, suffices to convince any reasonable juror of a defendant's guilt

-6-

beyond a reasonable doubt, the Court must deny the motion for judgment of acquittal. *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995); *United States v. Jones*, 16 F.3d 487, 490 (2d Cir. 1994), *appeal after remand*, 122 F.3d 1058 (2d Cir. 1997), *cert. denied*, 522 U.S. 976. *See also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (Defendant must demonstrate that no rational trier of fact would have found the elements of the crime beyond a reasonable doubt).

United States v. Autuori, No. 3:96-CR-161(EBB), 1998 WL 774232, at *15-16 (D. Conn. Aug. 28, 1998).  Viewing the evidence in this case in the light most favorable to the government, as summarized by the government in its Opposition and its Surreply, Shelton can make no plausible argument that he is entitled to a judgment of acquittal.

* * * *

Accordingly, the Motion of Defendant E. Kirk Shelton for a Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 or For a New Trial Pursuant to Fed. R. Crim. P. 33 (Doc. No. 1480) was DENIED.

It is so ordered.

Dated this 4th day of August 2005, at Hartford, Connecticut.

_____
        Alvin W. Thompson
   United States District Judge