UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | CASE NO. *3:02CR264 (AWT)* <br> USM NO: *23906-050* |
| E. KIRK SHELTON | |
| | *Richard Schechter* <br> Assistant United States Attorney |
| | *Thomas Puccio, Esquire* <br> Defendant's Attorney |

**THE DEFENDANT:** **was found guilty on counts** 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of a superseding indictment. Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Securities Fraud, Mail Fraud, Wire Fraud, and False Statements to the SEC | April 15, 1998 | 1 |
| 18 USC § 1341 | Mail Fraud | April 15, 1998 | 2 and 3 |
| 18 USC § 1343 | Wire Fraud | April 15, 1998 | 4 |
| 15 USC § 78ff(a) | False Statements to the SEC | April 15, 1998 | 5 and 6 |
| 15 USC §§ 78j(b) and 78ff(a) | Securities Fraud | April 15, 1998 | 7,8,9,10,11 and 12 |

The following sentence is imposed pursuant to the Sentencing Act of 1984. In determining the recommended Guidelines sentence, the court departed downward pursuant to United States v. Lauersen, 362 F.3d 160 (2d Cir. 2004) to mitigate the effect of substantially overlapping enhancements. The court concluded that a "non-Guidelines sentence," as opposed to a "Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir. 2005), was appropriate in this case, because the sentence imposed was only seven months less than the recommended sentence determined pursuant to the Guidelines; the sentence imposed was sufficient but not greater than necessary to serve the purposes of a criminal sentence the court found to be most important here (i.e., the need to provide just punishment, the need to deter others from committing the offenses committed by the defendant, and the need for the sentence imposed to reflect the seriousness of the offenses); and the sentence imposed gave the defendant a minor reduction on account of the otherwise exemplary life he has lived (which is a fact the court used to conclude that the bottom of the Guidelines range was appropriate in determining the recommended sentence under the Guidelines, but declined to consider as a basis for a downward departure when the court conducted the Guidelines analysis).

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a period of 60 months on counts 1, 2, 3 and 4, and 120 months on counts 5, 6, 7, 8, 9, 10, 11 and 12, to be served concurrently.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of three years. The mandatory and standard conditions of supervised release, as attached, are imposed. In addition, the following special conditions are imposed:

1. The defendant shall pay restitution in accordance with the restitution order that will be entered in this case; and
2. The defendant shall provide the U.S. Probation Office with access to requested financial information.

**The court is waiving the condition that the defendant refrain from any unlawful use of a controlled substance and submit to periodic testing because the Presentence Report indicates that there is a low risk of future substance abuse by the defendant.**

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows or as noted on the restitution order.

**Special Assessment:**   $1,200.00        due immediately
**Fine:**                 $0.00
**Restitution:**          $3.275 billion   see restitution order

With respect to restitution, the defendant shall make a lump sum payment of $15 million by no later than October 24, 2005. The proceeds of that $15 million lump sum payment will be held by the Clerk's Office until such time as the defendant no longer has any right to appeal from the judgment in this case.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The court recommends to the Bureau of Prisons: (1) that the defendant be designated to FCI/FPC Schuykill, in Minersville, Pennsylvania in order to facilitate visits by his family; and (2) that the defendant be evaluated for the alcohol treatment program.

**On September 2, 2005, by 5:00 p.m., the defendant shall surrender for service of his sentence to the Federal Correctional Facility designated by the United States Bureau of Prisons, or to such other place as the United States Marshals Service may direct.**

**August 3, 2005**
Date of Imposition of Sentence

_____
Alvin W. Thompson
United States District Judge
Date: August 4, 2005

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE _____**
**Kevin F. Rowe, Clerk**
**BY: _____**
   *Deputy Clerk*

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4) The court is **waiving** the condition that the defendant refrain from any unlawful use of a controlled substance and submit to periodic drug testing because the presentence report indicates that there is a low risk of future substance abuse by the defendant;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.   (Delete if not applicable)**

> **Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**
>
> **These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____    _____
               **Defendant**                                      **Date**

_____    _____
  **U.S. Probation Officer/Designated Witness**       **Date**