UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------X
                                :
UNITED STATES OF AMERICA        :
                                :
v.                              :      Crim. No. 3:02CR264(AWT)
                                :
E. KIRK SHELTON                 :
                                :
-------------------------------X
```

### ORDER OF RESTITUTION

In accordance with the restitution order set forth on the record at the defendant's sentencing on August 3, 2005, the defendant, E. Kirk Shelton, shall pay restitution of $3.275 billion to Cendant Corporation pursuant to 18 U.S.C. §§ 3663 and 3663A.

The defendant shall make a lump sum payment of $15 million by no later than October 24, 2005.  The proceeds of that $15 million lump sum payment will be held by the Clerk's Office until such time as the defendant no longer has any right to appeal from the judgment in this case.

As to the balance of the restitution, the defendant shall make monthly payments in the amount of $2,000 on the 15th day of each month during the first 35 months following his release from imprisonment and any unpaid balance of the amount of restitution ordered shall be payable on the 15th day of the 36th month following his release from imprisonment.

The defendant shall make checks payable to the order of the "Clerk, U.S. District Court", and checks shall be mailed or delivered to:  Clerk's Office, U.S. District Court, 450 Main Street, Hartford, CT, 06103.  The defendant shall write the docket number of the case on each check sent to the Clerk's Office.

Once the defendant no longer has any right to appeal from the judgment in this case, the Clerk's Office shall forward monies received to the victim at Cendant Corporation, 9 W. 57th St. New York, New York  10019, Attn: John H. Carley, Senior Vice President for Legal and Regulatory Affairs, or at such other address as may be specified by the U.S. Probation Office.

As required by 18 U.S.C. § 3664, the court arrived at the figure and schedule for restitution payments after considering the amount of the loss sustained by victims as a result of the defendant's offenses; the defendant's financial resources and other assets, including whether any of those assets are jointly controlled; the defendant's projected earnings and other income; and the defendant's financial obligations, including obligations to dependents.

In that the purpose of the restitution provision is to require restitution whenever possible, see United States v. Porter, 41 F.3d 68 (2d Cir. 1994); United States v. Broyd, 22 F.3d 441 (2d Cir. 1994), this restitution order is contingent

-2-

upon the defendant's ability to pay, and the defendant shall make full and complete financial disclosure to the United States Probation Office on at least a quarterly basis during the defendant's period of supervised release.

The defendant shall notify the court, the U.S. Attorney's Office for the District of Connecticut, the U.S. Attorney's Office for the District of New Jersey, Attn: Chief of the Civil Division, and the U.S. Probation Office in the District of Connecticut of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court notes that a victim, the government or the offender may petition the court at any time to modify this restitution order, as appropriate, in view of a change in the economic circumstances of the offender.

Nothing in this restitution order shall prevent Cendant Corporation from exercising its rights under 18 U.S.C. § 3664(m).

It is so ordered.

Dated at Hartford, Connecticut on this 12th day of August 2005.

                                                /S/
                                  Alvin W. Thompson
                            United States District Judge