```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


------------------------------
UNITED STATES OF AMERICA      )
                              )
v.                            )     Criminal No. 3:02CR00264(AWT)
                              )
E. KIRK SHELTON               )
------------------------------
```

**RULING ON MOTION OF DEFENDANT E. KIRK SHELTON
<u>FOR BAIL PENDING APPEAL</u>**

For the reasons set forth below, defendant Shelton's motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b) is being denied.

In <u>United States v. Randell</u>, 761 F.2d 122 (2d Cir. 1985), the Second Circuit stated that:

> [B]efore a district court may grant bail pending appeal, it must find:
> (1) that the defendant is not likely to flee or pose a danger to the safety of any person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

<u>Id.</u> at 125 (citations omitted). Bail is not conditioned "upon a district court's finding that its own judgment is likely to be reversed on appeal." <u>Id.</u> at 124.

Also, the court notes that it understands § 3143(b) and <u>Randell</u> to require that the defendant establish only the first of

these four requirements by clear and convincing evidence.  The government quotes language from <u>United States v. Abuhamra</u>, 389 F.3d 309, 320 (2d Cir. 2004), where the application of 18 U.S.C. § 3143(a) was at issue, for the proposition that the Bail Reform Act of 1984 requires a defendant to meet his burden by clear and convincing evidence, not by a mere preponderance.  However, that is not the court's understanding with respect to the second, third and fourth requirements that must be satisfied by the defendant under § 3143(b).

Based on the extensive record developed during the sentencing proceedings in this case with respect to defendant Shelton's personal history and characteristics and his close ties to the community, and the fact that he has surrendered his passport, the court concludes that the defendant has met his burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

As to the second requirement, the court finds the question of whether defendant Shelton can establish that his appeal is not for purpose of delay to be a close one.  This requirement was addressed only briefly by the parties in their written submissions, and no precedent was cited by either party in support of his or its position as to this requirement.  Because the court's analysis as to the third and fourth requirements is

dispositive of the instant motion, the court declines to reach this issue.

With respect to the third and fourth requirements, defendant Shelton contends that the appeal raises three substantial issues for purposes of this motion, which are presented by (1) the jury instruction on conscious avoidance; (2) the testimony of Cosmo Corigliano; and (3) admission of the hearsay testimony of John Oller.

As an introductory point, defendant Shelton argues that it is "self-evident that there are substantial issues to be raised on appeal." (Def.'s Mot. at 4.)  He points to the fact that evidence lasted almost six months and there were two weeks of closing argument, and that the jury deliberated for 32 days. (See id. at 3.) He also argues that the 32 days of jury deliberations "shows that this was a close case and jurors were divided."  (Id. at 14.)  However, as the government correctly points out in its opposition to the instant motion, the trial was long because the fraud lasted many years, involved numerous persons and involved complicated accounting issues.  Moreover, while it is clear that the jury was divided with respect to defendant Walter A. Forbes, as it did not reach a verdict with respect to him on any count, there is no support whatsoever for the suggestion that the jury was divided with respect to

defendant Shelton -- only support for the proposition that it deliberated carefully.

    Defendant Shelton also argues as part of his introductory point that the post-trial motions consumed hundreds of pages and the government thought the issues sufficiently weighty that it applied to file a surreply memorandum and then filed an additional 30-page memorandum.  The post-trial motions consumed hundreds of pages because the court, to ensure that defendant Shelton had every opportunity to present a persuasive argument that he was entitled to relief, placed no page limitations on the length of his submissions.  The court conveyed to the parties, on the first day of the sentencing hearing and in its ruling on defendant Shelton's post-trial motions, its observations concerning defendant Shelton's purported statement of the facts, and in the court's view, the fact that the government was required to make lengthy submissions in response to defendant Shelton's submissions was not a result of the fact that defendant Shelton presented weighty issues, but rather the fact that defendant Shelton's discussion of the evidence in this case was materially inaccurate to a significant degree.  Having devoted months and months to this case, the court concludes that the only thing that is "self-evident" is that defendant Shelton has the ability to expend significant resources on each and every factual or legal contention he can think of raising, no matter how minor,

and that the government has no responsible option but to respond when a defendant files papers that simply ignore significant points raised in the government's opposition.

Defendant Shelton's first argument is that a substantial question is raised on appeal by the jury instruction on conscious avoidance. The government correctly notes in its opposition to the instant motion that defendant Shelton simply presents again the arguments made by him in his post-trial motions, and the government refers to portions of its Memorandum of the United States in Opposition to Shelton's Motion for a Judgment of Acquittal Pursuant to Rule 29 and For a New Trial Pursuant to Rule 33 (Doc. # 1543) (the "Opposition") and of its Surreply Memorandum of the United States in Opposition to Shelton's Motion for a Judgment of Acquittal Pursuant to Rule 29 and For a New Trial Pursuant to Rule 33 (Doc. # 1584) (the "Surreply"), which addressed defendant Shelton's challenge to the conscious avoidance instruction. See Opposition at 123-149; Surreply at 12-17. After reviewing these portions of the Opposition and the Surreply again for purposes of this motion, the court concludes that the giving of the conscious avoidance instruction does not present a substantial question for appeal for the reasons set forth by the government in the Opposition and the Surreply. The flaws in the arguments presented by defendant Shelton are adequately addressed in the Opposition and the Surreply, but the

court should make one point clear with respect to one argument made by defendant Shelton in this portion of his motion. Defendant Shelton argues that Corigliano and Pember were repeatedly shown on cross-examination to have testified falsely and were unable to provide credible proof of Shelton's knowledge of and involvement in the fraudulent scheme.  (See Def.'s Mot. at 7.)  The court notes that defendant Shelton's suggestion here appears to simply ignore the basis for the court's finding that it was defendant Shelton who obstructed justice by committing perjury at trial.

Defendant Shelton's second argument is that a substantial question is raised on appeal by the issue of whether the testimony of Cosmo Corigliano in three specific areas was testimony that, separately and together, deprived defendant Shelton of a fair trial.  As the government notes in its opposition to the instant motion, this argument represents a combination of numerous arguments concerning Corigliano's testimony raised by defendant Shelton in his post-trial motions. The government incorporates by reference into its opposition to the instant motion portions of the Opposition and the Surreply, and after reviewing these portions of the Opposition and the Surreply for purposes of this motion, the court concludes that the issue of whether Corigliano's testimony unfairly prejudiced Shelton does not present a substantial question for appeal for

the reasons set forth by the government in the Opposition and the Surreply.  (See Opposition at 93-100 (point made by the government that the jury could have convicted Shelton without reliance on any of Corigliano's testimony by relying on the credible evidence provided by Anne Pember and others, which point defendant Shelton fails to address in his analysis); Opposition at 186-196 and Surreply at 26 (addressing what defendant Shelton terms Corigliano's "expert testimony"); Opposition at 149-156 and Surreply at 17-20[1] (addressing defendant Shelton's arguments regarding evidence relating to the charging of Forbes' plane expenses to the Cendant merger reserve)[2]; Opposition at 167-185 and Surreply at 25-26 (addressing defendant Shelton's arguments regarding admission of evidence relating to improper accounting prior to January 1995).)

Defendant Shelton's third argument is that a substantial question is raised on appeal by the admission of the hearsay

---

[1] Because defendant Shelton once again relies on the testimony of Prof. Roman Weil, the court notes that its copy of the transcript reflects that the reference on page 18 of the Surreply to "Tr. 11290" should be a reference to "Tr. 11291."

[2] The court notes that in its Ruling on Motion of Defendant E. Kirk Shelton For a Judgment of Acquittal Pursuant To Fed. R. Crim. P. 29 Or For A New Trial Pursuant To Fed. R. Crim. P. 33 (Doc. # 1634 at 4) when the court discussed Point IV, the court inadvertently made reference to defendant Shelton's arguments being unpersuasive for substantially the reasons set forth by the government in its Opposition, instead of stating that they were unpersuasive for substantially the reasons set forth by the government in its Opposition and its Surreply.

testimony of John Oller.  In its opposition to the instant motion, the government incorporates by reference portions of the Opposition and the Surreply, which the court has reviewed for purposes of this motion.  (See Opposition at 156-167 and Surreply at 20-25.)  For the reasons set forth by the government in its opposition to the instant motion, including the arguments from the Opposition and the Surreply that are incorporated by reference, the court concludes that admission of the hearsay testimony of John Oller does not present a substantial question for appeal.  However, there are two points with respect to this portion of defendant Shelton's motion that should be noted.  One, it is in this portion of his motion that defendant Shelton makes reference to the case being "a close case and the jurors were divided" (Def.'s Mot. at 14), and this point has been addressed by the court above.  Two, defendant Shelton makes the following general reference to the Advisory Committee Notes to Rule 803(5) of the Federal Rules of Evidence: "The rule proceeds on the basic assumption that the statement possesses circumstantial guarantees of trustworthiness.  See Advisory Committee Notes to Fed. R. Evid. 803."  (Def.'s Mot. 12.)  It appears that defendant Shelton's reference is to the Advisory Committee Notes, 1972 Proposed Rules, Note to Paragraph (5), which actually states in pertinent part that "[t]he guarantee of trustworthiness is found in the reliability inherent in a record made while events were

still fresh in mind and accurately reflecting them. *Owens v. State*, 67 Md. 307, 316, 10 A. 210, 212 (1887)."[3]

Accordingly, the Motion of Defendant E. Kirk Shelton for Bail Pending Appeal (Doc. # 1621) is hereby DENIED.

It is so ordered.

Dated this 16th day of August 2005, in Hartford, Connecticut.

<div style="text-align: right;">
/s/<br>
Alvin W. Thompson<br>
United States District Judge
</div>

---

[3] The court notes that in citing to the Advisory Committee Notes, defendant Shelton omits reference to another portion of the Advisory Committee Notes that is pertinent to an argument made by him, namely, Advisory Committee Notes, 1974 Enactment, Note to Paragraph (5), which states that the rule does not "preclud[e] admissibility in situations in which multiple participants were involved. When the verifying witness has not prepared the report, but merely examined it and found it accurate, he has adopted the report, and it is therefore admissible. . . ."