UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| v. | : | |
| WALTER A. FORBES and<br>E. KIRK SHELTON, | : | |
| Defendants. | : | SEPTEMBER 16, 2005 |

CENDANT CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION FOR ORDER IN AID OF EXECUTION

Cendant Corporation ("Cendant"), the victim of the crimes committed by Defendant E. Kirk Shelton ("Defendant"), respectfully submits this memorandum of law in support of its Motion for Order in Aid of Execution ("Motion").

As set forth more fully below, this Court should grant this Motion and order the Defendant to turn over to Cendant the requested documents that will help satisfy the Restitution Order granted to Cendant in the amount of $3.275 billion on August 12, 2005 ("Restitution Order").

I.   BACKGROUND.

As this Court well knows, this Court ordered the Defendant to pay restitution of $3.27 billion to Cendant. (See Restitution Order (Doc. I.D. 1638) ("Restitution Order")) The Court calculated this restitution amount based upon, *inter alia*, the Pre-Sentence Report (together with the quarterly progress reports, "PSR"). (See Restitution Order, p. 2 (restitution amount based upon Defendant's "financial resources and other assets")). The Restitution Order's intent was to compensate Cendant for the losses it suffered as a result of the Defendant's criminal conduct and to therefore permit Cendant to take steps to collect the $3.275 billion. By the Motion, Cendant is seeking an Order to assist it in collecting the $3.275 billion.

II.  ARGUMENT

Pursuant to Conn. Gen. Stat. § 52-356(b), made applicable herein by Fed. R. Civ. P. 69, Cendant may "apply to the Court for an execution and an order in aid of the execution" directing Defendant to transfer possession of specified property or "documentary evidence of title to property of [Defendant]." Conn. Gen. Stat. § 52-356(b). The statute further provides that the Court may then issue a turnover of said listed property. Id.

This Court has granted similar motions for orders in aid of execution in order to satisfy restitution orders. United States v. Gall, 1998 U.S. Dist. LEXIS 13489, *3 (D. Conn. July 7, 1998) (Nevas, J.) (Copy attached). In Gall, Judge Nevas ordered the defendant, Gall, to turn

over certain property listed by the victims as the victims were owed substantial sums under a criminal restitution order.

As in <u>Gall</u>, the Defendant should be required to turn over certain documents and information to aid in the enforcement and collection of the Restitution Order.  The Restitution Order in this case is, after all, for an exceptionally large amount of money, perhaps the largest ever issued in this District, and it is going to unfortunately take a lot on the part of Cendant to recover sufficient assets to satisfy the Restitution Order.  While a daunting endeavor, it is one that has potential for some success with the aid of this Court.

For example, Cendant has learned that the Defendant has an ownership interest in real property in Vail Colorado.  The Court should order the Defendant to execute the necessary documents to convey title to that property to Cendant in order to permit Cendant to liquidate the asset to satisfy the Restitution Order.  Similarly, it was recently divulged that a mere 8 days after his first meeting with prosecutors, the Defendant created and funded an Irrevocable Trust with $7.5 million.  (<u>See</u> Sentencing Memorandum of the United States, p. 54 n.21 (Doc. I.D. 1604-1).)  The Defendant should be ordered to turn over to Cendant all documentary evidence regarding the Trust to enable Cendant to evaluate whether the Trust should be set aside as an otherwise voidable fraudulent transfer.

As the Government pointed out, it appears the Defendant has attempted to shield $2 million by transferring that sum to his attorneys as alleged prepaid legal fees.  (<u>See</u> Sentencing Memorandum of the United States, p. 54 n.21 (Doc. I.D. 1604-1).)  Likewise, the Defendant

apparently transferred ownership of a management company called "SCIP" to his wife. To prevent further injustice and harm to Cendant, and to assist it in collecting the full amount of the Restitution Order, the information on these transfers must be turned over.

Given the Defendant's pending incarceration, Cendant does not anticipate that the Defendant is going to voluntarily pay Cendant or cooperate in disclosing assets sufficient to satisfy the Restitution Order. The Court must grant the Motion in order to carry out the intent and enforcement of the Restitution Order.

III.  CONCLUSION

Accordingly, for all the above-stated reasons, Cendant Corporation, as the victim, respectfully requests that this Court grant the Motion and require the Defendant to turn over all of the properties and evidence listed above.

MOVANT- CENDANT CORPORATION

By /S/ Robert E. Kaelin
    Robert E. Kaelin - ct11631
    rkaelin@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut  06103-3469
Telephone:  (860) 240-6000
Fax:  (860) 240-6150
Its Attorneys

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on September 16, 2005 to:

Counsel For The U.S. Government

James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

Counsel For E. Kirk Shelton

Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

Day, Berry & Howard LLP
Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
CityPlace 1, 185 Asylum Street
Hartford, CT 06103

MilBank, Tweed, Hadley & McCloy, LLP
Scott A. Edelman, Esq.
Thomas A. Arena, Esq.
1 Chase Manhattan Plaza
New York, NY 10005-1413

   /S/    Robert E. Kaelin
Robert E. Kaelin