UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| | : | |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON, | : | |
| | : | |
| Defendants. | : | SEPTEMBER 16, 2005 |

CENDANT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR THE LIMITED RELEASE OF DEFENDANT E. KIRK SHELTON'S
<u>PRE-SENTENCE REPORT AND QUARTERLY FINANCIAL PROGRESS REPORTS</u>

Pursuant to D. Conn. L. Civ. R. 7(a)(1), made applicable herein by D. Conn. L. Cr. R. 1(c), Cendant Corporation ("Cendant" or "Victim") respectfully submits this memorandum of law in support of its Motion for the Limited Release of Defendant E. Kirk Shelton's Pre-Sentence Report and Quarterly Financial Progress Reports.

As set forth more fully below, this Court should grant Cendant's motion because disclosure is necessary to further the aims of justice, including allowing Cendant to analyze the Defendant's representations of his financial condition to the Court, to evaluate the Defendant's ability to pay the enormous restitution award, to closely monitor the Defendant's financial condition, and to enforce the Restitution Order. Otherwise, the Defendant may yet commit another financial fraud – this time, upon the Court.

I. BACKGROUND.

As this Court well knows, this Court ordered the Defendant to pay restitution of $3.27 billion to Cendant. (See Restitution Order (Doc. I.D. 1638) ("Restitution Order")) The Court calculated this restitution amount based upon, *inter alia*, the Pre-Sentence Report (together with the quarterly progress reports, "PSR"). (See Restitution Order, p. 2 (restitution amount based upon Defendant's "financial resources and other assets")) The Court authorized Cendant to petition for a modification of the Restitution Order. (See Restitution Order, p. 3)

II. ARGUMENT

While a PSR is generally a confidential document, that confidentiality is not absolute. United States v. Preate, 927 F. Supp. 163, 166 (D. Pa. 1996). Instead, disclosure of a PSR is committed to the discretion of the court to further the aims of justice. United States v. Charmer Indus., Inc., 711 F.2d 1164, 1177 (2d Cir. 1983); see also D. Conn. L. Cr. R. 32(i) (disclosure of PSR is "controlled by the court"). In fact, a court "has a fair measure of discretion in weighing the competing interests in order to determine whether or not the person seeking disclosure has shown that the ends of justice require disclosure." Charmer Indus., 711 F.2d at 1177. Here, the ends of justice support disclosure of the PSR.

      A.      Cendant Requires Disclosure of the PSR to Determine Whether
to Exercise Its Right To Seek Modification of the Restitution Order.

Under the express terms of the Restitution Order in this case, Cendant, as the victim, may petition for modification of the Restitution Order if there is a "change in the economic circumstances" of the Defendant. (Restitution Order, p. 3) However, without knowing the content of the PSR (and thus the basis for the Court's award of restitution), Cendant cannot claim a change in the Defendant's economic circumstances nor confirm that the information upon which the Court rendered its decision was accurate. Without disclosure of the PSR, the Court's grant of authority to modify the Restitution Order is rendered moot.

Here, Cendant's particularized need for the PSR is sufficient for the Court to order disclosure. For example, in United States v. Schlette, the Ninth Circuit approved the disclosure of a post sentence probation report to the estate of a decedent killed by a defendant because the report contained information the estate needed to assess its claim that the probation office was negligent for not informing the decedent of the defendant's release. 842 F.2d 1574, 1583-84 (9th Cir. 1988), as amended by, 854 F.2d 359. The Schlette court held that it was the report itself, and not just the information in the report, that was vital to the estate's investigation of the probation office's negligence because the report evidenced what the probation office knew about the defendant's potential for violence. Id. at 1584. Further, the Ninth Circuit held that civil discovery would not afford the estate the same information. Id. Thus, the Circuit Court found that the estate had shown a particularized need for the report,

and granted access. Id.; see also Charmer, 711 F.2d at 1175 ("[a] central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources").

Similarly, here, Cendant needs the PSR itself, and not simply the information in the PSR, to determine whether the Defendant's economic circumstances changes and whether the information was accurate. In other words, Cendant needs to know, and has a right to know, the "base-line" in the PSR. Disclosure of the PSR is not a matter of convenience. Rather, like the estate in Schlette, disclosure of the actual PSR is necessary for Cendant to determine whether to exercise its rights under the Restitution Order.

Similarly, Cendant must determine whether the Defendant disclosed (and the Court took into consideration) fraudulent transfers when determining the Defendant's ability to pay. The Government has accused the Defendant of perjury. (See Memorandum of the United States in Opposition to Shelton's Motion for a Judgment of Acquittal Pursuant to Rule 29 and For a New Trial Pursuant to Rule 33, pp. 57-65 (Doc. I.D. No. 1543)) There is no reason to believe that such behavior does not extend to representations about his financial condition.

For example, it was recently divulged that a mere 8 days after his first meeting with prosecutors, the Defendant created and funded a trust with $7.5 million. (See Sentencing Memorandum of the United States, n.21 (Doc. I.D. 1604-1)) Further, right after the verdict was handed down against him, the Defendant apparently gave $2 million dollars in pre-paid legal fees to his appellate counsel. (See id.) It is unclear whether these potentially fraudulent

transfers were considered when calculating the total amount of restitution or the payment schedule. To confirm that the amount of restitution and the payment schedule take into consideration such transfers and to review the Defendant's representation of his economic circumstances, Cendant, as the victim, should be allowed a limited release of the PSR.

Because the information needed to evaluate the Restitution Order and the Defendant's financial condition is only available from the PSR, the aims of justice support disclosure.

Not only is Cendant entitled to the requested disclosures, but it has narrowly tailored its request to not be overly intrusive. Cendant has limited its request to portions of the PSR regarding the Defendant's financial condition, including information upon which the Court relied to calculate the restitution award and payment schedule. Therefore, a determination of whether the PSR should be disclosed is limited to the Defendant's financial information, and many of the other "privacy" concerns regarding disclosure of PSRs are not implicated and should not be considered. Schlette, 842 F.2d at 1581 ("[i]f the reasons for maintaining [confidentiality] do not apply at all in a given case, or apply only to an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need."); see also United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989) (a party seeking disclosure should "limit disclosure to those portions of the report which are directly relevant to the demonstrated need"). The request is narrowly tailored to meet Cendant's need to monitor changes to the Defendant's economic circumstances and to ensure that the financial picture painted by the Defendant's was accurate.

-6-

      B.      The "Public" Nature of the Crimes the Defendant was Convicted of Warrant a Limited Disclosure.

In cases of particularly egregious and public events, courts have granted requests for limited disclosure.  See United States v. Huckaby, 43 F.3d 135, 137-59 (5th Cir. 1995) (disclosing report to diffuse racial tensions); Schlette, 842 F.2d at 1583 (disclosing report because the public has an interest to know circumstances and sentencing of defendant accused of killing prosecutor); see generally Preate, 927 F. Supp. at 167.

Here, Defendant was convicted of an egregious and public fraud that resulted in losses of over 3 billion dollars to Cendant.  This Court found credible evidence from the Securities and Exchange Commission that the Defendant's action has severe negative effects upon the market place, including investor confidence.  The Defendant's sentence was not simply that he spend time in prison, but also that to make restitution to Cendant.  The aims of justice are served by the Court's limited disclosure of information that will allow Cendant to scrutinize the information provided by the Defendant.

III.  CONCLUSION

Accordingly, for all the above-stated reasons, Cendant Corporation, as the victim, respectfully requests that this Court grant its motion and enter an Order permitting the limited release of the Defendant's Pre-Sentence Report and, when available, the limited release of the Defendant's quarterly financial progress reports.

                                        MOVANT - CENDANT CORPORATION


                                        By     /S/  Robert E. Kaelin
                                              Robert E. Kaelin - ct11631
                                              rkaelin@murthalaw.com

                                        Murtha Cullina LLP
                                        CityPlace I - 185 Asylum Street
                                        Hartford, Connecticut  06103-3469
                                        Telephone:  (860) 240-6000
                                        Fax: (860) 240-6150
                                        Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on September 16, 2005 to:

Counsel For The U.S. Government

James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

Counsel For E. Kirk Shelton

Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

Day, Berry & Howard LLP
Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
CityPlace 1, 185 Asylum Street
Hartford, CT 06103

MilBank, Tweed, Hadley & McCloy, LLP
Scott A. Edelman, Esq.
Thomas A. Arena, Esq.
1 Chase Manhattan Plaza
New York, NY 10005-1413

　　　/S/　　Robert E. Kaelin
Robert E. Kaelin