UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| | : | |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON, | : | |
| | : | |
| Defendants. | : | OCTOBER 6, 2005 |

CENDANT CORPORATION'S OBJECTION TO DEFENDANT
E. KIRK SHELTON'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO CENDANT CORPORATION'S MOTION FOR ORDER IN
AID OF EXECUTION AND MOTION FOR LIMITED RELEASE OF
PRESENTENCE REPORTS AND QUARTERLY FINANCIAL PROGRESS REPORTS

Cendant Corporation ("Cendant"), the victim of the crimes committed by Defendant E. Kirk Shelton ("Defendant"), objects to the Defendant's Motion for Extension of Time to Respond to Cendant Corporation's Motion for Order in Aid of Execution and Motion for Limited Release of Presentence Report and Quarterly Financial Progress Reports dated October 4, 2005 (the "Motion"). As set forth more fully below, the Court must deny the Motion because the Defendant: (1) fails to set forth facts to support "good cause" for the extension; and (2) fails to provide a legitimate basis to extend the time to respond to Cendant's motions. Moreover, by granting further delays in the enforcement of the Restitution Order, only provides the opportunity for the Defendant to squander what ever remaining assets he

may have or take steps to conceal them thereby enabling him to render the Restitution Order meaningless.

In support of this Objection, Cendant respectfully states as follows:

1. On August 12, 2005, this Court ordered the Defendant to pay restitution of $3.27 billion to Cendant. (See Restitution Order (Doc. I.D. 1638) ("Restitution Order."))

2. On September 16, 2005, Cendant filed two motions in relation/connection to the Restitution Order: (1) the Motion for Order in Aid of Execution; and (2) the Motion for Limited Release of Presentence Reports and Quarterly Financial Progress Reports (together, the "Cendant Motions"). (See Doc. I.D. Nos. 1711-1714.)

3. Pursuant to D. Conn. L. Civ. R. 7(a), made applicable herein by D. Conn. L. Cr. R. 1(c), the Defendant has twenty-one (21) days to respond to the Cendant Motions. Thus, the Defendant's deadline to respond is Friday, October 7, 2005.

4. On October 4, 2005, the Defendant filed the Motion seeking two (2) weeks to respond to the Cendant Motions. (See Doc. I.D. No. 1788.)

5. However, the Motion is procedurally and factually is insufficient.

The Motion For Extension Of Time Does Not Satisfy The Local Rules.

6. Although Defendant fails to cite any rule in support of the Motion, Cendant otherwise presumes it was filed pursuant to D. Conn. L. Civ. R. 7(a)(2), made applicable herein by D. Conn. L. Cr. R. 1(c).

7.      Therefore, the Motion "will not be granted except for good cause." D. Conn. L. Civ. R. 7(a)(2). Moreover, "[t]he good cause standard requires a <u>particularized showing</u> that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." (<u>Id.</u>) (Emphasis added.)

8.      The Defendant's Motion utterly fails to meet the requisite standard. In fact, there is no reason provided as to why the Defendant could not timely respond to the Cendant Motions. For example, there is no claim that counsel was on trial.

9.      In fact, given the bevy of attorneys the Defendant has at his disposal (at least four separate law firms), it is hard to imagine what reason could have precluded the Defendant from responding to the Cendant Motions.

10.     Because the Defendant has failed to make a showing, let alone a "particularized showing," that he was unable to respond to the Cendant Motions, despite three weeks to do so, the Defendant's Motion for Extension of Time must be denied.

<u>Filing a Motion For Stay Does Not Stay The Defendant's Obligation
To Respond To The Cendant Motions</u>

11.     The Defendant implies he intends to object to the Cendant Motions based upon the filing of a Motion to Stay of Sentence Providing for Restitution (the "Stay Motion"). (See Motion for Extension of Time, ¶ 7.) That implied basis for an extension of time to respond to the Cendant Motions should be rejected for a number of reasons.

12. First and foremost, the Defendant could have objected to the Cendant Motions based upon the Motion to Stay, but did not. Instead, at the last minute, he seeks an extension of time. As has been standard for the Defendant, he flouts the local rules and time frames established by this Court and the District.

13. Second, the Stay Motion has not been granted yet. In fact, it has not even been briefed yet. The Court has discretion to order a stay. See Fed. R. Crim. Proc. 38(e) (using "may"). Given the Defendant's actions, this Court may elect not to grant the stay.

14. Thirdly, every day that Cendant is prevented from the relief it seeks, is another day that the Defendant is free to squander any assets that may otherwise be available to satisfy the Restitution Order. As the Court may recall, the Defendant testified at trial he had $30 million in net assets. Since that time, where has that money gone? Since his conviction what has prevented the Defendant from spending freely and/or concealing assets that could otherwise be used toward satisfying the Restitution Order? Cendant has patiently waited for justice to be meted out. The Defendant should not be allowed the opportunity to diminish or further delay justice long over due Cendant.

15. Finally, the Defendant's implication that the pending appeal provides a basis for the extension of time is based upon multiple speculative assumptions. It assumes not only that the Motion for Stay will be granted, but also that the appeal will be granted. These assumptions, in and of themselves, are no basis for an extension of time, particularly one that only further punishes Cendant.

-5-

WHEREFORE,, for all the above-stated reasons, Cendant Corporation respectfully requests that this Court deny the Defendant's Motion for Extension of Time.

                MOVANT- CENDANT CORPORATION

                By /S/ Robert E. Kaelin
                   Robert E. Kaelin - ct11631
                   rkaelin@murthalaw.com

                Murtha Cullina LLP
                CityPlace I - 185 Asylum Street
                Hartford, Connecticut  06103-3469
                Telephone:  (860) 240-6000
                Fax:  (860) 240-6150
                Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on October 6, 2005 to:

Counsel For The U.S. Government

James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq. (and facsimile)
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

Counsel For E. Kirk Shelton

Hope C. Seeley, Esq. (and facsimile)
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq. (and facsimile)
230 Park Avenue, Suite 301
New York, NY 10172

Day, Berry & Howard LLP
Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
CityPlace 1, 185 Asylum Street
Hartford, CT 06103

MilBank, Tweed, Hadley & McCloy, LLP
Scott A. Edelman, Esq.
Thomas A. Arena, Esq.
1 Chase Manhattan Plaza
New York, NY 10005-1413

   /S/     Robert E. Kaelin
Robert E. Kaelin