UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| v. | : | |
| E. KIRK SHELTON. | : | November 7, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
STAY OF SENTENCE OF RESTITUTION**

Pursuant to D. Conn. L. Civ. Rule 7(d) and D. Conn. L. Crim. Rule 1(c), the Defendant, E. Kirk Shelton, hereby replies to Cendant Corporation's Memorandum of Law in Opposition to Mr. Shelton's Motion For Stay Of Sentence Providing For Restitution.

**I. Mr. Shelton Has Complied With The Court's "Lump Sum" Payment Order.**

On Pages 3 – 5 of Cendant's Memorandum of Law in Opposition to Motion for Stay ("Cendant's Opposition"), Cendant claims that Mr. Shelton has violated the Court's Order requiring a lump sum payment of $15,000,000.00 on or before October 24, 2005. Cendant maintains that Mr. Shelton improperly included three life insurance policies initially purchased for Mr. Shelton by Cendant as a component of the lump sum payment. Cendant argues that because it paid $2,194,627.00 in policy premiums, the premium payments rightfully belong to Cendant. These arguments contain several material misrepresentations of fact.

First, Cendant's rights concerning the insurance policies are set forth in an Agreement dated May 27, 1997, which is attached as Exhibit A. The Agreement specifically provides that Cendant was to make the premium payments unless Mr. Shelton violated the non-compete provisions of the Agreement. See Exhibit A,

Agreement, Section XVII(B) at 21. Cendant has breached this Agreement since it has not made any premium payments since *at least* 2000. Pursuant to § XVII (G) of the Agreement, Cendant's right to repayment of premium advanced is reduced by the amount of premium not paid by Cendant, plus 7% per annum. Accordingly, Cendant's interest in the policies has been reduced significantly.

Secondly, the life insurance component of the lump sum payment was included in the presentence report recommendation regarding restitution. See Presentence Report, ¶¶ 145 and 148. The Presentence Report specifically recommended inclusion of these policies in the $15,000,000.00 lump sum payment. Moreover, the Court already approved inclusion of the Life Insurance Policies as a component of the lump sum payment. The following discussion occurred on July 22, 2005, Volume III, at 454:

> **Mr. Puccio:** Your Honor, during the recess we conferred with Mr. Maxwell from the Probation Department and counsel for the government and I think we've reached an agreement on the lump sum payment of $15,000,000.00 which is referred to in the Presentence Report would be provided for in your order.
>
> We've agreed to immediately, or as quickly as the government can prepare the papers, sign over Mr. Shelton's interest in certain insurance policies, which Mr. Maxwell has listed in the Report and placed them in escrow, as Your Honor indicated.
>
> **The Court:** Is that included in the $15,000,000.00 or is that in addition?
>
> **Mr. Puccio:** No, that's one component of it. That would be for $3,300,000.00, approximately.
>
> **The Court:** Okay.
>
> **Mr. Puccio:** Then, we've agreed to make a payment of the remainder by check or appropriate wire transfer within 90 days; to be exact, $11,700,000.00.

>**The Court:** So the interest in the insurance policy - - this is cash value which is set?
>
>**Mr. Puccio:** As listed here Your Honor we were going by the Presentence Report.
>
>**The Court:** Okay.

Tr.7/22/05, Vol. III, at 454.

Since the Court specifically approved the inclusion of these insurance policies as a component of the $15,000,000.00 lump sum payment, Cendant can hardly complain that Mr. Shelton willfully failed to comply with the Court's order. Indeed, Cendant's representative was present during the discussion in Court concerning the insurance policy and Cendant raised no objection at the proceeding held on July 22, 2005. Moreover, Cendant failed to raise the issue at the continuation of the sentencing hearing on August 3, 2005. Therefore, Cendant should now be precluded from complaining about the inclusion of the life insurance policies in the lump sum payment.

## II. The Court Should Grant A Stay Because It Has Already Taken The Steps Necessary To Ensure That Shelton Does Not Waste Assets.

On pages 5-6 of Cendant's Opposition, Cendant argues that the Court should deny a stay because Mr. Shelton may distribute or transfer assets. The Court has already taken the steps necessary to ensure that Shelton will not dissipate or waste assets. The Court has required Shelton to make the lump sum payment of $15,000,000 and to provide monthly financial reports to the United States Probation Office. These requirements ensure Mr. Shelton's continuing ability to provide meaningful restitution while not requiring forfeiture by Mr. Shelton while his appeal is pending before the Court of Appeals for the Second Circuit.

Fed. R. Crim. P. Rule 38(e) provides that the Court may stay an order of restitution on any terms that are considered appropriate. Rule 38(e)(2) also provides that a Court "may issue any order reasonably necessary to ensure compliance with a restitution order … after disposition of the appeal, including restraining order, injunction or an order requiring deposit of any monetary restitution under the district court's registry or an order requiring the defendant to post a bond." The Court has already taken these steps by ordering Mr. Shelton to deposit a lump sum of $15,000,000.00 and requiring monthly reporting, as well as mandating that Mr. Shelton live within a budget set by the Court. Cendant has presented no argument as to why these safeguards are insufficient.

## III.  Time Is Not Of The Essence.

On page 6 of Cendant's Opposition, Cendant argues that time is of the essence because it claims that merely eight days after Mr. Shelton's first meeting with prosecutors he created and funded an irrevocable trust with 7.5 million for the education of his two children. In actuality, Mr. Shelton met with prosecutors after the Trust had already been created. Moreover, the creation of the Trust had been planned for many months as part of Mr. Shelton's overall estate plan. If the Court determines a hearing is necessary on this issue, Mr. Shelton's estate planning attorney is available to testify concerning the timing of the creation of the Trust.

Cendant relies upon <u>United States vs. Stewart</u>, 1999 U.S. Dist. Lexis 10160, *16 (E.D. Pa.1999), to support its claim that time is of the essence. This case may be easily distinguished. <u>Stewart</u> involved the forfeiture of a life insurance company supervised by a court-appointed Trustee. In <u>Stewart,</u> the

evidence showed that value of the life insurance company was rapidly diminishing. Thus, in Stewart, time really was of the essence. Here, Cendant has offered no argument as to how or why any diminishment in the value of Shelton's assets is likely to occur.

**IV. Granting A Stay Does Not Contradict the Purpose Of The Restitution Statutes.**

Cendant argues that the restitution statutes are designed to benefit the victims. While this tautology is certainly true, these statutes are not designed to harm a defendant whose conviction is likely to be reversed on appeal. The United States Court of Appeals for the Second Circuit has already determined to grant Shelton bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1). By so holding, the Court of Appeals has found that Shelton's appeal raises a substantial question of law or fact likely to result in either a reversal, an order for new trial, a sentence that does not include a term of imprisonment or a substantially reduced sentence. Under these circumstances, the Court is warranted in exercising its discretion to stay the restitution portion of the sentence.

**V. No Further Injunction Is Necessary.**

On pages 8-9 of Cendant's Opposition, Cendant asked the Court for a further injunction prohibiting Mr. Shelton from transferring, dissipating or shielding his assets. The Court has already taken precautions to ensure that Mr. Shelton does not transfer any assets in an inappropriate manner or spend more than is necessary in his ordinary living costs. No further measures are necessary.

Cendant also seeks an injunction tolling the statutes of limitation regarding any claims Cendant may have to set aside fraudulent transfers. Such a tolling

may be beyond the power of this Court.  See generally  Montanaro v. Gorelick, 2001 WL 357641  * 2 (J.D. Fairfield 2001) (unpublished), aff'd on other grounds, 73 Conn.  App. 319, 807 A.2d 1083 (2002) ("The court is aware of no authority for a federal bankruptcy court to limit or control a party's right to assert a defense in a state court lawsuit.") (Attached as Exhibit B).  Moreover, such an injunction is unnecessary since Cendant may pursue any fraudulent transfer claims it wishes to pursue without further delay. Because Cendant already is a creditor of Mr. Shelton, it may pursue any fraudulent transfer claims it believes that it has, regardless of the resolution of this Motion for Stay.

      Finally, Cendant asked the Court to decide its Motion for Order in Aid of Execution and its Motion for Limited Release of Shelton's pre-sentence report and quarterly progress report.  The Court has already determined not to consider those Motions until this Motion for Stay is decided. See Court's Order, Docket Entry 1795.  Should the Motion for Stay be granted, the Motion for Order in Aid of Execution and the Motion for Limited Release of Mr. Shelton's Presentence Reports and Quarterly Progress Reports should be denied without prejudice until Mr. Shelton's appeal is resolved.

## VI. Conclusion

For the foregoing reasons and for the arguments previously submitted in the Memorandum dated October 4, 2005, as well as for any reasons as may be presented at oral argument on this matter, Mr. Shelton respectfully submits that there is sufficient security to ensure that restitution will be paid should his appeal be unsuccessful. Wherefore, Mr. Shelton respectfully requests that his Motion For Stay Of Sentence Providing For Restitution be granted.

**THE DEFENDANT,
E. Kirk Shelton**

BY_____
HOPE C. SEELEY
Federal Bar No. ct 4863
SANTOS & SEELEY, P.C.
51 Russ Street
Hartford, CT 06106
Tel: (860) 249-6548
Fax:(860) 724-5533

LAW OFFICES OF THOMAS P. PUCCIO
Thomas P. Puccio, Esq. (CT 22983)
230 Park Avenue, Suite 301
New York, NY 10172
Tel.: (212) 883-6383
Fax: (212) 883-6388

**CERTIFICATION**

I hereby certify that on November 7, 2005, a copy of the foregoing Reply Memorandum was served on the following parties by U.S. Mail:

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NW, 4th Floor
Washington, DC  20005

Richard J. Schechter, Esq.
U.S. Attorney's Office
915 Lafayette Blvd., Rm. 309
Bridgeport, CT  06604
TEL: (203) 696-3000
Fax: (203) 579-5550

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, N.J. 0810-2098
Tel:  (856) 968-4930
Fax: (856) 968-4917

Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I – 85 Asylum Street
Hartford, CT  06103-3469
Tel: (860) 240-6000
Fax: (860) 240-6150

C. Warren Maxwell
Deputy Chief U.S. Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: (203) 579-5707
Fax: (203) 579-5571

Nicole Owens, USPO
United States Probation Office
United States District Court
915 Lafayette Street
Bridgeport, CT  06604
Tel: (203) 579-5707
Fax: (203) 579-5571

_____
HOPE C. SEELEY