UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | November 10, 2005 |
| | : | |
| **E. KIRK SHELTON** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT SHELTON'S MOTION FOR
PERMISSION TO TRAVEL TO ATTEND A SOCIAL "RETREAT"**

The Government opposes the motion of Kirk Shelton to travel to Charlestown, R.I. for what appears to be a purely social engagement. Although this Court permitted Shelton to undertake a similar trip in February of this year, that was before this Court denied Shelton's pre-trial motions, imposed a sentence of 120 months imprisonment and thirty-six months of supervised release, ordered Shelton to pay restitution of $3.275 billion, and denied Shelton's motion for bail pending appeal.[1]

---

[1]  The Court of Appeals subsequently vacated this Court's order denying bail pending appeal because Shelton satisfied the modest burden of raising a "substantial question" on appeal, defined as "one of more substance than would be necessary to a finding that it was not frivolous. . . . a close question or one that very well could be decided either way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

   Contrary to Shelton's suggestion in another submission he recently filed in this case, Shelton's Reply Memorandum in Support of Motion for Stay of Sentence of Restitution, Docket No. 1948, filed November 7, 2005, at p. 5, the Circuit Court's determination that Shelton had raised a "substantial question" on appeal **does not** mean that he has demonstrated a likelihood that his convictions and sentence will be overturned. See Randell, 761 F.2d at 124 (rejecting an interpretation of the "substantial question" requirement under 18 U.S.C. § 3143(b) that would

The Government did not object to Shelton's recent request to travel to Washington, D.C. to meet with his appellate counsel, since such a trip will presumably advance the prosecution of his appeal.

Shelton's current request for travel to attend a "YPO Forum" does not serve that purpose. Shelton does not explain why he is attending the forum, or identify the purpose of the forum. Shelton does not state that he is scheduled to speak or undertake any other active participation in the forum, much less that his attendance is necessary to the success of that event. For all that appears from Shelton's motion, this trip is nothing more than an opportunity for socializing.

This Court properly concluded that, while awaiting the disposition of his appeal, Shelton's travels should be restricted to this District. Shelton's present motion gives no compelling reason to deviate from that condition of his bail.

                                Respectfully submitted,

                                CHRISTOPHER J. CHRISTIE

                                s/ Norman Gross

            By:    NORMAN GROSS
                    JAMES MCMAHON
                    RICHARD J. SCHECHTER

---

"condition bail upon a district court's finding that its own judgment is likely to be reversed on appeal." )

```
                        Special Attorneys
                        U.S. Department of Justice
                        United States Courthouse and
                          Federal Building
                        401 Market Street, 4th Floor
                        Camden, NJ  07102
                        Tel:  (856) 968-4930
                        Fax:  (856) 968-4917
```

<u>CERTIFICATE OF SERVICE</u>

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via fax and United States Mail:

    Hope C. Seeley, Esq.
    Santos & Seeley, P.C.
    51 Russ Street
    Hartford, CT 06106
    hseeley@santos-seeley.net

                                    <u>s/ Norman Gross</u>
                                    NORMAN GROSS
                                    U.S. Department of Justice

Dated:    November 10, 2005
            Newark, New Jersey