```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA      :    No. 3:02CR00264 (AWT)
                              :
       v.                     :    December 8, 2005
                              :
E. KIRK SHELTON               :
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT SHELTON'S MOTION FOR PERMISSION TO TRAVEL TO VAIL COLORADO FOR THE CHRISTMAS HOLIDAY**

The United States opposes Shelton's request to travel to Vail, Colorado for three reasons. First, it is unfortunate that Shelton would seek to use the injury of Mr. and Mrs. Davis as the stated reason to spend his Christmas holiday in Vail. Given that Shelton never asked the Court for permission to visit the Davis's during their three month hospitalization when "it was believed that neither . . . would survive," Shelton's request to now travel to Vail Colorado does not appear to be motivated by humanitarian reasons. Shelton's present time should be spent prosecuting his appeal.[1]

Second, Shelton owes more than $3 billion in restitution to Cendant, which is substantially more money than Shelton has at his disposal. Thus, assuming that this Court's restitution order is affirmed on appeal, Shelton's proposed trip to Vail would

---

[1] Shelton has yet to file his appellate brief in the Second Circuit and has obtained repeated adjournments. The Government did not oppose Shelton's motion to travel to Washington D.C. to consult with his appellate counsel.

effectively be paid for by Cendant. Shelton should not be using the Court's good graces to dissipate his remaining assets by traveling to Vail Colorado to ski during the holidays.

The third reason to deny Shelton's request to travel concerns Shelton's recent bank transfers. The United States has recently learned that Shelton has engaged in what appear to be suspicious bank transactions which may be in violation of his bail condition that he fully disclose his financial transactions to the Probation Department.

A Senior Vice President of Citigroup Global Markets Inc. has advised a Government agent that:

1. In September 2005, $9.8 million dollars was deposited into the Shelton irrevocable trust account at Smith Barney[2] from a Goldman Sachs' account in the name of Ceniarth Wales Interest, LP.

2. The following day, $7 million was transferred to a joint account that Shelton maintains with his wife. Half of this $7 million was then transferred out of that account by a wire transfer and the other half was drawn out of the account by check.

3. On November 17, 2005, the Shelton irrevocable trust

---

[2] Citigroup owns Smith Barney.

received another wire transfer of $7.6 million from an account at Mellon Bank in the name of SCIP Partners.[3] The day after the $7.6 million was wired into the Shelton trust account, a request was made by Robin Jackson,[4] the trustee of the Shelton trust account, to wire $7.5 million to the Goldman Sachs' account in the name of Ceniarth Limited.[5]

    4.    When Mr. Jackson was unwilling or unable to provide Citigroup officials with information about who controlled SCIP Partners and who owned and controlled Ceniarth, Citigroup refused to process the request.  The $7.6 million wired from SCIP Partners was sent back to SCIP Partners.

In light of this information, the United States is concerned that Shelton may be seeking to dissipate and launder his remaining assets to prevent Cendant, one of the victims of Shelton's criminal conduct, from obtaining the restitution ordered by the Court.  As the Court is aware, Cendant has filed a

---

[3] At the time of Shelton's August 2005 sentencing, Shelton controlled 59.9% of SCIP Partners.  PreSentence Report at page 35, n. 7.

[4] The United States believes that Robin Jackson was the best man at Shelton's wedding and provided a testimonial at Shelton's sentencing.  See Transcript of July 21, 2005 at pp. 225-232.

[5] The United States believes that Ceniarth Wales Interest LP. and Ceniarth Limited are connected to Anthony Petrello, Shelton's friend who testified at Shelton's sentencing.  See Transcripts of July 21-22, 2005, pp. 187-218, 461-476.

motion to enforce the restitution order and prevent Shelton's dissipation of assets. Until such time as the Court is satisfied that Shelton is in full compliance of his bail conditions and is not seeking to obstruct the Court's restitution order, the United States opposes Shelton's request to travel to Vail Colorado.

Moreover, the United States reserves all its rights to request that the Court revoke Shelton's bail. To permit the United States to fully investigate Shelton's activities, the United States requests that the Court schedule a bail revocation hearing on a date certain during January 2006. Once the United States receives a date certain for such a hearing, it will subpoena financial institutions and relevant witnesses to provide documents and testimony at such a hearing. To present information to the Court in an orderly manner, the United States seeks permission under Fed. R. Crim. P. 17(c) to issue subpoenas to the financial institutions for documents to be returned 14 days before the date set for the bail revocation hearing.

Between now and the revocation hearing, the United States requests that the Court impose more stringent bail conditions to prevent the dissipation of Shelton's assets. An order preventing Shelton from participating in any transfer of funds in excess of $10,000 without prior approval of the Court and the Probation Office is fully warranted given Shelton's recent activity.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court: (1) deny Shelton's motion to travel; (2) schedule a bail revocation hearing for January, 2006; and (3) authorize the Government to issue to the appropriate financial institutions subpoenas duces tecum pursuant to Fed. R. Crim. P. 17(c), returnable two weeks before the date of the bail revocation hearing.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE

By:    NORMAN GROSS
        JAMES MCMAHON
        RICHARD J. SCHECHTER
        Special Attorneys
        U.S. Department of Justice
        United States Courthouse and
          Federal Building
        401 Market Street, 4th Floor
        Camden, NJ  07102
        Tel:  (856) 968-4930
        Fax:  (856) 968-4917

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via United States Mail and also served Ms. Seeley by email:

Hope C. Seeley, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106
hseeley@santos-seeley.net

Nicole Owens
United States Probation Officer
United States Probation Office
United States District Court
915 Lafayette Street
Bridgeport, CT 06604

Warren Maxwell
Deputy Chief Probation Officer
United States District Court
Probation Department
CT Financial Center
157 Church Street
22d Floor
New Haven, CT 06510


                                            NORMAN GROSS
                                            U.S. Department of Justice


Dated:    December 9, 2005
            Camden, New Jersey