UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| E. KIRK SHELTON. | : | December 14, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR
ORDER COMPELLING DEFENDANT SHELTON TO COMPLY
WITH THE COURT'S AUGUST 12, 2005 RESTITUTION ORDER**

**I. Introduction**

On August 4, 2005, the Defendant, E. Kirk Shelton, was sentenced to 120 months incarceration and the Court imposed a restitution order in the amount of $3,275,000,000.00. The Court imposed an order requiring a lump sum payment of $15,000,000.00 to be paid no later than October 24, 2005 and to be held by the Clerk's office until such time as Mr. Shelton no longer has any right to appeal from judgment in this case. This restitution order was formalized by the Court in a written order dated August 12, 2005. (Dkt.1638).

On October 24, 2005, Mr. Shelton filed a motion to amend the restitution order to stay its enforcement with the exception of the payment of the $15,000,000.00 until completion of the appeal. (Dkt. 1786). On October 24, 2005, Cendant filed its memorandum in opposition to Mr. Shelton's motion. (Dkt. 1887). On November 7, 2005 Mr. Shelton filed his reply. (Dkt. 1948). Although the Local Rules do not provide for the filing of surreply briefs, in an apparent attempt to evade this Court's requirement that counsel file a motion for permission to file a surreply brief (Chambers Practices, at 45; CBA 2004), Cendant has

disguised its surreply brief by calling it a memorandum in support of motion for order compelling Mr. Shelton to comply with the Court's restitution order. While Mr. Shelton will respond to this repetitive and improper motion, Mr. Shelton will not repeat the arguments which he made in his reply memorandum dated November 7, 2005. (Dkt. 1948).

II. Argument

**Mr. Shelton Has Fully Complied With The Lump Sum Payment Order.**

Cendant complains that Mr. Shelton has failed to comply with the Court's $15,000,000.00 lump sum payment order by including the assignment of three insurance policies, initially purchased for Shelton by Cendant. Cendant repeats its arguments previously articulated that it is entitled to a portion of the premiums because 2.2 million dollars of the claims face value of the policies is actually Cendant's money. As discussed in the reply memorandum, Cendant has breached its obligations under the agreement. (See Reply Memorandum, at 1-2). In response, Cendant argues that it was entitled to stop making the premium payments under Section IX of the Employment Agreement based on Mr. Shelton's alleged breach of the covenant "that Shelton will not make any statement or perform any acts intended to, or which may have the effect of ………injuring the interests of the Company or its affiliates." Cendant has omitted the relevant portion of the restriction. The Agreement actually states: "During the restricted period, the executive will not make any statements or perform any acts intended to or which may have the affect of advancing the interest of any existing or prospective competitors of the Company or any of its affiliates or in any way

injuring the interests of the Company or any of its affiliates." The Agreement then goes on to more specifically delineate the non-compete restrictions. Cendant's claim that Mr. Shelton's conviction shows that he has violated this clause is an incorrect interpretation of the language of a provision which was clearly intended as a non-compete provision.

More importantly, Cendant has not refuted the argument specifically advanced in Cendant's reply memorandum (Dkt. 1948) that both the Probation Department and the Court have already specifically approved inclusion of the life insurance policies as a component of the lump sum payment. (Reply Memorandum, Dkt. 1948 at 2 – 3). Cendant failed to object to its inclusion at that time and must now be precluded from objecting to its inclusion at this time.

**The Cendant Stock is Sufficient**.

Cendant argues that Mr. Shelton's deposit of 98,075 shares of Cendant Common Stock is insufficient because Cendant Common Stock fluctuates in value. All non-cash assets fluctuate in value. The Court's order did not preclude the deposit of assets which fluctuate in value nor does it require Mr. Shelton to liquidate all his non-cash assets so as to deposit $15,000,000 in cash. Had the Court intended such an order it could have imposed such an order. Moreover, there is no reason for the Court to impose such an order which might result in unnecessary adverse tax consequences should Mr. Shelton be successful in his appeal.

**No Modification To The Lump Sum Payment Order Is Necessary.**

On pages 8 – 10 of Cendant's Memorandum, Cendant argues that the Court must require Mr. Shelton to supplement his deposit and must modify the monthly allowance permitted by the Court during the pendency of Mr. Shelton's appeal. Once again, Cendant has repeated the arguments which it raised on pages 5 – 6 of its opposition to Shelton's motion to modify.  As set forth on pages  3 – 5 of Mr. Shelton's reply memorandum (Dkt 1948), no further steps are necessary to ensure Mr. Shelton's compliance with the Restitution Order.  Moreover, a number of the steps requested by Cendant, such as changes to his monthly allowance and injunctions prohibiting spending and transferring assets beyond ordinary living expenses constitute extraordinary relief unconnected with the Lump Sum Payment Order.

-5-

**III.   Conclusion**.

For all of the foregoing reasons, Cendant's motion and order compelling Mr. Shelton to comply with the August 12, 2005 Restitution Order should be denied.

        **THE DEFENDANT,**
        **E. Kirk Shelton**


BY_____
        HOPE C. SEELEY
        Federal Bar No. ct 4863
        SANTOS & SEELEY, P.C.
        51 Russ Street
        Hartford, CT 06106
        Tel: (860) 249-6548
        Fax:(860) 724-5533

        LAW OFFICES OF THOMAS P. PUCCIO
        Thomas P. Puccio, Esq. (CT 22983)
        230 Park Avenue, Suite 301
        New York, NY  10172
        Tel.: (212) 883-6383
        Fax: (212) 883-6388

## **CERTIFICATION**

I hereby certify that on December 14, 2005, a copy of the foregoing Memorandum was served on the following parties by U.S. Mail:

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NW, 4th Floor
Washington, DC  20005

Richard J. Schechter, Esq.
U.S. Attorney's Office
915 Lafayette Blvd., Rm. 309
Bridgeport, CT  06604
TEL: (203) 696-3000
Fax: (203) 579-5550

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, N.J. 0810-2098
Tel:  (856) 968-4930
Fax: (856) 968-4917

Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I – 85 Asylum Street
Hartford, CT  06103-3469
Tel: (860) 240-6000
Fax: (860) 240-6150

C. Warren Maxwell
Deputy Chief U.S. Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: (203) 579-5707
Fax: (203) 579-5571

Nicole Owens, USPO
United States Probation Office
United States District Court
915 Lafayette Street
Bridgeport, CT  06604
Tel: (203) 579-5707
Fax: (203) 579-5571

_____
HOPE C. SEELEY