**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. |
| | : | |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| | : | |
| - against - | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON | : | |
| | : | JANUARY 17, 2006 |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CENDANT CORPORATION'S SURREPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO DEFENDANT E. KIRK SHELTON'S
MOTION FOR STAY OF SENTENCE PROVIDING FOR RESTITUTION**

       Cendant respectfully submits this Surreply Memorandum of Law in order to

bring to the Court's attention newly-discovered information pertinent to the Court's

consideration of Shelton's Stay Motion.[1]

**Argument**

**I.      Shelton's Recent Asset Transfers Warrant Denial of the Stay Motion**

       In its opposition to the Stay Motion, Cendant argued that speedy

enforcement of the Restitution Order was necessary because "[e]very day enforcement of

---

[1]    Capitalized terms used herein have the meanings ascribed to them in Cendant's October
24, 2005 Memorandum of Law in Opposition to the Stay Motion.  ("Cendant Mem.").

the Restitution Order is delayed only provides another opportunity for Shelton to squander whatever remaining assets he may have or to take steps to conceal them, rendering the Restitution Order meaningless." It is abundantly clear that is exactly what Shelton has been doing since his conviction and sentencing. As outlined in the government's December 8, 2005 opposition to Shelton's request for permission to travel to Vail, Colorado, Shelton recently engaged in a series of suspicious and unexplained bank transactions in September and November 2005. The government is rightfully concerned that these transactions are an attempt by Shelton "to dissipate and launder his remaining assets to prevent Cendant, one of the victims of Shelton's criminal conduct, from obtaining the restitution ordered by the Court." (See Government's Opposition to Shelton's Motion for Permission to Travel, Docket ID 2025, at 2-3.)

Cendant now knows that the government's concern is justified. In his motion seeking permission to travel to Vail, Colorado, Mr. Shelton stated that while in Vail he would be staying at "Mrs. Shelton's condominium." (See Shelton's Motion for Permission to Travel, at 1.) This statement attracted our attention because heretofore it was understood that Mr. Shelton owned the condominium with his wife. An examination of Colorado property transfer records revealed that Mr. Shelton transferred his interest in the Vail condominium to Mrs. Shelton and the "Shelton Children Irrevocable Trust" on

September 5, 2005, which was immediately <u>after</u> he was sentenced by this Court and the Restitution Order was entered.  (<u>See</u> Ex. A.)

It is clear that, despite the Restitution Order, Mr. Shelton acted deliberately for the sole purpose of preventing Cendant from reaching his interest in the condominium. <u>See</u> <u>United States v. Moore</u>, 156 F. Supp. 2d 238 (D. Conn. 2001) (Underhill, J.) (restitution debtor's transfer to spouse of his interest in real property that, under plea agreement, he was required to use to satisfy in part his criminal restitution obligation was a fraudulent conveyance).  This is a deliberate act to defeat the Restitution Order which, if stayed, will be rendered meaningless by a man facing 10 years in prison if his appeal is denied.  By this action, Shelton has continued to exhibit his lack of regard fro the law.  His actions should be dealt with swiftly, as other courts have done.  <u>See, e.g.</u>, <u>United States v. Wittig</u>, Crim. Nos. 03-40142-JAR & 02-40140-JAR, Order Memorializing January 6, 2006 Hearing (E.D. Kan. Jan. 6, 2006) (attached hereto).[2]

---

[2]    In <u>Wittig</u>, the court restrained the defendant from engaging in any future financial transactions other than payment of routine monthly household expenses based on evidence that he apparently violated the terms of his release by transferring assets.  The court ordered the defendant to account for all transactions made by him or his wife since 2002 and has set a January 17, 2006 hearing to determine if his bail should be revoked.  The January 6, 2006 order in <u>United States v. Wittig</u> is attached hereto as Exhibit B.

**II.    Any Stay Should Be Conditioned on Enjoining
Shelton from Transferring Any Assets**

If the Court is still inclined to grant the Stay Motion, which it should not,
any stay must specifically bar Shelton from transferring, dissipating or shielding his assets
and should limit his living expenses to no more than those allowed to his fellow
conspirators in this case, Cosmo Corigliano and Anne Pember.  (See Cendant Mem. at 8-9.)
The Court has the authority to impose such limitations and, in view of the foregoing, it is
essential it do so here in order to protect Cendant's interests and avoid rendering the
Restitution Order meaningless.  See Fed. R. Crim. P. 38(e); see also United States v.
Abdelhadi, 327 F. Supp. 2d 587, 600-01 (E.D. Va. 2004) (court issued order restraining
defendant from transferring assets after he attempted to, inter alia, transfer his interest in
real property to his wife to avoid payment of restitution).

4

## **Conclusion**

For all of the foregoing reasons, the Stay Motion should be denied and

Shelton should be ordered immediately to comply with the terms of the Restitution Order.

Dated: Harford, Connecticut
        January 17, 2006

                                 MOVANT - CENDANT CORPORATION


                                 By: /s/ C. Donald Neville
                                     Robert E. Kaelin - ct11631
                                     rkaelin@murthalaw.com

                                     C. Donald Neville – ct24001
                                     dneville@murthalaw.com

                                 Murtha Cullina LLP
                                 CityPlace I - 185 Asylum Street
                                 Hartford, Connecticut 06103-3469
                                 Telephone:    (860) 240-6000
                                 Facsimile:    (860) 240-6150
                                 Its Attorneys

                                 Of Counsel:

                                 Samuel Kadet - ct07880
                                 skadet@skadden.com
                                 SKADDEN, ARPS, SLATE,
                                   MEAGHER & FLOM LLP
                                 Four Times Square
                                 New York, New York 10036-6522
                                 Telephone:    (212) 735-3000
                                 Facsimile:    (212) 735-2000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid

on January 17, 2006 to:

<u>Counsel For The U.S. Government</u>

Norman Gross, Esq.
U.S. Attorney's Office
United States Courthouse and Federal Building
401 Market Street
Fourth Floor
Camden, NJ 08033-2098

Richard J. Schechter, Esq.
U.S. Attorney's Office
915 Lafayette Blvd. Room 309
Bridgeport, CT 06604

James McMahon, Esq.
US Attorney's Office
970 Broad St.
Suite 700
Newark, NJ 07102

<u>Counsel For E. Kirk Shelton</u>

Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

Day, Berry & Howard LLP
Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
CityPlace 1, 185 Asylum Street
Hartford, CT 06103

MilBank, Tweed, Hadley & McCloy, LLP
Scott A. Edelman, Esq.
Thomas A. Arena, Esq.
1 Chase Manhattan Plaza
New York, NY 10005-1413

/s/ C. Donald Neville
C. Donald Neville

#858112