UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| E. KIRK SHELTON. | : | February 13, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO CENDANT'S MOTION FOR ORDER IN AID OF EXECUTION AND IN OPPOSITION TO CENDANT'S MOTION FOR LIMITED RELEASE OF DEFENDANT'S PRE-SENTENCE REPORT AND QUARTERLY FINANCIAL PROGRESS REPORTS**

**I.   Introduction**

On August 12, 2005, the Court issued a written Order Of Restitution in accordance with the restitution order set forth during Mr. Shelton's sentencing hearing on August 3, 2005. See Order Of Restitution (Dkt.1638). The Court ordered Mr. Shelton to pay restitution to Cendant Corporation in the amount of $3.275 billion. The Court's order required Mr. Shelton to make payment in three stages:

(1) A lump sum payment of $15,000,000.00 to be paid no later than October 24, 2005 and to be held by the Clerk's office until such time as Mr. Shelton no longer has any right to appeal from judgment in this case.

(2) Monthly payments in the amount of $2,000 on the 15th day of each month during the first 35 months following his release from imprisonment.

(3) Payment of the unpaid balance of the amount of restitution on the 15th day of the 36th month following Mr. Shelton's release from imprisonment.

See Order Of Restitution (Dkt.1638).

On or about October 7, 2005, Mr. Shelton paid the required lump sum of $15 million to the clerk of court by filing an assignment of stock and insurance policies[1] and providing a check as follows:

| Item | $ Value |
|---|---|
| Assignment Canada Life Policy:  #2636034 | $1,306,498 |
| Assignment Security Mutual policy: #001074718 | $   840,850 |
| Assignment Security Mutual policy: #001046440 | $1,436,125 |
| Assignment 98,075 shares Cendant Corporation | $1,902,655 |
| Check payable to the Clerk of the Court | $9,513,872 |
| **Total payment** | **$15,000,000** |

Notwithstanding Mr. Shelton's compliance with the court-ordered payment, Cendant now seeks an order of this Court requiring Mr. Shelton to liquidate assets to satisfy the restitution order. After Cendant filed its Motion For Order In Aid Of Execution (Dkt. 1711), Mr. Shelton filed a Motion For Stay Of Sentencing For Restitution in which he requested a stay of the restitution order with the exception of making the lump sum payment of $15 million to the Clerk's Office. (Dkt. 1786).

---

[1] Paragraph 148 of the Presentence Report ("PSR") recommended that based upon its review of Mr. Shelton's financial status, he could make a lump sum payment of $15 million to be followed by a payment schedule for the balance.  However, the Presentence Report specifically included the three life insurance policies and the 98,075 shares of Cendant Corporation stock in its determination that Mr. Shelton's financial condition permitted him to make a $15 million lump sum payment. See ¶ 145, PSR.  Therefore, Mr. Shelton did not object to the recommendation in the Presentence Report that he would be able to make a $15 million lump sum payment because it included the Cendant shares as part of his Net Worth.

**II.    Argument**

    **A.    Legal Standard**

Courts in this district have recognized that pursuant to the Mandatory Victim Restitution Act, restitution orders in criminal cases may be converted into enforceable civil judgments. United States v. Gall, 1998 WL 563850, at *1 (D. Conn. 1998) (Nevas, J.) (citing 18 U.S.C. §§ 3663 et seq.). Once converted, the procedures for executing against a civil judgment are set forth in Rule 69 of the Federal Rules of Civil Procedure. Federal Rule 69 provides that in executing on a judgment, the procedures of the state in which the district court is located are followed. Fed. R. Civ. P. 69(a). Connecticut General Statutes Section 52-356a et seq. governs the execution of judgments in Connecticut.

    **B.    Cendant's Motion Is Procedurally Improper**

        **1.    There Is No Civil Judgment To Enforce**

In the present case, Cendant cannot seek to execute on the restitution order because it has not converted the order into a civil judgment as required by the Mandatory Victim Restitution Act. 18 U.S.C. § 3663(m)(ii)(B). The Act provides:

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

Id. In the present case, the clerk has not issued an abstract of judgment and has not certified that a judgment has been entered in favor of Cendant in the amount specified in the Court's restitution order. Further, this judgment has not been registered, recorded, docketed or indexed as required by the Mandatory Victim Restitution Act. Thus, Cendant does not have a civil judgment to enforce in this case. Because there is no civil judgment, Cendant cannot avail itself of the procedures set forth in Connecticut General Statutes Section 52-356a et seq. in order to obtain an execution or a turnover order from the Court. For this reason, Cendant's motion must be denied.

  **2. Cendant Has Not First Attempted To Execute On Mr. Shelton's Property**

Even if Cendant had appropriately obtained a civil judgment upon which to execute, its current Motion is improper because it has not first attempted to execute on Mr. Shelton's property in order to satisfy the judgment. The statutory scheme in Connecticut contemplates that a judgment creditor must first attempt to execute on a judgment debtor's property. Connecticut General Statutes Section 52-356a governs the procedures to be used when executing against the nonexempt personal property of a judgment debtor other than "debts due from a financial institution." Conn. Gen. Stat. § 52-356a(a)(1). Section 52-356a provides that a judgment creditor is to apply to the clerk of court for an execution to be levied upon the property of a judgment debtor by a proper levying officer. Id. Only if that execution remains unsatisfied should a judgment creditor seek a court order for turnover pursuant to Connecticut General Statutes Section 52-356b. See Somers v. Chan, No. CV-02-0818041, 2004 WL 574221, at *3

-4-

(Conn. Super. Ct. March 3, 2004) (Sheldon, J.) (indicating that judgment creditor must show a need for a turnover order "grounded in the refusal of the [debtor] to honor the [creditor's] request for payment") (copy attached hereto as Exhibit A).  In the present case, Cendant has not sent a state marshal to attempt to execute on Mr. Shelton's property or bank accounts[2] in order to enforce a judgment.  Thus, the judgment is not yet "unsatisfied" as required by Section 52-356b in order for a turnover order to be requested.  For this reason, Cendant's Motion should be denied.

### 3. Cendant Seeks Improper Documentation And Information In Its Motion

Cendant's Motion is also improper to the extent it seeks the turnover of documents other than documents of title.  Connecticut General Statutes Section 52-356b is limited to the turnover of "documentary evidence of title to property of, or a debt owed to, the judgment debtor…."  Conn. Gen. Stat. § 52-356b(a)(2).  In its Motion, Cendant seeks the turnover of various other documents such as documents relating to the $7.5 million Irrevocable Trust, the management group identified as "SCIP," and the $2 million paid as legal fees by the Defendant.  See Cendant's Mot. For Order In Aid Of Execution, 9/16/05, ¶¶ d, e, f.  This request for documentation is prohibited by the express terms of the applicable statute.  See Conn. Gen. Stat. § 52-356b(a)(2).

Cendant's request for this documentation is further an inappropriate attempt to obtain post-judgment discovery without complying with applicable state statutes and

---

[2] The procedure for execution on bank accounts is specifically governed by Connecticut General Statutes Section 52-367b.

procedure. In the same vein, Cendant's request for the particular evidence sought in paragraphs h(i) through h(viii) of its Motion is also an improper attempt to use a turnover order in place of post-judgment discovery. It is inappropriate in a turnover order to request information such as names and addresses of various persons and entities, descriptions of property not contained in documents reflecting title, or the location of the city or town where such property is registered, for example. See Cendant's Mot. For Order In Aid Of Execution, 9/16/05, ¶¶ h(i) through h(viii) (Dkt. 1711). Post-judgment discovery is governed by Connecticut General Statutes Section 52-351b which requires post-judgment interrogatories to be sent in a pre-prescribed form "as may be approved by the judges of the Superior Court or their designee." Conn. Gen. Stat. § 52-351b(a). Thus, Cendant's attempt to obtain documents and information in its present Motion via a turnover order is improper and circumvents the required procedure for obtaining information regarding a judgment debtor's assets. Because of these procedural improprieties, Cendant's Motion must be denied.

    **C.    Cendant Should Not Be Permitted To Execute On The Restitution Order At This Time**

Notwithstanding the procedural infirmities, equity requires that Cendant's Motion still be denied. Mr. Shelton has already complied with the Court's Restitution Order, which requires him to deposit a lump sum of $15 million with the clerk of court, which "will be held by the Clerk's Office until such time as the defendant no longer has any right to appeal from the judgment in this case." See Order Of Restitution, Aug. 12, 2005 (Dkt.1638). Thus, permitting Cendant to execute fully on the restitution order prior to the

resolution of Mr. Shelton's appeal would run contrary to the Court's Order Of Restitution.

Further, the pre-payment of $15 million to the clerk of court, as well as the monthly financial reporting requirements to the United States Probation Office, are ample security to ensure that the restitution order will be complied with should the Defendant's appeal be unsuccessful.

Additionally, many of the assets listed in Cendant's Motion For Order In Aid Of Execution are not Mr. Shelton's assets, but rather those of his wife. Further, a turnover order as requested by Cendant will undoubtedly subject Mr. Shelton to substantial financial penalties in the form of tax consequences. Finally, Mr. Shelton has requested a stay of the sentence of restitution because his conviction is on appeal to the Second Circuit, which has not yet been ruled upon. See Def.'s Mot. For Stay Of Sentence Providing For Restitution & Mem. Of Law In Support, 10/4/05 (Dkt. 1786). If Mr. Shelton's conviction is reversed, then any assets turned over to Cendant Corporation would have to be repaid to him. For these reasons, equity demands that Cendant's motion be denied.

> D. **Because The Restitution Order Should Not Be Enforced At This Time, Mr. Shelton's PreSentence Report and Quarterly Financial Progress Reports Should Not Be Released**

Courts are very reluctant to give third parties access to the presentence investigation report. United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988). One of the main reasons for this rule is to protect the confidentiality of the information contained in the report. Id. "Accordingly, the courts have typically required some

showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. "A central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources." United States v. Charmer Indus., Inc., 711 F.2d 1164, 1177 (2d Cir. 1983).

As discussed at length above, the restitution order should not be enforced at this time for a variety of reasons, including the fact that the conviction is on appeal, a stay of the sentence of restitution has been requested, and Mr. Shelton has already paid to the clerk of court $15 million as required by the restitution order. Thus, there is no "special need" for Cendant to obtain disclosure of Mr. Shelton's presentence report or financial reports made to the United States Probation Office. Adequate controls are already in place to ensure compliance with the restitution order after resolution of Mr. Shelton's appeal, if necessary.

Further, Cendant states in its Memorandum of Law in support of its request for disclosure of Mr. Shelton's presentence report that the information is necessary to enable it to know whether there have been any changes in Mr. Shelton's financial situation. Mem. of Law in Support of Mot. for Limited Release, 9/16/05, at 3. Cendant argues that it needs to know the "base-line" set forth in the presentence report, not merely the financial information reflected in the report. Id. at 4. Contrary to Cendant's argument, disclosure of the report itself is unnecessary. As Cendant admits in other filings with this Court, it is aware that Mr. Shelton testified at the time of trial that his net worth was $30 million. See Cendant's Mem. of Law in Opposition To Motion for Stay,

10/24/05, at 2 (citing Shelton Crim. Trial Transcript 12625:5-20).  Thus, Cendant is already aware of Mr. Shelton's "base-line," at least as of the time of his trial testimony.  Therefore, Cendant cannot demonstrate special need or that the information it seeks cannot be obtained elsewhere.  See <u>United States v. Charmer Indus., Inc.</u>, 711 F.2d at 1177.

As discussed <u>supra</u>, Cendant has failed to obtain an enforceable civil judgment and avail itself of post-judgment discovery as provided for under state law.  Such discovery undoubtedly will yield the financial information sought by Cendant, which could then be compared to the "base-line" of which it is already aware.  Therefore, Cendant cannot meet the very high standard required for disclosure of Mr. Shelton's presentence report.  <u>See</u> <u>id.</u> at 1176 ("Proof of mere relevance, economy, and efficiency will not suffice."); <u>cf.</u> <u>United States v. Krause</u>, 78 F.R.D. 203, 204 (E.D. Wis. 1978) (state court judgment creditor not permitted to obtain copy of presentence report to assist in enforcement of state court judgment against defendant).

### III.     Conclusion

For all of the foregoing reasons, Cendant's Motion For Order In Aid Of Execution and Motion For Limited Release Of Defendant Kirk E. Shelton's Pre-Sentence Report And Quarterly Financial Progress Reports should be denied.

        **THE DEFENDANT,**
        **E. Kirk Shelton**

BY_____
    HOPE C. SEELEY
    Federal Bar No. ct 4863
    SANTOS & SEELEY, P.C.
    51 Russ Street
    Hartford, CT 06106
    Tel: (860) 249-6548
    Fax:(860) 724-5533

    LAW OFFICES OF THOMAS P. PUCCIO
    Thomas P. Puccio, Esq. (CT 22983)
    230 Park Avenue, Suite 301
    New York, NY  10172
    Tel.: (212) 883-6383
    Fax: (212) 883-6388

## **CERTIFICATION**

I hereby certify that on February 13, 2006, a copy of the foregoing Memorandum was served on the following parties by email and U.S. Mail:

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NW, 4th Floor
Washington, DC 20005

Richard J. Schechter, Esq.
U.S. Attorney's Office
915 Lafayette Blvd., Rm. 309
Bridgeport, CT 06604
TEL: (203) 696-3000
Fax: (203) 579-5550

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, N.J. 0810-2098
Tel: (856) 968-4930
Fax: (856) 968-4917

Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I – 85 Asylum Street
Hartford, CT 06103-3469
Tel: (860) 240-6000
Fax: (860) 240-6150

C. Warren Maxwell
Deputy Chief U.S. Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: (203) 579-5707
Fax: (203) 579-5571

Nicole Owens, USPO
United States Probation Office
United States District Court
915 Lafayette Street
Bridgeport, CT 06604
Tel: (203) 579-5707
Fax: (203) 579-5571

Samuel Kadet, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522

_____
HOPE C. SEELEY