LEXSEE 1998 US DIST LEXIS 13489

**UNITED STATES OF AMERICA v. JOSEPH GALL**

**CRIM. NO. 3:95CR98 (AHN)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**1998 U.S. Dist. LEXIS 13489**

**July 7, 1998, Decided**

**DISPOSITION:** [*1] Victims' Motion For Order For Transfer Of Shares In Aid Of Execution [doc. # 299] GRANTED.

**COUNSEL:** For JOSEPH GALL, defendant: Robert M. Casale, Branford, CT.

For JOSEPH GALL, defendant: Kurt F. Zimmermann, Silverstein & Osach, New Haven, CT.

For JOSEPH GALL, defendant: Gustave H. Newman, Karl E. Pflanz, Newman & Schwartz, New York, NY.

For JOSEPH GALL, defendant: Thomas J. Butters, Butters, Brazilian & Small, Boston, MA.

For JOSEPH GALL, defendant: Marvin B. Segal, Crocco & De Maio, New York, NY.

U. S. Attorneys: Denise Derby, Barbara Bailey Jongbloed, Michael E. Runowicz, U.S. Attorney's Office, New Haven, CT.

**JUDGES:** Alan H. Nevas, United States District Judge.

**OPINIONBY:** Alan H. Nevas

**OPINION:**

RULING ON MOTION FOR ORDER FOR TRANSFER OF SHARES IN AID OF EXECUTION

Following the defendant's conviction, an order of restitution was entered as part of the defendant's sentence. The order provided, inter alia, that restitution be made immediately to American International Group, American Policyholders' Insurance Company, and National Council on Compensation Insurance, victims of the defendant's criminal conduct (the "victims"). All assets described in the defendant's April [*2] 25, 1997 personal financial statement were subject to the restitution order.

The defendant's subsequent motion to vacate the order of restitution was denied. Although the defendant appealed the order of restitution, he has not sought a stay of execution of the restitution order pending appeal either in this court or in the Court of Appeals.

Now pending before this court is the victims' motion for order in aid of execution, in which the victims seek an order directing the defendant to transfer to them his shares in three corporations, Gallmac, Inc., Employee Staffing of America, Inc., and Laborforce of America, Inc., and to take all legal measures necessary to effectuate the transfer. The defendant opposes the motion on the grounds that the victims' request is premature and highly prejudicial to him. There is no merit to the defendant's opposition.

DISCUSSION

Because the defendant was convicted after April 1996, the order of restitution is governed by the Mandatory Victim Restitution Act, 18 U.S.C. § § 3663 et seq. Pursuant to § 3664(m)(B), restitution orders may be converted into enforceable civil judgments. The procedures for executing against a civil judgment are set forth [*3] in Fed. R. Civ. P. 69 and Conn. Gen. Stat. § 52-356. Pursuant to Connecticut law, where a judgment is unsatisfied, a judgment creditor may apply for an order in aid of execution directing the judgment debtor to transfer possession of specified personal property or possession of documentary evidence of title to property of the judgment debtor that is sought to be levied on. See Conn. Gen. Stat. § 52-356b. Because the restitution order remains unsatisfied, the victims are entitled to the order that they seek.

There is no merit to the defendant's opposition to the entry of the order in aid of execution. Although the defendant has taken an appeal of the restitution order, he has not sought a stay of the order, either in this court or

Case 3:02-cr-00264-AWT    Document 2104-2    Filed 02/16/2006    Page 2 of 2

Page 2
1998 U.S. Dist. LEXIS 13489, *

in the court of appeals. See Fed. R. Crim. P. 38(e). Unless a stay is entered, this court has jurisdiction to act in aid of execution. See United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995).

CONCLUSION

For the foregoing reasons, the Motion For Order For Transfer Of Shares In Aid Of Execution [doc. # 299] is GRANTED.

SO ORDERED this 7 day of July, 1998 at Bridgeport, Connecticut.

Alan H. Nevas

United States District [*4] Judge