UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------ x
UNITED STATES OF AMERICA          : Criminal Action No.
           Plaintiff,              :
                                   : 3:02 CR 00264 (AWT)
   - against -                     :
                                   :
WALTER A. FORBES and               :
E. KIRK SHELTON                    :
                                   :
           Defendants.             :
------------------------------ x

**DECLARATION OF RICHARD S. MEISNER**

RICHARD S. MEISNER, declares, pursuant to 28 U.S.C. § 1746:

1.  I am a Senior Vice President - Law of Cendant Corporation ("Cendant"). I oversee, among other things, legal matters relating to executive and employee compensation. I am a member of the New York bar, admitted in 1994. I submit this declaration in further support of Cendant's Motion to Compel Defendant E. Kirk Shelton ("Shelton") to Comply with the Court's August 12, 2005 Restitution Order, in opposition to Shelton's Motion for Stay of Sentencing Providing for Restitution and as a supplement to the November 14, 2005 affidavit I previously submitted in this matter (the "November 14 Affidavit").

2.  I understand that Mr. Shelton, in response to Cendant's Motion to Compel him to comply with the Restitution Order, has argued that Cendant's interest in the three split dollar life insurance policies pertinent to this motion has been reduced by the dollar amount of cash premiums (plus interest) that Cendant has not paid subsequent to termination of his employment.

1

3. It is Cendant's position that it has exclusive rights to the entirety of the policies for two reasons. Mr. Shelton's employment agreement, under which the policies were supplied to him, was the product of fraud on the part of Mr. Shelton. In addition, the policies belong exclusively to Cendant under the respective collateral assignment agreements, the Escrow Agreement and the Assignment Agreement because Mr. Shelton has breached the covenants contained in Article IX of his employment agreement. (See November 14 Aff. ¶ 8.) If Cendant's position is correct, Mr. Shelton's "lump sum" payment is short by the $3,583,473 he contends is his interest in the policies.

4. Cendant, Mr. Shelton and Mr. Tucker, the Escrow Agent who currently has possession of the policies pursuant to the Escrow Agreement, have agreed to have this dispute over ownership of the three policies adjudicated in Cendant's pending action against Mr. Shelton in the District of New Jersey. (See Ex. A and B.)

5. If Mr. Shelton's position is correct, his interest in the policies is still less than the $3,583,473 value he assigned to them last year. As of December 31, 2005, Cendant had paid a total of $2,194,627 in yearly premiums on the three policies. (See Ex. C.) As of that same date, loans (plus interest) taken against the policies to pay premiums totaled $1,275,570. (See id.) The remainder -- $919,057 -- is Cendant's interest in the policies as of December 31, 2005 even if Cendant does not own them. Thus, Mr. Shelton had, at most, a $2,664,416 interest in the policies as of December 31, 2005.

6. I declare under penalty of perjury that the foregoing is true and correct. Executed on February 16, 2006

_____
Richard Meisner

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2570
DIRECT FAX
917-777-2570
EMAIL ADDRESS
SKADET@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 5, 2005

**BY TELECOPY** (914-967-4999)

Robert T. Tucker, Esq.
17 Meadowlark Road
Rye Brook, NY 10573

                Re:    Cendant Corporation

Dear Mr. Tucker:

        This firm represents Cendant Corporation. I am writing to confirm the voice-mail message I left for you on Friday, December 2, 2005.

        Cendant intends to litigate in the United States District Court for the District of New Jersey whether Mr. Shelton has any interest in the insurance policies held by you as escrow agent. I have spoken to Mr. Shelton's counsel, Richard Schaeffer, who agrees with this procedure. Accordingly, in our view there is no need for you to commence any interpleader action in any court.

                                           Very truly yours,

                                          Samuel Kadet

cc:    Richard J. Schaeffer, Esq.

# Robert T. Tucker
## ATTORNEY AT LAW

17 Meadowlark Road  
Rye Brook, NY 10573

(914) 967-6964  
Fax (914) 967-4999  
E-mail: rttucker@optonline.net

November 30, 2005

**VIA FEDERAL EXPRESS**

Richard S. Meisner, Esq.  
Senior Vice-President - Law  
Cendant Corporation  
1 Campus Drive  
Parsippany, NJ 07054-0642

Richard J. Schaeffer, Esq.  
Dornbush, Schaeffer, Strongin & Weinstein, LLP  
747 Third Avenue  
New York, NY 10017

Gentlemen:

I refer to Mr. Meisner's letter of November 15, 2005 (copy enclosed).

I believe the following summarizes the current status of this matter:

Cendant alleges that Mr. Shelton has breached the Covenants in the Escrow Agreement and, after receiving notice of such alleged breach, failed, within the allotted time, to exercise his right to arbitration.

Mr. Shelton denies that he has breached the Covenants and, in addition, asserts that Mr. Shelton is not required to exercise his right to arbitration because "Mr. Shelton and Cendant previously have agreed that Cendant's claim against Mr. Shelton under the Employment Agreement, shall be adjudicated in the United States District Court for the District of New Jersey, rather than in arbitration".

Page 2

Obviously, the Escrow Agent is in no position to determine the validity of these allegations; therefore, unless within fourteen (14) days from the date of this letter I have been advised that the parties have reached agreement as to whether arbitration is required (or, in fact, permitted), I will take steps in the nature of an interpleader action to allow the appropriate court to decide this matter.

In conclusion, I would confirm that Cendant clearly possesses an interest in the Split-Dollar Life Insurance policies under the Limited Collateral Assignments and, at least until Mr. Shelton reaches age 60, under the Assignment Agreement dated February 1, 1996. No action taken by Mr. Shelton subsequent thereto can effect the interests of Cendant.

Very truly yours,

Robert T. Tucker

RTT/kau-s

Richard S. Meisner
Senior Vice President
Law

 CENDANT

November 15, 2005

*VIA FACSIMILE (914) 967-4999 AND CERTIFIED MAIL RETURN RECEIPT REQUESTED*

Robert T. Tucker, Esq.
17 Meadowlark Road
Rye Brook, NY 10573

Re:   Shelton Insurance Policies

Dear Mr. Tucker:

This is to inform you that Mr. Shelton has made a purported assignment of life insurance policies 2636034 (Canada Life), 1074718 (Security Mutual) and 1046440 (Security Mutual) to a third party. Attached is a letter from Mr. Shelton's attorney to a federal court attempting to assign such policies.

As you know, these policies are not held by Mr. Shelton, but rather are in your possession as escrow agent under the Escrow Agreement dated February 1, 1996. Further, as you know, Cendant Corporation ("Cendant") has previously informed you that Mr. Shelton has violated the "Covenants" (within the meaning of the Escrow Agreement) and requested that you assign the policies to Cendant pursuant to Article Fifth:B. of the Escrow Agreement. Accordingly, Cendant is already the owner of the policies.

Mr. Shelton has now clearly breached the Escrow Agreement and we are of the view that you, in your capacity of Escrow Agent, must take immediate action, whether legal or otherwise, to rescind the assignment.

Further, we reiterate that Article Fifth:B. of the Escrow Agreement requires you to transfer the policies to Cendant in the event Cendant informs you that Mr. Shelton has violated the Covenants "unless the Escrow Agent shall receive written notice from the Executive within twenty business days after the notice by the Escrow Agent to the Executive...(that) he intends to exercise his rights to arbitration as set forth in the Employment Agreement." To the best of our knowledge, Mr. Shelton has not delivered you such notice and has not exercised his rights to arbitration.

Accordingly, we demand that you take immediate action to cause Mr. Shelton to rescind the purported assignment of the policies. Further, in light of the clear and unambiguous language of Article Fifth and Mr. Shelton's breach of the Escrow Agreement, we ask that you release the Assignment Agreement of February 1, 1996 and assign the policies to Cendant.

Cendant has deferred to your prior decisions regarding the Escrow Agreement. However, in light of Mr. Shelton's breach of the Escrow Agreement and his inappropriate attempt to convert assets protected thereunder, Cendant will have no other alternative but to hold you, as Escrow Agent, personally responsible for any losses to the Escrow.

Thank you for your immediate attention to this matter.

Very truly yours,

Richard S. Meisner

RSM:kam

Cc. Richard J. Schaeffer, Esq.

194516

**Cendant Corporation**
**Split Dollar Life Insurance Policies**
Info Provided By MidAmerica as of 12/31/05

| Insured | Policy # | Insurance Company | Annual Premium | Cumulative Premiums Paid By Cendant | CSV | Less Loan & Interest | CSV Net of Loans |
|---|---|---|---|---|---|---|---|
| E. Kirk Shelton | 2636034 | Canada Life | 180,000 | 1,080,000 | 2,391,869 | 1,082,567 | 1,309,303 |
| | 1046440 | Security Mutual | 26,359 | 614,627 | 1,617,880 | 159,834 | 1,458,047 |
| | 1074718 | Security Mutual | 25,000 | 500,000 | 881,660 | 33,170 | 848,489 |
| | | | | 2,194,627 | 4,891,409 | 1,275,570 | 3,615,839 |
| Total | | | | 2,194,627 | 4,891,409 | 1,275,570 | 3,615,839 |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to the following individuals, on February 21st, 2006 as noted below:

Counsel For The U.S. Government

Via Facsimile and U.S. Mail
James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

Counsel For E. Kirk Shelton
Via Facsimile and U.S. Mail
Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Via Facsimile and U.S. Mail
Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

Via Hand Delivery
Day, Berry & Howard LLP
Stanley A. Twardy, Jr., Esq.
Gary H. Collins, Esq.
CityPlace 1, 185 Asylum Street
Hartford, CT 06103

Via Facsimile and U.S. Mail
MilBank, Tweed, Hadley & McCloy, LLP
Scott A. Edelman, Esq.
Thomas A. Arena, Esq.
1 Chase Manhattan Plaza
New York, NY 10005-1413

                                                          /s/ Robert E. Kaelin
                                                          Robert E. Kaelin