UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | No. 3:02 CR 264 (AWT) |
| --- | --- | --- |
| v. | : : : | |
| E. KIRK SHELTON | : | March 3, 2006 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER AND CONFIDENTIALITY ORDER**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Defendant, E. Kirk Shelton ("Mr. Shelton"), hereby moves for a protective order and a confidentiality order as it relates to disclosure of his assets, liabilities and financial transactions.

**I.   BACKGROUND**

On January 4, 2005, Mr. Shelton was convicted in the United States District Court for the District of Connecticut.  On August 3, 2006, the Court imposed a Restitution Order requiring Mr. Shelton to pay restitution to Cendant Corporation ("Cendant") in the amount of $3.275 billion.  On August 16, 2005, Mr. Shelton filed a Notice of Appeal with respect to his conviction and sentence, including the Restitution Order, to the United States Court of Appeals for the Second Circuit (the "Appeal") and such Appeal is presently pending.  The United States of America and Cendant, in connection with the Restitution Order, have made applications to the Court for discovery

from Mr. Shelton of information regarding his assets, liabilities and financial transactions. Mr. Shelton has sought a stay form the Court with respect to providing such information. On February 17, 2006, the Court directed Mr. Shelton to provide discovery regarding his assets, liabilities and financial transactions.

**II.    DISCUSSION**

Rule 16(d) of the Federal Rules of Criminal Procedure enables the Court to make any appropriate orders regarding discovery for good cause shown. See Fed. R. Crim. P. 16(d); see also United States v. Bin Laden, 58 F. Supp. 2d 113, 116 (S.D.N.Y. 1999). In considering whether to enter a protective order, a court typically considers: (1) the kind of access traditionally afforded such documents; (2) any damage to the safety, reputation and privacy of third parties that may occur in the event that the contested material is disclosed; and (3) any other considerations regarding the prevention of "abuses, oppression, and injustices." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984); United States v. Gangi, 1998 WL 226196, at *2 (S.D.N.Y. 1998) (citing Seattle Times, 467 U.S. at 35) (copy attached hereto as Exhibit A).

Mr. Shelton requests that the discovery ordered to be provided to the Government and Cendant in this case be subject to the attached proposed Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation"), attached hereto as Exhibit B and incorporated herein by reference. Good cause exists for the entry of a protective order requiring confidentiality of this material. The documents to be

provided by Mr. Shelton contain information of a very private and secure nature, including account numbers, holdings, and other highly personal and confidential information.  Mr. Shelton would be harmed if these materials were disclosed beyond those persons listed in Paragraph 3 of the attached proposed Confidentiality Stipulation in that strangers to this proceeding would then have access to this highly sensitive and important information regarding his finances.  Such information in the hands of inappropriate persons not listed in Paragraph 3 of the proposed Confidentiality Stipulation would cause financial harm to Mr. Shelton.

In addressing the factors set forth in Seattle Times, it is clear that a protective and confidentiality order regarding the discovery documents should be mandated.  First, access to a criminal defendant's financial documents is not typically afforded to persons who are not involved in the prosecution or defense of a criminal case or a member of the Office of Probation.  Second, third parties will be affected in that some of the financial information to be provided by Mr. Shelton also involves his wife's assets.  Third, additional considerations such as possible identity theft, financial theft or other harm that could occur from access to Mr. Shelton's account numbers and personal information also militate in favor of confidentiality in this case.  See Seattle Times, 467 U.S. at 35.

More importantly, because this matter is on appeal and Mr. Shelton's conviction is not yet final, the Government should not be permitted to use any of this information at a retrial. The Southern District of New York has stated:

> Neither the Supreme Court nor the Second Circuit has explicitly addressed the availability of the Fifth Amendment privilege against self-incrimination to convicted defendants with pending appeals. But the cited decisions of other federal circuits and state courts are consistent with [Mitchell v. United States, 526 U.S. 314, 326 (1999)], which held that a defendant may continue to assert his Fifth Amendment privilege against self-incrimination until his judgment of conviction becomes "final." "Finality is variously defined; like many legal terms, its precise meaning depends on context." Clay v. United States, 537 U.S. 522, 527 (2003). In the context of petitions for post-conviction relief, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Id. Similarly, where, as here, the defendant has been convicted, but that conviction is on appeal, the judgment cannot be deemed final for purposes of the privilege because testimony offered in related … proceedings has the potential to prejudice him in connection with his appeal and at a potential retrial. Hence, it is not the case that "no adverse consequences can be visited upon the convicted person by reason of further testimony." Mitchell, 526 U.S. at 326.

Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 2004 WL 1418201, at *1 n.2 (S.D.N.Y. 2004) (copy attached hereto as Exhibit C). By analogy to the present situation, the Government should not be permitted to use information or documents provided by Mr. Shelton against him at retrial as it would result in adverse consequences against Mr. Shelton when his conviction is not yet final. Thus, a protective and confidentiality order should issue.

The Government and Cendant will not be harmed from a confidentiality and protective order in this case. The proposed Confidentiality Stipulation affords access to the documents to any appropriate person in conjunction with the prosecution of this case. See Exhibit B, ¶ 3. Thus, the Government's and Cendant's ability to proceed in this matter should not be affected in the least.

## III.   CONCLUSION

Wherefore, for the foregoing reasons, Mr. Shelton respectfully requests that the discovery provided to the Government and Cendant be governed by the attached proposed Confidentiality Stipulation.

**THE DEFENDANT,
E. Kirk Shelton**

By  _____
HOPE C. SEELEY
Federal Bar No. ct 4863
SANTOS & SEELEY, P.C.
51 Russ Street
Hartford, CT 06106
Tel: (860) 249-6548
Fax:(860) 724-5533

LAW OFFICES OF THOMAS P. PUCCIO
Thomas P. Puccio, Esq. (CT 22983)
230 Park Avenue, Suite 301
New York, NY  10172
Tel.: (212) 883-6383
Fax: (212) 883-6388

## **CERTIFICATION**

 I hereby certify that on March 3, 2006, a copy of the foregoing Memorandum of Law in Support of Motion for Protective Order and Confidentiality Order was served on the following parties by email or facsimile <u>and</u> U.S. Mail:

| | |
|---|---|
| Richard J. Schechter, Esq.<br>U.S. Attorney's Office<br>915 Lafayette Blvd., Rm. 309<br>Bridgeport, CT  06604<br>Tel: (203) 696-3000<br>Fax: (203) 579-5550 | James McMahon, Esq.<br>Fraud Section<br>US Department of Justice<br>1400 New York Ave., NW, 4th Floor<br>Washington, DC  20005 |
| Norman Gross, Esq.<br>United States Attorney's Office<br>U.S. Courthouse and Federal Building<br>401 Market Street, 4th Floor<br>Camden, N.J. 0810-2098<br>Tel:  (856) 968-4930<br>Fax: (856) 968-4917 | Robert E. Kaelin, Esq.<br>Murtha Cullina LLP<br>CityPlace I<br>185 Asylum Street<br>Hartford, CT  06103-3569 |
| John Silberman, Esq.<br>United States Attorney's Office<br>970 Broad Street<br>Newark, NJ  07102 | Samuel Kadet, Esq.<br>Skadden, Arps, Slate, Meagher & Flom<br>Four Times Square<br>New York, NY  10036-3897 |

_____
HOPE C. SEELEY