UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | March 7, 2006 |
| | : | |
| E. KIRK SHELTON | : | |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND CONFIDENTIALITY ORDER

The United States respectfully submits this Memorandum in Opposition to the Motion ("Motion for Protective Order") of Defendant E. Kirk Shelton for the entry of a proposed Confidentiality Stipulation and Protective Order Regarding Confidential Material (the "Proposed Protective Order"). The United States, Mr. Shelton and the victim named in the Restitution Order in the captioned case, Cendant Corporation ("Cendant"), have all agreed to the terms of a protective order which would govern the **disclosure** of financial information produced by Mr. Shelton. In fact, with relatively few modifications proposed by the United States and Cendant and accepted by Mr. Shelton, the Proposed Protective Order is acceptable for this purpose. Accordingly, subject to the agreed-upon changes,[1] the United States does not oppose the arguments proffered at pages one through four of Mr. Shelton's Brief.

However, the United States vehemently objects to the inclusion of paragraph numbered nine which proposes to govern the **use** of financial information produced by Mr. Shelton. As

---

[1] Specifically, the parties agreed to change the third sentence of paragraph numbered four to make reference to "sub-paragraph 3(c) above" as opposed to "paragraph 3 above." Additionally, the parties agreed to amend paragraph numbered seven to provide that exhibits containing Confidential Material would be filed under seal, but not the filings themselves. Local Rules concerning the redaction of addresses, social security numbers, financial account numbers, etc. would govern the filings themselves.

demonstrated in Mr. Shelton's argument and supporting caselaw, protective orders and confidentiality agreements are used to restrict the *disclosure*, not the *use*, of information. *See*, Motion for Protective Order, at 2-3 (arguments for restricted *disclosure* of information, and cases cited therein, make no reference to restricted *use* of information).

The United States has not, and will not, agree to a restriction on the **use** of documents produced by Mr. Shelton. In support of his unilateral attempt to claim use immunity through proposed paragraph numbered nine, Mr. Shelton argues simply that "a defendant may continue to assert his Fifth Amendment privilege against self-incrimination until his judgment of conviction becomes 'final.'" Motion for Protective Order, at 4 (*quoting*, Sterling Nat'l. Bk. v. A-1 Hotels Int'l., Inc., 2004 WL 1418201, at *1 n.2 (S.D.N.Y. 2004)).

Mr. Shelton's Fifth Amendment argument is misplaced for several reasons. First, the Fifth Amendment may not be invoked here because the government is not compelling the production of documents. *See*, U.S. v. Doe, 465 U.S. 605, 610 (1984) (Fifth Amendment "protects the person asserting the privilege only from *compelled* self-incrimination." Emphasis in original.) Because the documents at issue have been and will be produced by Mr. Shelton voluntarily, there is no Fifth Amendment privilege to assert.

Additionally, even if the document production could be construed as compulsive, Mr. Shelton has not asserted a Fifth Amendment privilege. Documents previously produced by Mr. Shelton have been produced voluntarily and any Fifth Amendment claims thereto have been waived. If Mr. Shelton would like to assert a Fifth Amendment privilege with respect to pending productions of financial records, he should do so. The parties and the Court would then be in a position to address and assess such claims on a question-by-question basis.

Without a valid Fifth Amendment privilege having been claimed and granted, the United States will not agree to Mr. Shelton's attempt to gain use immunity with respect to the documents at issue. Mr. Shelton's motivation for seeking such immunity is clear. He fraudulently transferred more than $7 million at a time that he knew his criminal conduct had been discovered by his employer/victim. He transferred his ownership interest in the Vail condominium at a time when he knew that it had been pledged to secure his bail bond. Documents in his possession concerning these and, likely, other actions will certainly be harmful to him if he is to be re-tried following his appeal. Unfortunately for Mr. Shelton, the government will not accommodate his attempt shield the documentation from such use.

If Mr. Shelton were to be allowed such immunity over the government's objections, the government would decline to accept any production subject to such restrictions. The later use of such material would require extensive <u>Kastigar</u> hearings to determine whether any of the future trial team had been exposed to such material. The government will spare the Court this trouble by not accepting any material subject to any use restrictions. Evidence of Mr. Shelton's fraudulent conduct, to be used as evidence of his criminal intent and otherwise, could be as easily obtained through third party discovery.

Because Mr. Shelton has no right to limit the use of the documents he agreed to voluntarily produce, paragraph numbered nine of the Proposed Protective Order should not be

unilaterally imposed against the government and should therefore be removed.

                                              Respectfully submitted,

                                              CHRISTOPHER J. CHRISTIE
                                              Special Attorney
                                              U.S. Department of Justice

                                              /s/ John G. Silbermann

                                              By:  John G. Silbermann
                                              Special Attorney
                                              U.S. Department of Justice
                                              Federal Bar No. phv0901

Dated: March 7, 2006
Newark, New Jersey

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail:

Hope C. Seeley, Esq.
Counsel for E. Kirk Shelton
heseeley@santos-seeley.net

Thomas P. Puccio, Esq.
Counsel for E. Kirk Shelton
tpuccio@lotpp.com

Robert E. Kaelin, Esq.
Counsel for Cendant Corporation
rkaelin@murthalaw.com

Samuel Kadet, Esq.
Counsel for Cendant Corporation
skadet@skadden.com

        /s/ John G. Silbermann
        JOHN G. SILBERMANN
        Assistant U.S. Attorney

Dated: March 7, 2006, 12:00 p.m.
Newark, New Jersey