UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| v. | : | |
| WALTER A. FORBES and E. KIRK SHELTON, | : | |
| Defendants. | : | MARCH 7, 2006 |

**CENDANT CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CONFIDENTIALITY ORDER**

Cendant Corporation ("Cendant"), the victim of the crimes committed by Defendant E. Kirk Shelton ("Shelton" or "Defendant"), respectfully submits this memorandum of law in opposition to Defendant's Motion for Protective Order and Confidentiality Order (the "Motion").

**I.    INTRODUCTION**

On February 17, 2006, this Court stated that Shelton was in violation of the Restitution Order by failing to fully comply with the $15 million lump sum payment requirement and instructed Shelton to produce to Cendant and the United States government financial records detailing, inter alia, his current assets and liabilities as well as all financial transactions since his conviction. Shelton has partially complied with this Court's directive and is in a position to supply Cendant and the government the additional documents and records it has requested. Shelton is, however, conditioning release of these documents on the execution and entry of the

overly broad and cumbersome confidentiality stipulation that is the subject of the Motion (the "Shelton Stipulation"). To be sure, if the Shelton Stipulation were signed by counsel and entered by the Court, it would (among other things) require the Court and the Court's clerks, secretary, court reporter and other personnel to execute an acknowledgement that he or she has received material deemed confidential by Shelton and agrees to be bound by the terms of the Shelton Stipulation. Such requirements are completely unnecessary and totally improper.

Instead, the Motion should be denied and the attached "Protective Order Regarding Confidential Material" (the "Cendant Order") (attached hereto at Exhibit A) should be entered by this Court. The Cendant Order best addresses Shelton's desires for confidentiality of his personal information while also protecting the transparency of these public proceedings and the rights of Cendant, the victim, to ensure enforcement of the validly-entered Restitution Order.

## II.  DISCUSSION

Although Cendant believes that a confidentiality order is unnecessary here and that Shelton's financial status and asset transfers should not be shielded from the public, including the Cendant shareholders who were affected by Shelton's fraud, Cendant understands that the materials Shelton was instructed to produce to Cendant and the government contain such information as social security numbers, account numbers and other identifying information which should generally not be viewed by the public. Thus, a limited confidentiality order outlining this short list of information to be redacted from any filing with the Court is all that is necessary here.

If, however, the Court deems it appropriate to enter a somewhat broader order, the Cendant Order, and not the Shelton Stipulation, should be the model used because it meets both the professed concerns of the Defendant and enables Cendant to protect its interest in Shelton's present and former assets.

There are three differences between the Cendant Order and the Shelton Stipulation. First, Paragraph 4 the Shelton Stipulation requires that all third parties to whom confidential material is disclosed sign an acknowledgement that they have received such confidential information and will abide by the terms and conditions set forth in the confidentiality order. Included in the list of third parties (found in Paragraph 3 of the Shelton Stipulation) are not only counsel of record and their employees, but the Court, the Court's clerks, secretary, court reporter and other administrative personnel. The Cendant Order limits the "acknowledgement" requirement to consulting and testifying experts (as counsel of record will bind itself and its client when executing the stipulation itself). Cendant cannot fathom a reason why any other person or entity would need to sign such an acknowledgement.

Second, in Paragraph 9 of the Shelton Stipulation, Defendant attempts to limit Cendant's (and the government's) use of the materials produced to proceedings "solely in connection with the Restitution Order." (Shelton Stip. ¶ 9.) Cendant believes that this provision is vague and may somehow tie its hands when attempting to enforce the Restitution Order. In order to protect Cendant's rights under the Restitution Order (and restitution statutes) as well as to ensure that Cendant's interests in Shelton's assets remain intact, the Cendant Order makes it clear that such a limitation on use of the produced materials does not affect Cendant's ability to commence civil proceedings to collect restitution, invalidate

fraudulent transfers, etc. based upon information gleaned from those documents.  Thus, the Cendant Stipulation states that the information received from Shelton

> is to be used solely in connection with the Restitution Order, including, but not limited to, any proceedings commenced to obtain restitution such as, but not limited to, fraudulent transfer or unjust enrichment actions, either against Mr. Shelton or any third-parties.

(Cendant Stip. ¶ 9.)  Such language reasonably limits the scope of the use of Shelton's documents but makes the production purposeful for Cendant, i.e., it enables Cendant to enforce the Restitution Order and its rights thereunder to the fullest extent.

Finally, Paragraph 7 of the Cendant Order includes a necessary addition to the same provision of the Shelton Stipulation.  Defendant's Paragraph 7 mandates that any and all applications to the Court related to the confidentiality stipulation or the materials produced by Shelton and deemed confidential pursuant to the terms of the stipulation be filed under seal. While Cendant agrees that any personally identifying information such as social security numbers, account numbers and the like should be redacted from any filing made with the Court, it is unnecessary to file each and every document -- motions, briefs, affidavits, orders, opinions, etc. -- under seal.  This puts an unnecessary burden on counsel and the Court (and the Court Clerk) and unnecessarily shrouds these public proceedings in secrecy.  Thus, as set forth in the Cendant Order, pleadings, motions, briefs and other court documents will be filed in the normal course but exhibits containing legitimately confidential material, as outlined above, will be filed under seal.  This will afford Shelton the necessary protection from identity theft (see Shelton Mem. at 3), while at the same time limiting the burden on counsel and the Court.

-5-

### III. CONCLUSION

For all the foregoing reasons, Cendant respectfully submits that this Court should deny Shelton's Motion, and if the Court is of the view that a confidentiality stipulation should be entered, the parties should be instructed to sign and submit to the Court the Cendant Stipulation.

                                      MOVANT- CENDANT CORPORATION

                                      By     /s/ Francis J. Brady
                                            Francis J. Brady – ct04296
                                            fbrady@murthalaw.com

                                      Murtha Cullina LLP
                                      CityPlace I - 185 Asylum Street
                                      Hartford, Connecticut  06103-3469
                                      Telephone:  (860) 240-6000
                                      Fax:  (860) 240-6150
                                      Its Attorneys

Of Counsel:

Samuel Kadet- ct07880
skadet@skadden.com

Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036-6522
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to the following individuals, on March 7, 2006 as noted below:

Counsel For The U.S. Government

Via E-Mail, Facsimile and U.S. Mail
James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

Counsel For E. Kirk Shelton

Via E-Mail, Facsimile and U.S. Mail
Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Via E-Mail, Facsimile and U.S. Mail
Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

    /s/ Francis J. Brady
    Francis J. Brady