UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| - against - | : | |
| WALTER A. FORBES and E. KIRK SHELTON | : | |
| Defendants. | : | MARCH __, 2006 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIAL

WHEREAS, on January 4, 2005, E. Kirk Shelton (Mr. Shelton) was convicted in the Untied States District Court for the District of Connecticut (the "Court"); and

WHEREAS, on August 3, 2005, the Court imposed a Restitution Order requiring that Mr. Shelton pay restitution to Cendant Corporation ("Cendant") in the amount of $3.275 billion; and

WHEREAS, on August 16, 2005, Mr. Shelton filed a Notice of Appeal with respect to his conviction and sentence, including the Restitution Order, to the United States Court of Appeals for the Second Circuit (the "Appeal"); and such Appeal is presently pending; and

WHEREAS, the United States of America ("United States") and Cendant, in connection with the Restitution Order, have made applications to the Court for discovery

from Mr. Shelton of information regarding his assets, liabilities and financial transactions engaged in by him; and

WHEREAS, Mr. Shelton has sought a stay from the Court with respect to providing such information to the United States and Cendant; and

WHEREAS, on February 17, 2006, the Court directed Mr. Shelton to provide discovery regarding his assets, liabilities and financial transactions engaged in by him.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States, Cendant, and Mr. Shelton (all of the above-listed persons and entities are collectively referred to herein as the "Parties to the Protective Order"), through their respective counsel, as follows:

1. This Confidentiality Stipulation and Protective Order (the "Stipulation") shall govern the handling of all documents, testimony and discovery responses, including all copies, excerpts and summaries thereof (collectively "Material"), provided by Mr. Shelton in any proceedings in this action after the verdict in the above captioned matter (the "Proceedings"), including, without limitation, documents produced in response to the February 21, 2006 United States of America/Cendant Corporation's Request for Production of Documents. All such materials subject to this Protective Order shall be designated "Confidential" (the "Confidential Material").

2. The Confidential Material designated as "Confidential" also will render "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Material.

3. Subject to the provisions of paragraph 4, Confidential Material may be disclosed, only to the following persons:

    a.    Counsel of record for the Parties to the Protective Order, and attorneys, paralegals, clerical, and other staff employed by such counsel who are assisting in the conduct of these Proceedings;

    b.    In-house counsel and attorneys, paralegals, clerical, and other staff employed by such counsel for the Parties to the Protective Order who are assisting in the conduct of these Proceedings;

    c.    Consulting and testifying experts retained by the Parties to the Protective Order to the extent that those parties in good faith deem necessary to provide assistance in connection with the conduct of these Proceedings;

    d.    The Court and court personnel;

    e.    Court reporters and their employees used in connection with conduct of these Proceedings.

4. Each person described in paragraph 3 above, other than the counsel to the Parties to this Protective Order (including their partners and employees), to whom any Confidential Material is disclosed, shall first be provided with a copy of this Protective Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of the this Protective Order and that Confidential Materials may not be disclosed other than pursuant to the terms hereof.  It shall be the responsibility of counsel providing such disclosure to provide to each person to whom Confidential Material is disclosed a copy of this Protective Order.  Prior to disclosing Confidential Material to any person described in paragraph 3(c) above, counsel shall cause each such person to execute a Certificate in the form attached as Exhibit A hereto.  Counsel shall be responsible for holding executed certificates.

5. All documents and things that are produced in these Proceedings shall bear a stamp stating "Confidential - Subject to Protective Order" on each page of any such document or on a sticker affixed to any such tangible thing. It shall be the responsibility of Mr. Shelton as the Producing Person to cause all Confidential Material to be stamped by the time such Confidential Material is produced. Notwithstanding the above, all of the documents produced by Mr. Shelton on February 20, 2006 and designated KS000001 through KS000129 shall be deemed to have been designated by Mr. Shelton as "Confidential" and constitute Confidential Material.

6. Any Party, or any person or entity authorized to receive Confidential Material pursuant to paragraph 3, above, who receives Confidential Material in the course of these Proceedings shall take reasonable steps to maintain the confidentiality and security of such Confidential Material.

7. Any exhibits filed to the Court relating to this Stipulation and/or Confidential Material will be filed Under Seal, but not any related court pleadings.

8. If, as a result of the Appeal, or otherwise, the Restitution Order is no longer in effect, all Confidential Material will be returned to Mr. Shelton.

9. The Parties to this Protective Order acknowledge and agree that the Court directed Mr. Shelton to provide the information which is the subject of this Protective Order in connection with the Restitution Order and that such information is to be used in solely connection with the Restitution Order, including, but not limited to, any civil proceedings commenced to obtain restitution such as, but not limited to, fraudulent transfer or unjust enrichment actions, either against Mr. Shelton or any third parties. Without

4

limiting the generality of the foregoing, the United States agrees that it will not use, or attempt to use, any of the material or information provided by Mr. Shelton hereunder in connection with the Appeal or at any retrial of Mr. Shelton.

      10.   The terms of this Protective Order may be amended only: (i) by an agreement in writing executed by all parties hereto and approved by the Court, or (ii) upon application by any party to the Court for good cause shown and as ordered by the Court.

      11.   This Agreement may be executed in original or by facsimile in several counterparts, and as so executed shall constitute one agreement, binding on all of the parties hereto, notwithstanding that all the parties are not signatory to the original or to the same counterpart.

Agreed to on Behalf of Cendant:

CENDANT CORPORATION

By: _____
    Robert E. Kaelin - ct11661
    Martha Cullina LLP
    CityPlace I - 185 Asylum Street
    Hartford, Connecticut  06103-3469

UNITED STATES OF AMERICA

By: _____
    John G. Silbermann
    Special Attorney
    United States Department of Justice
    970 Broad Street, Suite 700
    Newark, New Jersey  07101
    ID# PHV0901

Agreed to on behalf of E. Kirk Shelton

| LAW OFFICES OF THOMAS P. PUCCIO | SANTOS & SEELEY, P.C. |
|---|---|
| By: _____<br>Thomas P. Puccio<br>230 Park Avenue, Suite 301<br>New York, New York 10169<br>Tel.: (212) 883-6383<br>Fax: (212) 883-6388 | By: _____<br>Hope C. Seeley<br>51 Russ Street<br>Hartford, Connecticut 06106<br>Tel.: (860) 249-6548<br>Fax: (860) 724-5533 |

SO ORDERED:

March __, 2006

_____
Honorable Alvin W. Thompson
United States District Judge

Exhibit A To Protective Order
Acknowledgment

I, _____, do hereby certify that I have been provided with a copy of the Confidentiality Stipulation and Protective Order Regarding Confidential Material ("Protective Order") in the matter captioned <u>United States of America v. Forbes and Shelton</u>, 3:02 CR 00264 (AWT), that I have reviewed said Protective Order, and that I agree to be bound by the terms and conditions set forth therein and consent to the exercise of jurisdiction of the United States District Court for the District of Connecticut in connection with any proceedings relating to the Protective Order.

Witness: _____

_____

Dated: _____