**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| E. KIRK SHELTON | : | March 8, 2006 |

**DEFENDANT'S REPLY TO THE UNITED STATES' MEMORANDUM**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
**AND CONFIDENTIALITY ORDER[1]**

The Defendant, Kirk Shelton ("Mr. Shelton") hereby replies to the Government's March 7, 2006 Memorandum in Opposition to his Motion for Protective Order and Confidentiality Order ("Opposition").

In its Opposition, the Government misconstrues Mr. Shelton's argument with regard to its later use of the financial information to be provided by Mr. Shelton. See Gov't's Opp'n, Mar. 7, 2006, at 2-3. Mr. Shelton does not assert any Fifth Amendment privilege with regard to these documents as discussed in Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 2004 WL 1418201 (S.D.N.Y. 2004). Rather, Mr. Shelton argues by analogy to Sterling that, in the present case, the Government should not be able to use documents or information obtained from Mr. Shelton should a retrial be ordered after his appeal is heard. See Def.'s Mem. of Law, Mar. 3, 2006, at 4. This argument is

---

[1] Mr. Shelton does not object to the proposed order prepared by Cendant and attached to its Memorandum Of Law dated March 7, 2006.

advanced under principles of fundamental fairness and equity, not under the auspices of the Fifth Amendment.

Mr. Shelton is not providing the requested documents voluntarily; he was ordered by the Court to do so on February 17, 2006.  Even if the Fifth Amendment does not apply in this situation, fundamental fairness and equity dictate that Mr. Shelton should not be required to provide documents or information in ancillary proceedings that will adversely impact him upon retrial in his criminal case, especially because his conviction is not yet final.  The Government should not be permitted to use at a retrial documents or information that it had not obtained under normal criminal discovery rules.

Wherefore, for the foregoing reasons, Mr. Shelton respectfully requests that the discovery provided to the Government and Cendant be governed by the proposed Confidentiality Stipulation attached to Cendant's Memorandum of Law dated March 7, 2006.

**THE DEFENDANT,**
**E. Kirk Shelton**

By     _____

HOPE C. SEELEY
Federal Bar No. ct 4863
SANTOS & SEELEY, P.C.
51 Russ Street
Hartford, CT 06106
Tel: (860) 249-6548
Fax:(860) 724-5533

LAW OFFICES OF THOMAS P. PUCCIO
Thomas P. Puccio, Esq. (CT 22983)
230 Park Avenue, Suite 301
New York, NY 10172
Tel.: (212) 883-6383
Fax: (212) 883-6388

## CERTIFICATION

I hereby certify that on March 8, 2006, a copy of the foregoing Memorandum of Law in Support of Motion for Protective Order and Confidentiality Order was served on the following parties by email or facsimile and U.S. Mail:

Richard J. Schechter, Esq.
U.S. Attorney's Office
915 Lafayette Blvd., Rm. 309
Bridgeport, CT  06604
Tel: (203) 696-3000
Fax: (203) 579-5550

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NW, 4th Floor
Washington, DC  20005

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal
Building401 Market Street, 4th Floor
Camden, N.J. 0810-2098
Tel:  (856) 968-4930
Fax: (856) 968-4917

Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103-3569

John Silberman, Esq.
United States Attorney's Office
970 Broad Street
Newark, NJ  07102

Samuel Kadet, Esq.
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY  10036-3897

_____
HOPE C. SEELEY