IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| Plaintiff | : | NO.: 03:02-264 (AWT) |
| v. | : | |
| E. KIRK SHELTON | | |
| Defendant | : | April 5, 2006 |

**MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA**

Pursuant to FRCP 26(c), FRCP 45, D. Conn. L. Civ. R. 37 and the Court's inherent authority, the prospective non-party witness Robin D. Jackson, Trustee ("Trustee") hereby moves for a protective order and to quash the subpoena dated March 13, 2006 and attached as Exhibit A served by plaintiff United States of America on the Trustee. As more particularly set forth below, the subpoena was improperly served and should be quashed on that basis alone. To the extent that the subpoena is not quashed (or to the extent that a future subpoena is issued and properly served), the Trustee seeks protective orders from the court as to the

**ARGUMENT REQUESTED**

538732.2.

scope of the subpoena, as more particularly set forth below. The basis for this motion is as follows:

**1.    Nature of the Case**

The named defendant, E. Kirk Shelton, was convicted in this court early in 2005 and is the subject of a subsequent restitution order entered by this court in August, 2005. The attached subpoena would appear to have been issued in connection with post-judgment orders;

**2.    Improper Service**

Instead of in-hand service of the subpoena on the Trustee, the subpoena was simply left behind and stuck in the door of the Trustee's apartment in the building in which the Trustee resides. This is improper service. Pursuant to FRCP 45(b)(1), in-hand service on the prospective non-party deponent is required. See Agran v. City of New York, 1997 US Dist Lexis 2577 (SD NY 1997); see also In re: Deposition Subpoena Directed to Smith, 126 FRD 461 (ED NY 1989).

**3.    Timeliness of Service**

Certainly as to document production, the subpoena was "served" in untimely fashion. The subpoena calls for document production at the U.S. Attorney's Office in Newark, New Jersey on March 27, 2006. However, the subpoena was not "served" until March 31, 2006, four days after the specified time for the production of documents;

538732.2.

4. **Timeliness of the Within Motion**

The Trustee cannot reasonably have complied with the timetables set forth in FRCP 45(c)(B) with respect to the filing of the within motion. The subpoena was left in the Trustee's apartment door on Friday, March 31, 2006 and was not discovered by him until returning home that evening. Separate and apart from the late notice with respect to document protection (referenced immediately above), the stated date and time of deposition testimony was set for Monday, April 2, 2006 at 10:00 am. The discovery by the Trustee on Friday evening of the subpoena which called for his testimony on Monday morning left no time to file for appropriate protective orders and the like. The within motion (and contemporaneous submissions) have been filed with reasonable speed after the discovery of the subpoena's existence. Given the circumstances, it was virtually impossible for the Trustee to have filed the within motion prior to the scheduled date and time of the deposition;

5. **Scope of Subpoena**

If and to the extent the Court may wish to consider the substance of the subpoena, the subpoena is unreasonably broad. It seeks, inter alia, "[a]ll documents, including e-mail messages, generated or received by you since January 1, 1997 regarding or related to: Mr. Edward Kirk Shelton…". Shelton was a public figure as to whom a large amount of publicity was generated over a prolonged period of time, certainly from the time of his termination of employment in early 1998 through his criminal conviction in 2005 and his subsequent sentencing. As the Trustee has known Shelton for many years and

538732.2.

as a result has undoubtedly received communications which referred to Mr. Shelton from many people over the course of the last eight or nine years, the task of identifying and collecting such communications would be unduly burdensome.

The Trustee does not suggest that the plaintiff should be deprived of the opportunity to seek the production of documents, but the scope of the request should be reasonable and reasonably specific. As currently defined, the reach of the document request is overbroad and in the nature of a fishing expedition, absent court-imposed limitations;

**6.** In addition, the document request does not contain a "carve-out" for privileged items and work product. On such short notice, the Trustee does not know specifically what items would be subject to protection from disclosure, but with the court's permission will, as to an enforceable subpoena, provide a privilege log as and to the extent such items exist;

**7.** Furthermore, to the extent that plaintiff seeks information regarding other persons or entities[1], such disclosure may involve documents related to financial information which should properly remain confidential and which properly should not be disclosed to the public or third parties. As to this or some future subpoena, the Trustee seeks an appropriate confidentiality order from the court barring such disclosures;

---

[1] SCIP Partners, L.P.; SCIP Management Company, Inc.; 2002 Shelton Family Trust; Shelton Children Irrevocable Trust

538732.2.

**8.** Finally, to the extent that documents are produced by the Trustee in connection with this or some future subpoena, then to the extent costs are incurred by the Trustee with respect to such production, such costs should properly be borne by plaintiff. It is unfair to place that financial burden on the Trustee, who is a non-party.

**WHEREFORE**, for the reasons set forth above, the Trustee moves for a protective order and to quash as to the March 13, 2006 subpoena.

                                      ROBIN D. JACKSON, TRUSTEE

                              By:_____
                                  Jeremy A. Mellitz, Esquire (#ct 09353)
                                  His Attorney
                                  Withers Bergman LLP
                                  157 Church Street, P.O. Box 426
                                  New Haven, Connecticut  06510
                                  Telephone: (203) 789-1320
                                  Fax: (203) 785-8127
                                  Email: Jeremy.Mellitz@withersworldwide.com

538732.2.

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent on this 5th day of April, 2006 by facsimile and simultaneously mailed by first class mail, postage prepaid, to the following counsel, as follows:

John G. Silbermann, Jr., Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ  07102
Tel: 973.353.6094
Fax: 973.297.2010

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NH, 4th Floor
Washington, DC 20005

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, NJ 0810-2098
Tel: 856.968.4930
Fax: 856.968.4917

C. Warren Maxwell
Deputy Chief US Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: 203.579.5707
Fax: 203.579.5571

Samuel Kadet, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Richard J. Schechter, Esq.
US attorney's Office
915 Lafayette Blvd Room 309
Bridgeport, CT 06604
Tel: 203.696.3000
Fax: 203.579.5550

538732.2.

| | |
|---|---|
| Robert E. Kaelin, Esq.<br>Murtha Cullina LLP<br>CityPlace I – 85 Asylum Street<br>Hartford, CT 06103-3469<br>Tel: 860.240.6000<br>Fax: 860.240.6150 | Nicole Owens, USPO<br>United States Probation Office<br>United States District Court<br>915 Lafayette Street<br>Bridgeport, CT 06606<br>Tel: 203.579.5707<br>Fax: 203.579.5571 |
| Hope C. Seeley, Esq.<br>Santos & Seeley PC<br>51 Russ Street<br>Hartford, CT 06016<br>Tel: 860.249.6548<br>Fax: 860.724.5533 | Law Offices of Thomas P. Puccio<br>Thomas P. Puccio, Esq.<br>230 Park Avenue, Suite 301<br>New York, NY 10172<br>Tel: 212.883.6383<br>Fax: 212.883.6388 |

_____
Jeremy A. Mellitz