UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | April 12, 2006 |
| | : | |
| E. KIRK SHELTON | : | |

**SUPPLEMENTAL MEMORANDUM OF UNITED STATES
REGARDING DEFENDANT'S NONCOMPLIANCE WITH RESTITUTION ORDER**

The United States respectfully submits this Supplemental Memorandum Regarding the Noncompliance by Defendant E. Kirk Shelton ("Mr. Shelton") with the terms of the Restitution Order entered by this Court on August 12, 2005.

As the Court has noted, Mr. Shelton failed to comply with the most significant term of the Restitution Order when he deposited with the Clerk of the Court only $9.5 million in unencumbered non-depreciable liquid assets, rather than the $15 million required by the Court. To bridge this $5.5 million shortfall, Mr. Shelton deposited Cendant Corporation stock and three life insurance policies. These life insurance policies, as further noted by the Court, were subject to both disputed ownership and disputed valuation. Interestingly, Mr. Shelton never once identified these insurance policies as being among his assets in the numerous monthly financial disclosures he submitted to the Probation Office.

The most conspicuous of Mr. Shelton's financial disclosures is the one certified by Mr. Shelton on October 20, 2005 – thirteen days after his deposits with the Clerk. In this statement, Mr. Shelton disclosed assets valued at $14.98 million as of September 30, 2005. Accordingly, Mr. Shelton not only deposited assets that he never claimed to own, but he retained ownership of

liquid assets with a nearly identical value – $3.55 million – as the value he ascribed to the disputed insurance policies – $3.58 million.  As of January 31, 2006, Mr. Shelton valued these remaining liquid assets at $3.52 million.

Since Mr. Shelton's financial disclosures show liquid assets worth $14.98 million as of September 30, 2005 (excluding the disputed insurance policies), it is clear that Mr. Shelton had the ability to comply with the Court's Order.  Instead, Mr. Shelton brazenly retained liquid assets worth $3.5 million while depositing the disputed policies that he hadn't even reported on his financial disclosures as owning.  As these liquid assets are still under Mr. Shelton's control and still have a value of approximately $3.5 million, the Court should order Mr. Shelton to replace the disputed insurance policies with the remaining liquid assets.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
Special Attorney
U.S. Department of Justice

/s/ John G. Silbermann

By:  John G. Silbermann
Special Attorney
U.S. Department of Justice
Federal Bar No. phv0901

Dated: April 12, 2006
Newark, New Jersey

2

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via e-mail:

Hope C. Seeley, Esq.
Counsel for E. Kirk Shelton
heseeley@santos-seeley.net

Thomas P. Puccio, Esq.
Counsel for E. Kirk Shelton
tpuccio@lotpp.com

Robert E. Kaelin, Esq.
Counsel for Cendant Corporation
rkaelin@murthalaw.com

Samuel Kadet, Esq.
Counsel for Cendant Corporation
skadet@skadden.com

                                        /s/ John G. Silbermann
                                        JOHN G. SILBERMANN
                                        Assistant U.S. Attorney

Dated: April 12, 2006
Newark, New Jersey