IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| Plaintiff | : NO.: 03:02-264 (AWT) |
| v. | : |
| | : |
| E. KIRK SHELTON | |
| | |
| Defendant | : April 20, 2006 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: DEPOSITION AND SUBPOENA OF ROBIN D. JACKSON, TRUSTEE

**Nature of the Case**

The defendant Kirk Shelton was convicted in January, 2005, with a restitution order entered in August of 2005. Post-judgment motions and conferences with the court have apparently taken place on a variety of issues. The moveant non-party, Robin D. Jackson, Trustee ("the Trustee") was not party to or involved in whatever court filings and discussions that may have taken place, nor could he have been, as no contact was made with the Trustee until on or about March 31, 2006. In connection with such post-judgment activity, a subpoena was served on the non-party Trustee on April 6, 2006 by the plaintiff, United States of America ("USA") (see subpoena attached as Exhibit A). The victim, Cendant Corporation ("Cendant"), has announced that it believes it has the right to both attend the Trustee's deposition and to examine at the Trustee's deposition (see correspondence from Cendant counsel dated April 14, 2006 and attached as Exhibit B).

In response, the Trustee has filed a Motion for Protective Order by even date herewith seeking orders of confidentiality as to the documents and testimony to be provided by the Trustee to the plaintiff USA and further seeking to limit

- 1 -

541326.1.

attendance at the Trustee's deposition to the USA and to the Trustee and his counsel.

### A. The CVRA ("Crime Victims' Rights Act") Does Not Permit Cendant to Attend or Participate in the Deposition of the Trustee

The Crime Victims' Rights Act ("CVRA") (18 USC § 3771) was enacted in 2004. It provides specific delineated rights for crime victims. There is no right accorded to a crime victim to attend a deposition, much less to actively participate in a deposition.

### 1. The CVRA Gives Victims Limited Rights to be Involved in "Public Court Proceedings"; a Deposition is Not a "Public Court Proceeding"

The CVRA states, in relevant part, that a crime victim has:

> (2) the right to reasonable, accurate and timely notice of any <u>public court proceeding</u>, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (3) the right not to be excluded from any such <u>public court proceeding</u>, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
>
> (4) the right to be reasonably heard at any <u>public proceeding</u> in the district court involving release, plea, sentencing, or any parole proceeding… (Emphasis added).

The CVRA is clear and unambiguous. <u>US v. Marcello</u>, 370 F.Supp. 2d 745, 748-749 (N.D. ILL. 2005) (where, in one of the few cases to construe the CVRA since its October 2004 passage, the court stated "it is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no further than those words in interpreting the statute". While proclaiming the CVRA to be clear and unambiguous, the court did go on to comment about the paucity of legislative history with respect to CVRA). A

541326.1.

- 2 -

"public court proceeding" means what it says; that is the occasion when a victim has a right to notice, attend or be heard, as the case may be.

A deposition is not a public proceeding. In fact, Local Rule of Civil Procedure 30(a) could not be more direct:

> Depositions on all examination or on written interrogatories are deemed to constitute <u>private proceedings</u> which the public is <u>not</u> entitled to attend…D. Conn. L. Civ. R. 30(a)[1]. (Emphasis added).

It should be noted that in enacting the CVRA, Congress did permit the victim to get notice of and be present at one, but only one, non-public proceeding; that is, a parole proceeding. <u>See</u> 18 USC §§ 3771(a) (2) and (4). A parole proceeding is not open to the public. 28 CFR 2.13(a)(e).

Had Congress intended victims to have a right to attend or participate in depositions, it would have conferred that right, but obviously chose not to do so. The CVRA lists eight specific categories of victims' rights, but not the right to be involved in depositions. There is no clearer statement of applicable principles of statutory construction than that of the Massachusetts Supreme Court (not coincidentally, construing the Massachusetts version of a crime victims' act):

> We do not read into legislation rights not provided. Further, 'a statutory expression of one thing is an implied exclusion of other things omitted from the statute'. While the statute provides victims with various types of assistance in understanding and dealing with the criminal justice system, it does not confer on a victim status as a party or the right to file motions such as that at issue here. If the legislature had intended otherwise, it could have done so.

<u>Hagen v. Commonwealth of Massachusetts</u>, 473 Mass. 374, 380, 772 N.E. 2d 32 (2002).

---

[1] To the extent that the present situation requires the Trustee to do so, this is a request pursuant to D. Conn. L.Civ.R. 30(a) that Cendant be excluded from the hearing room while the deposition of the Trustee is taken.

- 3 -

541326.1.

Parenthetically, the official position of the United States of America veers significantly toward corroboration of the position articulated herein by the Trustee. The relevant provisions of the Attorney General Guidelines for Victim and Witness Assistance created by the United States Department of Justice ("DOJ") specifically state that, while a victim is entitled to "notice" of post-judgment public court enforcement proceedings:

> The right to notice does not apply to non-court proceedings, such as depositions not conducted before a judge...

See Exhibit C, (pages 37-47 of the Attorney General Guidelines covering restitution, the quoted passage appearing at page 45, paragraph 4). The DOJ Guideline cited above is correct, at least insofar as it specifically rejects the notion that a victim has an unqualified right to "notice" of a deposition ("notice" not being the equivalent of "attendance", and certainly not being the equivalent of "participation").[2]

---

[2] The inference that the Attorney General Guideline suggests, that a deposition may become a "public court proceeding" if a judge is present for the deposition, is belied by the specific provisions of D. Conn. L. Civ. R. 30, itself. The DOJ Guidelines are flawed in positing (by implication) the theory that a victim has a right to notice (and presumably according to the victim, the right to attend) a deposition if it is somehow transformed into a "public court proceedings". The unambiguous directive of D. Conn. L. Civ. R. 30 and the analysis of the CVRA, supra, expose the inaccuracy of what the DOJ Guideline implies. Beyond that, and taking the DOJ Guideline to its logical conclusion, the DOJ position would invite victims to pressure US attorneys to conduct third party depositions in court in a transparent effort to transform a private deposition into a "public proceeding in a district court". Simply conducting the deposition in the geographical location of a court building would be insufficient to convert a deposition into such a "district court public proceeding". The DOJ theory would posit the presence of a judge for the duration of the deposition to create even the arguable semblance of a "public court proceeding", thereby subjecting the judiciary to the potential of direct and recurrent involvement in depositions in criminal cases.

- 4 -

541326.1.

## 2. Cendant is Not a "Party" or a "Co-Plaintiff"

Neither the CVRA nor any other restitution statute (18 USC §§ 3663, 3663A, 3664) confer party status on the victim. The statutes are devoid of such a declaration. This is consistent with the fundamental concept that

> [i]n American Jurisprudence… a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.

Linda R.S. v. Richard D., 410 US 614, 619 (1973). It is axiomatic that a prosecution is conducted in the interest of the Government.

Moreover, if party status were conferred on the victim, where would the victim's rights end? If "standing" or "party status" were conferred on the victim to participate in a deposition, would the victim then have an independent "right" to pursue related motion practice? If the victim has the "right" to appear and pose questions at a deposition, does the victim have what would seem to be the corollary "right" to independently subpoena witnesses? To serve requests for interrogatories and for production? To seek a capias if a witness does not appear? And as to any of the above, in whose name? The victim's? The Government's?

The answer is "no", the victim does not have such standing. The CVRA does not articulate a ninth right that states the victim has the right to participate in and conduct or obtain discovery.

Furthermore, the CVRA specifically states that

> …Nothing in this chapter [this section] shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

18 U.S.C. § 3771 (D)(6).

Inherent in the proposition of a victim purporting to act as a co-plaintiff is the impairment of prosecutorial discretion. The quoted language of 18 U.S.C. §

541326.1.

Beyond the absence of a proper showing of need, it should be noted that there is no provision in the CVRA that a victim has a right to obtain information for a future civil suit. Cendant has its remedies and for reasons known only to Cendant has not pursued them.

## Conclusion

There is no basis for Cendant to be present at or have access to the deposition testimony of the Trustee or any documents produced in connection with the subpoena to the Trustee. In like fashion, there is no basis for the plaintiff United States to share such information with Cendant. The trustee seeks a protective order from this court (1) denying Cendant the ability to be present at the Trustee's deposition or participate in it and (2) requiring the plaintiff United States to keep confidential the documents and testimony received from the Trustee.

ROBIN D. JACKSON, TRUSTEE

By: _____
Jeremy A. Mellitz, Esquire (#ct 09353)
His Attorney
Withers Bergman LLP
157 Church Street, P.O. Box 426
New Haven, Connecticut 06510
Telephone: (203) 789-1320
Fax: (203) 785-8127
Email: Jeremy.Mellitz@withersworldwide.com

- 9 -

541326.1

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on this 20th day of April, 2006 by facsimile and simultaneously mailed by first class mail, postage prepaid, to the following counsel, as follows:

John G. Silbermann, Jr., Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: 973.353.6094
Fax: 973.297.2010

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, NJ 0810-2098
Tel: 856.968.4930
Fax: 856.968.4917

Samuel Kadet, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
Fax: 212.735.2000

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NH, 4th Floor
Washington, DC 20005

C. Warren Maxwell
Deputy Chief US Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: 203.579.5707
Fax: 203.579.5571

Richard J. Schechter, Esq.
US attorney's Office
915 Lafayette Blvd Room 309
Bridgeport, CT 06604
Tel: 203.696.3000
Fax: 203.579.5550

541326.1

| | |
|---|---|
| Robert E. Kaelin, Esq.<br>Murtha Cullina LLP<br>CityPlace I – 85 Asylum Street<br>Hartford, CT 06103-3469<br>Tel: 860.240.6000<br>Fax: 860.240.6150 | Nicole Owens, USPO<br>United States Probation Office<br>United States District Court<br>915 Lafayette Street<br>Bridgeport, CT 06606<br>Tel: 203.579.5707<br>Fax: 203.579.5571 |
| Hope C. Seeley, Esq.<br>Santos & Seeley PC<br>51 Russ Street<br>Hartford, CT 06016<br>Tel: 860.249.6548<br>Fax: 860.724.5533 | Law Offices of Thomas P. Puccio<br>Thomas P. Puccio, Esq.<br>230 Park Avenue, Suite 301<br>New York, NY 10172<br>Tel: 212.883.6383<br>Fax: 212.883.6388 |

_____
Jeremy A. Mellitz

- 11 -

541326.1.