United States District Court
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

                Plaintiff,

v.

E. KIRK SHELTON

                Defendant.

SUBPOENA

CRIMINAL NUMBER: 03:02-264 (AWT)

TO: Shelton Children Irrevocable Trust
Robin D. Jackson, Trustee
101 Summer St.
Apartment 412
Stamford, CT 06901

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition to be recorded by stenographer in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| U.S. Attorney's Office<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | May 1, 2006 at 10:00 AM |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

| LIST DOCUMENTS OR OBJECTS: |
|---|
| All documents, including email messages, generated or received by you since January 1, 1997 regarding or related to: Mr. Edward Kirk Shelton (SSN #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); SCIP Partners, L.P.; SCIP Management Company, Inc.; 2002 Shelton Family Trust; and/or Shelton Children Irrevocable Trust. |

| PLACE | DATE AND TIME |
|---|---|
| U.S. Attorney's Office<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | April 24, 2006 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE & TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant U.S. Attorney - Attorney for Plaintiff | April 3, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| JOHN G. SILBERMANN, JR.<br>U.S. Attorney's Office, 970 Broad Street, Suite 700, Newark, NJ 07102, (973) 353-6094 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

EXHIBIT A

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |
| DECLARATION OF SERVER | | |
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.<br><br>Executed on _____<br>　　　　　　　DATE | SIGNATURE OF SERVER | |
| | ADDRESS OF SERVER | |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)　PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　　　(i) fails to allow reasonable time for compliance;
　　　　(ii) requires a person who is not a party or an officer of a party to ravel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　　　　(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or
　　　　(iv) subjects a person to undue burden.

(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person which is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　　(1) A person responding to a subpoena to product documents shall product them as they are kept in the usual course of business or shall organize them to correspond with the categories in the demand.
　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# MURTHA CULLINA LLP

A T T O R N E Y S   A T   L A W

CITYPLACE 1
185 ASYLUM STREET
HARTFORD, CONNECTICUT 06103-3469

TELEPHONE (860) 240-6000
FACSIMILE (860) 240-6150
www.murthalaw.com

ROBERT E. KAELIN
(860) 240-6036
RKAELIN@MURTHALAW.COM

April 14, 2006

<u>VIA FACSIMILE and MAIL</u>

Jeremy A. Mellitz, Esq.
Withers Bergman LLP
157 Church Street
New Haven, Connecticut 06510

    Re:    United States of America v. E. Kirk Shelton
             Case No. 03:02-264(AWT)
             <u>Deposition of Robin D. Jackson, Trustee</u>

Dear Attorney Mellitz:

       As I believe you are aware, our Firm represents Cendant Corporation ("Cendant"), the victim of the crimes committed by E. Kirk Shelton, in the above-referenced matter. It is my understanding that the deposition of your client, Robin D. Jackson, Trustee ("Mr. Jackson"), in response to the Subpoena of the United States Government, is now scheduled for 10:00 a.m. on Tuesday, May 2, 2006 at the law office of Zeldes, Needle & Cooper.

       Please be advised that Cendant, by and through its counsel, will be attending the deposition of Mr. Jackson and is reserving the right to examine Mr. Jackson if necessary. Judge Thompson could not have been clearer at the February 17th hearing in stating that he wanted input from both the Government *and* Cendant on, among other things, Mr. Shelton's financial affairs and that he was authorizing the Government *and* Cendant to proceed with collecting such information. Cendant absolutely has a right to attend the deposition. Hence, should you have an issue with Cendant attending the deposition, I would suggest you file the appropriate Motion with Judge Thompson.

                                            Very truly yours,

                                            Robert E. Kaelin

cc:    John G. Silbermann, Jr., Esq.
        Hope C. Seeley, Esq.
        Samuel Kadet, Esq.

BOSTON        HARTFORD        NEW HAVEN        STAMFORD        WOBURN

EXHIBIT B

## ARTICLE V.
## RESTITUTION

### A. Background

"The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also ensure that the *wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.*" S. Rep. No. 104-179, at 12, *reprinted in* 1996 U.S.C.C.A.N. 924, 925–26 (emphasis added). The Mandatory Victims Restitution Act of 1996 (MVRA) requires that restitution be imposed in a wide variety of circumstances and that the terms of payment "*shall be the shortest time in which full payment can reasonably be made.*" (18 U.S.C. § 3572(d)(2) (emphasis added)) Other statutes also authorize the imposition of restitution as part of a criminal sentence.

The Justice for All Act of 2004 provides that victims have the right to "full and timely restitution." (18 U.S.C. § 3771(a)(6)) This provision does not give rise to an independent basis for seeking or awarding restitution, but it underscores the sense of Congress that restitution is a critical aspect of criminal justice. Prosecutors, victim-witness coordinators, investigators, probation officers, clerks of the court, and financial litigation units all share an important role in ensuring that victims receive full and timely restitution. DOJ employees working at each stage of a criminal case—investigating, charging, negotiating plea agreements, advocating for appropriate sentences, and enforcing criminal judgments—must give careful consideration to the need to provide full restitution to the victims of the offenses and should work together as authorized by law to ensure that full and timely restitution is paid. Indeed, the responsibility to pursue restitution does not end when restitution is ordered but continues until restitution has been paid or the liability to pay restitution terminates.

This article describes some of the mechanisms for recovering full and timely restitution. Other references, including the *Prosecutor's Guide to Criminal Monetary Penalties*, may be found on USABook Online, Topic: Restitution.

### B. Statutory Framework

Restitution, as part of a criminal sentence, can be imposed only as authorized by statute. Some form of restitution is authorized for virtually every Federal offense that inflicts a recoverable loss (as described in more detail below) on an identifiable victim. Most of the procedural guidelines governing the imposition of restitution—be it mandatory or discretionary—appear at 18 U.S.C. § 3664.

1. <u>Mandatory Restitution</u>. The MVRA requires courts to impose the full amount of restitution (without regard to the defendant's economic circumstances) in most of the commonly prosecuted Federal offenses, including virtually all Title 18 property offenses and all crimes of violence. (18 U.S.C. § 3663A) The only exception to mandatory restitution is for an offense against property with respect to which the court makes a finding from facts on the record either that (a) the number of identifiable

37

**EXHIBIT C**

victims is so large that restitution is impracticable or (b) determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. (18 U.S.C. § 3663A(c)(3))

In addition to offenses covered by MVRA, restitution is also required in certain cases involving sexual abuse, child abuse, and domestic violence. (18 U.S.C. §§ 2248, 2259, 2264, 2327) Other mandatory provisions apply to failure to pay legal child support obligations (18 U.S.C. § 228(d)); peonage, slavery, and human trafficking (18 U.S.C. § 1593); and the operation of illegal methamphetamine labs and drug labs (21 U.S.C. §§ 853(q), 856(a)).

The procedures for issuing restitution under these sections now match the relevant procedures for other types of mandatory restitution and restitution under the general restitution statute. These procedures are set forth in 18 U.S.C. § 3664.

2. <u>Discretionary Restitution</u>. The general restitution statute, 18 U.S.C. § 3663, provides that a court "may order" restitution for any Title 18 offense not covered by the mandatory restitution provisions of 18 U.S.C. § 3663A(c). For drug offenses listed under 21 U.S.C. §§ 841, 848(a), 849, 856, 861, and 863, restitution may be ordered as long as the victim is not a participant.[3] Similarly, restitution may be ordered in air piracy offenses (unless they fall within the mandatory restitution provisions of 18 U.S.C. § 3663A(c)) and in any criminal case to the extent agreed to by the parties in a plea agreement. (18 U.S.C. § 3663(a))

If the sentencing court finds that the complication and prolongation of the sentencing process involved in ordering restitution outweigh the need to provide restitution to any victims, the court may decline to do so. (18 U.S.C. § 3663(a)(1)(B)(ii))

3. <u>Restitution as a Condition of Probation</u>. Restitution may also be ordered as a discretionary condition of probation and supervised release for any offense, and it is not limited in such circumstances to the offenses set forth in 18 U.S.C. §§ 3663(a) and 3663A(c)(1)(A) (offenses for which an order of full restitution is authorized). Restitution in this context expires with the term of parole or supervision. (18 U.S.C. § 3563(b)) Prosecutors should seek imposition of such a condition in appropriate cases.

**C. Considerations Affecting the Recovery of Restitution**

1. <u>Charging Decisions</u>. When exercising their discretion, prosecutors shall give due consideration to the need to provide full restitution to the victims of Federal criminal offenses. This discretion is also governed by the Principles of Federal Prosecution,

---

[3] An order of "community restitution" for certain drug offenses may be imposed in cases in which no identifiable victim exists. The amount of such community restitution will be based on the amount of the public harm caused by a defendant in accordance with guidelines promulgated by the U.S. Sentencing Commission. (18 U.S.C. § 3663(c); U.S.S.G. § 5E1.1(d))

38

which currently are published in the *United States Attorney's Manual* at § 9-27.000. Even when a Federal offense has clearly been committed for which restitution could be imposed, other considerations may lead to a decision not to charge an offense. Those considerations include, but are not limited to, whether there is a substantial Federal interest, whether the person is subject to effective prosecution in another jurisdiction, and whether there exists an adequate noncriminal alternative to prosecution.

2. Prejudgment Restraint of Assets. If a decision is made to charge an offense, prosecutors should consider whether it is appropriate to seek the prior restraint of those assets that will be subject to the court's restitution order if the defendant is convicted. An injunction prior to sentencing, whether voluntary or pursuant to a properly supported motion, may prevent the dissipation or transfer of assets for the benefit of crime victims. (*See, e.g.*, 18 U.S.C. § 1345)

3. Conferring with Victims. Victims have the reasonable right to confer with the attorney for the Government in the case. (18 U.S.C. § 3771(a)(5); *see also* 18 U.S.C. § 3664(d)(1): "[T]he attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution."))

**D. Considerations in Plea Agreements**

In all plea discussions, prosecutors must consider "requesting that the defendant provide full restitution to all victims of all charges contained in the indictment or information, without regard to the counts to which the defendant actually plead[s]." (Pub. L. No. 104-132 § 209; 18 U.S.C. § 3551 note)

1. Mandatory Restitution Offenses. Section 3663A of Title 18 mandates that restitution be ordered for crimes of violence, for offenses against property under the criminal code (unless the court makes a special finding described in subsection (c)(3) of that section), and for offenses described in 18 U.S.C. § 1365, if an identifiable victim or victims suffered a physical injury or pecuniary loss. Several other previously enacted statutes also mandate restitution: 18 U.S.C. §§ 2248, 2259, 2264, and 2327. In cases that fall under these statutes, the court is obligated to impose a restitution order.

2. Nonmandatory Restitution Offenses. Even when restitution is not mandatory, Federal prosecutors should give careful consideration to seeking full restitution to all victims of all charges contained in the indictment or information as part of any plea agreement.

3. Both Mandatory and Nonmandatory Restitution Offenses. When an indictment contains both charges for which restitution is mandatory and charges for which restitution is not mandatory, prosecutors should give careful consideration to requiring either a plea to a mandatory restitution charge or an acknowledgment by the defendant in the plea agreement that a mandatory restitution charge gave rise to the plea agreement. Either step will trigger the application of the mandatory restitution provisions of 18 U.S.C. § 3663A. (18 U.S.C. § 3663A(c)(2))

4. <u>Application of the Sentencing Guidelines</u>. Prosecutors should be mindful that the *United States Sentencing Guidelines* generally require the imposition of restitution when it is authorized by law, and prosecutors should not enter into agreements on restitution that would violate the U.S.S.G. (U.S.S.G. § 5E1.1; USAM § 9-27.410 [now published at USAM § 9-27.400 *et seq.*]) Moreover, prosecutors should recognize that anticipatory payment of restitution is a factor to be considered in determining "acceptance of responsibility." (U.S.S.G. § 3E1.1, cmt. n.1(c))

5. <u>Approval of Plea Agreements by Supervisory Attorneys</u>. Supervisory attorneys who review plea agreements (as required by the "Principles of Federal Prosecution" (USAM § 9-27.450)) and assistant U.S. Attorneys who draft plea agreements should ensure that they comply with the law and with these *AG Guidelines*. The Principles of Federal Prosecution list the factors that should be considered when determining whether to enter into a plea agreement. These factors include, among other considerations, the effect that the plea agreement will have on the victim's right to restitution. (USAM §§ 9-27.420–430)

6. <u>Other Considerations</u>. In general, plea agreements should require the following:

   a. Accounting of Economic Circumstances. A defendant must provide a complete and accurate accounting of his or her economic circumstances, including the disposition of any illegally received funds, to both the U.S. probation officer and the prosecutor.

   b. Immediate Enforceability of Criminal Penalties. Any criminal monetary penalties must be paid immediately and may be enforced immediately (prosecutors should encourage the defendant to make payment toward his restitution obligation before the imposition of sentence. (U.S.S.G. § 3E1.1, cmt. n.1(c))

   c. Prepayment of Special Assessments. In order to reduce the administrative burden imposed on the United States Attorney's Office (USAO), the Bureau of Prisons, and the clerk of the court, statutorily required special assessments should be paid prior to sentencing.

**E. Restitution Procedures**

When seeking to have restitution imposed, prosecutors must follow the procedures that are set forth in 18 U.S.C. § 3664.

1. <u>Determining the Amount of Restitution</u>

   a. List of Amounts Subject to Restitution. An attorney for the Government is statutorily required to provide promptly to the probation office upon request a

list of the amounts subject to restitution. Prosecutors should provide such a list, if appropriate, even when it is not requested.

The statute further requires the attorney for the Government to consult "to the extent practicable" with all identified victims before providing this list. (18 U.S.C. § 3664(d)) Responsible officials should contact victims directly whenever practicable. In cases in which direct contact is impracticable, such as cases involving large numbers of victims, responsible officials may publish a notice in a manner designed to reach as many victims as possible.

b.  Verification of Loss. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the Government. (18 U.S.C. § 3664(e)) Because the attorney for the Government bears this burden, the attorney should work with the investigative agent to try to verify the amount of loss claimed by each victim. After the required consultation with the victims, the attorney for the Government may make an independent determination regarding the amount of the losses that can be proved by a preponderance of the evidence and that are appropriately attributable to the defendant's criminal conduct.

c.  Restitution in the Full Amount. In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's loss without regard to the economic circumstances of the defendant. (18 U.S.C. § 3664(f)(1)(A)) In other words, even though restitution may not be mandatory, it must be ordered in full if it is to be ordered at all. Thus, for purposes of discretionary restitution under § 3663, the amount of the loss and the defendant's economic circumstances may be considered by the court on the issue of *whether* to award restitution, but those factors are irrelevant to the *amount* of restitution ordered. (18 U.S.C. § 3663(a)(1)(B)(i))

d.  Deferral of Final Determination. If the victim's or victims' losses cannot be determined at least 10 days prior to sentencing, the attorney for the Government or the probation officer should so inform the court, and a date for final determination of the losses may be set for up to 90 days after the sentencing. (18 U.S.C. § 3664(d)(5))

e.  Amended Restitution Orders. Even after a final determination of restitution, a victim may petition the court for an amended restitution order within 60 days after discovering additional losses. A showing of good cause for failure to include such losses in the initial claim is required before such an order can be granted. (18 U.S.C. § 3664(d)(5))

f.  Fine as Impairment of Restitution. A fine shall be imposed only to the extent that it would not impair the defendant's ability to make restitution to a victim other than the United States. (18 U.S.C. § 3572(b))

g.  Report of the Probation Officer. After the attorney for the Government gives the probation officer the list of the amounts subject to restitution, the probation officer is required to include in the presentence report (or another report if a presentence report is not prepared) a complete accounting of losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. Each defendant is required to provide to the probation officer with an affidavit describing his or her financial resources, including a complete list of all assets owned or controlled as of the date on which the defendant was arrested, the financial needs and earning ability of the defendant and the defendant's dependents, and such other information as the court may require. (18 U.S.C. § 3664(d)(3)) If the number or identity of the victims cannot be ascertained, or other circumstances make it impracticable for the probation officer to complete the report for the court, the probation officer will so inform the court. (18 U.S.C. § 3664(a))

h.  Notice to Victims. Probation officers are responsible for notifying all identified victims of—

   (1) The offense(s) of which the defendant was convicted.

   (2) The amounts subject to restitution that were submitted to the probation officer.

   (3) The victims' opportunity to submit information to the probation officer concerning the amount of their losses.

   (4) The scheduled date, time, and place of the sentencing hearing.

   (5) The availability of a lien in favor of the victims pursuant to 18 U.S.C. § 3664(m)(1)(B).

   (6) The victims' opportunity to complete and file with the probation officer separate affidavits (on a form provided by the probation officer) relating to the amount of their losses subject to restitution.

   The statute permits the prosecutor's office to coordinate with the probation office in making such notices, and responsible officials should assist in providing this notice in whatever way possible. Much of this information should be provided to the victim through VNS. (18 U.S.C. § 3664(d)(2))

    i. Additional Documentation. After reviewing the probation officer's report, the court may require additional documentation or hear testimony. (18 U.S.C. § 3664(d)(4)) These proceedings may be done in camera for privacy and are governed only by Fed. R. Crim. P. 32(i), chapter 227 (sentences), and chapter 232 (miscellaneous sentencing provisions). (18 U.S.C. § 3664(c))

2. <u>Payment Provisions</u>. The attorney for the Government should advocate immediate payment of restitution, unless the interests of justice require otherwise. (18 U.S.C. § 3572(d)(1)) If the court finds that the interests of justice so require, the court may provide for payment on a date certain or in installments. (18 U.S.C. § 3572 (d)(1)) If the court does not require immediate payment, the length of time over which scheduled payments are made shall be the shortest time in which full payment can reasonably be made. (18 U.S.C. § 3572(d)(2)) Except in extraordinary circumstances, prosecutors should request that the court order a payment schedule that requires a defendant to pay restitution to the full extent of his or her financial ability. Prosecutors should not agree to a payment plan that precludes enforcement pursuant to 18 U.S.C. § 3613.

3. <u>Change in Defendant's Economic Circumstances</u>. A restitution order must provide that the defendant notify the court and the Attorney General (through the United States Attorney's Office) of any material change in economic circumstances that might affect his or her ability to pay restitution. (18 U.S.C. § 3664(k)) This requirement should be in effect only for as long as the defendant remains liable for payment of restitution. Victims and the United States may also notify the court of any change in the defendant's economic condition. (18 U.S.C. § 3664(k)) After receiving notice of any material change in the defendant's economic circumstances, the U.S. Attorney's Office must then notify all of the victims of this change in circumstances and must certify to the court that the victims have been notified. After receiving this notification, the court may adjust the repayment schedule *sua sponte* or on the motion of any party. (18 U.S.C. § 3664(k))

If an incarcerated defendant who is obligated to pay restitution receives "substantial resources from any source," the defendant is required to apply the value of the resources to any unpaid restitution or fine. (18 U.S.C. § 3664(n)) During their incarceration, inmates who are liable for restitution should be encouraged to participate in programs that enhance their income and financial responsibility.

## F. Sentencing

When the court imposes a restitution obligation, the prosecutor should seek to ensure that the victims are clearly identified and that the amount due as restitution to each victim is clearly specified. If applicable, the court should also clearly specify joint and several liability and the order of distribution among victims.

Additionally, victims have the right "to be reasonably heard at any public proceeding in the district court involving . . . sentencing" (18 U.S.C. § 3771(a)(4)), which would include restitution.

When more than one defendant is liable for restitution, prosecutors should ordinarily seek the imposition of joint and several liability. (18 U.S.C. § 3664(h)) However, when the defendant had only a minimal role in the offense, the defendant has provided exceptional cooperation, or the administration of the restitution obligation would be more efficient if the extent of a defendant's liability is limited, the prosecutor may recommend to the court that liability be apportioned or limited as long as the net result is that each victim is entitled to receive full restitution from some combination of the defendants.

In limited circumstances, the court may determine that, even though full restitution is authorized, the imposition of full restitution is not required because there are too many victims or unduly complex issues of fact that outweigh the need to provide restitution. This exception does not apply to crimes of violence. (18 U.S.C. § 3663A(c)(3)) When this exception does apply, the prosecutor should nevertheless seek restitution for the benefit of the victims to the extent practicable.

If payment in full cannot be made at the date of sentencing, prosecutors should still seek to ensure that payment is made in the shortest time in which full payment can reasonably be made. (18 U.S.C. § 3572(d)(2)) Payment plans should not limit the ability of the United States or the victim to immediately and fully enforce the restitution obligation using all available remedies authorized by law.

**G. Enforcement of Restitution**

Pursuant to § 209 of MVRA, Pub. L. No. 104-132, § 209 (codified as a note under 18 U.S.C. § 3551), the Attorney General was directed to issue guidelines to ensure that "orders of restitution made pursuant to the amendments made by this subtitle [the MVRA] are enforced to the fullest extent of the law."

Restitution owed to victims of crimes is a critical part of the criminal judgment. The primary means to enforce restitution obligations are found in 18 U.S.C. §§ 3572, 3612, 3613, 3613A, 3614, 3615, 3664 and 28 U.S.C. §§ 3001–3301. In addition, State law may be used to enforce an order of restitution.

1. Enforcement by the United States. Orders of restitution imposed under MVRA must be enforced to the fullest extent of the law. Restitution owed to victims of crimes is a critical part of the criminal judgment. The Financial Litigation Units in the U.S. Attorneys' Offices should take all steps possible to help ensure that this money is collected and that victims of crime are fully compensated for their losses. All prosecutors and victim-witness coordinators should support the mission of criminal debt collection. Cooperation and coordination with the Financial Litigation Unit is in fact part of the performance appraisal of criminal assistant U.S. Attorneys.

Each U.S. Attorney must develop and maintain a memorandum of understanding or plan, which shall include a policy for addressing both the imposition and enforcement of restitution obligations. The Executive Office for United States Attorneys will provide a suggested model memorandum of understanding. The memorandum of understanding should address the role of the prosecutors, probation officers, victim-witness assistance coordinators, Asset Forfeiture Unit, and Financial Litigation Unit. Each USAO should establish a priority scheme to ensure that the most important and collectible restitution obligations receive priority attention.

2. <u>Aggressive Efforts To Enforce Restitution</u>. The liability to pay a fine or restitution issued under MVRA lasts 20 years plus any period of incarceration or until the death of the defendant. (18 U.S.C. § 3613(c)) Absent a court-ordered stay on appeal, a defendant who fails to pay restitution that is due immediately or defaults on a payment plan should be aggressively pursued for collection of the debt. Under MVRA, criminal defendants have very limited property that is exempt from seizure. The only property that is exempt from enforcement is some of the same property that is exempt from an IRS levy for taxes. (18 U.S.C. § 3613(a)(1))

3. <u>Filing of Liens</u>. An order of restitution is a lien in favor of the United States on all property and rights to property of the person fined as if it were liability for unpaid taxes. (18 U.S.C. § 3613(c)) To guarantee enforcement to the fullest extent of the law, a lien should be filed by the United States in all cases in which restitution is ordered to a non-Federal victim and not immediately paid. For Federal victims, a lien should be filed in all cases in which restitution is ordered in an amount greater than $500 and not immediately paid.

4. <u>Notice to Victims of Certain Proceedings</u>. Victims are entitled to notice of postjudgment public court enforcement proceeding. (18 U.S.C. § 3771(a)(2)) The right to notice does not apply to non-court proceedings, such as depositions not conducted before a judge, nor does the right to notice apply to uncontested motions or orders that do not require a hearing. (For example, notice is not required for the entry of an uncontested Garnishment Disposition Order, even if the local practice is that such orders are only entered when the judge is actually on the bench as opposed to in chambers). Each U.S. Attorney's Office should devise a procedure for ensuring that victims receive proper and timely notice, such as through VNS.

5. <u>Discovery of Assets</u>. Additionally, discovery of the debtor's assets should be pursued, to include, but not limited to, the following: reviewing the presentence report for asset information; requesting a financial statement or completed interrogatories from the debtor regarding assets and liabilities or, in the case of an incarcerated debtor, consulting with the assigned case manager regarding assets and liabilities; inquiring whether any victims have information about the debtor's assets; requesting asset information from the prosecutor and case agent; and researching online property-locator services available to the Financial Litigation Unit.

45

6. <u>Further Investigation</u>. In cases in which the U.S. Attorney's Office has reason to believe that the debtor may have assets based on the inquiries and research set forth above or other information, a credit report should be obtained and, where practicable, the deposition of the defendant or other parties who may have knowledge of the debtor's assets should be conducted.

7. <u>Default</u>. If it is discovered that a defendant who has defaulted on payment of restitution has the ability to pay, a default hearing under 18 U.S.C. § 3613A, or resentencing pursuant to 18 U.S.C. § 3614, should be considered. All enforcement remedies, including those under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308, should be pursued, including garnishment of the debtor's wages, execution of the debtor's nonexempt property, and filing of a fraudulent transfer action. A victim may be entitled to notice (see paragraph 4 under this subsection). A victim may also be entitled to be heard under 18 U.S.C. § 3771(a)(4) if the public proceeding is deemed to involve sentencing.

8. <u>Enforcement Proceedings</u>. All enforcement proceedings must be in accordance with the law and justice. Thus, for example, garnishments should not issue against property that is clearly exempt under 18 U.S.C. § 3613. Criminal actions for nonpayment should only be initiated when the defendant's failure to pay is willful. Enforcement actions should not be taken that will make a defendant a public charge or, absent circumstances approved by the U.S. Attorney, deprive the defendant's dependents of a residence. (A debtor is not entitled to use stolen money to provide himself a residence.) Enforcement actions should make economic and administrative sense. Victims may be entitled to notice and an opportunity to be heard in accordance with 18 U.S.C. §§ 3771(a)(2) and (a)(4) (also see paragraph 4 and 7 of this subsection).

9. <u>Enforcement for Debtors Who Are Under Supervision by the Probation Office</u>. Enforced collection remedies should only be used against debtors under the supervision of the probation office after consultation with that office.

**H. Interaction Between Restitution and Asset Forfeiture**

Government attorneys prosecuting civil or criminal forfeiture cases should assist crime victims in obtaining restitution in the following manner. If a defendant has sufficient assets to pay immediately the restitution order without using property forfeitable to the Government, the defendant must use those assets (not the forfeitable property) to satisfy the restitution order. If a defendant does not have sufficient assets to pay immediately the restitution order without using forfeitable property, however, the Government may use the procedural provisions of the forfeiture statutes to preserve and recover forfeitable property and to apply such property toward satisfaction of the restitution order.

There are essentially three manners in which the United States can use assets seized for forfeiture to satisfy a defendant's restitution obligations: petitions for remission, petitions for restoration, and, in some cases, direct transfers prior to forfeiture.

The first method for compensating victims is through a Petition for Remission. (28 C.F.R. § 9.1 *et seq.*) Petitions for Remission are submitted by each individual victim to the Department of Justice's Asset Forfeiture and Money Laundering Section (AFMLS). This option is particularly useful when there are victims of offenses that underlie civil forfeitures but no companion criminal case and, thus, no order of restitution. It is also useful in cases that involve only corporate entities.

The second method for compensating victims is through a Petition for Restoration. *Department of Justice Forfeiture Policy Directive 02-1—Guidelines and Procedures for Restoration of Forfeited Property to Crime Victims via Restitution in Lieu of Remission* allows AFMLS to restore criminally forfeited assets to victims who are named in a judicial restitution order. The U.S. Attorney's Office submits the Petition for Restoration on behalf of victims by certifying that the victims named in the court's restitution order meet the criteria for restoration under the policy. This option is particularly useful when multiple victims have incurred only economic losses, when the interest of third-party claimants must be determined, or when property would be best liquidated by using asset forfeiture procedures.

The third method for compensating victims is through the termination of forfeiture proceedings before a final order of forfeiture is entered. At the request of the United States, the district court may order that funds seized but not finally forfeited to the United States be paid to the clerk of the court toward the satisfaction of the defendant's restitution obligation. This option is particularly useful when the assets seized are liquid and when there are no third-party claimants.

**I. Limitation on Liability**

These *AG Guidelines* are issued in conformance with the statutory requirements of MVRA. Pursuant to that Act, nothing in §§ 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of Title 18 and arising out of the application of those sections, and therefore nothing in these *AG Guidelines*, shall be construed to create a cause of action not otherwise authorized in favor of any person against the United States or any officer or employee of the United States. (18 U.S.C. § 3664(p))