UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------X
                                 :
UNITED STATES OF AMERICA         :
                                 :
v.                               :   Crim. No. 3:02CR264(AWT)
                                 :
E. KIRK SHELTON                  :
                                 :
---------------------------------X

## ORDER OF RESTITUTION

In accordance with the restitution order set forth on the record at the defendant's sentencing on August 3, 2005, the defendant, E. Kirk Shelton, shall pay restitution of $3.275 billion to Cendant Corporation pursuant to 18 U.S.C. §§ 3663 and 3663A.

The defendant shall make a lump sum payment of $15 million by no later than October 24, 2005. The proceeds of that $15 million lump sum payment will be held by the Clerk's Office until such time as the defendant no longer has any right to appeal from the judgment in this case.

As to the balance of the restitution, the defendant shall make monthly payments in the amount of $2,000 on the 15th day of each month during the first 35 months following his release from imprisonment and any unpaid balance of the amount of restitution ordered shall be payable on the 15th day of the 36th month following his release from imprisonment.

EXHIBIT D

The defendant shall make checks payable to the order of the "Clerk, U.S. District Court", and checks shall be mailed or delivered to: Clerk's Office, U.S. District Court, 450 Main Street, Hartford, CT, 06103. The defendant shall write the docket number of the case on each check sent to the Clerk's Office.

Once the defendant no longer has any right to appeal from the judgment in this case, the Clerk's Office shall forward monies received to the victim at Cendant Corporation, 9 W. 57th St. New York, New York 10019, Attn: John H. Carley, Senior Vice President for Legal and Regulatory Affairs, or at such other address as may be specified by the U.S. Probation Office.

As required by 18 U.S.C. § 3664, the court arrived at the figure and schedule for restitution payments after considering the amount of the loss sustained by victims as a result of the defendant's offenses; the defendant's financial resources and other assets, including whether any of those assets are jointly controlled; the defendant's projected earnings and other income; and the defendant's financial obligations, including obligations to dependents.

In that the purpose of the restitution provision is to require restitution whenever possible, see United States v. Porter, 41 F.3d 68 (2d Cir. 1994); United States v. Broyd, 22 F.3d 441 (2d Cir. 1994), this restitution order is contingent

-2-

upon the defendant's ability to pay, and the defendant shall make full and complete financial disclosure to the United States Probation Office on at least a quarterly basis during the defendant's period of supervised release.

The defendant shall notify the court, the U.S. Attorney's Office for the District of Connecticut, the U.S. Attorney's Office for the District of New Jersey, Attn: Chief of the Civil Division, and the U.S. Probation Office in the District of Connecticut of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court notes that a victim, the government or the offender may petition the court at any time to modify this restitution order, as appropriate, in view of a change in the economic circumstances of the offender.

Nothing in this restitution order shall prevent Cendant Corporation from exercising its rights under 18 U.S.C. § 3664(m).

It is so ordered.

Dated at Hartford, Connecticut on this 12th day of August 2005.

/S/
Alvin W. Thompson
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal Action No. |
| Plaintiff, | : 3:02 CR 00264 (AWT) |
| v. | : |
| WALTER A. FORBES and<br>E. KIRK SHELTON, | : |
| Defendants. | : SEPTEMBER 16, 2005 |

MOTION FOR ORDER IN AID OF EXECUTION

Cendant Corporation ("Cendant"), the victim of the crimes committed by Defendant E. Kirk Shelton ("Defendant"), pursuant to D. Conn. L. Civ. R. 7(a)(1), made applicable herein by D. Conn. L. Cr. R. 1(c) and Fed. R. Civ. P. 69, hereby moves for an order in aid of execution of the Restitution Order entered in its favor on August 12, 2005 ("Restitution Order"). The Restitution Order and intent thereof was to enable Cendant to recover the sum of $3.275 billion to compensate it for the losses it suffered as a result of the Defendant's criminal conduct. Therefore, Cendant seeks to recover the balance of the $3.275 billion (other than as set forth in the Restitution Order) by: (1) liquidating the Defendant's known assets; (2) setting aside known transfers of the Defendant's property, or property interests, which Cendant believes are avoidable under the applicable fraudulent transfer laws; and (3) the Defendant's disclosure of all assets and asset transfer.

ORAL ARGUMENT REQUESTED

**EXHIBIT E**

Accordingly, pursuant to Conn. Gen. Stat. § 52-356(b), made applicable herein by Fed. Civ. P. 69, in furtherance of satisfying the Restitution Order, the Court should order the turn over by Defendant of following:

a. The deed to the real property located at 595 Vail Valley Drive in Vail, Colorado;

b. The deed to the real property located at 573 Middlesex Road in Darien, Connecticut;

c. The Mercedes-Benz automobile registered in the State of Connecticut with license plate identification number 718NPM;

d. All documentary evidence of the $7.5 million Irrevocable Trust that was created eight (8) days after the Defendant's first meeting with the prosecutors (See Sentencing Memorandum of The United States dated July 12, 2005, p. 54 n.21 (Doc. No. 1604-1));

e. All documentary evidence of the management group identified as "SCIP" and to which the Defendant placed his wife in control despite the admission that she had no involvement with that identity (See Sentencing Memorandum of The United States dated July 12, 2005, p. 54 n.21 (Doc. No. 1604-1));

f. All documents related to the $2 million dollars which was, following the verdict in this case, "shielded" by the transfer to Defendant's legal counsel as purported prepaid fees (See Sentencing Memorandum of The United States dated July 12, 2005, p. 54 n.21 (Doc. No. 1604-1));

g. All funds in the checking account the Defendant maintains at Bank of America;

h. All evidence of any and all property, real and personal, tangible and intangible, in which Defendant has an interest, and any and all debts and obligations owing to him (all such property, debts, and obligations being herein referred to as the "assets"), including, but not limited to, the following:

      i. <u>Bank Accounts</u>. The type of account (e.g., checking, savings, certificate of deposit); the names and addresses of the institutions where such accounts are maintained; the present balance in each such account; the account numbers.

ii. <u>Money Market Funds or Accounts</u>. The names of the money market funds or accounts; the names and addresses of the institutions where such funds or accounts are maintained; the present balance in each such fund or account; the fund or account numbers

iii. <u>Real Property</u>. The record owner(s); the location and address of the property; the legal property description; the nature of the interest in the property; the estimated market value of the Defendant's interest; the names and addresses of any lienholder on the property and the amount of such liens.

iv. <u>Stocks, Bonds, Commercial Paper and Securities (collectively, the "securities")</u>. The entities issuing the securities; the type of security, the amount of shares owned in each entity (if the securities are capital stock) or the principal amount of the securities, as the case may be; the market value of the securities; the present location of the securities; the series numbers of any stock and bond certificates.

v. <u>Accounts Receivable</u>. The names and addresses of the account debtors; the amount of the account debtors' obligations; the date on which the obligations were incurred; the dates on which such obligations became or become due.

vi. <u>Motor Vehicles, Boats, and Airplanes</u>. Description and registration number; the city or town where registered; the names and addresses of any lienholder and the amount of such liens; the estimated market value.

vii. <u>All Other Tangible and Intangible Assets Having a Value of $500 or More</u>. Description of all such assets; the location of such assets; the names and addresses of lienholders and the amount of such liens; the estimated market value.

viii. Any Evidence of Transfers of Assets, Property, or Interest Made by Defendant in the Last Ten Years.

Pursuant to D. Conn. L. Civ. R. 7(a)(1), made applicable herein by D. Conn. L. Cr. R. 1(c), Cendant submits a memorandum of law in support of this Motion.

WHEREFORE, Cendant respectfully request that the Court grant this Motion for Order in Aid of Execution.

MOVANT - CENDANT CORPORATION

By /s/ R. E. Kaelin
Robert E. Kaelin - ct11631
rkaelin@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut  06103-3469
Telephone:  (860) 240-6000
Fax:  (860) 240-6150
Its Attorneys

# CONNECTICUT PRACTICE SERIES™

## Volume 3

## CIVIL PRACTICE FORMS

### FOURTH EDITION

By

**JOEL M. KAYE**
Of the Connecticut Bar

and

**WAYNE D. EFFRON**
Of the Connecticut Bar

Forms 404.1 to 707.10

**THOMSON**
———★———™
**WEST**

Mat. # 40039336

EXHIBIT F

COMPLAINTS, PETITIONS     Form 704.21

**Restraints on Alienation**

Owners of a cooperative apartment may impose restraints on the right to alienate those apartments if the provisions are stated unequivocally and serve a legal and useful function, i.e., the reasonable protection of the financial and social integrity of the cooperative as a whole. Jones v. O'Connell, 189 Conn. 648, 458 A.2d 355 (1983).

**Statute of Limitations**

Although C.G.S.A. § 52–577 enunciates a three-year statute of limitations for fraud, Virginia Corporation v. Galanis, 223 Conn. 436, 613 A.2d 274 (1992) holds that the equitable defense of fraudulent conveyance may be asserted after the period has expired.

The failure of the perpetrator of a fraud involving a vendor-vendee relationship to disclose his or her deceit will not toll the applicable statute of limitations. Fichera v. Mine Hill Corporation, 207 Conn. 204, 541 A.2d 472 (1988). Cf. C.G.S.A. § 52–595.

**Emotional Distress**

A plaintiff in a fraud action can recover for emotional distress. Crowther v. Guidone, 183 Conn. 464, 441 A.2d 11 (1981); Miller v. Appleby, 183 Conn. 51, 438 A.2d 811 (1981); Kilduff v. Adams, Inc., 219 Conn. 314, 593 A.2d 478 (1991).

### Cross References

Form 605.2. Debt on judgment, fraud in its recovery, with counterclaim.

Form 305.20. Note induced by fraud.

Form 704.21. By creditor to reach property fraudulently conveyed.

Form 704.22. By creditor to reach property of debtor conveyed without consideration.

Form 704.27. To annul deed for fraud.

### Law Journal Commentaries

The stock corporation act—A review. Samuel S. Cross (Dec. 1966) 40 C.B.J. 564.

**Research References:**

C.J.S. Vendor and Purchaser § 660, 680.
West's Key No. Digests, Fraud ⇔40; Vendor and Purchaser ⇔341(2), 349.

# Form 704.21

## By Creditor to Reach Property Fraudulently Conveyed

1. At all times hereinafter mentioned the defendant [*name*], hereinafter referred to as the defendant owner, was indebted to the plaintiff in the sum of $_____ for [*state basis of indebtedness*].

2. On or about [*date*] the defendant owner transferred to the defendant [*name*], hereinafter referred to as the defendant transferee,

553

certain property [*describe*] with the intent of avoiding the plaintiff's debt or of hindering its collection.

3. The defendant transferee knew that the defendant owner was indebted to the plaintiff, and in accepting the conveyance knowingly aided, abetted and conspired with the defendant owner for the purpose and intent aforesaid.

4. The conveyance deprived the defendant owner of sufficient means to satisfy his indebtedness to the plaintiff.

The plaintiff claims

1. Damages.

2. That the conveyance be set aside and be declared to be null and void as to the plaintiff.

(P.B.1963, Form 185; P.B.1978, Form 704.21; see Gen.Stat., § 52–552a.)

## AUTHORS' COMMENT

### Uniform Fraudulent Transfer Act

Enacted in 1991, the Uniform Fraudulent Transfer Act includes the following provisions:

### Fraudulent Transfers or Incurring of Obligations

1. A transfer made or obligation incurred by a debtor is fraudulent as to a present or future creditor if the creditor's claim arose before the transfer was made or the obligation incurred, and if the debtor made the transfer or incurred the obligation: (a) with actual intent to hinder, delay or defraud; or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (i) was engaged or about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due. C.G.S.A. § 52–552e.

2. A transfer or incurring of obligation is also fraudulent as to present creditors if the debtor is insolvent at the time of the transfer or obligation or becomes insolvent as a result thereof. C.G.S.A. § 52–552f(a).

3. With certain exceptions set forth in C.G.S.A. § 52–552i(f), a fraudulent transfer also occurs if the transfer was made to an "insider", as defined in C.G.S.A. § 52–552b(7), for an antecedent debt, the debtor was insolvent and the insider had reasonable cause to believe that the debtor was insolvent. C.G.S.A. § 52–552f(b).

### Remedies

Under the Act, a creditor may obtain the following remedies: (a) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (b) a prejudgment remedy under Chapter 903a of the General Statutes; (c) an

COMPLAINTS, PETITIONS    **Form 704.21**

injunction; (d) appointment of a receiver; and (e) any other relief the circumstances may require. C.G.S.A. § 52–552h(a).

If a transfer is voidable under the Act, the creditor may recover judgment for the value of the asset transferred [determined as of the date of transfer, see § 52–552i(c)] or the amount necessary to satisfy the creditor's claim, whichever is less. C.G.S.A. § 52–552i(b). However, notwithstanding the voidability of a transfer, a good faith transferee or obligee is entitled, to the extent of the value given, to (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; or (c) a reduction in the amount of liability on the judgment. C.G.S.A. § 52–552i(d).

A judgment may be entered against (1) the first transferee of the asset or the person for whose benefit the transfer was made, or (2) any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee. C.G.S.A. § 52–552i(b).

**Limitation of Action**

The following periods of limitation are set forth in C.G.S.A. § 52–552j:

(a) If the transfer was made or the obligation incurred with the intent to hinder, delay or defraud the creditor, the action must be brought within four years after the transfer was made or the obligation incurred, or, if later, within one year after the transfer was or could reasonably have been discovered by the claimant.

(b) If the debtor was engaged in a business or transaction for which the remaining assets would be unreasonably small or the debtor intended to incur debts beyond his ability to pay as they became due and did not receive reasonably equivalent value, the action must be brought within four years after the transfer was made or the obligation incurred.

(c) When the claimed fraudulent transfer was to an "insider" under the Act, the action must be brought within one year after the transfer was made or the obligation incurred.

Note that these limitations do not apply when the assertion of fraudulent conveyance is made as an equitable defense. See Virginia Corporation v. Galanis, 223 Conn. 436, 613 A.2d 274 (1992), in which a defendant/lienor in a foreclosure action was permitted, after the date on which that defendant's affirmative right of action to set aside the conveyance would have expired, to assert that the foreclosing mortgage was actually a fraudulent conveyance with respect to its lien against the subject property.

**Common Law Supplements the Act**

The Uniform Fraudulent Conveyance Act is to be supplemented by existing principles of law and equity, to the extent they are not displaced by the Act. C.G.S.A. § 52–552k.

**Burden of Proof; Standard of Proof**

The burden is on one seeking to set aside a conveyance as fraudulent to prove the allegations of the complaint by clear and convincing evidence. Tessitore v. Tessitore, 31 Conn.App. 40, 623 A.2d 496 (1993).

555

**Form 704.21**          PROPERTY

**Damages Against Transferee Limited to Value of Property Conveyed**

For a case standing for the captioned proposition, see Crepeau v. Gronager, 41 Conn.App. 302, 675 A.2d 1361 (1996).

**Bankruptcy of Debtor/Transferor Stays Action**

See Krondes v. O'Boy, 69 Conn.App. 802, 796 A.2d 625 (2002), holding that a fraudulent conveyance action is in essence an action against the debtor, not just against the transferee, and that as such, it is stayed by the filing of the debtor's bankruptcy proceedings. A plaintiff would therefore need to seek relief from the stay in the Bankruptcy Court in order to pursue the fraudulent conveyance action.

**Decisions in Other Jurisdictions are Persuasive**

More than a decade prior to the adoption of the Uniform Fraudulent Conveyance Act by Connecticut's legislature, our Supreme Court indicated that it would look to that Act and decisions of other jurisdictions thereunder in determining the reach of Connecticut's law of fraudulent conveyance. See D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 429 A.2d 908 (1980). Faced with cases of the first impression arising under the Act in Connecticut, counsel should consider *D.H.R. Construction* both an invitation and a warning that relevant precedent elsewhere will be persuasive here. Such an approach is consistent with C.G.S.A. § 52-552*l*, which provides that the provisions of the Act "shall be applied and construed to effectuate their general purpose to make uniform the law with respect to the subject of said sections among states enacting them."

### Cross References

C.G.S.A. § 52-552a. Uniform fraudulent transfer act (short title).

C.G.S.A. § 52-552b. Definitions.

C.G.S.A. § 52-552c. Insolvency.

C.G.S.A. § 52-552d. Value.

C.G.S.A. § 52-552e. Transfers fraudulent as to present and future creditors.

C.G.S.A. § 52-552f. Transfers fraudulent as to present creditors.

C.G.S.A. § 52-552g. When transfer is made or obligation is incurred.

C.G.S.A. § 52-552h. Remedies of creditors.

C.G.S.A. § 52-552i. Defenses, liability and protection of transferee.

C.G.S.A. § 52-552j. Extinguishment of cause of action.

C.G.S.A. § 52-552k. Supplementary provisions.

C.G.S.A. § 52-552*l*. Uniformity of application and construction.

Form 305.20. That note was induced by fraud.

Form 605.2. Debt on judgment, fraud in its recovery, with counterclaim.

Form 704.20. Fraud in sale of property.

Form 704.21-A. Defense of transferee in action to set aside fraudulent conveyance

Form 704.27. Annul deed for fraud.

**Law Journal Commentaries**

Alimony and allowances,

Part A. Victor M. Gordon (June 1953) 27 Conn.B.J. 180.

Part B. Victor M. Gordon (Sept. 1953) 27 Conn.B.J. 282.

Attachable estates. (1956) 30 Conn.B.J. 176.

The Death of Liability (1996) Lynn M. LoPucki, 106 Yale L.J. 1.

State judgments obtained by fraud, relief in Federal courts. (1945) 54 Yale L.J. 687.

Statutory regulation of assignments for the benefit of creditors. (1938) 47 Yale L.J. 944.

Suits by representatives to set aside fraudulent conveyances. (Jan. 1936) 45 Yale L.J. 504.

**Research References:**

West's Key No. Digests, Fraudulent Conveyances ⚷258.

# Form 704.21-A

## Defense of Transferee in Action to Set Aside Fraudulent Conveyance

1. The defendant, [name of transferee], accepted the conveyance referred to in the complaint from the defendant, [name of debtor], in good faith and for a reasonably equivalent value.

[OR]

1. The transfer to the defendant, [name of transferee], alleged in the complaint resulted from termination of a lease upon default of the defendant, [name of debtor], which termination was pursuant to the lease and applicable law.

[OR]

1. Subsequent to the transfer by the defendant, [name of debtor], to the defendant, [name of transferee], said defendant [name of transferee] gave new value

to the defendant, [name of debtor]

[OR]

to _____, for the benefit of [name of debtor],

and said new value was not secured by any lien.

[OR]

1. The transfer alleged in the complaint was made to the defendant, [name of transferee], in the ordinary course of business [OR] the financial affairs of the defendant, [name of debtor] and said [name of transferee].

**Form 704.21–A**     PROPERTY

*[OR]*

1. The transfer alleged in the complaint was made to the defendant, [*name of transferee*], pursuant to a good-faith effort to rehabilitate the defendant, [*name of debtor*], and the transfer secured present value given for that purpose as well as an antecedent debt of said [*name of debtor*].

### AUTHORS' COMMENT

See C.G.S.A. § 52–552i, and Authors' Comment, Form 704.21.

**Research References:**

West's Key No. Digests, Fraudulent Conveyances ⚷266.

# Form 704.22

## By Creditor to Reach Property Conveyed Without Consideration

1. At all times hereinafter mentioned the defendant [*name*], hereinafter referred to as the defendant owner, was indebted to the plaintiff in the sum of $_____ for [*state basis of indebtedness*].

2. On [*date*] the defendant owner transferred to the defendant [*name*], hereinafter referred to as the defendant transferee, certain property [*describe*] without consideration and with the intent to prevent it from being taken by legal process and with the intent of thereby defrauding the plaintiff and preventing him from securing payment of his indebtedness.

3. The conveyance deprived the defendant owner of sufficient means to satisfy his indebtedness to the plaintiff.

The plaintiff claims

1. Damages.

2. That the conveyance be set aside and be declared null and void as to the plaintiff.

(P.B.1963, Form 186; P.B.1978, Form 704.22.)

### AUTHORS' COMMENT

**Uniform Fraudulent Conveyance Act**

See Authors' Comment, Form 704.21, and C.G.S.A. § 52–552a, et seq.

**Historical Perspective**

It was held long ago that, as against a claim that a conveyance was fraudulent, it is insufficient that a spouse purchased the land innocently unless

COMPLAINTS, PETITIONS          Form 704.22

he or she gave valuable consideration. It was further said in the same case that it was not enough that the spouse gave valuable consideration unless he or she purchased innocently. Peerless Mfg. Co. v. Goehring, 131 Conn. 93, 38 A.2d 5 (1944).

Another case holding a conveyance to a wife via a strawman void was O'Neill v. Kilduff, 81 Conn. 116, 70 A. 640 (1908). For still another see Clarke v. Black, 78 Conn. 467, 62 A. 757 (1906).

An even earlier case held the conveyance of all the property of an insolvent person, in consideration of love and affection, to be constructively fraudulent against a subsequent creditor. Redfield v. Buck, 35 Conn. 328 (1868).

**Fraudulent Conveyance—Dissolution of Marriage—Transfer Prior to Entry of Pendente Lite Orders**

In Molitor v. Molitor, 184 Conn. 530, 440 A.2d 215 (1981), a husband in arrears on his temporary alimony and child support payments conveyed his interest in the family home to a third party as trustee for his children, for no consideration. As a consequence he was rendered insolvent. HELD: The conveyance is fraudulent. The court rejected the husband's argument that because he conveyed the property antecedent to the entry of the pendente lite orders, the trial court lacked jurisdiction to hear the fraudulent conveyance issue.

**Cross References**

Form 305.20. That note was induced by fraud.

Form 605.2. Debt on judgment, fraud in its recovery, with counterclaim.

Form 704.20. Fraud in sale of property.

704.21. By Creditor to Reach Property Fraudulently Conveyed.

704.21-A. Defense to action to set aside fraudulent conveyance.

Form 704.27. Annul deed for fraud.

C.G.S.A. § 52-552a. Uniform fraudulent transfer act (short title).

C.G.S.A. § 52-552b. Definitions.

C.G.S.A. § 52-552c. Insolvency.

C.G.S.A. § 52-552d. Value.

C.G.S.A. § 52-552e. Transfers fraudulent as to present and future creditors.

C.G.S.A. § 52-552f. Transfers fraudulent as to present creditors.

C.G.S.A. § 52-552g. When transfer is made or obligation is incurred.

C.G.S.A. § 52-552h. Remedies of creditors.

C.G.S.A. § 52-552i. Defenses, liability and protection of transferee.

C.G.S.A. § 52-552j. Extinguishment of cause of action.

C.G.S.A. § 52-552k. Supplementary provisions.

C.G.S.A. § 52-552*l*. Uniformity of application and construction.

**Law Journal Commentaries**

Alimony and allowances
    Part A. Victor M. Gordon. (June 1953) 27 Conn.B.J. 180.
    Part B. Victor M. Gordon. (Sept. 1953) 27 Conn.B.J. 282.