IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| Plaintiff | : | NO.: 03:02-264 (AWT) |
| v. | : | |
| | | |
| E. KIRK SHELTON | | |
| | | |
| Defendant | : | April 27, 2006 |

**REPLY MEMORANDUM OF LAW OF ROBIN D. JACKSON, TRUSTEE TO CENDANT'S 4/26/06 MEMORANDUM OF LAW IN OPPOSITION TO ROBIN D. JACKSON'S MOTION FOR PROTECTIVE ORDER**

The non-party, Robin D. Jackson, Trustee (the "Trustee") respectfully submits this Reply Memorandum of Law in response to the April 26, 2006 Memorandum in Opposition ("Cendant Memorandum") filed by Cendant Corporation ("Cendant") in response to the Trustee's April 20, 2006 Motion for Protective Order and accompanying memorandum (collectively, "the Jackson Motion").

In the interest of brevity, the Trustee will not respond point-by-point to the Cendant Memorandum. However, several observations are appropriate.

To begin with, Cendant has ignored virtually all of the legal issues and policy considerations raised in the Jackson Motion. One must assume that the

**ARGUMENT REQUESTED**

- 1 -

542487.1.

absence of an objection by Cendant to those points and issues is due to an assessment that the Trustee's discussion of those points and issues is correct.

Beyond that, Cendant places great reliance on certain past comments of this Court with respect to Cendant playing some sort of active role in information-gathering (Cendant Memorandum, pages 5-8).  Even if those comments rose to the level of "rulings" (which the Trustee does not believe to be so), the Court has the inherent authority to review and reassess its earlier decisions.  The Trustee has raised substantial legal issues not previously considered by this Court; as a result, the existence of the Court's earlier comments is no impediment to consideration of the issues raised by the Trustee, nor do the Court's prior comments bind the Court to a direction in which the Court had been headed at the time in the absence of the issues raised in the Jackson Motion.

Contrary to Cendant's accusations (Cendant Memorandum, p. 4.), the Trustee is not hindering anything[1]; subject to a confidentiality agreement with the plaintiff United States of America, the Trustee has in fact promptly provided hundreds of pages of documents in response to a government subpoena and has expressed his willingness to appear for and testify at a deposition.  Furthermore, the baseless accusation that "Jackson's Motion is a further attempt to delay the proceedings and thwart both the words and intent of the CVRA" (Cendant Memorandum, page 4) utterly ignores the fact that the Trustee

---

[1] The Trustee, it should be noted, has been brought into this litigation only in the last four weeks or so.  There is no question but that the Trustee has been timely and prompt in his court filings.

- 2 -

542487.1.

has raised legitimate, serious and substantial legal and public policy issues regarding the CVRA in the Jackson Motion.

Full restitution has already been ordered by this Court. The CVRA "right to full and timely restitution as provided in law" [18 USC §3771(a)(6)] affords a victim the opportunity to pursue its various remedies pursuant to 18 USC §3664(m) and other statutory and common law avenues of redress. Cendant has such avenues of redress currently available to it (see Jackson Motion, pages 7-9). There is nothing in the CVRA to support the claim that "full and timely restitution" is a basis for the victim to become a co-plaintiff with the government.

In similar fashion, the CVRA "right to proceedings without further delay" [18 USC § 3771(a)(7)] does not render the victim a co-plaintiff. If anything, it would appear that if the government was involved in substantial "foot dragging", the victim might then have an opportunity to petition the Court to review the situation. See March 9, 2006 transcript, pp. 13-14 (attached).

The Trustee is unaware of any present claim of government "foot dragging".

Cendant's claim of a right to effectively participate as a co-plaintiff with the government in this matter (Cendant Memorandum, page 1, ff) raises other issues in addition to that which has already been highlighted in the Jackson Motion. If a victim has a "right" to appear at a deposition pursuant to the CVRA, assume that there are, say, thirty victims. If one victim has the right to appear at a deposition, all victims must have that right. In like fashion, if one victim has the right to ask questions at a deposition, all victims must have that right.

542487.1.

Taken to its logical conclusion, Cendant's position thus leads to a result which is not even hinted at in the CVRA, appears nowhere else in the law (to the Trustee's knowledge) and which would lead to bizarre and unacceptable results.

In addition, the claimed right to participate as a co-plaintiff ignores the fact that the Fair Debt Collection Practices Act ("FDCPA") (18 USC § 3663A, 3664) specifically and exclusively empowers the government to pursue restitution collection action. While other statutory and common law vehicles (noted elsewhere) exist for the victim, the FDCPA authorizes only the United States of America to act in connection with the terms of the statute. The FDCPA does not confer standing on private parties to join with the government. A contrary finding would open the floodgates to results not contemplated by that statute.

As a final observation, in a patent attempt at "guilt by association", Cendant has attempted to paint a distorted picture that, with the filing of the Motion for Protective Order, the Trustee and his counsel are acting in concert with defendant Shelton to "hinder" and "delay", to circumvent the process" and to "ensure Cendant's [alleged] powerlessness" (Cendant Memorandum, page 4, 5 and 8).

There is no good faith basis for such an accusation. Rather than taking the most cynical view of such verbiage, the Trustee would prefer to think the Cendant has merely blended and projected its dislike of Shelton onto the Trustee, albeit that the Trustee is a non-party. In any event, as noted above,

the Trustee has raised legitimate and significant issues and no baseless "smear" can or ought to change that.

ROBIN D. JACKSON, TRUSTEE

By: _____
Jeremy A. Mellitz, Esquire (#ct 09353)
His Attorney
Withers Bergman LLP
157 Church Street, P.O. Box 426
New Haven, Connecticut 06510
Telephone: (203) 789-1320
Fax: (203) 785-8127
Email: Jeremy.Mellitz@withersworldwide.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on this 27th day of April, 2006 by facsimile and simultaneously mailed by first class mail, postage prepaid, to the following counsel, as follows:

John G. Silbermann, Jr., Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: 973.353.6094
Fax: 973.297.2010

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NH, 4th Floor
Washington, DC 20005

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, NJ 0810-2098
Tel: 856.968.4930
Fax: 856.968.4917

C. Warren Maxwell
Deputy Chief US Probation Officer
United States Probation
157 Church Street, 22nd Floor
New Haven, CT 06510
Tel: 203.579.5707
Fax: 203.579.5571

Samuel Kadet, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
Fax: 212.735.2000

Richard J. Schechter, Esq.
US attorney's Office
915 Lafayette Blvd Room 309
Bridgeport, CT 06604
Tel: 203.696.3000
Fax: 203.579.5550

542487.1.

| | |
|---|---|
| Robert E. Kaelin, Esq.<br>Murtha Cullina LLP<br>CityPlace I – 85 Asylum Street<br>Hartford, CT 06103-3469<br>Tel: 860.240.6000<br>Fax: 860.240.6150 | Nicole Owens, USPO<br>United States Probation Office<br>United States District Court<br>915 Lafayette Street<br>Bridgeport, CT 06606<br>Tel: 203.579.5707<br>Fax: 203.579.5571 |
| Hope C. Seeley, Esq.<br>Santos & Seeley PC<br>51 Russ Street<br>Hartford, CT 06016<br>Tel: 860.249.6548<br>Fax: 860.724.5533 | Law Offices of Thomas P. Puccio<br>Thomas P. Puccio, Esq.<br>230 Park Avenue, Suite 301<br>New York, NY 10172<br>Tel: 212.883.6383<br>Fax: 212.883.6388 |

_____
Jeremy A. Mellitz

542487.1.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           No. 3:02CR264(AWT)

     vs.

E. KIRK SHELTON,
                               HARTFORD, CONNECTICUT
              Defendant    MARCH 9, 2006

- - - - - - - - - - - - - - - x


**TELEPHONIC MOTION HEARING**


BEFORE:

    HON. ALVIN W. THOMPSON, U.S.D.J


                            Corinna F. Thompson, RPR
                            Official Court Reporter

|           |    |                                                                      |
|-----------|----|----------------------------------------------------------------------|
|           | 1  | United States shall enforce orders of restitution.                   |
| 12:18:16  | 2  | THE COURT: Are you reading any particular                            |
|           | 3  | subsections?                                                         |
| 12:18:24  | 4  | MR. SILBERMANN: Yes, Your Honor.                                     |
| 12:18:58  | 5  | If you could skip ahead, the easiest place to                        |
|           | 6  | see it is in the Justice for All Act just passed in the              |
|           | 7  | fall of '04, I believe. It's 18 U.S.C. 3771. And that's              |
|           | 8  | linked up with restitution and what it says under 3771(c),           |
|           | 9  | Officers and employees of the Department of Justice and              |
|           | 10 | other departments in the agencies of the United States               |
|           | 11 | engaged in the protection, investigation --                          |
| 12:19:31  | 12 | THE COURT: Why don't you not bother reading it.                      |
|           | 13 | Everybody else will in due course and I'll look at my copy           |
|           | 14 | right now.                                                           |
| 12:19:43  | 15 | MR. SILBERMANN: Let me see if that actually                          |
|           | 16 | does it. I'm sorry, Your Honor.                                      |
| 12:19:46  | 17 | Our obligation to ensure that the policy                             |
|           | 18 | provisions of (a) are afforded to the victim including the           |
|           | 19 | right to timely restitution -- the right to full and                 |
|           | 20 | timely restitution. 3771(a)(6). It's one of those things             |
|           | 21 | where we assume it to be true, but I'm sure it's here,               |
|           | 22 | Your Honor.                                                          |
| 12:20:22  | 23 | THE COURT: Okay. Are there regulations that                          |
|           | 24 | have been promulgated?                                               |
| 12:20:30  | 25 | MR. SILBERMANN: Yes, Your Honor. I looked                            |

```
                1   those up.  I think what those regs provide for essentially
                2   is that if a victim feels that a civil
                3   Assistant U.S. Attorney like myself is not engaging in his
                4   best efforts to collect restitution, that the victim can
                5   complain, and there's an Assistant to handle complaints
                6   with the main Justice, Department of Justice in
                7   Washington.
12:20:52        8           THE COURT:  Okay.
12:20:53        9           MR. SILBERMANN:  That I think applies in
               10   egregious instances where there is clearly some asset to
               11   be executed against and the Assistant doesn't do that.
12:21:03       12           MR. PUCCIO:  Judge, Tom Puccio again.
12:21:14       13           THE COURT:  Yes, Mr. Puccio.
12:21:17       14           MR. PUCCIO:  I think I understand the import of
               15   that section.  I guess at some point I'll take a look at
               16   it.
12:21:24       17           That is designed for a situation, I would
               18   suspect, Your Honor, where the victim needs the assistance
               19   of the Justice Department.  This is so clearly
               20   inappropriate for the government to be involved in this
               21   thing when you have this array of legal talent here
               22   representing a well-healed victim who's aggressively
               23   pursuing this.
12:21:48       24           MR. SILBERMANN:  The problem there, Mr. Puccio,
               25   is that the victim's rights -- and this is what I said on
```