IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　Plaintiff<br>v.<br>E. KIRK SHELTON<br>　　　　　　　　Defendant | CASE NO: 3:02 CR 00264 (AWT)<br><br>May 3, 2006 |

### ROBIN D. JACKSON, TRUSTEE'S MOTION FOR STAY PENDING APPEAL

The movant Robin D. Jackson, Trustee ("Trustee") respectfully moves for a stay pending appeal by the Trustee to the United States Court of Appeals for the Second Circuit of the District Court's order with respect to the Trustee's Motion for Protective Order dated April 20, 2006.

### PRELIMINARY STATEMENT

The Trustee provided documents to plaintiff United States of America (the "Government") in connection with the Government's subpoena dated April 3, 2006. The documents were provided to the Government on the express written condition that neither the documents, nor their contents, should be disclosed to third parties unless and until there was a <u>final non-appealable</u> court order ("Nondisclosure Condition") to the contrary. To date, it is the Trustee's understanding that the

### ARGUMENT REQUESTED

543379.1.

1

Government continues to abide by the Nondisclosure Condition which was the basis upon which delivery of said documents to the Government was predicated.

In like fashion, the Trustee indicated that he would in fact attend a deposition and answer questions posed by the Government in connection with the April 3, 2006 subpoena, so long as the deposition testimony was not conducted in the presence of third parties and was not shared with third parties. The position was thereafter taken by Cendant Corporation ("Cendant") that, as the victim of crimes committed by the captioned defendant Kirk Shelton, Cendant had the right to such information and documents and to attend and participate in the deposition, which prompted the Trustee's Motion for Protective Order.

Through its Clerk, this Court has announced that it intends to deny the Trustee's Motion for Protective Order, although a memorandum of decision with respect to the order has not yet been released.

At this point, the Trustee does not know the bases upon which the Court will deny its Motion for Protective Order. The Trustee does intend to take an appeal from the order of this Court. For the reasons set forth below, the Trustee respectfully moves for a stay of the Court's order pending the appeal. If this Court is unwilling to enter a stay pending appeal, the Trustee respectfully moves for a temporary stay to permit the Trustee the opportunity to seek and obtain a stay from the Second Circuit, which the Trustee will pursue expeditiously. As more fully set

543379.1

2

forth below, if this Court does not grant a stay pending appeal, or at least grant a temporary stay permitting the Trustee to seek to obtain a stay pending appeal from the Second Circuit, the Government may feel it is in a position to release documents and information provided to it by the Trustee to third parties, despite the Nondisclosure Condition upon which the delivery of the information and documents to the Government was based, to the prejudice of the Trustee.

### A. The Denial of the Trustee's Motion for Protective Order is Appealable Under the Collateral Order Doctrine

Denial of the Motion for Protective Order properly triggers review by the Second Circuit under the umbrella of the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under that doctrine, the Circuit Court may review an order if the order: (1) "conclusively determines the disputed question"; (2) "resolves an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on

543379.1

3

appeal from a final judgment". Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988).[1]

This Court's impending Order will conclusively determine Cendant's role in the instant litigation, the extent to which Cendant may have the right to have access to subpoenaed information or testimony of the Trustee and the extent to which Cendant will be able to act as a virtual co-plaintiff in the instant litigation. These, in turn, are clearly important issues (both as to this case, as well as of wider import in construing new federal legislation) separate from the merits of the action, the action itself being about the convicted defendant, Kirk Shelton. Finally, an appeal will be rendered moot and effectively unreviewable (1) because the Trustee is a non party and (2) because disclosure of information and documents to Cendant and permitted participation by Cendant as a virtual co-plaintiff prior to a determination by the Second Circuit will effectively render an appeal the legal equivalent of closing the proverbial barn door after the cows have left.

---

[1] This case also satisfies the appealability requirements of the "Perlman rule" [Perlman v. United States, 247 U.S. 7, 13 (1918)]. See Gill v. Gulfstream Park Racing Association, Inc., 399 F. 3d 391 (2005):

> …[t]his appeal fits the classic Perlman mold: appellants are third parties; the District Court is in possession of the documents and has ordered that the documents in question be unsealed and turned over to the plaintiff and his new counsel, who may 'use those documents in any appropriate manner'; the appellants have no control over the documents, which have been filed with the court, and thus are 'powerless to avert the mischief of the order', Perlman, 247 U.S. at 13, 38 S. Ct. 417; and unless immediate appeal is granted, the identifies of the informants would become public knowledge, 'rendering an end-of-case appeal nugatory…'

Gill v. Gulfstream Park Racing Association, Inc., 399 F. 3d at 398.

4

543379.1.

**B. The Within Case Satisfies the Four Criteria for Issuance of a Stay Pending Appeal**

The standard for granting a stay in the District Court is the same four-pronged standard as applies in the Court of Appeals.  See Connecticut Hospital Association v. O'Neill, 863 F. Supp. 59, 61 (D. Conn. 1994).

The standard for issuance of stay pending appeal in the Second Circuit involves consideration of four factors:

(1) Whether the movant will suffer irreparable injury absent a stay;

(2) Whether a party will suffer substantial injury if a stay issued;

(3) Whether the movant has demonstrated 'a substantial possibility, though less than a likelihood, of success' on appeal; and

(4) The public interests that may be affected.

Dubose v. Pierce, 761 F. 2d 913, 920 (2d Cir. 1985); LaRouche v. Kezer, 20 F. 3d 68, 72 (2d Cir. 1994).

    1.    **Irreparable Harm**

A bell, once rung, cannot be unrung.  If, prior to the conclusion of a Second Circuit appeal, Cendant is permitted access to documents and testimony provided by the Trustee to the Government, or is permitted to act effectively as "co-plaintiff"

543379.1.

5

with the Government as to the Trustee with respect to discovery, the Trustee will be irreparably harmed in that, even if successful on appeal, the prohibitions sought by the Motion for Protective Order will have been allowed to occur.  Analogous to other situations involving property or objects (other than real estate or other immoveable assets), "once the property is released from the Court's control, the Court is powerless to effectuate any remedy". United States v. 66 Pieces of Jade, 760 F. 2d 970, 973 (9th Cir. 1985).  However, "the court's control over the res can be protected by a stay of the District Court's judgment pending appeal." Id.

2. **No "Substantial Injury"**

As for the second prong, whether a "party" will suffer "substantial injury", there has been no showing that this will occur.  At this stage, the Trustee is simply seeking to maintain the status quo with respect to the role of Cendant and information sharing as to Cendant, Cendant being a non-party victim with respect to the Shelton criminal case.  There will be no substantial injury suffered by the Government, which is the party, if a stay is issued, as the requested stay would not preclude the Government from continuing to obtain information from the Trustee, nor would the stay preclude the Government from deposing the Trustee.  The status quo which would be maintained would be the Government continuing to maintain confidentiality as to such documents, information and the deposition.

543379.1.

### 3. There is, at a Minimum, a "Substantial Possibility" for Success on Appeal

The basis of the Trustee's Motion for Protective Order was largely with respect to the newly-minted Crime Victim's Rights Act of 2004 ("CVRA"), 18 USC §3771. The CVRA was enacted in October of 2004 and has been only limitedly construed in a handful of cases around the country. Against the backdrop of the CVRA, the instant case presents various issues of first impression not just in the Second Circuit, but anywhere in the country.

The Trustee has presented legitimate, logical and well reasoned arguments analyzing the CVRA and its application to the within matter. In the legal vacuum existing as a result of the absence of any guiding precedent, that the construction and application of the CVRA urged by the Trustee is in some measure, and perhaps in all measures, correct, is (fairly stated) at least as likely as it is not likely.

A "probability" is tantamount to a preponderance standard, which quantifiably is something in excess of 50% (for present purposes call it 51%) ("more likely than not"). A "substantial possibility" must then, by definition, be something less than a probability (or the Second Circuit standard would be a "probability") and therefore must be quantifiably no more than 50% (and perhaps more reasonably something in the nature of, say, 40 to 50%). The "stay" standard does not require the "probability/preponderance" standard; it only requires a

543379.1.

7

"substantial possibility" standard. In light of the issues and arguments raised by the Trustee and in light of the absence of any guiding precedent, much less any precedent to the contrary, it is fair to say that the Trustee has at least a 50-50 chance of success on appeal---thus at least, and probably more than, satisfying the "substantial possibility" test for a stay.

### 4. No Substantial Public Interests are at Stake

As noted above and in the Trustee's Motion for Protective Order (and Reply Brief dated April 27, 2006), a stay does not preclude the Government from pursuing information and documents; it would only maintain the status quo in preventing their disclosure to third parties, including Cendant, pending an appeal. Additionally, as noted in the Trustee's moving papers and reply brief, Cendant has alternative means for procuring information in which it may have an interest, including the filing of a civil lawsuit(s) of its own. Thus, no legitimate public interest will be injured if the requested stay is granted.

**WHEREFORE**, the non-party movant Trustee respectfully requests that this

543379.1.

8

Court enter a stay with respect to the within matter in accordance with the above.

                              ROBIN D. JACKSON, TRUSTEE

                              By: _____
                              Jeremy A. Mellitz, Esquire (CT 09353)
                              His Attorney
                              Withers Bergman LLP
                              157 Church Street, P.O. Box 426
                              New Haven, Connecticut  06510
                              Telephone: (203) 789-1320
                              Fax: (203) 785-8127
                              Jeremy.Mellitz@withersworldwide.com

543379.1.

CERTIFICATION

    This is to certify that a copy of the foregoing was sent on this 3rd day of May, 2006 by facsimile to the following counsel, as follows:

John G. Silbermann, Jr., Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: 973.353.6094
Fax: 973.297.2010

James McMahon, Esq.
Fraud Section
US Department of Justice
1400 New York Ave., NH, 4th Floor
Washington, DC 20005

Norman Gross, Esq.
United States Attorney's Office
U.S. Courthouse and Federal Building
401 Market Street, 4th Floor
Camden, NJ 0810-2098
Tel: 856.968.4930
Fax: 856.968.4917

C. Warren Maxwell
Deputy Chief US Probation Officer
United States Probation
157 Church Street, 22d Floor
New Haven, CT 06510
Tel: 203.579.5707
Fax: 203.579.5571

Samuel Kadet, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
Tel: 212.735.3000
Fax: 212.735.2000

Richard J. Schechter, Esq.
US attorney's Office
915 Lafayette Blvd Room 309
Bridgeport, CT 06604
Tel: 203.696.3000
Fax: 203.579.5550

Robert E. Kaelin, Esq.
Murtha Cullina LLP
CityPlace I – 85 Asylum Street
Hartford, CT 06103-3469
Tel: 860.240.6000
Fax: 860.240.6150

Nicole Owens, USPO
United States Probation Office
United States District Court
915 Lafayette Street
Bridgeport, CT 06606
Tel: 203.579.5707
Fax: 203.579.5571

543379.1

10

|  |  |
|---|---|
| Hope C. Seeley, Esq.<br>Santos & Seeley PC<br>51 Russ Street<br>Hartford, CT 06016<br>Tel: 860.249.6548<br>Fax: 860.724.5533 | Law Offices of Thomas P. Puccio<br>Thomas P. Puccio, Esq.<br>230 Park Avenue, Suite 301<br>New York, NY 10172<br>Tel: 212.883.6383<br>Fax: 212.883.6388 |

_____
Jeremy A. Mellitz

543379.1.

11