UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| v. | : | |
| WALTER A. FORBES and<br>E. KIRK SHELTON, | : | |
| Defendants. | : | MAY 4, 2006 |

CENDANT CORPORATION'S OPPOSITION TO THE MOTION TO STAY

The Trustee's motion for a stay should be promptly denied. A comparison between the Trustee's cited authority, Connecticut Hospital Association v. O'Neill, 863 F. Supp. 59, 61 (D. Conn. 1994), and the circumstances here demonstrates that the motion fails to satisfy the first two requirements of that case, at the very least.

1.   No Irreparable Injury to the Trustee

The issue is the disclosure to Cendant of information regarding the Shelton related trust(s) through document delivery and by participation in the Trustee's deposition. That information is not some trade secret whose disclosure will negate its value. Indeed, it has been and/or will be produced to the Government. Finally, Cendant will agree to a confidentiality order which will limit the information's disclosure to the purpose of recovering those funds to which Cendant is lawfully entitled. A proposed order in that regard is attached for the Court's consideration.

2. <u>Substantial Injury to Cendant</u>

Further delay in allowing Cendant access to the relevant information will substantially aggravate the injury already caused to Cendant, namely the continued dissipation of Mr. Shelton's assets. Certain fundamental facts underscore the point:

(a) The restitution order was entered on August 12, 2005.

(b) At the February 17, 2006 hearing (page 12), the Court expressed the importance of Cendant's role in the information gathering process and the Court's concern as to the then recently disclosed inappropriate transfer (Shelton's interest in the Vail condominium):

> And I make that decision [the decision that the Court needs to be the one who decides on transfers] with input and notice to, and input from the government and the victim, i.e. Cendant, the beneficiary of the restitution order, because I think had that been in place, we would not be in a situation where the government's lien [on the condominium] was filed subsequent to the transfer.

(c) Cendant is the direct beneficiary of two federal statutes: the <u>Crime Victims' Rights Act</u>, 18 U.S.C. § 3771, and the <u>Mandatory Victims' Rights Act</u>, 18 U.S.C. §§ 3663, <u>et. seq.</u> Additional delay in securing information will allow Mr. Shelton and his allies to further hide and dissipate those assets to which Cendant is entitled pursuant to these statutes and the corresponding order of this Court.

CENDANT CORPORATION

By    /s/ Francis J. Brady
   Francis J. Brady – ct04296
   fbrady@murthalaw.com
Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut  06103-3469
Telephone:  (860) 240-6000
Fax:  (860) 240-6150
Its Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent to the following individuals via Facsimile and United States Mail, First Class, Postage Prepaid, on May 4, 2006 as noted below:

<u>Counsel For The U.S. Government</u>

James McMahon, Esq.
Richard J. Schechter, Esq.
Norman Gross, Esq.
John Silbermann, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101

<u>Counsel for Trustee</u>

Charles Matays, Esq.
Matays & Kretschmann
271 Madison Avenue, Suite 705
New York, NY 10016

Jeremy A. Mellitz, Esq.
Withers Berman LLP
157 Church Street
New Haven, CT 06510

<u>Counsel For E. Kirk Shelton</u>

Hope C. Seeley, Esq.
Hubert Santos, Esq.
Santos & Seeley, PC
51 Russ Street
Hartford, CT 06106

Law Offices of Thomas P. Puccio
Thomas P. Puccio, Esq.
230 Park Avenue, Suite 301
New York, NY 10172

Richard Schaeffer, Esq.
Andrew Kanter, Esq.
Dornbusy Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, NY 10017

          /s/ Francis J. Brady
    Francis J. Brady – ct04296