UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
: 
UNITED STATES OF AMERICA :
:
: No. 3:02 CR 264 (AHN)
v. :
: July 13, 2006
WALTER A. FORBES :
:
         Defendant. :
:
---------------------------------------------------------- x

**OPPOSITION OF NON-PARTIES COSMO CORIGLIANO AND
KRAMER LEVIN NAFTALIS & FRANKEL LLP TO WALTER
FORBES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE TO ISSUE RULE 17(C) SUBPOENAS**

    KRAMER LEVIN NAFTALIS & FRANKEL LLP
    Gary P. Naftalis
    Alan R. Friedman
    Eric A. Tirschwell
    J. Wells Dixon
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

    -and-

    JACOBS, GRUDBERG, BELT,
      DOW & KATZ, P.C.
    Ira B. Grudberg
    350 Orange Street
    New Haven, Connecticut 06511
    (203) 772-3100

    Attorneys for Cosmo Corigliano

Apparently not satisfied that he has had a sufficient opportunity to make his arguments in extensive briefing and during several hours of oral argument to the Court, Forbes now asks for permission to file an additional six-page memorandum with respect to his application to re-issue subpoenas for documents relating to Mr. Corigliano. (*See* Forbes Third Trial Motion No. 4, July 7, 2006 filing.) The application should be denied first and foremost because it is nothing more than an improper attempt to get in the "last word" and further burden the Court with additional legal argument on a point that cannot seriously be in dispute – i.e., that *Nixon* imposes as one of the three hurdles for issuance and enforcement of a Rule 17(c) subpoena that the documents sought be "admissible" at trial.

Forbes' application and supplemental memorandum also should be rejected because, ironically, the argument he attempts to make is really a concession. In his opening papers, Forbes argued that Judge Thompson's adoption of an "admissibility" standard was erroneous and that he should be allowed to use Rule 17(c) subpoenas "to procure documents that could provide the good faith basis for cross-examination questions, *even if the document itself is inadmissible*." (Br. 5 (emphasis added).) Now he concedes that the law requires that the document be at least "potentially admissible," but quibbles about whether admissibility must be determined "definitively" or just with some reasonable degree of likelihood prior to authorizing the issuance of or enforcing a Rule 17(c) subpoena. This quibble misses the point.

Our argument on admissibility is *not* that the proposed subpoenas fail simply because virtually all if not all the documents Forbes seeks are only "potentially" or "arguably" admissible; our argument is that the proposed subpoenas fail most obviously because they demand documents that are simply inadmissible (such as letters and notes written by Mr. Corigliano's attorneys that were not adopted or signed by him). Forbes' contrary suggestion that

1

this Court should authorize him to re-issue previously quashed subpoena demands on a flimsy showing of "potential" admissibility should be rejected out of hand, particularly since he fails to meet his burden of establishing a viable theory of admissibility even though – unlike most defendants – he is able to draw on two prior trials, thousands of pages of examination transcripts of Mr. Corigliano, and exhaustive exploration of all of the potential collateral issues he again continues to seek to parade before the jury.

Finally, Forbes' proposed filing should be rejected because, notwithstanding his attempt to put before this Court some introductory dictum in *United States v. Libby*, 2006 WL 1453084 (D.D.C. May 26, 2006), that case: (a) clearly holds that "the Supreme Court in *Nixon* has made clear that documents should only be produced pursuant to Rule 17(c) if they are *admissible*," *id.* at *(emphasis in original); rejected demands for documents where the Court could not "understand under what theory" such documents "would be admissible," *id.* at *11; and upheld demands where, for example, the documents "*clearly* will be admissible," *id.* at *7 (emphasis added), or "will *undoubtedly* be admissible," *id.* at *13 (emphasis added). These holdings are fully consistent with the Order of this Court, adopting Judge Thompson's Order of November 1, 2005, requiring that any additional subpoenas call only for "documents that *will be admissible* into evidence." (Emphasis added.)

                                                Respectfully submitted,

                                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Gary P. Naftalis
                                                Gary P. Naftalis (ct 24510)
                                                Alan R. Friedman (ct 14926)
                                                Eric A. Tirschwell (ct 25626)
                                                J. Wells Dixon (ct 22932)
                                                1177 Avenue of the Americas

          New York, New York 10036
          (212) 715-9100

          -and-

          JACOBS, GRUDBERG, BELT,
            DOW & KATZ, P.C.

          By: _____
            Ira B. Grudberg (ct 00178)
            350 Orange Street
            New Haven, Connecticut 06511
            (203) 772-3100

          Attorneys for Cosmo Corigliano

Dated: July 13, 2006