UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02CR00264 (AWT) |
| | : | |
| v. | : | August 4, 2006 |
| | : | |
| E. KIRK SHELTON | : | |

## UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATION IN VAIL AND TO HIDE HIS REQUEST FROM HIS VICTIM

The United States opposes defendant Shelton's latest request to vacation in Vail, Colorado for the reasons set forth below:

1. The Court granted the defendant permission to go to Colorado for business purposes. While the schedule set forth in the defendant's motion refers to a business purpose, it is obvious that the primary purpose of this trip is a family vacation at Vail, not business in Denver, since defendant will spend virtually all of his time in Vail.

2. The Government objects to the defendant's expenditure of funds for the purpose of a Vail vacation. As part of his sentence, a sentence imposed more than one year ago, the defendant is required to pay $3.2 billion in restitution to Cendant. He is unlikely to ever be in a position to pay this amount in full. Thus, the defendant essentially is spending Cendant's money to fund a Vail vacation. He is doing nothing more than sending the bill for his vacation to the people whom he has already been convicted of defrauding.

3. The Government objects to the defendant's expenditure of funds for a vacation because the defendant has yet to fully comply with the Court's August 12, 2005 restitution order. That order required the defendant to pay a lump sum of $15 million in cash to the Court. Instead

of paying the full amount in cash, as required, the defendant made a partial cash payment and a partial payment of Cendant stock, which has dropped in value. The Court has now ordered the defendant to make an additional payment to make up for the shortfall. The Government objects to the defendant's expenditure of funds for a vacation at a time when he has yet to comply with the Court's August 12, 2005 order.

    4. The Government objects to Shelton's request to seal his current motion to vacation from Cendant, the victim of his crime.[1] Moreover, since the motion papers do not mention the name of the company that employs Shelton, there is no reason to seal the motion papers from anyone, let alone the victim of his criminal conduct. Significantly, the motion papers make no mention of how Shelton intends to use any money he receives from his new employer. Previously, the Government requested in February 2006 that these funds be provided to the victim of his crime. In any event, the current motion and the Government's response should not be hidden by Shelton from the victim as the Court is required to "make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." 18 U.S.C. § 3771(b).

    5. The Government objects to the defendant's late filing of this motion. The defendant waited until five days before the start of his proposed trip before he filed this motion. The defendant certainly knew of this trip long before August 3, 2006. Unfortunately, the defendant has followed a pattern of filing these travel motions at the last minute in a calculated effort to

---

[1] The United States requests permission from the Court to provide Shelton's motion papers to Cendant's counsel so that the victim of Shelton's crime will have an opportunity to be heard prior to the Court's ruling on Shelton's current vacation request. See, Crime Victims' Rights, 18 U.S.C. § 3771.

evade full consideration of the motions by the Court, the Government, Cendant and the Probation Office.

6. Finally, the Government finds it ironic that the defendant would brazenly propose a vacation at the Vail condominium. As the Court will no doubt recall, this condominium, that Shelton now gleefully describes as "the condominium owned by his wife," is the same property the defendant originally owned, then posted for bail and then transferred to his wife in an attempt to evade seizure of the property by the Government and Cendant.

In short, the defendant's proposed Vail vacation is another attempt by the defendant to thumb his nose at the Court and his victim and to make a mockery of the Court's August 12, 2005 restitution order.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    Special Attorney
    U.S. Department of Justice

    /s/ Norman Gross

    By: NORMAN GROSS
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24933

    /s/ James McMahon

    By: JAMES MCMAHON
    Special Attorney
    U.S. Department of Justice
    Federal Bar No. 24062

/s/ Richard J. Schechter

By:  RICHARD J. SCHECHTER
Special Attorney
U.S. Department of Justice
Federal Bar No. 24238

Dated: August 4, 2006
Bridgeport, Connecticut

Certificate of Service

The undersigned certifies that on this day I caused to be served copies of the foregoing upon the following via email:

    Hope C. Seeley, Esq.
    Counsel for E. Kirk Shelton
    hseeley@santos-seely.net

    Thomas P. Puccio, Esq.
    Counsel for E. Kirk Shelton
    tpuccio@lotpp.com

/s/ Richard J. Schechter
Richard J. Schechter
Special Attorney
U.S. Department of Justice

Dated: August 4, 2006
Bridgeport, Connecticut