## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
——————————————————— x
                            :
UNITED STATES OF AMERICA    :
                            :
                            :
                            :   No. 3:02 CR 264 (AHN)
              v.            :
                            :   October 10, 2006
WALTER A. FORBES            :
                            :
              Defendant.    :
                            :
——————————————————— x
```

### OPPOSITION OF NON-PARTY COSMO CORIGLIANO TO WALTER FORBES' MOTION FOR PERMISSION TO FILE THE ATTACHED SUBPOENA AND THE MEMORANDUM EXPLAINING THE ADMISSIBILITY OF THE WITNESS TESTIMONY SOUGHT *EX PARTE* AND UNDER SEAL (Forbes Third Trial Motion No. 16)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis
Alan R. Friedman
Eric A. Tirschwell
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

-and-

JACOBS, GRUDBERG, BELT,
    DOW & KATZ, P.C.
Ira B. Grudberg
350 Orange Street
New Haven, Connecticut  06511
(203) 772-3100

Attorneys for Cosmo Corigliano

Non-party Cosmo Corigliano respectfully submits this memorandum in opposition to the October 6, 2006 motion of Walter Forbes for Permission to File the Attached Subpoena and the Memorandum Explaining the Admissibility of the Witness Testimony Sought *Ex Parte* and Under Seal, Docket No. 2483 (Forbes Third Trial Motion No. 16).

## ARGUMENT

On October 6, 2006 – the last filing day before opening statements – Forbes filed Third Trial Motion No. 16, almost word-for-word identical to his September 8, 2006 Third Trial Motion No. 15, requesting permission again to submit his arguments *ex parte* and under seal in support of his request to issue yet another subpoena. While the Court noted in connection with the first such *ex parte* subpoena application that it was only "one subpoena and one witness,"[1] this most recent filing makes plain that, if allowed, there will likely be an unlimited number of such *ex parte* submissions.

This request -- like the prior one -- threatens to undermine the bases for the Court's March 31, 2006 Order.[2]  One of the principal reasons this remedial Order was issued originally by Judge Thompson was to give *notice* to the adverse parties. *See* Order of November 11, 2005, at 11 (requiring "notice to the government and, if Forbes is aware of the identity of the person being served with the subpoena, to that person's counsel"); *id.* at 12 (requiring, with respect to

---

[1] Sept. 12, 2006 Hearing Transcript: 9:18-9:24.

[2] Forbes' filing may not even comply with this Court's March 31, 2006 Order.  This Court's March 31, 2006 Order, among other things, requires that counsel file a signed certification which states that the subpoena "calls for documents that will be admissible into evidence – indicating generally what category of admissible evidence." March 31, 2006 Order at 1.  While Forbes' motion states that it seeks documents ("Mr. Forbes hereby moves for permission to file. . .the Memorandum explaining the admissibility of the documents sought") (Motion at 1, emphasis added), his certification only mentions that "it calls for a witness to appear to testify to matters within his or her personal knowledge in the third trial of Mr. Forbes" and makes none of the required representations regarding the documentary evidence apparently sought by the subpoena.

"any" Corigliano-related subpoenas, "notice to the government and to counsel for Mr. Corigliano"). As we pointed out in our last opposition which we attach hereto and incorporate by reference, Judge Thompson wanted to ensure that Forbes' factual and legal representations got tested by the adversarial process because he was "not comfortable relying on representations of counsel for defendant." *See* Opposition Of Non-Party Cosmo Corigliano To Walter Forbes' Motion To Amend The Court's Order Governing The Issuance Of Rule 17(c) Subpoenas, filed September 13, 2006 ("September 13 Motion") (attached hereto as Exhibit 1) and Ruling on Forbes' Retrial Motion No. 12, at 1 (October 28, 2005) (attached as Exhibit A thereto). When Forbes' subpoena requests were tested by the adversarial process, of course, opposing counsel pointed out numerous factual and legal errors and misstatements, and the Court quashed the overwhelming majority of the abusive subpoenas. But if future subpoena recipients and the documents sought are set out in *ex parte* submissions, the adversarial process will no longer serve as a check on Forbes and there will be no mechanism in place to prevent Forbes from serving abusive subpoenas based on incomplete or erroneous factual representations.

Subverting the orderly motion practice created by the March 31, 2006 Order will also increase inefficiency. "Where the subpoenaed party brings a motion to quash or modify, the court must reconsider the *Nixon* standard in determining whether 'compliance with the subpoena would be unreasonable or oppressive.'" *United States v. Beckford*, 964 F. Supp. 1010, 1028 (E.D. Va. 1997) (citation omitted). Since that would be the case here, even if the Court were to allow Forbes to make an initial, *ex parte* showing, his proposed modified procedure would simply compound and protract the burden on the Court and the litigants, who later would be forced to move to quash. The result would be a repeat of precisely the same oppressive and wasteful Rule 17(c) motion practice that the Court's remedial Order was intended to avoid.

2

Forbes also reuses the exact boilerplate language of his prior *ex parte* motion (No. 15) to assert that a normal filing of the "attached Subpoena, and the Memorandum explaining the admissibility of the documents sought . . . reveals defense strategies, theories and investigation." (Forbes Trial Motion No. 15 & 16, at 1). This rote assertion is not credible. Forbes previously attempted to issue, in this trial alone, 150+ Rule 17(c) demands relating to Mr. Corigliano, litigated a hard-fought eight month trial which included an 11-day cross-examination of Mr. Corigiliano, and then a retrial, with a second cross-examination of Mr. Corigliano spanning an additional 5 days. After expending enormous resources over a period of many years trying to dent Mr. Corigliano's credibility, Forbes cannot seriously claim -- although he does -- that days before the third trial, he had an epiphany and came up with a second witness whose very identity would prove so unexpected that it must remain secret to protect his trial strategy.

In addition, as explained in detail in Mr. Corigliano's prior Opposition Memorandum to Forbes' first attempted *ex parte* application for an additional subpoena (attached here), Forbes' latest application lacks any on-point or persuasive legal support. *See* September 13 Motion, at *3-5.[3]

## **CONCLUSION**

For all of these reasons, Forbes' Motion for Permission to File the Attached Subpoena and the Memorandum Explaining the Admissibility of the Witness Testimony Sought *Ex Parte* and Under Seal should be denied.

---

[3] The timing of Forbes' request also creates the danger that Forbes' new "*ex parte*" witness may be known to one or more of the jurors – raising the specter of further trial complications.

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____

      Gary P. Naftalis (ct 24510)
      Alan R. Friedman (ct 14926)
      Eric A. Tirschwell (ct 25626)
      1177 Avenue of the Americas
      New York, New York 10036
      (212) 715-9100

-and-


JACOBS, GRUDBERG, BELT,
   DOW & KATZ, P.C.

By: _____

Ira B. Grudberg (ct 00178)
350 Orange Street
New Haven, Connecticut  06511
(203) 772-3100


Attorneys for Cosmo Corigliano

4

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
―――――――――――――――――――――――― x
                                  :
UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :   No. 3:02 CR 264 (AHN)
              v.                  :
                                  :
                                  :   September 13, 2006
WALTER A. FORBES                  :
                                  :
              Defendant.          :
                                  :
―――――――――――――――――――――――― x
```

## OPPOSITION OF NON-PARTY COSMO CORIGLIANO TO WALTER FORBES' MOTION TO AMEND THE COURT'S ORDER GOVERNING THE ISSUANCE OF RULE 17(C) SUBPOENAS, DOCKET NO. 2195 (FORBES THIRD TRIAL MOTION NO. 14)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis
Alan R. Friedman
Eric A. Tirschwell
J. Wells Dixon
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

-and-

JACOBS, GRUDBERG, BELT,
    DOW & KATZ, P.C.
Ira B. Grudberg
350 Orange Street
New Haven, Connecticut  06511
(203) 772-3100

Attorneys for Cosmo Corigliano

Non-party Cosmo Corigliano respectfully submits this memorandum in opposition to the September 8, 2006 motion of Walter Forbes to Amend the Court's Order Governing the Issuance of Rule 17 Subpoenas, Docket No. 2195 (Forbes Third Trial Motion No. 14).[1]

### ARGUMENT

Having failed, after full adversary briefing and several hours of oral argument, to persuade this Court to allow him to re-issue even a single one of his 150+ proposed Rule 17(c) demands relating to Mr. Corigliano (not to mention additional failed demands as to other entities), it is perhaps not surprising that defendant Forbes now seeks permission to argue *ex parte* and in secret for permission to serve additional subpoenas. But if there were ever a case where a defendant should *not* be permitted to make secret, *ex parte* submissions in support of applications to serve additional Rule 17(c) document subpoenas, this is it.

In rejecting an analogous attempt by defendant Forbes during the 2005 trial to bolster his repeatedly losing arguments on Corigliano-related Rule 17(c) subpoena issues by supplementing his briefing with a secret, *ex parte* 17-page memorandum, Judge Thompson wrote:

> Based on the court's experiences in this case . . .the court is not comfortable relying on representations of counsel for defendant Forbes where counsel for the parties and/or non-parties whose interests are adverse to those of defendant Forbes have not had an opportunity to review and/or respond to those representations.

---

[1] To the extent Forbes' simultaneously filed Motion for Permission to File the Attached Subpoena and the Memorandum Explaining the Admissibility of the Records Sought *Ex Parte* and Under Seal (Forbes Third Trial Motion No. 15) (September 8, 2006) concerns a proposed subpoena relating to Mr. Corigliano, Mr. Corigliano opposes that motion as well for the reasons stated herein.

1

Ruling on Forbes' Retrial Motion No. 12, at 1 (October 28, 2005) (attached as Exhibit A hereto).

One of the principal reasons for Judge Thompson's remedial Order entered several days later (on

November 1, 2005), and since adopted in full by this Court, was to require not just advance

certification for any additional Rule 17(c) subpoenas, but also *notice* to the adverse parties and

thus prompt adversarial testing, particularly with respect to Corigliano-related subpoenas. *See*

Order of November 1, 2005, at 11 (requiring "notice to the government and, if Forbes is aware of

the identity of counsel of the person being served with the subpoena, to that person's counsel");

*id.* at 12 (requiring, with respect to "any" Corigliano-related subpoenas, "notice to the

government and to counsel for Mr. Corigliano"). As we noted in our Rule 17(c) memorandum to

this Court, Judge Thompson's findings in this regard and his decision not to rely on Forbes' *ex*

*parte* representations were well-founded based on the documented history at the time of Forbes

misstating the record and misrepresenting his intentions, all in connection with the litigation of

Rule 17(c) subpoena demands and other disputed issues.[2] And the rationale behind the remedial

procedure for Rule 17 subpoenas first adopted in 2005 – and in particular its notice provision – is

only strengthened by the fact that the record is now, after a second trial, significantly more

voluminous and complicated and the case has been transferred to a different judge.

Forbes' most recent application also should be rejected because it is predicated on

a fatuous premise: that the Court's eminently reasonable remedial procedures would force him to

"prematurely disclose contemplated defense evidence or potential areas of cross-examination of

government witnesses." Mot. at 2. For more than three years, Forbes, the government and

---

[2] *See* Opposition of Cosmo Corigliano and Kramer Levin dated April 17, 2006, at 4 & nn. 2-3. *See also* Amended Memorandum of Law In Support of Non-Parties Cosmo Corigliano and Kramer Levin Naftalis & Frankel LLP to Quash Rule 17(c) Subpoenas and for Remedial Relief, at pp. 46-48 (October 7, 2005) (attached as Exhibit J to April 17, 2006 Corigliano/Kramer Levin exhibits).

witnesses have litigated the propriety of Forbes' numerous subpoena demands in the open.

Many hundreds of pages of briefing have been filed and innumerable oral arguments have been

held – including extensive discussion about the limits of Forbes' rights to challenge Mr.

Corigliano's testimony – without compromising Forbes' trial strategy.  In addition, there has

already been an eight month trial against Forbes, including an 11-day cross-examination of Mr.

Corigliano, and then a retrial, with a second cross-examination of Mr. Corigliano spanning an

additional 5 days.  Under these circumstances, with Forbes' strategy with respect to discrediting

Mr. Corigliano so fully developed, the Court should reject his recycled conclusory assertion that

his "trial theories and strategies" are at risk if he is forced to continue to justify his requests for

any additional subpoenas in an open, adversarial context.

> Equally dispositive, Forbes' application lacks any on-point or persuasive legal

support.  Forbes points to nothing in Rule 17(c)(2) – and there is nothing – that would authorize

such a procedure.  As "authority" for his proposed procedure, Forbes can muster only a "*cf.*" cite

to Rule 17(b) (which authorizes an *ex parte* application by an indigent defendant seeking

issuance of a *testimonial* subpoena) and a few "*see also*" cites to cases where parties were

granted limited permission to seek issuance of pretrial subpoenas for documents on an *ex parte*

basis.  Mot. at 2-3.[3]  But these cases are controversial at best: as stated in one of them, "the

---

[3] *Citing United States v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997); *United States v. Reyes*, 162 F.R.D. 468 (S.D.N.Y. 1995).  Forbes also cites *United States v. Meriwether*, 486 F.2d 498, 505-06 (5th Cir. 1973), which concerned an indigent defendant's request for *ex parte* issuance of trial subpoenas for testimony under Rule 17(b).  As noted, subsection (b) of Rule 17, unlike subsection (c), expressly permits such a procedure to ensure that indigent defendants have the same ability to subpoena witnesses for testimony on an *ex parte* basis as non-indigent defendants (like Forbes) have under Rule 17(a).  The *Meriwether* case in fact supports our argument here, as that court found no prejudice, notwithstanding that the government violated Rule 17(b)'s *ex parte* procedure by its presence during defendant's oral application for trial subpoenas, in principal part because "this was not the first, but the second trial of the same charges against the

weight of authority disfavors *ex parte* applications under Rule 17(c)." *Tomison*, 969 F. Supp. at

595. *See also, e.g., United States v. Najarian*, 164 F.R.D. 484, 488 (D. Minn. 1995); *United*

*States v. Hart*, 826 F. Supp. 380, 382 (D. Colo. 1993).

    Moreover, the decisions cited by Forbes that allowed an *ex parte* application for

issuance of a pretrial subpoena did so on the explicit assumption that adversely affected parties

would later have the opportunity to bring and openly litigate motions to quash to ensure that the

subpoena demands satisfy *Nixon. See Reyes*, 162 F.R.D. at 471 ("a subpoenaed party or one

whose legitimate interests are affected by a subpoena may move to quash the subpoena after it

issues, and a court may then review the subpoena and apply the *Nixon* standards to insure that the

subpoena is not being used as an additional discovery device"); *Beckford*, 964 F. Supp. at 1028

("Rule 17(c) provides an alternative check on the judicial issuance of a pre-trial subpoena *duces*

*tecum* – a motion to quash or modify by the subpoenaed party. Where the subpoenaed party

brings a motion to quash or modify, the court must reconsider the *Nixon* standard in determining

whether 'compliance with the subpoena would be unreasonable or oppressive.'") (citation

omitted). Since that will be the case here, even if the Court were to allow Forbes to make an

initial, *ex parte* showing, his proposed modified procedure would simply compound and protract

the burden on the Court and the litigants, who later would be forced to move to quash. The

result would be a repeat of precisely the same oppressive and wasteful Rule 17(c) motion

practice that the Court's remedial Order was intended to avoid.

    In addition, the inapposite decisions cited by Forbes authorize *ex parte*

applications for pretrial subpoenas only in "exceptional circumstances." *Beckford*, 964 F. Supp.

---

defendant" and thus the identities of most of the defense witnesses were already known to the
government. 486 F.2d at 506-07.

at 1030. While some courts have defined such "exceptional circumstances" to include concerns about "divulg[ing] trial strategy, witness lists or attorney work-product," *id.* at 1028, 1030, the better-reasoned view, expressed by a recent unanimous decision of the Massachusetts Supreme Court (reviewing and applying federal precedent interpreting Fed. R. Crim. P. 17 to the similar state rule), is that "[a]n *ex parte* motion will be entertained *only* in circumstances where the defendant has demonstrated (1) a reasonable likelihood that the prosecution would be furnished with information incriminating to the defendant which it otherwise would not be entitled to receive; or (2) a reasonable likelihood that notice to a third party could result in the destruction or alteration of the requested documents." *Commonwealth v. Mitchell*, 444 Mass. 786, 797, 831 N.E.2d 890, 898 (2005) (emphasis added). More to the point, and rejecting the very bases put forth by Forbes here, the Justices of the Massachusetts Supreme Court further held that:

> An *ex parte* motion for the pretrial production of documents cannot be made on the basis that notice to the Commonwealth will reveal trial strategy or work product or might disclose client confidences. Adding the latter grounds as justifications for *ex parte* consideration would create a loophole that could not be contained, because matters of trial strategy, work product, and client communications are involved in almost every case where a rule 17(a)(2) motion might be filed. The *ex parte* procedure could then become the norm and not the exception, something the rule was never intended to permit.

*Id.* Forbes' rote invocations of "trial strategy" here, if allowed to justify unlimited secret, *ex parte* applications for additional Rule 17(c) subpoenas, would open the door to just the sort of uncontainable loophole that the *Mitchell* court warned against.

5

## CONCLUSION

For all of these reasons, Forbes' Motion to Amend the Court's Order Governing the Issuance of Rule 17 Subpoenas should be denied.

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
     Gary P. Naftalis (ct 24510)
     Alan R. Friedman (ct 14926)
     Eric A. Tirschwell (ct 25626)
     1177 Avenue of the Americas
     New York, New York 10036
     (212) 715-9100

-and-

JACOBS, GRUDBERG, BELT,
   DOW & KATZ, P.C.


By: _____
     Ira B. Grudberg (ct 00178)
     350 Orange Street
     New Haven, Connecticut  06511
     (203) 772-3100

Attorneys for Cosmo Corigliano

Dated: September 13, 2006

6

KL3 2541926 2

# Exhibit A

Case 3:02-cr-00264-AWT    Document 2488    Filed 10/10/2006    Page 15 of 16
Case 3:02-cr-00264-AHN    Document 2458-2    Filed 09/13/2006    Page 1 of 2
Case 3:02-cr-00264-AWT    Document 1907    Filed 10/28/2005    Page 1 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------
UNITED STATES OF AMERICA,    )
                             )
v.                           )    Criminal No. 3:02CR00264(AWT)
                             )
WALTER A. FORBES             )
------------------------------

## RULING ON FORBES' RETRIAL MOTION NO. 12

(Motion for Permission to File the Attached Supplemental
Memorandum in Opposition to Motions to Quash Rule 17(C) Subpoenas
Filed by Cosmo Corigliano, Kramer Levin Naftalis & Frankel LLP,
Anne Pember, Casper Sabatino, Kevin Kearney, Cendant and Fried,
Frank, Harris, Shriver & Jacobson LLP Ex Parte and Under Seal)

Defendant Forbes' motion is being denied.

Based on the court's experiences in this case (see, e.g.,
Trial Tr. (7/15/04) at 8811-8815 and Statement in Response to the
Court's Comments Regarding Forbes Trial Motion No. 22 (Doc. No.
992)), the court is not comfortable relying on representations of
counsel for defendant Forbes where counsel for the parties and/or
non-parties whose interests are adverse to those of defendant
Forbes have not had an opportunity to review and/or respond to
those representations.

Therefore, the court will not read defendant Forbes'
proposed supplemental memorandum. However, the memorandum shall
be placed under seal and docketed as a proposed ex parte
supplemental memorandum.

Accordingly, defendant Forbes' Motion for Permission to File
the Attached Supplemental Memorandum in Opposition to Motions to

Case 3:02-cr-00264-AWT     Document 2488     Filed 10/10/2006     Page 16 of 16
Case 3:02-cr-00264-AHN     Document 2458-2     Filed 09/13/2006     Page 2 of 2
Case 3:02-cr-00264-AWT     Document 1907     Filed 10/28/2005     Page 2 of 2

Quash Rule 17(C) Subpoenas Filed by Cosmo Corigliano, Kramer

Levin Naftalis & Frankel, LLP, Anne Pember, Casper Sabatino,

Kevin Kearney, Cendant and Fried, Frank, Harris, Shriver &

Jacobson LLP *Ex Parte* and Under Seal (Doc. No. 1826-a) is hereby

DENIED.

It is so ordered.

Dated this 28th day of October 2005, at Hartford,

Connecticut.

                                    /s/
                            Alvin W. Thompson
                        United States District Judge

2