# MANDATE

CONN/NHCt
02-CR-264
Thompson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand six.

Present:

    HON. RICHARD J. CARDAMONE,
    HON. ROGER J. MINER,
    HON. ROBERT A. KATZMANN,
    *Circuit Judges.*



UNITED STATES OF AMERICA,

    *Appellee,*

    v.                        No. 05-4342-cr

E. KIRK SHELTON,

    *Defendant-Appellant.*

| | |
|---|---|
| For Appellee: | NORMAN GROSS, GLENN J. MORAMARCO, Assistant United States Attorneys (*for* CHRISTOPHER J. CHRISTIE, United States Attorney for the District of New Jersey, GEORGE S. LEONE, Chief, Appeals Division), Newark, N.J. |
| For Defendant-Appellant: | JOHN W. NIELDS, JR., WILLIAM L. WEBBER, ROBERT H. COX, Howrey LLP, Washington, D.C. |

ISSUED AS MANDATE: 1/30/07

Appeal from the United States District Court for the District of Connecticut (Thompson, J.).

On consideration whereof, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court, dated August 4, 2005, be and it hereby is **AFFIRMED**.

E. Kirk Shelton appeals his conviction after a jury trial of one count of conspiracy to commit mail, wire, and securities fraud, and to make false statements to the SEC, in violation of 18 U.S.C. § 371; two counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of wire fraud, in violation of 18 U.S.C. § 1343; two counts of making false statements to the SEC, in violation of 15 U.S.C. § 78ff(a); and six counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a). On appeal, Shelton argues (1) that there was an inadequate factual predicate for the district court's conscious avoidance charge, and that the error was not harmless as it allowed the jury to convict him on a theory of negligence; (2) that the indictment was constructively amended by the conscious avoidance charge, which broadened the possible bases for conviction in the indictment; and (3) that the district court should not have accepted the government's request for a leadership enhancement once the conscious avoidance charge had been given. As to (1) and (2), Shelton requests a new trial; in the alternative, he requests that, pursuant to (3), we remand for resentencing. We presume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our decision.

We turn first to his challenge to the jury instruction. "A conscious avoidance instruction may only be given if (1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists." *United*

*States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (internal quotation marks and ellipses omitted). There are two ways the government may establish a factual predicate for the charge: either "there must be evidence that the defendant . . . was aware of a high probability of the disputed fact and . . . deliberately avoided confirming that fact," or there must be evidence that the defendant's involvement in the offense is "*so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge." *Id.* (internal quotation marks and citations omitted; emphasis in original). Where this test is met, "[e]ven when the government attempts to prove actual knowledge, an instruction on conscious avoidance can still be appropriate." *United States v. Jacobs*, 117 F.3d 82, 98 (2d Cir. 1997).

"We review a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). However, where the propriety of giving a conscious avoidance instruction is essentially "a challenge to the sufficiency of the evidence to support a conscious avoidance conviction[,] [a] defendant . . . bears a heavy burden. In considering such a challenge, we review all the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government. A conviction will be affirmed so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 171 (internal quotation marks and citations omitted; emphasis in original).

We conclude that there was a sufficient factual predicate for the conscious avoidance charge. Among the other evidence in the record, we note particularly the testimony that (1) when

-3-

reviewing with a co-conspirator a document that stated that "reserves are being managed to meet quarterly targets," Shelton tore it up and said, "I guess I never saw that document"; (2) when meeting with a co-conspirator who began to discuss additional manipulation of certain accounts, he told her to "hold that thought," left the room, and, upon returning, changed the subject by asking if there was anything else they needed to discuss; and (3) when traveling with co-defendant Walter Forbes and a co-conspirator, Walter Forbes asked if there were "any other smoking guns that we have to worry about," to which the co-conspirator responded with a partial list of the accounting frauds at issue, and Shelton did not further inquire.  We think that from this evidence and more, the jury could fairly conclude that at the very least, if Shelton did not have actual knowledge, he was aware of a high likelihood that accounting fraud was occurring and deliberately avoided confirming that fact.  *Cf. United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (upholding conscious avoidance charge as to a supervisor's knowledge of his employees' engagement in illegal practices based, in part, on his statement to an employee presenting him with a tampered sample that "I know nothing, I hear nothing"); *United States v. Walker*, 191 F.3d 326, 337 (2d Cir. 1999) (identifying as "a paradigmatic case of when a conscious avoidance charge is appropriate" one in which a supervisor denied knowledge of his employees' fraudulent conduct but where he reviewed their work and was once confronted with evidence of falsity).  While Shelton quibbles with this interpretation of the evidence and argues that, even assuming the validity of the testimony of his co-conspirators who testified against him, none of it was suspicious when viewed properly, he had the opportunity to make this argument to the jury, which rejected it.  When we review the evidence in the light most favorable to the government, and view the evidence as a whole, it is clear that the conscious avoidance charge had an

appropriate factual predicate.

We next turn to Shelton's argument that the conscious avoidance charge constructively amended the indictment. "To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (internal quotation marks and citations omitted). Shelton's argument is based on the premise that an essential element of the indictment was his role in directing the fraud, while the conscious avoidance charge permitted him to be convicted for merely turning away from actual knowledge of the fraud. Without reaching the government's response – that a conscious avoidance charge can never constructively amend an indictment – we conclude that there was no constructive amendment here because Shelton's underlying premise is incorrect. His role as a director of the fraud was in no way an essential element of the indictment. To support his factual premise, Shelton points only to the statement in the indictment that he engaged in the conspiracy "with the assistance of co-conspirators who were [his] corporate subordinates," ¶ 19, and two sentences where the indictment alleges that Shelton "directed other conspirators" to increase certain earnings figures, ¶¶ 24, 27. Against the rest of the indictment, which simply alleges that Shelton acted as one of the conspirators to further the fraud, the contention that his role as a director was central to the indictment is without merit. As Shelton "was given notice of [the] 'core of the criminality' to be proven at trial," *United States v. Clemente*, 22 F.3d 477, 482 (2d Cir. 1994) (internal quotation marks and citations omitted), his constructive amendment argument must fail.

Finally, Shelton makes no argument that the district court's factual findings on the subject of his leadership role were clearly erroneous.   He simply challenges the government's right to seek a sentencing enhancement for that role.   His argument is that, having obtained a jury instruction permitting the jury to convict even if he did not direct the fraud, the government should be held to have forfeited its right to seek a sentencing enhancement for his having directed the fraud.   This argument "misses the distinction between elements of an offense and facts relevant to sentencing.   Elements of an offense must be tried to a jury, but facts relevant to sentencing may be found by a judge, within the constraints of the Sixth Amendment." *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005).   Indeed, even after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "district courts may find facts relevant to sentencing by a preponderance of the evidence, *even where the jury acquitted the defendant of that conduct*," within certain constraints not relevant here. *Vaughn*, 430 F.3d at 527 (emphasis added).   We see nothing unreasonable in the district court's application of a sentencing enhancement for leadership after permitting the jury to convict on a theory of conscious avoidance.

We have considered all of Shelton's arguments and find them without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Thomas W. Asreen, Acting Clerk

By: *Richard Alcantara*

Richard Alcantara, Deputy Clerk

~ A TRUE COPY ~
Thomas W. Asreen, Acting Clerk

by _____

DEPUTY CLERK