```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :    Crim. No. 3:02CR00264(AWT)
                              :
E. KIRK SHELTON               :
                              :
------------------------------X
```

## NOTICE TO COUNSEL

The court is today issuing an order setting a self-surrender date and revising its recommendation to the Bureau of Prisons concerning the defendant's designation. The court has received correspondence from counsel concerning whether the court's order should contain a recommendation to the Bureau of Prisons that the defendant be designated to a particular facility at Otisville, New York. The defendant requests that the court include a recommendation that he be designated to the federal prison camp at Otisville, and the government expresses a concern that recommending a particular facility at Otisville could suggest that the court is somehow tacitly approving of any conduct engaged in by the defendant since the original sentence was imposed in 2005.

In the court's view, it is important that the Amended Judgment in a Criminal Case, dated August 12, 2005, stated that the court recommended to the Bureau of Prisons "that the defendant be designated to the federal minimum security prison at

Schuykill, in Minersville, Pennsylvania in order to facilitate visits by his family." The court then denied the defendant's motion for bond pending appeal. However, the Court of Appeals granted a motion for bond pending appeal and stayed this court's order directing the defendant to surrender to commence serving his sentence. Yesterday, a mandate issued and the stay by the Court of Appeals of this court's order directing the defendant to start serving his sentence has been lifted.

In this context, the court has reservations about revising its recommendation to do any more than adjust for the change in circumstance with respect to the defendant's family for two reasons. One, a change of the nature urged by the government could give the appearance that the defendant is somehow being penalized for having exercised his right to appeal, or the appearance that leverage, in the form of the court's limited input as to his designation by the Bureau of Prisons, is being exerted in order to encourage the defendant to forego legal rights in connection with the collection of restitution. Two, it appears that such a change would be based on contentions being asserted by the government and the victim in pending civil litigation before the court, and those contentions should, and will, be addressed in the civil litigation, not in the context of the court's recommendation to the Bureau of Prisons.

Finally, the court notes that it merely makes a

2

recommendation to the Bureau of Prisons and that the court's recommendation is only one of several factors the Bureau of Prisons considers in designating the place of the prisoner's imprisonment. In exercising its authority under section 3621, the Bureau of Prisons has on a number of occasions concluded that consideration of all the factors it is required to consider resulted in a designation that was not the one recommended by the court. Moreover, the applicable statute provides that "there shall be no favoritism given to prisoners of high social or economic status." 18 U.S.C. § 3621(b).

Accordingly, the court concludes that the only appropriate change in its recommendation to the Bureau of Prisons is one that adjusts for the change in circumstance with respect to the defendant's family.

Dated this 31st day of January 2007 at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge