UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| v. | : | |
| WALTER A. FORBES and E. KIRK SHELTON, | : | |
| Defendants. | : | FEBRUARY 2, 2007 |

CENDANT CORPORATION'S MOTION TO MODIFY THE COURT'S
AUGUST 12, 2005 RESTITUTION ORDER AND AUGUST 1, 2006 ORDER

Now that the United States Court of Appeals has denied the petition for rehearing en banc by the Defendant E. Kirk Shelton ("Mr. Shelton") and this Court has issued its Surrender Order, Cendant Corporation ("Cendant"), the victim of the crimes committed by Mr. Shelton, submits this Motion to Modify the Courts' August 12, 2005 Restitution Order and its August 1, 2006 Order requiring, among other things, the turn over to the Court Registry of any and all remaining pre-paid legal fees being held by Mr. Shelton's attorneys.

In support hereof, Cendant respectfully represents as follows:

1.  On August 12, 2005, in connection with Mr. Shelton's conviction, this Court ordered Mr. Shelton to pay $3.275 billion to Cendant as restitution (the "Restitution Order") (Doc. ID # 1638).

ORAL ARGUMENT REQUESTED

2. Subsequently, Mr. Shelton filed a "Motion for Stay of Sentence Providing for Restitution" (the "Stay Motion") (Doc. ID # 1786). On August 1, 2006, this Court ruled on the Stay Motion, denying it in part and granting it in part, by issuing an Order re: Motion for Stay of Order of Restitution (the "2006 Order") (Doc. ID#2414).

3. Although the Court modified and limited Mr. Shelton's living expenses dramatically by the 2006 Order, it did not alter the amount of money that could be paid to Mr. Shelton's attorneys. The 2006 Order permitted Mr. Shelton to continue paying bills from his attorneys that cannot be covered by amounts he has pre-paid to his lawyers. (See 2006 Order, p. 5.)

4. Based on the Chart attached hereto as Exhibit A, Mr. Shelton himself, let alone the millions fronted by Cendant, has paid <u>over fifteen million dollars</u> in legal fees since 1998, much of which appears to be in the form of pre-paid legal fees or retainers. From 2003-2005, Mr. Shelton paid <u>$4.6</u> million dollars to the law offices of Thomas P. Puccio alone. (See Ex. A.) On January 11, 2005, Shelton wired <u>four million dollars</u> to Attorney Puccio. These sums presumably represent pre-paid legal fee retainers.

5. Although Mr. Shelton has expended excessive amounts on attorneys[1], it is virtually impossible that he has spent the entire $4.6 million dollars advanced to Attorney Puccio alone. Thus, Cendant believes Attorney Puccio is holding substantial amounts of Mr. Shelton's money that belongs to Cendant by virtue of the Restitution Order.

---

[1] In fact, this Court, at the December 6, 2006 hearing in the Cendant civil action, stated to Attorney Puccio, that there were "all these lawyers here, running the meter…." (12/6/06 Transcript, p. 50, relevant pages attached hereto as Exhibit B.)

6. Furthermore, Mr. Shelton has paid $661,400.67 to the law firm of Dornbush Schaeffer Strongin & Venaglia, LLP during the pendency of this case and <u>over seven million dollars</u> to the law firm of Milbank Tweed Hadely & McCoy, LLP. Finally, he has paid substantial sums to five other law firms during the same time period.

7. Mr. Shelton appealed his conviction to the United States Court of Appeals for the Second Circuit and his appeal was denied on November 22, 2006. On January 23, 2007, his en banc petition was likewise denied. On January 31, 2007, this Court entered its final judgment against Shelton and ordered him to surrender to the federal prison in Otisville, New York (Doc. ID ## 2646, 2647).

8. The Court is well aware of Cendant's efforts to enforce the Restitution Order and the concerns by both Cendant and the United States over inappropriate transfers of Mr. Shelton's money and assets as evident by the civil law suits that have been commenced to recover such money and assets. See <u>Cendant Corporation v. E. Kirk Shelton, et al.</u>, No. 3:06-CV-854 (AWT) and <u>USA v. SCIP Mgmt Co., Inc.</u>, 3:06-CV-01827 (AWT). Those actions also note the large sums of money paid and/or deposited with various law firms representing Mrs. Shelton and other defendants therein.

9. While recognizing that Mr. Shelton still has the right to appeal to the United States Supreme Court for certiorari, that represents a <u>de minimis</u> possibility of success and Shelton's appeals have all but run out. Mr. Shelton's claimed need for continued spending of enormous sums of money on legal fees to numerous law firms no longer exists. The free reign which he previously enjoyed in this regard is clearly unjustified at this point.

10. There is no accounting for how much of Mr. Shelton's money may remain with his attorneys. Moreover, there is nothing to prevent Mr. Shelton from either getting his hands

-4-

on the remaining balances of any attorney retainers (and then further transferring such money) or instructing his attorneys to make transfers to third parties.

Case 3:02-cr-00264-AWT    Document 2650    Filed 02/02/2007    Page 4 of 6

WHEREFORE, the foregoing reasons, Cendant respectfully requests that the Court grant this Motion and modify both the Restitution Order and its 2006 Order to:

1. Command Mr. Shelton to turn over the balance of any pre-paid legal fees or retainers to the Court registry (after his attorneys have deducted and documented outstanding legal fees to date);

2. Require an accounting of all deducted legal fees since payment of any retainers to any law firm; and

3. Permit Mr. Shelton to apply to the Court for any legal fees that he incurs that he cannot pay out of the remainder of his other assets, so as to allow the Court, with input from the parties, to assess the reasonableness of any such anticipated expenses.

MOVANT - CENDANT CORPORATION

By _____/S/_____
Robert E. Kaelin - ct11631
rkaelin@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:    (860) 240-6000
Facsimile:    (860) 240-6150
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, a copy of foregoing Cendant Corporation's Motion to Modify the Court's August 12, 2005 Restitution Order and August 1, 2006 Order was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/S/_____
Robert E. Kaelin – ct11631

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone:    (860) 240-6000
Facsimile:    (860) 240-6150
Email: rkaelin@murthalaw.com