UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| Plaintiff, | : | |
| v. | : | |
| E. KIRK SHELTON | : | February 26, 2007 |
| Defendant. | : | |

### E. KIRK SHELTON'S MEMORANDUM OF LAW
### IN OPPOSITION TO CENDANT CORP.'S MOTION TO MODIFY THE
### AUGUST 12, 2005 RESTITUTION ORDER AND AUGUST 1, 2006 ORDER

Defendant E. Kirk Shelton ("Mr. Shelton"), through his undersigned attorneys, respectfully submits this memorandum of law in opposition to the motion filed by Cendant Corporation ("Cendant") to modify the Court's August 12, 2005 Restitution Order and August 1, 2006 Order.

### ARGUMENT

Cendant's latest in a series of submissions against Mr. Shelton – filed 18 days before Mr. Shelton self-surrendered to begin serving a 120-month prison sentence – seeks an "accounting" of alleged "pre-paid legal fees" or retainers and the transfer of the balance of such funds to the Court registry. The present motion is based on the demonstrably false claim (as Cendant knows full well) that Mr. Shelton has no need to spend money on attorneys and the equally erroneous claim that Mr. Shelton's lawyers are holding money for him. Cendant's motion to modify the Restitution Order, and this Court's August 1, 2006 Order, should, therefore, be denied.

Cendant alleges that "Mr. Shelton's claimed need for spending of enormous sums of money on legal fees… no longer exists." Cendant Motion to Modify 8/12/05 and 8/1/06 Orders at 3. The statement is false and Cendant knows it. First, Cendant has acknowledged (as it must) that Mr. Shelton's appeal of his conviction has not been exhausted. *See id.* In addition to the legal fees that will be incurred in connection with the filing of a petition for a writ of *certiorari*, Cendant has recently taken numerous steps that force Mr. Shelton to expend yet more legal fees. For example:

- In its action against Mr. Shelton pending in the District Court of New Jersey (Index No. 2:00-CV-04064 (WHW)(RJH)), Cendant recently moved for summary judgment seeking entry of a $31 million judgment against Mr. Shelton. Mr. Shelton's lawyers in that action are now preparing papers in opposition to this Motion.

- Cendant has also recently indicated that it intends to depose Mr. Shelton for a total of three hours in the consolidated actions pending in that Court (above and beyond the four days of testimony requested by counsel for other parties to the consolidated civil actions). See 2/14/07 e-mail from Special Discovery Master Weiss allocating time for examination of Mr. Shelton, attached hereto as Exhibit A. Cendant is well aware that this deposition will require the time and services of Mr. Shelton's attorneys.

- Furthermore, this Court recently granted Cendant's Motion for Disclosure of Assets (Civil Docket # 15)[1] and granted, in part, its Motion for a Prejudgment Remedy (Civil Docket # 14). *See* Civil Docket ## 108 and 109. Cendant will undoubtedly seek extensive discovery and take steps to enforce these Orders. Indeed, Cendant has recently moved for the appointment of a Connecticut State Marshal to serve a Summons and Direction of Attachment pursuant to Rule 4.1 of the Federal Rules of Civil Procedure. (Civil Docket # 112). Cendant's claim, therefore, that Mr. Shelton has no "need for continued spending of enormous sums of money on legal fees," is patently wrong.[2]

---

[1] References to the "Civil Docket" are to docket number 3:06-CV-00854 (AWT); references to the "Criminal Docket" are to docket number 3:02-CR-0264 (AWT).

[2] It should be noted this recent spate of motion practice by Cendant is in keeping with its conduct since Mr. Shelton's conviction. In the two years since the jury verdict, Cendant has commenced a civil action against Mr. Shelton (Civil Docket #1), sought to attach all of Mr. Shelton's assets by way of a prejudgment remedy (Civil Docket # 14), filed a motion for disclosure of assets (Civil Docket # 15), filed a motion regarding Mr. Shelton's compliance with the Court's Restitution Order (Criminal Docket # 1990), filed a motion to obtain a copy of the Probation Department's Presentence Report and Mr. Shelton's quarterly "financial progress reports" (Criminal Docket # 1713).

Moreover, Cendant's motion seeking the return of pre-paid legal fees or retainers held by Mr. Shelton's current or former attorneys should be denied for a more basic reason – no such fees or retainers exist. Cendant's purported belief that Mr. Shelton has squirreled away funds for later use by depositing them with his attorneys is simply unfounded.[3] As is evidenced by the Affidavit of Andrew Kanter, attached hereto as Exhibit B, all of the amounts that Mr. Shelton had deposited with his attorneys have since been expended for legal services provided to Mr. Shelton or are exceeded by amounts that Mr. Shelton presently owes such attorneys.[4] *See* Affidavit of Andrew Kanter.

## CONCLUSION

In light of the foregoing, it is respectfully submitted that Cendant's present motion should be denied. As is reflected in the Affidavit attached hereto as Exhibit B, there are no pre-paid

---

[3] Cendant suggests that Mr. Shelton's attorneys could not have spent the amounts that Mr. Shelton has paid them. As ostensible "support" for this claim, Cendant attached to its most recent motion a schedule entitled, "Payments Made for E. Kirk Shelton's Legal Defense." This schedule discloses the full account numbers of almost half a dozen accounts used to pay Mr. Shelton's attorneys. Notwithstanding the obvious privacy issues implicated by disclosure of such information, Cendant filed its motion – and the accompanying schedule – as a public record (*i.e.*, not under seal). Apparently, Cendant's vindictiveness knows no bounds.

[4] As is reflected on the accompanying Kanter Affidavit, although Mr. Shelton's appellate counsel, Howrey, LLP, currently maintains $15,307.23 in an escrow account in Mr. Shelton's name, that law firm is owed $102,165.11 for legal services provided to Mr. Shelton. *See* Kanter Aff. at ¶ 4. Each of the other law firms retained by Mr. Shelton have represented that they do not have any amounts held in escrow on Mr. Shelton's behalf.

legal fees or retainers held by any of Mr. Shelton's present, or former, attorneys. There is, therefore, nothing to be tendered to the Court registry as requested by Cendant.

          The Defendant – E. Kirk Shelton

By: _____
          Andrew Kanter
          kanter@dssvlaw.com

DORNBUSH SCHAEFFER STRONGIN
   & VENAGLIA, LLP
747 Third Avenue
New York, New York 10017
Telephone:   (212) 759-3300
Facsimile:   (212) 753-7673

**EXHIBIT A**

# Kanter, Andrew

| | |
|---|---|
| **From:** | Alvin Weiss [aweiss@pbnlaw.com] |
| **Sent:** | Wednesday, February 14, 2007 10:30 AM |
| **To:** | David M. Taus; Jeffrey Golan; Leonard Barrack; Jeffrey N. Leibell; Max Berger; Rosanne Baxter; Robin A. Henry; Carl Greenberg; Dennis Block; Howard Hawkins; W. Michael Garner; Handler, Bruce; Kanter, Andrew; Schaeffer, Richard; Andrew R. Jacobs; William P. Hammer; Andrea Sullivan; Paul A. Rowe; Edward T. Dauber; Daniel Rockey; Douglas M. Schwab; Michael L. Charlson; Henry Telias; Randall K. Berger; J. Wells Dixon; Barbara S. Schweiger; Douglas Eakeley; Daniel E. Reynolds; Helen Gredd; Caryn L. Jacobs; Christopher Hall; Ginny Christensen; D. Greg Durbin; Peter Pearlman; Nico Commandeur; Peter Harvey; Peter W. Tomlinson; Sneha Desai; Frederick Polak; Michael H. Schaalman; Paul Bauer; Leda Dunn Wettre; Amy S. Kline; Timothy E. Hoeffner; Edward S. Nathan; Herbert Jay Stern; Steven Radin; Samuel Kadet; William F. Clarke; James G. Kreissman; Simona Strauss; Andrew D. Mendez; James Gulotta; William T. Reeves; Robert J. Fettweis; Charles Landesman; Barry Simon; Greg Danilow; James Plaisted; Steven Grossman |
| **Subject:** | Forbes and Shelton depositions |

I have reviewed the requests for time to depose Messrs. Shelton and Forbes submitted to me by counsel. I have decided that initially I will limit the time for their depositions as follows:

Walter Forbes;
| | |
|---|---|
| E&Y | 4 days |
| Cendant | 3 hours |
| Alexander & Bock Plts | 1 1/2 hours |
| Reliant & Shepard | 1 hour |
| Trestman etc | 1 hour |

Kirk Shelton;
| | |
|---|---|
| E&Y | 4 days |
| Cendant | 3 hours |
| A & B plts | 2 hours |
| R & S | 1 hour |
| Trestman etc | 1 hour |

If it turns out that more time will be needed I will deal with it then.


Alvin Weiss, Esq.
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997

aweiss@pbnlaw.com

973 889-4301 (direct)
973 538-5146 (fax)

www.pbnlaw.com

-------------------------------------------------------------------------

This electronic communication, including any authorized attachments, contains information from the law firm of Porzio, Bromberg & Newman, P.C., that may be legally privileged, confidential, and exempt from disclosure under applicable law.  This communication also may include content that was not originally generated by the firm.  If you are not the intended recipient, any use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and delete it from all computers on which it may be stored.  In addition, if you are not

currently a client of the firm, this communication is not to be construed as establishing an attorney-client relationship.
------------------------------------------------------------------------

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| Plaintiff, | : | |
| v. | : | |
| E. KIRK SHELTON, | : | February 26, 2007 |
| Defendant. | : | |

### AFFIDAVIT OF ANDREW KANTER

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

ANDREW KANTER, being duly sworn, deposes and says:

1. I am one of the attorneys for E. Kirk Shelton ("Mr. Shelton"). I have been admitted *pro hac vice* in this action. I respectfully submit this Affidavit in opposition to Cendant's motion to modify the Court's August 12, 2005 Restitution Order and August 1, 2006 Order (the "Motion").

2. Cendant's Motion suggests that the law firms retained by Mr. Shelton to represent him in the criminal action or various civil actions may currently be holding retainers or "pre-paid legal fees" on his behalf.

3. On February 7, 2007, in response to the filing of Cendant's Motion, I contacted each of the law firms that Mr. Shelton had retained to inquire whether any of them held pre-paid legal fees or retainers on Mr. Shelton's behalf. Specifically, I contacted attorneys at The Law

176736.4

Offices of Martin J. Auerbach; Howery, LLP; Day, Berry & Howard; The Law Offices of Stephen E. Kaufman; Milbank, Tweed Hadley & McCloy; The Law Offices of Thomas P. Puccio; Santos & Seeley, P.C.; Wilmer Cutler Pickering Hale and Dorr, LLP; and this law firm.

4.  Between February 7th and February 8th, I heard from attorneys at each of the above law firms and was advised that, except as described in the next paragraph, they do not possess any such retainers or pre-paid legal fees.

5.  I have been advised that the law firm of Howrey, LLP ("Howrey"), which Mr. Shelton has retained to act as his appellate counsel in the criminal action, currently maintains an escrow account in Mr. Shelton's name. This escrow account presently has a balance of $15,307.23. However, I have also been advised that Mr. Shelton presently owes that firm $102,165.11 for legal services that have already been provided on his behalf.

_____
ANDREW KANTER

Sworn to before me this
26th day of February, 2007

_____
Notary Public

CLAIR S. SEU
Notary Public, State of New York
No. 01SE6133165
Qualified in New York County
Commission Expires 9/12/2009

2

176736.4

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, a copy of the foregoing Memorandum of Law in opposition to Cendant Corp.'s Motion to Modify the August 12, 2005 Restitution Order and August 1, 2006 Order, and the accompanying Affidavit of Andrew Kanter, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Andrew Kanter
kanter@dssvlaw.com

DORNBUSH SCHAEFFER STRONGIN
& VENAGLIA, LLP
747 Third Avenue
New York, New York 10017
Telephone:   (212) 759-3300
Facsimile:   (212) 753-7673

176736.4