<u>**EXHIBIT B**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------
UNITED STATES OF AMERICA      )
                              )
v.                            )    Criminal No. 3:02CR00264(AWT)
                              )
E. KIRK SHELTON               )
-------------------------------
```

### ORDER RE MOTION FOR STAY OF ORDER OF RESTITUTION

In connection with the defendant's sentencing on August 3, 2005, the court issued an Order of Restitution (Doc. No. 1638) dated August 12, 2005 (the "Restitution Order") pursuant to the mandatory restitution provisions of 18 U.S.C. §§ 3663 and 3663A. The Restitution Order requires the defendant to pay restitution in the amount of $3.275 billion to Cendant Corporation. Pursuant to the Restitution Order, the defendant was required to make a lump sum payment of $15 million by no later than October 24, 2005. The Restitution Order notes that nothing therein shall prevent Cendant Corporation from exercising its rights under 18 U.S.C. § 3664(m).

The defendant has appealed his conviction and sentence, and the appeal is pending. The defendant has also filed with this court a Motion for Stay of Sentence Providing for Restitution (Doc. No. 1786). Related motions include Cendant Corporation's Motion for Order in Aid of Execution (Doc. No. 1711); Cendant Corporation's Motion for an Order Compelling Defendant E. Kirk Shelton to Comply With the Court's August 12, 2005 Restitution

Order (Doc. No. 1990); and the defendant's Conditional Motion to Modify the Order of Restitution (Doc. No. 2237).

The court concluded that pending resolution of the defendant's appeal, the status quo should be maintained to the maximum degree possible with respect to both the defendant's property and the rights of the government and Cendant Corporation with respect to any legal or equitable claims the government and/or Cendant may have with respect to any property in which the defendant now has or formerly had any legal or equitable interest. Thus, the court ordered the $15 million lump sum payment due under the Restitution Order to be deposited in the court registry. Because statutes of limitation may be running with respect to claims each of the government and Cendant Corporation may have, the court concluded that measures should be put in place to prevent the transfer, dissipation or shielding by the defendant of any property; it also concluded that each of the government and Cendant Corporation should be permitted to pursue its claims, but unless otherwise ordered by this court, legal title to property in which the defendant now has or formerly had any legal or equitable interest should not pass to the government or Cendant Corporation before such time as the defendant no longer has any right to appeal from the judgment in this case.

On October 7, 2005, in response to the provision in the Restitution Order requiring the deposit by the defendant of a

$15 million lump sum payment into the court registry, the defendant deposited (a) $9,513,872 in cash, (b) 98,075 shares of Cendant Corporation common stock, having a market value on that date of $1,902,655 (i.e., $19.40 per share), and (c) assignments of Canada Life Policy No. 2636034, Security Mutual Policy No. 001074718, and Security Mutual Policy No. 001046440 (collectively, the "Life Insurance Policies") valued by the defendant at $3,583,473 in the aggregate. The $9,513,872 in cash has borne interest at the rate of 1.5% per annum, compounded monthly, since March 15, 2006. As would be expected, the Cendant Corporation common stock fluctuates in daily price, and the shares deposited by the defendant in the court registry will never be subject to a fixed valuation. For instance, as of November 14, 2005, Cendant Corporation common stock traded at $17.68 per share. The deposit of shares of stock as a portion of the lump sum payment was not contemplated by the court.

Satisfying a portion of the defendant's obligation to make the $15 million lump sum payment by depositing into the court registry assignments of the Life Insurance Policies was discussed with the United States Probation Office and with the court at the sentencing hearing on July 22, 2005. There was no discussion of the fact that the defendant and Cendant Corporation disagree as to whether the defendant (versus Cendant Corporation) has the right to receive, and thus the right to assign, a significant

portion of the cash value of each Life Insurance Policy. However, in the defendant's June 15, 2005 objections to the Presentence Report, the defendant reported that Cendant Corporation claimed ownership of the Life Insurance Policies, and in his financial statements submitted to the United States Probation Office dated May 20, 2005, the defendant attributed no cash value to the Life Insurance Policies. The defendant's position appears to be that, had there been a discussion during the sentencing hearing of Cendant Corporation's claim to the Life Insurance Policies, and had the United States Probation Office recommended that the defendant deposit additional cash to make up the difference between the $3,583,473 cash value of the Life Insurance Policies and the actual value of the defendant's interest in the Life Insurance Policies, the defendant would have asked the court to make a corresponding reduction in the amount of the lump sum payment required to be made under the Restitution Order. The court is unable to say whether it would have made such a reduction in determining the amount of the lump sum payment had the defendant made such a request; reviewing ¶ 145 of the Presentence Report and taking note in particular of the fact it does not list as a liability claims by Cendant Corporation to the Life Insurance Policies (with the possible exception of a claim to a $370,000 escrow on insurance), the fact that $2 million of the assets listed is prepaid legal fees, and the

4

fact that the defendant's principal residence is listed as being in the name of his spouse, the court is able to say that it would have given serious consideration to such a request. Therefore, the court concludes that it is more appropriate not to require defendant Shelton to now deposit additional cash in the court registry to make up for the difference between $3,583,473 and the actual value of the defendant's interest in the Life Insurance Policies.

Accordingly, consistent with the foregoing, the court is, pursuant to Fed. R. Crim. P. 38(e), hereby staying the Restitution Order on the terms set forth below:

1. Limit on Transfers and/or Expenditures

    The defendant shall not take any steps to shield property in which he now has or formerly had any legal or equitable interest from claims by the government or Cendant Corporation. Without limiting the foregoing, unless granted permission to do so pursuant to a motion granted by the court, the defendant shall not transfer any assets or make any expenditures other than (a) payment of necessary and ordinary living expenses not to exceed in the aggregate $11,500 per calendar month, (b) payment of bills from his attorneys that cannot be covered by amounts he has prepaid, or by a payment on account, to said attorneys, and (c) payments

      to the Internal Revenue Service or the Connecticut Department of Revenue Services.

2. <u>The Deposit of Cendant Corporation Stock</u>

      The court contemplated that the $1,902,655 deposited in the court registry in the form of Cendant Corporation common stock would be deposited in cash, which would be held in an interest-bearing account. Therefore, at all times after August 14, 2006, the $1,902,655 component of the $15 million lump sum payment that was deposited by the defendant in the form of Cendant Corporation common stock shall be maintained by the defendant so that its value is not less than the sum, at any date, of $1,902,655 <u>plus</u> interest on $1,902,655 at the rate of 1.5% per annum, compounded monthly, from March 15, 2006. The defendant will have two options. One, if the defendant desires to maintain this portion of the lump sum payment using securities, he shall ensure that the value of the securities deposited in the court registry shall never fall, for a period of more than two consecutive business days, below $1,902,655 <u>plus</u> interest on $1,902,655 at the rate of 1.5% per annum, compounded monthly, from March 15, 2006. Two, if the defendant wishes to substitute cash for the Cendant Corporation common stock with respect to this component

of the lump sum payment, he shall substitute for the Cendant Corporation common stock an amount equal, as of the date he makes the substitution, to $1,902,655 plus interest on $1,902,655 at the rate of 1.5% per annum, compounded monthly, from March 15, 2006.

3. The Life Insurance Policies

   The defendant shall not be required to make an additional cash payment into the court registry, as requested by Cendant Corporation, to make up the difference between $3,583,473 and the actual value on October 7, 2005 of the defendant's interest in the Life Insurance Polices.

4. Pursuit of Claims by the Government and by Cendant Corporation

   Because statutes of limitation may be running with respect to claims the government and/or Cendant Corporation may have with respect to property in which the defendant now has or formerly had a legal or equitable interest, each of the government and Cendant Corporation is permitted to pursue claims it may have with respect to any such property, including without limitation fraudulent transfer and related claims against the defendant and alleged transferees, participants and beneficiaries.  However, unless otherwise ordered by this court, legal title to