# EXHIBIT A

# United States District Court
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

E. KIRK SHELTON

          Defendant.

**SUBPOENA**

CRIMINAL NUMBER: 03:02-264 (AWT)

TO:    Wachovia Bank, NA
         Legal Order Processing
         401 Market Street
         Philadelphia, PA 19106

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition by means of stenographer in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| (No deposition; document production only) | Not Applicable |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

| LIST DOCUMENTS OR OBJECTS: |
|---|
| PLEASE SEE ENCLOSED LIST OF DOCUMENTS TO BE PRODUCED |

| PLACE | DATE AND TIME |
|---|---|
| U.S. Attorney's Office<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | June 29, 2007 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE & TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Assistant U.S. Attorney - Attorney for Plaintiff | June 8, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| JOHN G. SILBERMANN, JR.<br>U.S. Attorney's Office, 970 Broad Street, Suite 700, Newark, NJ 07102, (973) 353-6094 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER | |
|---|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.<br><br>Executed on _____<br>　　　　　　　　DATE | SIGNATURE OF SERVER<br><br>ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)　　PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　　　(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　　　　　(i) fails to allow reasonable time for compliance;
　　　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　　　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　　　　　　(iv) subjects a person to undue burden.

　　　　(B) If a subpoena
　　　　　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　　　　　(iii) requires a person which is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

　　　　(1) A person responding to a subpoena to product documents shall product them as they are kept in the usual course of business or shall organize them to correspond with the categories in the demand.

　　　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT TO SUBPOENA

1. Records are requested for all accounts held in the name of "AMES INK," 573 Middlesex Rd., Darien, CT 06820. Accounts should include, but not be limited to, account No. 2030000160772.

    All statements and other documents should be provided from **January 1, 2007 through the present.**

2. For each account in any name, whether foreign or domestic, over which the above entity has or had signature or other authority, either directly or through nominee, agents, power of attorney, letters of direction, or any device whatsoever, produce all records in your possession, custody or control or to which you have any right of access, including but not limited to:

    a. Account Applications
    b. Loan Applications
    c. Promissory Notes
    d. Letters of Credit
    e. Passbooks
    f. Certificates of Deposit
    g. **Monthly Bank Statements**
    h. **Cancelled Checks (front and back)**
    i. Check Registers
    j. Credit and Debit Memo advices
    k. **Wire Transfer Authorizations**
    l. **Duplicate Deposit Slips and Deposited Items**
    m. Cashiers Checks
    n. Money Orders
    o. Safe Deposit Box rental Agreements
    p. Safe Deposit Box Visitation Ledgers
    q. **Signature cards**
    r. **Articles of Incorporation and Corporate Resolutions**
    s. **Currency Transaction Reports**
    t. **Suspicious Activity Reports**
    u. All correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction.
    v. Memorandum files maintained by the bank or other financial institution or any of their officers or employees, reflecting communications between the bank and you or others acting on your behalf and documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of the bank or its employees or officers regarding the account.

3. For each Certificate of Deposit, Time Deposit, or equivalent account at domestic or foreign financial institutions over which the above persons and/or entities have or had signature authority or other authority, either directly or through nominees, agents, powers of attorney, letters of direction, or any device, whatsoever, produce copies of all statements of certificate of deposit or other records reflecting the purchase or redemption of the certificate, earnings

of interest, or other disposition of the certificate. In addition, provide documents verifying the origin of all funds used to open these accounts or deposited to these accounts at any time.

4. For each loan to the above persons and/or entities made or considered by your financial institution, provide **all** documents in your possession that evidence the terms and performance of each transaction. Documents should including, but not limited to:

   a. Loan Applications
   b. Loan Agreements and Contracts
   c. Loan Amortization Schedules
   d. Promissory Notes
   e. Grant Deeds, Deeds of Trust, Mortgages, or other security
   f. Records of receipt or payment of Principal and Interest

-2-