UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No.: |
| Plaintiff | : | 3:02 CR 00264 (AWT) |
| v. | | |
| E. KIRK SHELTON, | : | |
| Defendants | : | JUNE 18, 2007 |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO QUASH SUBPOENA

Ames, Ink, LLC, hereby moves to quash the subpoena attached hereto as Exhibit A because the records subpoenaed by the United States are utterly irrelevant to the above-captioned proceeding and because the subpoena seeks information which is private and confidential. The above captioned proceeding is a criminal proceeding in which the Court imposed a substantial restitution order against E. Kirk Shelton. The United States is clearly entitled to discovery concerning Mr. Shelton and his assets. As set forth in the attached Declaration of Amy Shelton, E. Kirk Shelton has no interest whatsoever in Ames, Ink, LLC ("Ames"). Amy Shelton is the sole member of Ames.

Under Connecticut law, Ames, has a right of privacy in its bank records. pursuant to Conn. Gen. Stat. § 36a-43.  BlueCross & Blue Shield of Connecticut, Inc. v. Reuter, 1990 Conn. Super, LEXIS 284 *3 (J.D. New Haven 1990) Connecticut law protects the privacy corporations as well as individuals. Conn. Gen. Stat. § 36a-42. Accordingly the United States must make some showing that Ames' records will lead to the discovery of assets of Mr. Shelton before the United States may simply pry into Ames' affairs.

Ames is a small business entirely run by Amy Shelton. Declaration of Amy Shelton ¶ 4 As shown in the bank statements at issue (which have been supplied to the Court in camera), Ames' only deposits, outside the ordinary course of business, are deposits from Key Bank. These funds are a portion of the money, which Amy Shelton withdrew as expressly permitted by this Court. ( Cendant Corp. v. E. Kirk Shelton, et.al. Docket No. 3:06 CV 00854 (AWT) Tr. 12/6/06 56-58, 61-65).

The United States seeks to review not only, of Ames' bank statements, but also wire transfers, signature cards, etc... concerning Ames. Such a sweeping fishing exhibition should not be permitted.  See Blue Cross and Blue Shield of Connecticut, Inc. v. Nicholas J. Reuter 1990 Conn. Supr. LEXIS 284 ( J.D. New Haven 1990).

AMES INK, LLC

BY  *[signature]*
Jeffrey Hellman  ct04102
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234
jhellman@zeislaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been sent via the Court's CMECF system or Federal Express, on this, the 18th day of June, 2007 to the following:

Robert E. Kaelin, Esq.
Amanda Lawrence, Esq.
Murtha Cullina LLP
CityPlace I-185 Asylum Street
Hartford, CT 06103-3469

James McMahon, Esq.;
John J. Carney, Esq.
United States Attorney's Office
District of New Jersey
970 Broad St. – Suite 700
Newark, NJ 07101

Craig Carpenito, Esq.;
Christopher Christie, Esq.
United States Attorney's Office
District of New Jersey
970 Broad St. – Suite 700
Newark, NJ 07101

Kathleen Cody
Securities & Exchange Commission
100 F. St., NE
Washington, DC 20549-9612

Norman J. Gross, Esq.
U.S. Attorney's Office – Camden N.J.
Camden Federal Bldg. & U.S. Courthouse
401 Market Street – 4th Flr
Camden, NJ 08101

John G. Silbermann
Special Attorney
U.S. Department of Justice
970 Broad Street – Suite 700
Newark, NJ 07102

Richard J. Schechter, Esq.
U.S. Attorney's Office – BPT
915 Lafayette Blvd. Room 309
Bridgeport, CT 06604

Wachovia Bank, NA
Legal Order Processing
401 Market Street
Philadelphia, PA 19106

by_____
Jeffrey Hellman   ct04102