UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| v. | : | |
| WALTER A. FORBES and<br>E. KIRK SHELTON, | : | |
| Defendants. | : | AUGUST 7, 2007 |

## CENDANT CORPORATION'S MOTION FOR ACCOUNTING IN AID OF EXECUTION

Cendant Corporation, the victim of the crimes committed by Mr. Shelton, hereby moves for an accounting in Aid of Execution of the Restitution Order as set forth herein below.

1. Restitution to Cendant of $3.275 billion was ordered on August 12, 2005. Efforts to satisfy that Restitution Order have been frustrated and delayed for some two years by a myriad of defense motions for protective orders, motions for recusal, renewed motions for recusal, motions for mandamus and others too countless to catalogue. Meanwhile, the concerns grow as to the dissipation of Mr. Shelton's assets.

2. A prime example of Cendant's concern is reflected by the express representation made by Attorney Richard Schaeffer by letter to Cendant dated May 7, 2004 (attached hereto as Exhibit A) as to Mr. Shelton's capability to repay monies advanced by Cendant. Based on this representation, Cendant advanced further funds. Notwithstanding

ORAL ARGUMENT REQUESTED

Attorney Schaeffer's representations, Mr. Shelton now claims he is without funds. Neither Cendant, the Government nor this Court has any explanation of what happened to the money that Attorney Schaeffer certified was being held to repay the substantial advances Mr. Shelton received for his defense. All we have is an affidavit from an attorney who, notwithstanding his May 7, 2004 representation, now says that his client has no money and that whatever his firm had was properly disbursed.[1]

3. A second example involves the receipt by Attorney Thomas Puccio of $4,000,000 from or on behalf of Mr. Shelton. He received those funds on or about January 11, 2005, which was <u>after</u> the close of the trial phase of the criminal case. Yet, Attorney Puccio has now asserted that none of the funds remain. Neither Cendant, the Government nor the Court has ever been given any explanation as to whom these were paid and for what purpose. The concern is compounded by the fact that Mr. Puccio's claims that he is still owed money for unpaid bills.[2]

4. The aforementioned questions must be answered in aid of execution of the Restitution Order. To that end, the Court should order the following Rule 30(b)(6) depositions:

---

[1] Cendant as the victim is entitled to know the basis upon which the May 7, 2004 letter was written. For example, what assets existed in May 2004 which Mr. Shelton and/or his counsel believed would be available to repay Cendant? Where are those assets today?

[2] In the Pre-Sentence Disclosures made by Mr. Shelton in 2005, Mr. Shelton represented to the Court that his attorneys held $2 million in pre-paid legal retainers – as an "asset" – beyond that which was billed as of that date. Now Cendant discovers that the entire $2 million pre-paid retainer – a listed "assets" is fully depleted with no explanation. The first simple question is how did the $4 million retainer go from $4 million in January 2005 to $2 million in June 2005? Did the Puccio Firm pay itself fees which Cendant had refused to pay as being excessive or unreasonable. What happened to the remaining $2 million "asset" after June 2005?

(a) A Rule 30(b)(6) deposition of the law firm of Dornbush Schaeffer Strongin & Venaglia, LLP on September 12, 2007 at the offices of Murtha Cullina LLP, 185 Asylum Street, Hartford, Connecticut 06103, regarding (i) the representations set forth in Attorney Richard Schaeffer's May 7, 2004 letter and (ii) an accounting of the sources and disposition of monies that that firm has received from or on behalf of E. Kirk Shelton.

(b) A Rule 30(b)(6) deposition of the Law Office of Thomas P. Puccio on September 14, 2007 regarding an accounting of the sources and disposition of the $4,000,000 transferred to Attorney Puccio on or about January 11, 2005 by or on behalf of E. Kirk Shelton.

Cendant has not submitted an accompanying Memorandum of Law as it does not believe this Motion involves disputed issues of law.

WHEREFORE, for the foregoing reasons, Cendant respectfully urges the Court to grant this Motion and enter the proposed accompany Order.

MOVANT - CENDANT CORPORATION

By _____
Francis J. Brady – ct04296
Robert E. Kaelin - ct11631

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
E-Mail: fbrady@murthalaw.com
       rkaelin@murthalaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on August 7th, 2007, a copy of foregoing Cendant Corporation's Motion for Accounting in Aid of Execution was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/

Francis J. Brady – ct04296
Robert E. Kaelin – ct11631

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone:    (860) 240-6000
Facsimile:    (860) 240-6150
Email: rkaelin@murthalaw.com

968288