UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| E. KIRK SHELTON | : | August 15, 2007 |
| | : | |

MEMORANDUM OF LAW IN OPPOSITION
TO CENDANT CORPORATION'S MOTION
FOR AN ACCOUNTING IN AID OF EXECUTION

Defendant E. Kirk Shelton ("Mr. Shelton"), through his undersigned attorneys, respectfully submits this memorandum of law in opposition to the motion filed by Cendant Corporation ("Cendant") for an Accounting in Aid of Execution and Rule 30(b)(6) depositions of two law firms which have acted for Mr. Shelton.

BACKGROUND

On August 12, 2005 this Court entered a Restitution Order against Mr. Shelton (the "Restitution Order"). *See* Docket No. 1638. The Restitution Order was modified on August 1, 2006. *See* Docket No. 2414. To date, Mr. Shelton has complied with terms of the Restitution Order, as modified. *See* Docket No. 1797 and Receipt Number H020206. On February 2, 2007, Cendant filed a Motion to Modify the Restitution Order (the "Motion to Modify"). *See* Docket No. 2650. In its Motion to Modify, Cendant requested, among other relief, "an accounting of all deducted legal fees since payment of any retainers [by Mr. Shelton] to any law firm." Motion to Modify at 5. The Court held a telephonic hearing on Cendant's Motion to Modify on July 18, 2007. *See* Docket No. 2737. As directed by the Court, counsel for

Cendant and Mr. Shelton subsequently submitted proposed Orders regarding Cendant's Motion to Modify. *See* July 24, 2007 Letter from Richard Schaeffer (Attached as Exhibit A); July 25, 2007 Letter from Robert Kaelin (Attached as Exhibit B). On July 25, 2007, the Court issued an Order further modifying the Restitution Order. *See* Docket No. 2738. The July 25th Order directed Mr. Shelton's attorneys to each file an Affidavit regarding amounts that they then held on retainer on behalf of Mr. Shelton. *Id.* The Order, however, denied Cendant's request for an "accounting" of how amounts deposited by Mr. Shelton with his attorneys were spent.

Cendant's latest motion seeks precisely the same relief that was requested in its February 2, 2007 motion, namely, an "accounting" of how Mr. Shelton's lawyers disbursed amounts that were deposited by Mr. Shelton. *See* Docket No. 2748. Whereas Cendant previously requested documents on this subject, it now wants a Rule 30(b)(6) deposition of two law firms that represent Mr. Shelton: Dornbush Schaeffer Strongin & Venaglia, LLP (the "Dornbush Law Firm") and the Law Office of Thomas P. Puccio (the "Puccio Law Firm"). As Cendant seeks the same relief it requested in its Motion to Modify, the present motion is nothing more than a wrongly-captioned motion for reconsideration. Because Cendant does not satisfy the strict standards for a motion for reconsideration, its latest motion should be denied.

## ARGUMENT

"The standard for a motion for reconsideration is strict." *Gervais v. Riddle & Assoc.*, 479 F. Supp. 2d 270, 272 (D. Conn. 2007). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*, quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Lawrence v. Wilder Richman Secs. Corp.*, 2007 U.S. Dist. LEXIS 56230, *3 (D. Conn. August 3, 2007). As

one court in this District has noted, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 22 (D. Conn 2005), *citing Shrader*, 70 F. 3d. at 257. It is manifest that, because the present motion is nothing more than Cendant's attempt to "relitigate an issue already decided," it should be denied.

First, there can be no reasonable dispute that the relief requested in the present motion was recently denied by the Court. Cendant specifically requested an "accounting" in its February 2nd motion. *See* Motion to Modify at 5. Counsel for Cendant, in fact, repeated this request on the July 18th teleconference. *See* July 18, 2007 Transcript at 10 (attached as Exhibit C) (arguing that an accounting "in aid of execution" of the Restitution Order would not be "onerous"). Notably, in the same breath that Cendant's counsel requested the "aid in execution," he acknowledged that Cendant did not "have any true foundation for [it]." *Id.* The Court responded to Cendant's request by stating "[i]t would not be appropriate to burden [Mr. Shelton's attorneys] with having to document" how legal fees were incurred. *Id.* at 11.

Accordingly, the July 25th Order did not adopt Cendant's request, as set forth in its proposed Order, that Mr. Shelton's attorneys provide "an accounting for Shelton Payments" to his law firms. *See* Docket No. 2738 (attached as Exhibit D); July 25th Kaelin Letter and proposed Order. Nor did the Order direct that Mr. Shelton's lawyers produce the documentation requested in Cendant's proposed Order. *Id.* Instead, the Court required Mr. Shelton's attorneys to submit an affidavit regarding any legal fees presently held in escrow and an averment that all fees were expended on behalf of Mr. Shelton. Both the Dornbush Law Firm and the Puccio Law Firm have filed those affidavits with the Court.

Cendant now attempts an end-run around the July 25th Order by seeking to compel the attendance of two of Mr. Shelton's lawyers at their respective depositions. Cendant has stated that if its present motion is granted, it will question Mr. Shelton's attorneys about "an accounting of the sources of and disposition" of amounts Mr. Shelton deposited with his attorneys. *See* Motion for Accounting at 3. This is precisely the same information that the Court declined to Order Mr. Shelton's attorneys to produce in the July 25th Order. For this reason alone, the present motion should be denied.[1]

Even if Cendant's request for an accounting was not previously denied, it would still not be entitled to a 30(b)(6) deposition of the Dornbush Law Firm. The request for a 30(b)(6) deposition is premised solely on a letter, dated May 7, 2004, to Cendant's counsel from Richard Schaeffer, Esq. of the Dornbush Law Firm.[2] In the May 7th letter, Attorney Schaeffer states that Mr. Shelton authorized him to "represent to Cendant Corporation that [Mr. Shelton] continues to possess and will maintain accessible assets sufficient to repay the monies advanced to him should a determination ultimately be made that he is not entitled to indemnification." *See* Cendant Motion for Accounting, Ex. A. Cendant seeks a 30(b)(6) deposition of the Dornbush Law Firm ostensibly to establish "what happened to the money Attorney Schaeffer certified was being held to repay" to Cendant. *Id*. This is no basis to depose one of Mr. Shelton's lawyers. First, there is nothing in the May 7, 2004 letter that suggests that Mr. Shelton deposited any

---

[1] On the same day that Cendant filed the present motion, it also – presumptuously – noticed the Rule 30(b)(6) depositions of the Dornbush and Puccio Law Firms. *See* Notices of Deposition (attached as Exhibit E). As an initial matter, the deposition of each of these entities is properly obtained by a subpoena, not by a Notice of Deposition, as neither law firm is a party to the underlying litigation. *See* 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2106 (2007) ("if the deponent is not a party, he or she must be subpoenaed"). In any event, in addition to denying Cendant's Motion for an Accounting in Aid of Execution, we respectfully request that the Court quash the (improperly) noticed depositions.

[2] Cendant was well-aware of Attorney Schaeffer's May 7, 2004 Letter when it filed its Motion to Modify. As such, the letter cannot serve as the basis for Cendant's thinly-veiled motion for reconsideration. *See, e.g., Herrera-Mendoza v. Byrne*, 2006 U.S. Dist. LEXIS 84658, *2 (D. Conn. Nov. 21, 2006) ("documents provided by plaintiff now for the first time are not new evidence justifying reconsideration, because they were previously available to him." Plaintiff's motion for reconsideration of imposition of sanctions was accordingly denied).

money with the Dornbush Law firm for repayment to Cendant. Nor does the letter suggest that the Dornbush Law Firm had any role in monitoring Mr. Shelton's assets. Simply put, the Dornbush Law Firm would not be a competent witness about how Mr. Shelton may have spent his money.[3]

Second, even if a lawyer at the Dornbush Law Firm knew anything about Mr. Shelton's assets, such information would be shielded from disclosure by the attorney-client privilege. For this reason, among others, courts are loath to compel the deposition of an opposing party's attorney. *See, e.g., United States v. Yonkers Bd. Of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991) ("depositions of opposing counsel are disfavored"); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ("[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation"); *Slater v. Liberty Mut. Ins. Co.*, 1999 U.S. Dist. LEXIS 275, at *2-3 (E.D. Pa. 1999) (in granting protective order banning depositions of counsel, court stated: "a deposition of one's attorney by an opposing party is inherently annoying, oppressive, disruptive and burdensome. Such a deposition provides a unique opportunity for harassment, it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness") (internal citations omitted); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (In granting protective order barring 30(b)(6) deposition of SEC, court stated that the "deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes

---

[3] Cendant's professed concern about the depletion of Mr. Shelton's assets is disingenuous. Cendant fails to acknowledge that Mr. Shelton has made substantial payments pursuant to the Restitution Order. *See* Docket No. 1797 and Receipt Number H020206. These amounts, which had been held by the Court Clerk, have now been remitted to Cendant. *See* Docket Nos. 2714-2717 and Clerk's Disbursement of Funds as to E. Kirk Shelton in the amount of $11,639,198.42, Wire Transfer to Avis Budget Group, dated 6/7/07. Between these "lump sum" payments and the enormity of Mr. Shelton's legal fees, there is no mystery as to how Mr. Shelton spent the bulk of his assets.

good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective order ... Deposition of the attorney (usually) merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine -- that involving an attorney's mental impressions or opinions") (internal citations omitted).

Finally, it bears noting that during the July 18th telephonic hearing, the Court repeatedly emphasized that it did not want to burden Mr. Shelton's lawyers with having to produce documents regarding the disbursement of Mr. Shelton's deposits. *See* Ex. C, July 18 Trans. at 11 ("[i]t wouldn't seem appropriate to burden people with having to document all of that."); *id.* at 18 (the attorneys "should be able to work out some form of affidavit that you can find mutually acceptable that would make the burden on the firms as little as possible.")  There can be little question that, as burdensome as it would have been for Mr. Shelton's lawyers to produce the documents requested by Cendant, the burden of preparing an attorney for, and attending, a deposition is substantially greater.  This is yet another, independent reason why Cendant's present motion should be denied.

\* \* \*

## **CONCLUSION**

In light of the foregoing, it is respectfully submitted that Cendant's present motion should be denied. This Court recently denied Cendant's request for an accounting of how deposits made by Mr. Shelton to his lawyers were disbursed; Cendant has provided no reason for the Court to revisit that ruling. Furthermore, the request for the depositions of Mr. Shelton's attorneys pursuant to Rule 30(b)(6) should be denied on the additional grounds that: (i) such depositions are disfavored and (ii) they contravene the Court's stated desire that Mr. Shelton's attorneys not be "burdened" with having to provide more information than necessary.

Respectfully submitted,

The Defendant – E. Kirk Shelton

By: _/s/ Andrew Kanter_
Andrew Kanter
kanter@dssvlaw.com

DORNBUSH SCHAEFFER STRONGIN
 & VENAGLIA, LLP
747 Third Avenue
New York, New York 10017
Telephone:   (212) 759-3300
Facsimile:    (212) 753-7673

#179756.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2007, a copy of the foregoing Memorandum of Law in opposition to Cendant Corporation's Motion for Accounting in Aid of Execution, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Andrew Kanter
kanter@dssvlaw.com

DORNBUSH SCHAEFFER STRONGIN
& VENAGLIA, LLP
747 Third Avenue
New York, New York 10017
Telephone:    (212) 759-3300
Facsimile:    (212) 753-7673