# EXHIBIT A

# DORNBUSH SCHAEFFER STRONGIN & VENAGLIA, LLP

747 THIRD AVENUE
NEW YORK, NY 10017
www.dssvlaw.com

Tel (212) 759-3300    Fax (212) 753-7673

July 24, 2007

**Via e-mail (jennifer_lauria@ctd.uscourts.gov)**

Honorable Alvin W. Thompson
United States District Judge
United States District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

  Re: <u>United States v. Shelton</u>, No. 3:02 CR 264 (AWT)

Dear Judge Thompson:

  Enclosed please find a proposed Order respectfully submitted on behalf of E. Kirk Shelton in connection with Cendant's Motion to Modify the Restitution Order in the above-referenced action.

  During the July 18th telephonic hearing regarding Cendant's motion, the Court stated that it was inclined to Order Mr. Shelton's attorneys to submit affidavits regarding whether any of Mr. Shelton's lawyers are holding any "prepaid" legal fees or other retainers. The Court also clearly stated, however, that it wanted to make this burden on Mr. Shelton's lawyers "as little as possible."

  Counsel for Cendant circulated a proposed draft Order today on behalf of Cendant and the Government which imposes an unnecessary burden on Mr. Shelton's present and former attorneys. In addition to seeking a detailed affidavit from each of Mr. Shelton's law firms (which would include, among other things, an itemization of all amounts paid to, and disbursements paid by, such firms), Cendant and the Government also seek the production of invoices and other documentation regarding the payment of invoices and disbursements. Counsel for Cendant has justified this "accounting" on the grounds that Cendant needs to "examine what was billed, [and] whether it was reasonable." *See* July 24, 2007 e-mail from Robert Kaelin.

DORNBUSH SCHAEFFER STRONGIN & VENAGLIA, LLP

Hon. Alvin W. Thompson, U.S.D.J.
July 24, 2007
Page 2

      Cendant's Motion to Modify the Restitution Order was premised on the (mistaken) belief that Mr. Shelton's lawyers are currently holding assets on Mr. Shelton's behalf. A representation by Mr. Shelton's lawyers that they hold no such assets should therefore be sufficient to dispose of Cendant's Motion. Cendant's desire to now "examine" invoices sent to Mr. Shelton and to question the "reasonable[ness]" of these invoices is simply inapposite to the present motion. In light of the foregoing, we respectfully urge the Court to sign the enclosed proposed Order submitted on behalf of Mr. Shelton.

Respectfully submitted,

Richard Schaeffer

cc:    Counsel on the attached e-mail

#179460.1

## Kanter, Andrew

| | |
|---|---|
| **From:** | Robert E. Kaelin [RKAELIN@murthalaw.com] |
| **Sent:** | Tuesday, July 24, 2007 11:07 AM |
| **To:** | Thomas P. Puccio; Kanter, Andrew; Schaeffer, Richard; Silbermann, John (USANJ); Francis J. Brady |
| **Subject:** | Draft Shelton Order re Motion to Modify |

Gentlemen,

Please find attached the draft, proposed Order on behalf of Cendant and the Government for submission to Judge Thompson by 9:00 a.m. tomorrow morning.

After further reflection and consultation with our client, we really do need to have the underlying documentation evidencing and supporting the payment of legal fees. We do not believe it is overly burdensome to pull and copy the invoices. Without seeing the invoices, it will not be possible to determine and examine what was billed, whether it was reasonable, etc.

I would suggest you circulate any edits or changes, perhaps even a redlined copy. To the extent we cannot agree on the form of Order, we can simply submit to chambers tomorrow morning our respective form of orders.

Bob

**Robert E. Kaelin**
Partner
rkaelin@murthalaw.com

MURTHA CULLINA LLP
ATTORNEYS AT LAW

CityPlace I, 185 Asylum Street
Hartford, CT 06103-3469
Direct: 860-240-6036
Direct Fax: 860-240-5836
Main: 860-240-6000
Main Fax: 860-240-6150

www.murthalaw.com

IRS CIRCULAR 230 DISCLAIMER: Any tax advice contained in this e-mail is not intended to be used, and cannot be used by any taxpayer, for the purpose of avoiding Federal tax penalties that may be imposed on the taxpayer. Further, to the extent any tax advice contained in this e-mail may have been written to support the promotion or marketing of the transactions or matters discussed in this e-mail, every taxpayer should seek advice based on such taxpayer's particular circumstances from an independent tax advisor.

CONFIDENTIALITY NOTICE: This message originates from the law firm of Murtha Cullina LLP. The information contained in this e-mail and any files transmitted with it may be a confidential attorney-client communication or may otherwise be privileged and confidential. If the reader of this message, regardless of the address or routing, is not an intended recipient, you are hereby notified that you have received this transmittal in error and any review, use, distribution, dissemination or copying is strictly prohibited. If you have received this message in error, please delete this e-mail and all files transmitted with it from your system and immediately notify Murtha Cullina by sending a reply e-mail to the sender of this message. Thank you.

7/24/2007

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. |
| | : | |
| Plaintiff, | : | 3:02 CR 00264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| WALTER A. FORBES and | : | |
| E. KIRK SHELTON, | : | |
| | : | |
| Defendants. | : | |

PROPOSED ORDER SUBMITTED ON BEHALF OF
E. KIRK SHELTON IN CONNECTION WITH
<u>CENDANT'S MOTION TO MODIFY THE RESTITUTION ORDER</u>

On August 12, 2005, the Court issued an Order of Restitution as to the defendant E. Kirk Shelton ("Mr. Shelton"), dated August 12, 2005 (the "Restitution Order") (Doc. No. 1638), requiring Mr. Shelton to pay restitution in the amount of $3.275 billion to Cendant Corporation ("Cendant").

On October 4, 2005, Mr. Shelton filed a Motion to Stay the Restitution Order (the "Motion to Amend") (Doc. No. 1788). On August 1, 2006, the Court issued an Order granting in part and denying in part the Motion to Stay (the "2006 Order") (Doc. No. 2414).

On February 2, 2007, Cendant filed a Motion to Modify the Restitution Order and the 2006 Order (the "Motion to Modify") (Doc. No. 2650) seeking an Order requiring, among other things, the turn over to the Court Registry of any and all remaining pre-paid legal fees

being held by Mr. Shelton's attorneys and for an accounting of all deducted legal fees since the payment of any retainers.

On February 26, 2007, Mr. Shelton filed a Memorandum in Opposition to the Motion to Modify (Doc. No. 2658), and Cendant filed its Reply to that Memorandum on March 12, 2007 (Doc. No. 2670).

On July 12, 2007, the United States filed a Joinder Motion regarding the Motion to Modify (Doc. No. 2732).

On July 18, 2007, the Court held oral argument in connection with Cendant's Motion to Modify by teleconference.

After the submission of legal briefs by the parties and argument before the Court, it is hereby:

ORDERED that Cendant's Motion to Modify is granted in part and denied in part as set forth herein; and it is further

ORDERED that the defendant E. Kirk Shelton shall cause to be deposited into the Court Registry by August ____, 2007, the remaining balances of any amounts paid by Mr. Shelton ("Shelton Balance") and held by Mr. Shelton's present or former lawyers or law firms to the extent that the Shelton Balance exceeds the amount that such lawyer or law firm is presently owed by Mr. Shelton. All such payments shall be made payable to the order of the "Clerk, U.S. District Court," and checks shall be mailed or delivered to: Clerk's Office, U.S. District Court, 450 Main Street, Hartford, CT, 06103. The docket number of the case shall be written on each check sent to the Clerk's Office; and it is further

ORDERED that each of the law firms identified in Exhibit A to Cendant's Motion to Modify, namely: The Law Offices of Martin J. Auerbach, Esq.; The Law Offices of

Stephen E. Kaufman, Esq.; The Law Offices of Thomas P. Puccio, Esq.; Howrey LLP; Dornbush Schaffer Strongin & Venaglia, LLP; Millbank Tweed Hadley & McCoy LLP; Day Pitney LLP; Wilmer Cutler Pickering Hale and Dorr LLP; and Santos and Seeley, P.C. (collectively, the "Law Firms") shall submit a sworn affidavit to the Court by August 24, 2007 attesting to the following:

1.  The Law Firm does not hold any pre-paid legal fees or retainers in escrow on behalf of Mr. Shelton, or, if a Law Firm holds any amount on behalf of Mr. Shelton, a representation that such amount is less than the amount that Mr. Shelton presently owes that Law Firm for legal services provided and identifies: (i) the amount that is held in escrow; and (ii) the amount that the Law Firm is presently owed by Mr. Shelton.

2.  The Law Firm has not disbursed any amount deposited by Mr. Shelton for any purpose other than in connection with legal services provided to Mr. Shelton.

IT IS SO ORDERED.

Dated this _____ day of July, 2007 at Hartford, Connecticut.

BY THE COURT

_____
Alvin W. Thompson
United States District Judge