## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 3:02 CR 264 (AWT) |
| | : | |
| v. | : | |
| | : | |
| E. KIRK SHELTON | : | August 22, 2007 |
| | : | |

## MEMORANDUM OF LAW IN OPPOSITION
## TO CENDANT CORPORATION'S MOTION
## FOR AN ACCOUNTING IN AID OF EXECUTION

Defendant E. Kirk Shelton ("Mr. Shelton"), through his undersigned attorneys,

respectfully submits this memorandum of law in opposition to the motion filed by Cendant

Corporation ("Cendant") for an Accounting in Aid of Execution and Rule 30(b)(6) depositions of

two law firms which have acted for Mr. Shelton.

## ARGUMENT

Cendant's motion should be denied for several reasons as more fully set forth below..

First,   Cendant has not offered any adequate basis for the extraordinary relief that it has

requested.  As courts across the country have recognized, depositions of a party's attorney are

not only difficult and harassing, but also often intrude into areas protected by the attorney-client

privilege.  Absent unusual circumstances (which are not present here) courts generally do not

order a party's attorney to be deposed.  The sole reason offered by Cendant for the requested

30(b)(6) deposition – its desire to know how deposits made by Mr. Shelton with his attorneys

were spent -- is simply not enough to justify that Mr. Shelton's attorneys be deposed.

Second, because Cendant now seeks the same relief that it sought – but was denied – in its prior motion, the present motion is effectively a motion for reconsideration. Cendant fails to satisfy the strict standards required for a motion for reconsideration and the motion should be denied for this reason alone. *See* Memorandum in Opposition to Cendant Corporation's Motion for an Accounting in Aid of Execution (Docket No. 2754) at 2-3.[1]


## I.     Cendant Has Not Offered an Adequate Basis for the Deposition of an Attorney of an Opponent

Cendant's February 2, 2007 Motion to Modify the Restitution Order was premised on the belief that the Law Offices of Thomas P. Puccio (the "Puccio Law Firm") continued to hold "substantial amounts" for Mr. Shelton in the form of retainers or "pre-paid" legal fees. *See* Docket No. 2650, ¶ 5 ("Cendant believes that Attorney Puccio is holding substantial amounts of Mr. Shelton's money that belongs to Cendant"), ¶ 10 ("[t]here is no accounting for how much money remains with [Mr. Shelton's] attorneys"). Although Cendant had sought "an accounting of all deducted legal fees since payment of any retainers to any law firm" (See Docket No. 2650 at 5), the Court denied Cendant's request and instead ordered Mr. Shelton's attorneys to each submit an affidavit identifying any amount that each law firm held on behalf of Mr. Shelton (in excess of any amount owed by Mr. Shelton to such firm) and an attestation that all amounts disbursed by the law firm were on Mr. Shelton's behalf. *See* Docket No. 2738.

On August 6, 2007, the Puccio Law Firm filed an Affidavit pursuant to the Court's Order. *See* Docket No. 2746. The undersigned averred in the Affidavit that the Puccio Law Firm did not hold any amounts on behalf of Mr. Shelton and that all amounts that were disbursed by the

---

[1] In the interest of brevity, this Memorandum of Law adopts and incorporates by reference the legal arguments made on behalf of Mr. Shelton set forth in the Memorandum of Law filed by Andrew Kanter on August 15, 2007.

#1798461

Puccio Law Firm were disbursed on behalf of Mr. Shelton.  *See id.*, ¶ 2.  Cendant now seeks to subject a representative of the Puccio Law Firm to a 30(b)(6) deposition.  Cendant requests this deposition ostensibly to learn how the Puccio Law Firm spent amounts deposited by Mr. Shelton.  *See* Docket No. 2748, ¶ 3 ("Neither Cendant, the Government nor the Court has ever been given any explanation as to whom these amounts were paid and for what purpose").  One can hardly imagine an inquiry more intrusive on the attorney-client relationship than an examination as to how and why an attorney expended resources on behalf of his client.  For this reason alone, Cendant's motion should be denied.  *See*, *e.g.*, *S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (In granting protective order barring 30(b)(6) deposition of SEC, court stated that the "deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective order … Deposition of the attorney (usually) merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine -- that involving an attorney's mental impressions or opinions") (internal citations omitted).

Not only does Cendant want to learn how the Puccio Law Firm spent money on Mr. Shelton's defense, it also – inexplicably – wants to question whether such expenditures were reasonable.  Cendant indicated in a July 24, 2007 e-mail from its counsel that it needed to review law firm invoices "to determine and examine what was billed" and "whether it was reasonable."  *See* July 24, 2007 Robert Kaelin e-mail, attached as Ex. A.  Cendant also relies on the "reasonableness" of the Puccio Law Firm invoices as grounds for the requested 30(b)(6) deposition.   Cendant asks, "Did the Puccio Firm pay itself fees which Cendant has refused to pay as being excessive or unreasonable?"  Docket No. 2748 at 2, fn.2.  As an initial matter, the

3

fact that Mr. Shelton continued to pay legal fees after Cendant refused to advance such fees does not make the amounts paid by Mr. Shelton "unreasonable."  In any event, the "reasonableness" of the fees charged by Mr. Shelton's lawyers is wholly irrelevant to Mr. Shelton's compliance with the Restitution Order.  Cendant, therefore, has no standing to interrogate a party's attorney about the "reasonableness" of his invoices.

## II.    Cendant Has Failed to Satisfy the Strict Requirements of a Motion for Reconsideration

As discussed above, the present motion seeks precisely the same relief that was requested in Cendant's Motion to Modify the Restitution Order, namely, an "accounting" of how Mr. Shelton's attorneys expended retainers deposited by Mr. Shelton.  *See* Docket No. 2650 at 5; Docket No. 2748.  As such, Cendant's "Motion for Accounting in Aid of Execution" is really nothing more than a thinly-veiled Motion for Reconsideration.  For the reasons set forth more fully in the Memorandum of Law in Opposition to Cendant Corporation's Motion for an Accounting in Aid of Execution filed by Andrew Kanter (Docket No. 2754), Cendant has failed to satisfy the "strict standards" required to grant a motion for reconsideration.  Cendant's present motion should therefore be denied on this ground as well.

* * *

#1798461

Respectfully submitted,

The Defendant – E. Kirk Shelton


By_____
          Thomas P. Puccio
          tpuccio@lotpp.com

THE LAW OFFICES OF THOMAS
          P. PUCCIO
230 Park Avenue, Suite 230
New York, New York 10017
Telephone:     (212) 883-6383
Facsimile:     (212) 883-6388

#1798461

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 22, 2007, a copy of the foregoing Memorandum of Law in opposition to Cendant Corporation's Motion for Accounting in Aid of Execution, was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


_____

Thomas P. Puccio
tpuccio@lotpp.com

THE LAW OFFICES OF THOMAS
     P. PUCCIO
230 Park Avenue, Suite 230
New York, New York 10017
Telephone:      (212) 883-6383
Facsimile:      (212) 883-6388

6

#1798461