UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal Action No. |
| Plaintiff, | : 3:02 CR 00264 (AWT) |
| v. | : |
| WALTER A. FORBES and<br>E. KIRK SHELTON, | : |
| Defendants. | : SEPTEMBER 4, 2007 |

CENDANT CORPORATION'S JOINT REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION IN AID OF EXECUTION

Cendant Corporation ("Cendant") respectfully submits this Reply in further support of its Motion for Accounting in Aid of Execution dated August 7, 2007 (the "Motion") (Doc. No. 2748) and in response to the Memoranda in Opposition to the Motion filed by E. Kirk Shelton, by and through the Dornbush Firm (Doc. No. 2754), and the Law Offices of Thomas Puccio (Doc. No. 2760).[1]

ARGUMENT

I. CENDANT IS ENTITLED TO KNOW THE BASIS FOR THE REPRESENTATIONS MADE IN THE MAY 7, 2004 LETTER.

Contrary to the Dornbush Firm's contention (Doc. No. 2754, p. 4), there is a strong basis for an accounting of the representations made in its May 7, 2004 letter. The Dornbush Firm wrote the letter on behalf of Mr. Shelton to induce Cendant to continue funding Mr.

---

[1] Cendant held its Reply as to the Dornbush Firm Memorandum pending its receipt of Attorney Puccio's Memorandum so Cendant could file one joint reply. This Joint Reply is within the ten day period of the filing of Attorney Puccio's Memorandum as set forth in D. Conn. L. Civ. R. 7(d).

Shelton's defense and to assure Cendant that he would have assets to repay Cendant. Cendant is absolutely entitled to know the substantive basis for the letter and the representations made therein.

Regardless of whether the letter committed the Dornbush Firm to monitor Mr. Shelton's assets (as they dispute at p. 5 of Doc. No. 2754), Cendant is absolutely entitled to know what steps the Dornbush Firm took to ensure compliance with its representations upon which Cendant relied. Finally, the Dornbush Firm cannot punt this issue to Mr. Shelton – he is not the one who wrote the letter. The Dornbush attorneys are the ones who must explain their letter.

II.  THERE IS A STRONG BASIS FOR AN ACCOUNTING OF THE $4 MILLION RETAINER/TRANSFER TO THE PUCCIO FIRM.

Contrary to the Puccio Firm's contention (Doc. No. 2760, p. 2), there is a strong basis for an accounting of how the $4 million retainer/transfer was exhausted, and it relates back to the January 5, 2005 Bond Hearing.

At the January 5, 2005 Bond Hearing, an exchange took place as to whether a cap on transfers by Mr. Shelton would also include attorneys' fees. (See Transcript of January 5, 2005 Hearing attached hereto as Exhibit A, p. 7.) Attorney Puccio requested a carve out for attorneys' fees which, as the transcript clearly reveals, was for "*legal fees to his current counsel.*" (Id.) (Emphasis Added.) As the record demonstrates, the Government specifically expressed a concern with Mr. Shelton transferring his millions to counsel if there were no restriction on the amount he could spend on lawyers. (Id., p. 8.)

It is now well known that within days of the aforementioned hearing, Mr. Shelton transferred $4 million to Attorney Puccio's Firm, and an additional $748,069.30 to four other

law firms (Exhibit B hereto[2]) totaling $4,748,069.30. Attorney Puccio has now submitted an Affidavit pursuant to the Court's July 25, 2007 Order (Doc. No. 2738) stating that his Firm does not hold any of the funds and that all such funds have been disbursed solely for legal services for Mr. Shelton. (Affidavit of Thomas Puccio dated August 6, 2007.) (Doc. No. 2746.) Moreover, Attorney Puccio stated during the July 18, 2007 telephonic hearing that "there are a number of other law firms that received money from that retainer [the $4 Million retainer] .... That's long since been exhausted." (See Excerpt of July 18, 2007 Telephonic Hearing Transcript, Exhibit C hereto, p. 13.)

By the current Motion, Cendant is seeking an accounting as to how the $4 million was disbursed – to whom and for what purpose. It is not reconsideration; it is not seeking to infringe into the attorney-client relationship; it is not to harass. Rather, if the carve out initially sought was for "current legal counsel" for Mr. Shelton to defend himself in the criminal proceeding, who are all these "other law firms" who received money and for what purpose? After all, as set forth in Exhibit B, Howrey Simon, Mr. Shelton's appellate firm, received separately from Mr. Shelton $425,000 between July, 2006 and December, 2006. Moreover, Mr. Shelton directly paid a number of his other firms.

Cendant and the Court should know whether Attorney Puccio's $4 million retainer was exhausted in connection with Mr. Shelton's criminal proceeding. More to the point, Cendant and the Court should know whether any part of that $4 million has been, or is being, devoted to legal fees incurred in resisting the efforts by Cendant and the Government to enforce and

---

[2] The information contained in Exhibit B is from the Chart submitted as Exhibit A to the Motion to Modify (Doc. No. 2650) setting forth the various payments made by Mr. Shelton to numerous law firms.

collect the Restitution Order in any civil proceeding.[3]  This concern reflects that expressed by the Government during the March 3, 2005 Telephonic Hearing:

> Mr. Schechter:
>
> . . . We're operating in the blind here as to how much money was given to counsel as prepaid legal services.  Since we don't know what the amount is, we want to reserve all of the government's right at the time of sentencing to seek any of those monies that have not been used to deal with restitution and fines.

(Excerpt of March 3, 2005 Hearing attached hereto as Exhibit E, p. 7.)

### CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion.

MOVANT - CENDANT CORPORATION

By /s/ Francis J. Brady
Francis J. Brady – ct04296
Robert E. Kaelin – ct11631

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:   (860) 240-6000
Facsimile:    (860) 240-6150
E-Mail: fbrady@murthalaw.com
             rkaelin@murthalaw.com
Its Attorneys

---

[3]  The concern in this regard is exacerbated by the recent deposition of Amy Shelton who testified that, although her legal fees were being paid, she had no idea who was making the payments.  See Deposition Transcript at pages 126-127, Exhibit D.

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007, a copy of foregoing Cendant Corporation's Joint Reply Memorandum in Support of Its Motion in Aid of Execution was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Francis J. Brady – ct04296
Robert E. Kaelin – ct11631

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone:   (860) 240-6000
Facsimile:   (860) 240-6150
Email: rkaelin@murthalaw.com

972564