UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
UNITED STATES OF AMERICA     )
                             )
v.                           )    Criminal No. 3:02CR00264(AWT)
                             )
E. KIRK SHELTON              )
-------------------------------
```

**ORDER RE CENDANT CORPORATION'S
<u>MOTION FOR ACCOUNTING IN AID OF EXECUTION</u>**

For the reasons set forth below, Cendant Corporation's Motion for Accounting in Aid of Execution (Doc. No. 2748) is hereby DENIED.

Cendant Corporation seeks a Rule 30(b)(6) deposition of the law firm of Dornbush Schaeffer Strongin & Venaglia LLP regarding (i) the representations set forth in Attorney Richard Schaeffer's May 7, 2004 letter, and (ii) an accounting of the sources and disposition of the monies that the firm has received from or on behalf of E. Kirk Shelton. In support of its request for a Rule 30(b)(6) deposition, Cendant Corporation points to the May 7, 2004 letter signed by Attorney Richard Schaeffer of Dornbush Schaeffer Strongin & Venaglia LLP, in which he stated: "Kirk has authorized me to represent to Cendant Corporation that he continues to possess and will maintain accessible assets sufficient to repay the monies advanced to him should a determination ultimately be made that he is not entitled to indemnification." This letter does not provide a basis for

deposing a representative of the law firm.  The letter does not state nor suggest that defendant Shelton deposited the funds in question with the law firm for payment, if required, to Cendant Corporation.  Nor does the law firm make any commitment to monitor defendant Shelton's assets to assure that sufficient assets remain available.  Cendant Corporation argues that it is entitled to know the basis of the representations made in the letter.  However, the letter clearly states that Attorney Schaeffer is making a representation he was authorized to make by defendant Shelton, and insofar as the issue is the basis for defendant Shelton's actions, he is the one who must be questioned.

   Cendant Corporation also seeks a Rule 30(b)(6) deposition of the Law Office of Thomas P. Puccio regarding an accounting of the sources and disposition of the $4,000,000 transferred to Attorney Puccio on or about January 11, 2005 by or on behalf of defendant Shelton.  Cendant Corporation is seeking an accounting of how the $4,000,000 was disbursed, to whom and for what purposes; Cendant Corporation contends that it should be informed whether the $4,000,000 paid to the Law Office of Thomas P. Puccio was exhausted in connection with defendant Shelton's criminal case.  In addition, Cendant Corporation argues that it and the court should know whether any part of that $4,000,000 has been or is being devoted to legal fees incurred in resisting the efforts of

Cendant Corporation and the government to enforce the Restitution Order in any civil proceeding.

With respect to the first point, Cendant Corporation points to the fact that the $4,000,000 was transferred to the Law Office of Thomas P. Puccio on or about January 11, 2005.  Attorney Puccio has submitted an affidavit swearing that all amounts paid by or on behalf of defendant Shelton have been disbursed by the Puccio firm "solely for legal services for Mr. Shelton and not for the benefit of any third party."  Affidavit of Thomas P. Puccio (Doc. No. 2746).  The court has no reason to doubt the accuracy of that statement. Although Cendant Corporation emphasizes that the payment was made after the jury returned its verdict, Attorney Puccio represented during the status conference on July 18, 2007 that Cendant Corporation did not pay for any of his services rendered after August 30, 2004; the court observed firsthand the amount of time put into the case by Attorney Puccio and other counsel for defendant Shelton after August 30, 2004 up to the date the jury returned its verdict.  Also, Cendant Corporation fails acknowledge the substantial amount of work that was done in connection with defendant Shelton's motion for judgment of acquittal and for a new trial (over 220 pages of briefing alone by defendant Shelton and over 235 pages of briefing alone by the government); in connection with defendant Shelton's sentencing (145 pages of briefing alone by defendant

Shelton and 85 pages of briefing alone by the government); and in connection with post-sentencing matters.  Based on what the court observed in terms of the efforts on the part of defendant Shelton's team of counsel in the criminal case, Attorney Puccio's statement is not surprising.

As to Cendant Corporation's additional point that it and the court should know whether any part of the $4,000,000 has been or is being devoted to legal fees incurred in resisting the efforts of Cendant Corporation and the government to enforce the Restitution Order in any civil proceeding (and Cendant's Corporation's citation to deposition testimony by Amy Shelton that she had no idea who was paying her legal fees), the court notes that Attorney Puccio and Attorney Schaeffer submitted affidavits stating that all amounts paid by or on behalf of defendant Shelton have been disbursed solely for legal services on behalf of Mr. Shelton and not for the benefit of any third party.  The court understands these statements to be representations to the court that no part of the amounts paid to Dornbush Schaeffer Strongin & Venaglia LLP and the Law Office of Thomas P. Puccio have been used to pay legal expenses for any defendant (with the exception of Kirk Shelton) in Cendant Corporation v. E. Kirk Shelton et al., Civ. No. 3:06CV854(AWT), and United States v. SCIP Partners, et al., Civ. No. 3:06CV1827(AWT).  If such is not case, the affiants must file a

clarification with the court immediately.

Finally, the court notes that in the Order Modifying August 12, 2005 Restitution Order and August 1, 2006 Order (Doc. No. 2738), the court did not address Cendant Corporation's request for an accounting but decided to assess the situation after reviewing the affidavits that were being required of the law firms named in that order.  Therefore, the court did not review the instant motion under the standard for a motion for reconsideration.

It is so ordered.

Dated this 13th day of September 2007 at Hartford, Connecticut.

>                    /s/AWT
>              Alvin W. Thompson
>          United States District Judge